```
 1  LAW OFFICES OF CLARK GAREN
    CLARK GAREN, CALIFORNIA BAR #50564
 2  P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
 3  TELEPHONE: (760) 323-4901
    FAX:       (760) 288-4080
 4
    ATTORNEYS FOR DEFENDANT
 5  CHECK RECOVERY SYSTEMS, INC.
```



FILED
DEC 19 PM 12:05
RICHARD W. WIEKING
DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT, on behalf of herself ad others similarly situated,<br><br>        Plaintiff,<br><br>-vs-<br><br>CHECK RECOVERY SYSTEMS, INC., et. al.,<br><br>        Defendants. | Case No. C 05 4993 EDL<br><br>ANSWER TO COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMES NOW IMPERIAL MERCHANT SERVICES, a California corporation, doing business as CHECK RECOVERY SYSTEMS, incorrectly sued herein as CHECK RECOVERY SYSTEMS, INC., and answers the allegations of Plaintiff's Complaint as follows:

    1. In answer to the allegations contained in Paragraph 1, this answering defendant denies each and every allegation contained therein.

    2. In answer to the allegations contained in Paragraph 2, this answering defendant admits each and every allegation contained therein.

- 1 -

1  3. In answer to the allegations contained herein, this answering Defendant denies that this Court has jurisdiction or venue of this claim because the claim upon which this action is based is an asset of the Bankrupt Estate of BRANDY G. HUNT, which is filed as Case Number 05-33473 DM in the United States Bankruptcy Court of the Northern District of California and the United States Bankruptcy Court has jurisdiction over this claim pursuant to 28 United States Code 1334, and that this Court must dismiss or stay proceedings in this matter until the claims filed in the United States Bankruptcy Court have been adjudicated, and this answering Defendant denies each and every other allegation set forth in the complaint.

4. In answer to the allegations contained in Paragraph 2, this answering defendant admits each and every allegation contained therein.

5. In answer to the allegations contained in Paragraph 5, this answering defendant denies that Defendant Check Recovery Services, Inc. is a foreign corporation. By way of further answer, this answering defendant affirmatively alleges that IMPERIAL MERCHANT SERVICES, a California corporation, doing business as CHECK RECOVERY SYSTEMS, incorrectly sued herein as CHECK RECOVERY SYSTEMS, INC., is a California corporation in the business of collecting consumer debts. Defendant admits each and every other allegation contained in said paragraph.

6. In answer to the allegations contained in Paragraph 6, this answering defendant admits each and every allegation contained in Paragraph 6.

7. In answer to Paragraph 7, this answering defendant admits each and every allegation contained in Paragraph 7.

8. In answer to Paragraph 8, this answering defendant admits each and every allegation contained in paragraph 8.

9. In answer to Paragraph 9, this answering defendant denies each and every allegation contained therein. By way of further answer, this answering defendant affirmatively alleges that a miscellaneous charge of $35.00 is permitted by *California Civil Code Section* 1719 because this debt is based on a check that was twice returned for "not sufficient funds".

10. In answer to the allegations contained in Paragraph 10, this answering defendant denies each and every allegation contained therein. By way of further answer, this answering defendant affirmatively alleges that Plaintiff was indebted to Defendants assignor, Safeway, on a common count for goods, wares, and merchandise received, and that California Civil Code Sections 3303 and 3287 provide for interest in the amount of 10% per annum on common counts for goods, wares, and merchandise.

11. In answer to the allegations contained in Paragraph 11, this answering defendant denies each and every allegation contained therein.

12. In answer to the allegations of Paragraph 12, this answering defendant denies each and every allegation contained therein. By way of further answer, this answering defendant affirmatively alleges that Plaintiff is unable to bring this action on behalf of a class because this action is property of the JANINA M. ELDER, the Bankruptcy Trustee of the Bankrupt Estate of BRANDY G. HUNT, Bankrupt, Northern District of California

Bankruptcy Case Number: 05-33473 DM.

13. In answer to the allegations contained in Paragraph 13, this answering defendant denies each and every allegation contained therein.

14. In answer to the allegations contained in Paragraph 14, this answering defendant denies each and every allegation contained therein.

