Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
(additional counsel listed on signature page)

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY G. HUNT, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CHECK RECOVERY SYSTEMS,<br><br>   Defendant.<br>_____/ | Case No.; 05-4993 MJJ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Date:** April 4, 2006<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom 11, Floor 19<br>450 Golden Gate Avenue<br>San Francisco, CA<br>**Judge:** Honorable Martin J. Jenkins |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Defendant Check Recovery Systems has filed its Motion to (1) Dismiss for Lack of Jurisdiction; (2) Transfer Case to Pending Bankruptcy Court Adversary Proceeding; and (3) Stay All Proceedings Pending Resolution of Bankruptcy Court Adversary Proceeding. Defendant's Motion is baseless. This Court has jurisdiction of the Fair Debt Collection Practices Act ("FDCPA") claim of Plaintiff Brandy Hunt pursuant to 15 U.S.C. §1692k(d). The Adversary Proceeding filed by Defendant has been decided by the Bankruptcy Court in favor of Brandy Hunt.

PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
CASE NO. 05-4993 MJJ                   1

I.   **ARGUMENT**

    A.   **THIS COURT HAS JURISDICTION OVER PLAINTIFF'S FDCPA CLAIMS.**

On December 5, 2005, Brandy Hunt filed the Class Action Complaint alleging Defendant Check Recovery System violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), by adding interest to the amount it sought to collect.  "[T]he Legislature has created a mandatory recovery scheme that does not provide for additional collection of interest." <u>Palmer v. Stassinos</u>, 348 F.Supp.2d 1070, 1083 (N.D.Cal. 2005). Jurisdiction over this FDCPA claim resides with this Court pursuant to 15 U.S.C. §1692k(d).

Defendant argues:

> This Court has no jurisdiction to hear this case because resolution of this case will require this Court to determine the balance due on the underlying debt. The determination of the balance due on the underlying debt will necessarily be determined in the pending Adversarial matter by the United States Bankruptcy Court for the Northern District of California.

Defendant's Memorandum, page 3.  Defendant is wrong.

As the Ninth Circuit has stated: "a debtor has standing to complain of violations of the Act, regardless of whether a valid debt exists." <u>Baker v. G. C. Services Corp.</u>, 677 F.2d 775. 777 (9th Cir. 1982). Thus, the determination of the "balance due on the underlying debt" as Defendant suggests has no bearing on Plaintiff's FDCPA claim.

Furthermore, Defendant's Adversary Proceeding has been adjudicated in favor of Brandy Hunt.

    B.   **DEFENDANT'S BANKRUPTCY COURT LAWSUIT WAS FRIVOLOUS AND DISMISSED BY THE BANKRUPTCY JUDGE**

On September 29, 2005, Ms. Hunt filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Case No. 05-33473.  In Schedule B of her voluntary petition,[1] she listed a possible

---

[1] A copy of the relevant bankruptcy documents are attached to Plaintiff's Request for Judicial Notice. All bankruptcy documents referenced here are part of Plaintiff's Request for Judicial Notice.

PLAINTIFF'S  OPPOSITION TO
DEFENDANT'S MOTION TO  DISMISS
 CASE NO. 05-4993 MJJ                                  2

1  claim against Check Recovery Systems, Inc. for violation of the FDCPA, statutory damages for
2  which she valued at $1,000.00.  The claim was listed as exempt at Schedule C.  Creditors are
3  allowed 30 days from the meeting of creditors to object to an exemption.  Fed. R. Bankr. P
4  4003(b).  After 30 days have elapsed, all objections, if any, are waived and if none have been
5  timely brought, the claim of exemption is allowed.  Taylor v. Freeland & Kronz, 503 U.S. 638,
6  639 (U.S. 1992).  Once the debtor's exemption is allowed, the exempt property is no longer
7  property of the estate.  In re Reed, 940 F.2d 1317, 1321 (9th Cir. 1991).

8  On November 9, 2005, the bankruptcy trustee, in her report, concluded that "there are no
9  assets to administer for the benefit of creditors."

10  Since there was no objection to the exemption claim against Defendant for its violation of
11  the FDCPA, and since the trustee's report showed no assets to administer, Plaintiff filed her class
12  action complaint in this court on December 5, 2005.  Defendant filed a complaint 11 days later
13  in the bankruptcy court, seeking to bar the discharge of a dishonored check for $137.11 issued by
14  Ms. Hunt, along with a motion to bar her complete discharge (Exhibit I to Defendant's motion).
15  Plaintiff responded to that action with a 12(b)(6) motion which the bankruptcy court judge
16  treated as a motion for summary judgment in Ms. Hunt's favor.  The judge described Defendant's
17  Complaint as borderline frivolous.  The filing fee of $200.00 to bring a lawsuit to recover a
18  $137.11 check demonstrated a lack of merit in filing the Complaint.  Likewise, more than a
19  dishonored check is required to prove a fraud claim in the bankruptcy court.  In re Trevisan, 300
20  B.R. 708 (Bankr. E. D. Wis. 2003)(internal quotations omitted).

21  Nonetheless, Defendant, being defeated in the bankruptcy court, persists in seeking to
22  dislodge this consumer action brought to recover damages for Defendant's unlawful conduct in
23  gouging consumers by imposing unlawful charges on consumers who seek to redeem their
24  checks.

25  The Defendant's argue that Plaintiff is not the proper party to bring this action, and it
26  should be brought by the bankruptcy trustee.  Defendant is wrong.  Rule 17(a), as relevant here,
27  provides:

28

PLAINTIFF'S  OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
 CASE NO. 05-4993 MJJ                                                3

> **No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.**

See Dumore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004).

## II.  CONCLUSION

Defendant's Motion must be denied as this Court has jurisdiction of Plaintiff's FDCPA claims.

Dated: March 12, 2006          /s/ Irving L. Berg
                               Irving L. Berg
                               THE BERG LAW GROUP

                               433 Town Center, PMB. 493
                               Corte Madera, California 94925
                               (415) 924-0742
                               (415) 891-8208 (Fax)
                               irvberg@comcast.net


                               (Additional counsel)

                               Paul Arons ( CA Bar No. 84970)
                               LAW OFFICE OF PAUL ARONS
                               685 Spring Street, #104
                               Friday Harbor, WA  98250
                               (360) 378-6496
                               (360) 378-6498 (Fax)
                               lopa@rockisland.com

                               O. Randolph Bragg (IL Bar No. 6221983)
                               Craig M. Shapiro (IL Bar No. 6284475)
                               HORWITZ, HORWITZ & ASSOC., LTD.
                               25 E Washington St Ste 900
                               Chicago, Illinois 60602
                               (312) 372-8822
                               (312) 372-1673 (Fax)
                               rand@horwitzlaw.com

                               ATTORNEYS FOR PLAINTIFF