1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   BRANDY HUNT,                              No. C05-04993 MJJ
12          Plaintiff,                         **ORDER DENYING MOTION TO**
                                                **DISMISS**
13      v.
14   CHECK RECOVERY SYSTEMS,
15          Defendant.
                                          /
16
17                           **INTRODUCTION**
18      Before the Court is Check Recovery Systems' ("Defendant") Motion to Dismiss.[1]  This
19   motion is opposed by Brandy Hunt ("Plaintiff"). For the following reasons, the Court **DENIES**
20   Defendant's Motion to Dismiss.
21
22                        **FACTUAL BACKGROUND**
23      On September 29, 2005, Plaintiff filed a voluntary petition under Chapter 7 of the United
24   States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of
25   California.  In listing her assets, Plaintiff included a possible claim for statutory damages against
26   Defendant for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
27   ("FDCPA").
28      On December 5, 2005, Plaintiff filed the instant class action complaint in the United States

---

[1]Docket No. 10, Filed Feb. 22, 2006.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  District Court, alleging that Defendant violated several provisions of the FDCPA.  Defendant now

2  brings the instant Motion to Dismiss for lack of jurisdiction, or, in the alternative, to transfer the case

3  to the bankruptcy court, or to stay the proceedings pending the resolution of the bankruptcy action.

4

5                                               **ANALYSIS**

6         Defendant argues that the Court does not have jurisdiction to hear this case.  Pursuant to

7  Northern District of California General Order 24, Part I, § 1.01, all cases arising under or related to

8  cases arising Chapter 11 of the United States Bankruptcy Code must be referred to the Bankruptcy

9  Court.  Defendant argues that this case will require the Court to determine "the balance due on the

10  underlying debt" which Defendant asserts is an issue that must be decided by the Bankruptcy Court.

11  Defendant contends that therefore, the Court does not have jurisdiction pursuant to General Order

12  24.

13         The Court does not agree.  Proceedings "arise under" title 11 if they involve a cause of action

14  created or are determined by a statutory provision of title 11. *In re Harris Pine Mills*, 44 F.3d 1431,

15  1435 (9th Cir. 1995).  In the instant action, Plaintiff alleges that Defendant violated the FDCPA by

16  using, "false, deceptive, or misleading representation[s] or means in connection of any debt...falsely

17  representing the character, amount, or legal status of any debt...using unfair or unconscionable

18  means to collect or attempt to collect any debt." (Complaint at 18).  Plaintiff does not assert any

19  causes of action arising out of title 11. The alleged FDCPA violations that Plaintiff asserts here have

20  nothing to do with the Plaintiff's Chapter 7 bankruptcy proceeding.  The Court therefore finds that

21  Plaintiff's claims in the instant action do not arise under title 11 and are not related to Plaintiff's

22  bankruptcy action.[2]  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss, Transfer, Or

23  Stay.

24

25  _____

26         [2]Moreover, contrary to Defendant's assertion, this action doesn't necessarily require the Court to determine the
   balance due on the underlying debt. "The [FDCPA] is designed to protect consumers who have been victimized by
27  unscrupulous debt collectors, regardless of whether a valid debt actually exists." Baker v. G. C. Services Corp., 677 F.2d 775,
   777 (9th Cir. 1982).  Thus, it is not necessary for a court to determine the balance due on any underlying debt in order to
28  adjudicate a FDCPA violation.  A plaintiff can bring a FDCPA claim regardless of the value of an underlying debt and even
   when no debt exists.

**United States District Court**
For the Northern District of California

1

**CONCLUSION**

2

3       For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

4

5

6   **IT IS SO ORDERED.**

7

8

9   Dated: March 29, 2006

10                                              _____
                                                MARTIN J. JENKINS
                                                UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28