LAW OFFICES OF CLARK GAREN
CLARK GAREN, CALIFORNIA BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
TELEPHONE: (760) 323-4901
FAX:      (760) 288-4080

ATTORNEYS FOR DEFENDANT
CHECK RECOVERY SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>-vs-<br><br>CHECK RECOVERY SYSTEMS, INC., et. al.,<br><br>                    Defendants.<br>_____ | Case No. C 05 4993 MJJ<br><br>REPLY TO OPPOSITION TO DEFENDANTS MOTION TO:<br>(1) DISMISS FOR LACK OF JURISDICTION;<br>(2) TRANSFER CASE TO PENDING BANKRUPTCY COURT ADVERSARY PROCEEDING;<br>(3) STAY ALL PROCEEDINGS PENDING RESOLUTION OF BANKRUPTCY COURT ADVERSARY PROCEEDING; |

Date:     April 4, 2006
Time:     9:30 A.M.
Place:    Courtroom 11,
          19th Floor

**I**

**LATE FILING**

Defendant apologizes for filing this reply a few days late (10 days in advance of the hearing). The reason it was not filed timely is that Defendant was seeking additional information from Plaintiff in evaluating whether to amend its adversarial proceeding in Bankruptcy Court. Plaintiff received the information on March 23, 2006, and, based on that information, Plaintiff filed a First

- 1 -

1  Amended Complaint to deny discharge in the Bankruptcy Court on

2  March 24, 2006.

3                                     **II**

4                     **STATUS OF THE BANKRUPTCY CASE**

5      Plaintiff correctly represents that Bankruptcy Judge Montali

6  construed their Motion to Dismiss as a Motion for Summary Judgment

7  and granted it, but Judge Montali also granted leave to file an

8  amended complaint. Plaintiffs fail to disclose that the reason

9  Judge Montali granted the motion was because the initial complaint

10 only alleged that Defendants were holders of the check; it did not

11 allege that Defendants were assignees and owners of the claim.

12 Judge Montali granted leave to amend to assert the assignment of

13 the claim.

14     Plaintiff accurately represents that Judge Montali questioned

15 why Defendants were pursuing a $137.00 bad check, but when

16 Defendants pointed out that, according to the bankruptcy schedules,

17 Plaintiff issued 17 separate not sufficient fund checks over the

18 period in question, Judge Montali stated he would judge the case on

19 its merits.

20     Judge Montali also explained that the Bankruptcy Court had, by

21 mistake, closed the bankruptcy file. Judge Montali explained that

22 the Court should not have closed the file because Defendants

23 Complaint was pending, but that the mistaken closure effectively

24 precluded any relief to deny a discharge. Thus, the First Amended

25 Complaint only seeks to deny discharge.

26     Judge Montali also expressed the opinion that Plaintiff lacked

27 standing to file this F.D.C.P.A. action prior to the close of the

28 bankruptcy case, irrespective of whether the period for objecting

                                  - 2 -

1  to exemptions had expired. Judge Montali expressed the opinion that
2  the F.D.C.P.A. action remained property of the estate until the
3  case was officially closed.

III

**JURISDICTION OVER F.D.C.P.A. CLAIMS**

6      Defendant agrees that this Court would ordinarily have
7  jurisdiction over an F.D.C.P.A. claim. However, the pending
8  adversary proceeding raises a jurisdictional issue to this claim
9  because it ruling upon Plaintiff's F.D.C.P.A. claim will
10 necessarily require deciding whether the debt bears interest.

11     As is disclosed by the opposition, the basis of pending action
12 for violation of the Federal Fair Debt Collection Practices Act is
13 that Defendant IMPERIAL MERCHANT SERVICE, a California corporation,
14 doing business as CHECK RECOVERY SYSTEMS, incorrectly sued herein
15 as CHECK RECOVERY SYSTEMS, INC. sent Plaintiff a collection notice
16 for a returned check that included a charge of $35.00 for a
17 returned check under the authority of *California Civil Code Section*
18 1714 and a charge for interest on a common count for goods, wares,
19 and merchandise. Plaintiff claims the imposition of interest
20 violates the Federal Fair Debt Collection Practices Act.

