Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, IL. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

Paul Arons, State Bar #84970
LAW OFFICE OF PAUL ARONS
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 37806498
lopa@rockisland.com

Attorneys for Plaintiff
BRANDY HUNT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHECK RECOVERY SYSTEMS, INC., et al.,<br><br>Defendants. | Civ. No. C05-04993 MJJ<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER<br><br>Date: May 9, 2006<br>Time: 2:00 p.m.<br>Courtroom 11 |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

JOINT STATUS CONFERENCE STATEMENT: Page 1

## I. DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

Defendant Check Recovery Systems, Inc. [Check Recovery] is a debt collector that collects on dishonored checks for retailers.  Defendant contends that it is not collecting on unpaid checks, but that it collects on consumer accounts, including, but not limited to, accounts from retailers for goods, wares and merchandise as represented by check returned unpaid.  It operates throughout the State of California.  Brandy Hunt is a consumer who wrote a check to Safeway for $137.15.  The check did not clear. Subsequently, Check Recovery mailed Ms. Hunt a collection demand in which it sought the check amount, a $35.00 service charge, and $7.26 in interest.

**2. The principal factual issues which the parties' dispute:**

The parties do not dispute the basic facts concerning Ms. Hunt's check and defendant's collection demands.  Plaintiff does not yet have information relevant to class certification, such as the number of putative class members to whom defendant mailed demands for interest on dishonored checks, the number of putative class members who paid interest, and the total amount paid.  Defendant's primary defense is that Civil Code § 1719 does not prohibit interest charges on returned checks when the creditor has not sought the statutory remedy of treble damages.  Defendant also contends that the account assigned by Plaintiff to Safeway consisted of two causes of action; one for an N.S.F. check that is governed by Civil Code § 1719, and another separate cause of action for the common count of goods, wares, and merchandise.  Defendant further contends that even if interest is precluded by Civil Code § 1719, interest is permitted by California Civil Code §§ 3302 and 3287 statute on the separate cause of action for the common count of goods, wares, and merchandise.  Since Defendant was entitled to charge interest under one of these theories, the notices sent are not misleading and Defendant has not violated the FDCPA.  Plaintiff disputes that the collection agreements between merchants and defendant authorize defendant to do anything more than collect a check.

**3. The principal legal issues which the parties' dispute:**

Plaintiff contends that although the $35 service charge may be authorized by Cal. Civil Code § 1719(a), defendant's additional charge for interest is not permitted. In her class action complaint Ms. Hunt alleges that Check Recovery has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by seeking charges that are not permitted by law, and by misrepresenting the amount of the debt. Two courts in the Northern District have found that Civil Code § 1719 bars the recovery of interest on a dishonored check. See *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1083 (N.D. Cal. 2004), *Irwin v. Mascott*, 112 F. Supp. 2d 937, 947 (N.D. Cal. 2000), *see also Irwin v. Mascott*, 370 F.3d 924, 928 (9th Cir. 2004). Defendant is simply trying out a variation on previously rejected legal theories to justify a debt collector obtaining a double recovery.

Defendant's primary defense is that Civil Code § 1719 does not prohibit interest charges on returned checks when the creditor has not sought the statutory remedy of treble damages. Defendant also contends that the account assigned by Plaintiff to Safeway consisted of two causes of action; one for an N.S.F. check that is governed by Civil Code § 1719, and another separate cause of action for the common count of goods, wares, and merchandise received by Plaintiff. Defendant further contends that even if interest is precluded by Civil Code § 1719, interest is permitted by California Civil Code §§ 3302 and 3287 statute on the separate cause of action for the common count of goods, wares, and merchandise received by Plaintiff. Since Defendant was entitled to charge interest under one of these theories, the notices sent are not misleading and Defendant has not violated the FDCPA.

**4. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no other factual issues, such as service of process, personal jurisdiction, subject matter jurisdiction or venue.