15. In answer to the allegations contained in Paragraph 15, this answering defendant denies each and every allegation contained therein.

16. In answer to the allegations contained in Paragraph 16, this answering defendant denies each and every allegation contained therein.

17. In answer to the allegations contained in Paragraph 17, this answering defendant denies each and every allegation contained therein.

18. In answer to the allegations contained in Paragraph 18, this answering defendant denies each and every allegation contained therein.

19. In answer to the allegations contained in Paragraph 19, this answering defendant denies each and every allegation contained therein.

20. In answer to the allegations contained in Paragraph 20, this answering defendant denies each and every allegation contained therein.

FIRST AFFIRMATIVE DEFENSE

21. On December 16, 2005, this answering defendant filed an adversary proceeding in the United States Bankruptcy Court for the

Northern District of California in the case of BRANDY G. HUNT, Bankrupt filed as Bankruptcy Case Number: 05-33473 DM and Adversary Case Number: 05-3499 DM. Said adversary proceeding seeks a judgment that the debt which is the subject of this action is not a dischargeable debt under 11 U.S.C. 523(a)(2)(B) and 11 U.S.C. 523(a)(2)(B); seeks a judgment that Plaintiff and Bankrupt BRANDY G. HUNT be denied discharge under 11 U.S.C. 727(a)(2)(B). The United States Bankruptcy Court has primary jurisdiction over these matters, and any proceedings in this case in this Court would usurp the jurisdiction of the United States Bankruptcy court. This Court should therefore either dismiss this action or stay all proceedings until a final determination of these issues is made by the United States Bankruptcy Court for the Northern District of California.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiff has no standing to bring this action because, at the time this action was filed, the exclusive owner of this claim was JANINA M. ELDER, the Trustee in Bankruptcy of the Bankrupt Estate of BRANDY G. HUNT.

### THIRD AFFIRMATIVE DEFENSE

23. The Plaintiff's action is barred by the Statute of Limitations.

### **FOURTH AFFIRMATIVE DEFENSE**

24. Defendants assert that Plaintiff's claims are barred in whole or in part because defendants were privileged to engage in each of the actions herein complained of.

**FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff has filed this claim in bad faith or for purposes of harassment, and defendants are therefore entitled to attorneys' fees reasonable in relation to the work expended and costs.

**SIXTH AFFIRMATIVE DEFENSE**

26. Defendant is excused from any liability to Plaintiff pursuant to the provisions of 15 U.S.C. 1692k because a preponderance of the evidence will show that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

W H E R E F O R E, Defendant prays judgment, according to proof, as follows:

1. That judgment herein be awarded to Defendant;
2. That Plaintiff take nothing by way of her Complaint;
3. For reasonable attorney fees;
4. For costs of suit incurred herein;
5. For such other and further relief as the Court deems just and proper.

Dated: December 17, 2005


LAW OFFICES OF CLARK GAREN

BY _____

CLARK GAREN,
ATTORNEY FOR DEFENDANT
IMPERIAL MERCHANT SERVICES, INC.,
d/b/a CHECK RECOVERY SYSTEMS

- 6 -

|   |   |
|---|---|
| 1 | DEMAND FOR JURY TRIAL |
| 2 | DEFENDANT IMPERIAL MERCHANT SERVICES, a California |
| 3 | corporation, doing business as CHECK RECOVERY SYSTEMS, incorrectly |
| 4 | sued herein as CHECK RECOVERY SYSTEMS, INC. hereby demands trial |
| 5 | by jury. |
| 7 | December 17, 2005 |

LAW OFFICES OF CLARK GAREN

BY _____

CLARK GAREN,
ATTORNEY FOR DEFENDANT
IMPERIAL MERCHANT SERVICES, INC.,
d/b/a CHECK RECOVERY SYSTEMS

```
                    PROOF OF SERVICE BY MAIL
                       (1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA              )
COUNTY OF RIVERSIDE              )  S.S.
```

   I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

   On DECEMBER 17, 2005, I served the within ANSWER TO COMPLAINT on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at NORTH PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

   EXECUTED ON DECEMBER 17, 2005 AT NORTH PALM SPRINGS, CALIFORNIA

                                    _____
                                    CLARK GAREN, DECLARANT