21     The issue of whether the debt bears interest is subject to the
22 exclusive jurisdiction of the Bankruptcy Court because it is an
23 integral part of a Complaint to deny discharge, which is classified
24 as a core proceeding.

25     Plaintiff cites the case of *Palmer vs. Stassinos*, 348 F. Supp
26 2d 1070, 1083, (N.D. Cal. 2005) as authority for their argument
27 that interest can **never** be charged on a N.S.F. check in California.
28 However, the *Palmer* case is based on completely different facts

- 3 -

1   than are now before the Court.

2        In the *Palmer* case, the collection agency sought to impose

3   treble damages. Defendant IMPERIAL MERCHANT SERVICE, a California

4   corporation, doing business as CHECK RECOVERY SYSTEMS, incorrectly

5   sued herein as CHECK RECOVERY SYSTEMS, INC. **never** sought to impose

6   treble damages.

7        More importantly, the *Palmer* case only specified the remedies

8   available under *California Civil Code Section* 1719 for writing a

9   bad check. The issue of liabilities on the underlying debt (which

10  here is a common count for goods, wares, and merchandise) was **never**

11  presented or considered by the *Palmer* decision.

12       It is common for one set of facts to lead to many different

13  remedies and permit a Plaintiff to seek recovery for on several

14  different theories of recovery.

15       In this case, Defendant IMPERIAL MERCHANT SERVICE, a

16  California corporation, doing business as CHECK RECOVERY SYSTEMS,

17  incorrectly sued herein as CHECK RECOVERY SYSTEMS, INC. is the

18  assignee of a check tendered for goods, wares, and merchandise.

19  Even if Defendant IMPERIAL MERCHANT SERVICE, a California

20  corporation, doing business as CHECK RECOVERY SYSTEMS, incorrectly

21  sued herein as CHECK RECOVERY SYSTEMS, INC. was not entitled to

22  charge interest no the check, it was entitled to charge interest on

23  the common count for goods, wares, and merchandise as evidenced by

24  the check.

25       The *Palmer* case primarily addressed the issue of punitive

26  damages in the form of treble damages. Although it does also

27  address the service fee, the service fee is not a penalty; it is a

28  recovery of the actual damages sustained by the person who received

- 4 -

1  the N.S.F. check.

2      Defendant IMPERIAL MERCHANT SERVICE, a California corporation,

3  doing business as CHECK RECOVERY SYSTEMS, incorrectly sued herein

4  as CHECK RECOVERY SYSTEMS, INC. sent Plaintiff a collection notice

5  for a returned check that included a charge of $35.00 for a

6  returned check under the authority of *California Civil Code Section*

7  1714 and a charge for interest on a common count for goods, wares,

8  and merchandise. This conduct does not violate the F.D.C.P.A. and

9  does not come within the holding of the *Palmer* Court.

10     More importantly, the determination of this issue must be made

11 by the Bankruptcy Court in connection with the Complaint to Deny

12 Discharge of this debt, which is classified as a core proceeding.

13 Therefore, this motion should be granted.

14

15     Dated: March 24, 2006

16

17                            LAW OFFICES OF CLARK GAREN

18                            BY

19                            _____
                              CLARK GAREN,
20                            ATTORNEY FOR DEFENDANT
                              IMPERIAL MERCHANT SERVICES, INC.,
21                            d/b/a CHECK RECOVERY SYSTEMS

22

23

24

25

26

27                        PROOF OF SERVICE BY MAIL
                           (1013a, 2015.5 C.C.P.)
28

- 5 -

STATE OF CALIFORNIA                    )
COUNTY OF RIVERSIDE                    )  S.S.

    I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

    On MARCH 24, 2006, I served the within REPLY TO DEFENDATNS MOTION TO: (1) DISMISS FOR LACK OF JURISDICTION; (2) TRANSFER CASE TO PENDING BANKRUPTCY COURT ADVERSARY PROCEEDING; (3) STAY ALL PROCEEDINGS PENDING RESOLUTION OF BANKRUPTCY COURT ADVERSARY PROCEEDING; on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at NORTH PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925
ALSO VIA FAX: (415) 891-8208


    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

    EXECUTED ON MARCH 24, 2006 AT NORTH PALM SPRINGS, CALIFORNIA



_____

CLARK GAREN, DECLARANT