**5. The parties which have not been served and the reasons:**

There are no unserved parties.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

No additional parties remain to be joined, although plaintiff reserves the right to seek to add additional class representatives.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:**

The parties have not consented to assignment to a United States Magistrate Judge.

## II.  ALTERNATIVE DISPUTE RESOLUTION

**8. [Please indicate the appropriate response(s).]**

❑   **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

❑   **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process):*_____.

X   **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for May 3, 2006.**

❑   **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.**

**9. Please indicate any other information regarding ADR process or deadline.**

Not applicable.

JOINT STATUS CONFERENCE STATEMENT: Page 4

## III. DISCLOSURES

**10. The parties certify that they have made the following disclosures**

**Plaintiff:** The documents supporting plaintiff's claim is the collection demand attached to her Complaint as Exhibit A. All other information and documents is in the possession, custody or control of defendant.

**Defendants:** Defendant will disclose its insurance policy.

## IV. DISCOVERY

**The parties agree to the following discovery plan**

1. The Parties agreed to exchange their respective Initial Disclosures pursuant to Rule 26(a) no later than May 5, 2006.

2. Subjects of discovery will include all aspects of defendant's collection practices, its agreements with its merchant clients, as well as factors relevant to determining statutory damages. Defendant is willing to stipulate that plaintiff meets the class certification factors set forth in Fed.R.Civ.P. 23(a) and 23(b)(3). Defendant asserts, however, that plaintiff does not have standing to represent a class. She has discharged the underlying debt to Safeway in bankruptcy, and therefore has no exposure to further collection activity. Defendant believes that this means that plaintiff does not have standing to represent a class. Plaintiff responds that continued exposure to collection activity is irrelevant both to whether defendant has violated the FDCPA, and to whether plaintiff may represent a class. The scope of defendant's stipulation to class certification will affect what discovery, if any, is necessary to support a motion for class certification.

3.    The parties have agreed to allow fifty interrogatories and requests for admissions.  Otherwise, the parties accept the discovery limitations imposed by Fed.R.Civ.P. 26(a).

**TRIAL SCHEDULE**

**12.  The parties request a trial date as follows:**

The determinative legal issue in this action is whether defendant may collect both a service charge and interest on a dishonored check.  The parties believe that this matter may be resolved on summary judgment, and will propose a briefing and hearing schedule for cross-motions for summary judgment.  At the same time, plaintiff will be preparing a motion for class certification.  Until these motions are decided, it is premature to set a trial date.

**13.  The parties expect that the trial will last for the following number of days:**

The parties cannot estimate the length of trial, until motions for summary judgment and for class certification have been decided.

**14.  Class Action Allegations**

Plaintiff will be seeking certification pursuant to Fed.R.Civ.P. 23(b)(3).  Defendant sent form check collection letters to all members of the class that contain the same unlawful demands and representations as the letter sent to plaintiff.  Thus, plaintiff can establish commonality and typicality.  Defendant does not dispute numerosity or adequacy of representation.  Common issues of law predominate over individual issues.  Individual damages, as measured by the unlawful interest charges that a class member paid, may be determined from defendant's computerized collection records.  A class action is the most effective means of resolving the dispute concerning a debt collector's right to collect both a service charge, and interest, under California law.

Defendant asserts that plaintiff does not have standing to represent a class. She has discharged the underlying debt to Safeway in bankruptcy, and therefore has no exposure to further collection activity. Defendant believes that this means that she does not have standing to represent a class.

DATED:  April 27, 2006					LAW OFFICES OF PAUL ARONS


						s/Paul Arons
						Paul Arons
						Attorneys for Plaintiff
						BRANDY HUNT


DATED:  April 28, 2006					LAW OFFICES OF CLARK GAREN


						s/ Clark Garen
						Clark Garen
						Attorneys for Defendant
						IMPERIAL MERCHANT SERVICES, INC. d/b/a
						CHECK RECOVERY SYSTEMS


**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated:  _____
					Hon. Martin J. Jenkins
					JUDGE, UNITED STATES DISTRICT COURT