Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Attorneys for Plaintiff Brandy Hunt

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiff Brian Castillo

(Additional plaintiffs' counsel on last page)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and all others similarly situated,<br><br>         Plaintiffs,<br>vs.<br><br>CHECK RECOVERY SYSTEMS,<br>         Defendant.<br>_____<br>BRIAN CASTILLO, on behalf of himself and others similarly situated,<br>         Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>         Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: July 25, 2006<br>Time: 1:45 p.m.<br>Courtroom: Telephonic per Court Order |

The parties submit the following Joint Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

JOINT CASE MANAGMENT CONFERENCE STATEMENT: Page 1

## I. DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

Imperial Recovery Services, d/b/a/ Check Recovery Systems, Inc. [Check Recovery] is a debt collector that collects on dishonored checks for retailers. Defendant contends that it is not collecting on unpaid checks, but that it collects on consumer accounts, including, but not limited to, accounts from retailers for goods, wares and merchandise as represented by check returned unpaid. It operates throughout the State of California.

Brandy Hunt is a consumer who wrote a check to Safeway for $137.15. The check did not clear. Subsequently, Check Recovery mailed Ms. Hunt a collection demand in which it sought the check amount, a $35.00 service charge, and $7.26 in interest.

Brian Castillo is a consumer who wrote a check to Safeway for $276.36. Subsequently, Check Recovery mailed Mr. Castillo a collection demand in which it sought the check amount, a $25.00 service charge, and $8.99 in interest.

**2. The principal factual issues which the parties' dispute:**

The parties do not dispute the basic facts concerning the consumer's checks and defendant's collection demands. Plaintiffs contend that defendant's collection agreements with merchants do not authorize defendant to do anything more than collect a check. Plaintiffs contend that California law does not permit defendant to collect both a service charge pursuant to Civil Code § 1710, and interest. Thus, defendant has violated 15 U.S.C. § 1692f(1) which prohibits a debt collector from collecting charges that are not permitted by law.

Defendant's primary defense is that the legislative intent was that writers of dishonored checks to pay all the costs incurred by the recipient, including interest, and that Civil Code § 1719 permits interest to be charged in all situations. The facts of the *Stassinos* case involved a creditor seeking to impose treble damages. Since Defendant never sought treble damages, Defendant contends the reasoning of the *Stassinos* case,

1  even if it is correct, does not apply to the facts now before this Court.  Defendant also
2  contends that Safeway assigned it an account that consisted of two theories of recovery;
3  one for an insufficient funds check that is governed by Civil Code § 1719, and another
4  theory of recovery for the common count of goods, wares, and merchandise.  Defendant
5  further contends that even if interest is precluded by Civil Code § 1719, interest is
6  permitted by California Civil Code §§ 3302 and 3287 statute on the separate theory of
7  recovery for the common count of goods, wares, and merchandise.  Therefore, defendant
8  may avail itself both of remedies available under Civil Code § 1719 and under the
9  common count.  Since Defendant was entitled to charge interest under one of these
10 theories, the notices sent are not misleading and Defendant has not violated the FDCPA.
11 Defendant maintains that California law renders a partial assignment void, and therefore,
12 as a matter of law, the Safeway assignment was without reservation and included every
13 theory of recovery available.

**3.  The principal legal issues which the parties' dispute:**

Plaintiff contends that although a $25 or $35 service charge may be authorized by Cal. Civil Code § 1719(a), defendant's additional charge for interest is not permitted.  In their class action complaints, each plaintiff alleges that Check Recovery has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by seeking charges that are not permitted by law, and by misrepresenting the amount of the debt. Two courts in the Northern District have found that Civil Code § 1719 bars the recovery of interest on a dishonored check.  See *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1083 (N.D. Cal. 2004), *Irwin v. Mascott*, 112 F. Supp. 2d 937, 947 (N.D. Cal. 2000), *see also Irwin v. Mascott*, 370 F.3d 924, 928 (9th Cir. 2004).  Defendant is simply trying out a variation on previously rejected legal theories to justify a debt collector obtaining a double recovery.

Defendant believes each of these decisions attempted to determine whether the legislature intended that the writer of a dishonored check pay interest when

seeking a remedy under Civil Code § 1719, and that each decision is wrong.  Defendant believes rationale used by Magistrate Judge Chen in the Northern District case of *Ruby Joseph v. J. J. MacIntyre Companies, LLC,*, 238 F. Supp. 2d 1158, 1163-1164 should be applied in this case to determine the legislative intent of Civil Code § 1719.

Defendant's primary defense is that the legislative intent was the writers of dishonored checks to pay all costs incurred by the recipient, including interest, and that Civil Code § 1719 permits interest to be charged in all situations.  The facts of the *Stassinos* case involved a creditor seeking to impose treble damages.  Since Defendant never sought treble damages, Defendant contends the reasoning of the *Stassinos* case, even if it is correct, does not apply to the facts now before this Court.  Defendant also contends that the account assigned by Plaintiff to Safeway consisted of two theories of recovery; one for an N.S.F. check that is governed by Civil Code § 1719, and another separate theory of recovery for the common count of goods, wares, and merchandise received by Plaintiff.  Defendant further contends that even if interest is precluded by Civil Code § 1719, interest is permitted by California Civil Code §§ 3302 and 3287 statute on the theory of recovery for the common count of goods, wares, and merchandise received by Plaintiff.  Since Defendant was entitled to charge interest under one of these theories, the notices sent are not misleading and Defendant has not violated the FDCPA.

**4. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no other factual issues, such as service of process, personal jurisdiction, subject matter jurisdiction or venue.

**5. The parties which have not been served and the reasons:**

There are no unserved parties.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

No additional parties remain to be joined, although plaintiff reserves the right to seek to add additional class representatives.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:**

The parties have not consented to assignment to a United States Magistrate Judge.

## II. ALTERNATIVE DISPUTE RESOLUTION

**8. [Please indicate the appropriate response(s).]**

❑ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

❑ **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process)*:_____.

X **The parties in Hunt v. Check Recovery filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for May 3, 2006.**

X **In Castillo v. Check Recovery matter Plaintiff has filed a Notice of Need of ADR Conference. Defendant is resisting any form of ADR.**

❑ **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____.

In *Castillo*, defendant has declined to engage in ADR. Defendant has stated it has no willingness to settle this case because it wishes to obtain binding precedent from the

JOINT CASE MANAGMENT CONFERENCE STATEMENT: Page 5

1  Ninth Circuit on the primary legal issue upon which this case is based, *i.e.,* whether the
2  legal issue upon which this case is based, i.e. whether the legislature intended that Civil
3  Code § 1719 prohibit a merchant from charging the writer of a dishonored check interest.
4  Defendant has filed a Motion for Summary Judgment in the *Castillo* case, which was
5  originally set for hearing on July 25, 2006, but which was continued at the request of the
6  Plaintiffs until October 24, 2006.  The Motion for Summary Judgment requests that this
7  Court either enter partial judgment that is immediately appealable, or, in the alternative,
8  certify this matter for immediate appeal.  Defendant does not wish to unnecessarily incur
9  expenses and fees for all parties, and therefore requests that any ADR be postponed
10 until after summary judgment and motion for class certification any subsequent appeals
11 by either party are determined.

The parties in *Hunt v. Check Recovery* conducted an ADR phone conference, which did not result in an agreement and which was referred to Judge Jenkins.  To date, Judge Jenkins has made no order respecting ADR.  Given defendant's stated attitude towards settlement, the parties believe that further ADR proceedings in *Castillo* will not be productive.

**9. Please indicate any other information regarding ADR process or deadline.**

Not applicable.

**III. DISCLOSURES**

**10. The parties certify that they have made the following disclosures**

**Hunt v. Check Recovery**

**Plaintiff** The documents supporting plaintiff's claim is the collection demand attached to her Complaint as Exhibit A.  All other information and documents is in the possession, custody or control of defendant.

**Defendant:**  Defendant has disclosed its insurance policy.

**Castillo v. Check Recovery**

JOINT CASE MANAGMENT CONFERENCE STATEMENT: Page 6

**Plaintiff** The documents supporting plaintiff's claim is the collection demand attached to her Complaint as Exhibits A and B. All other information and documents is in the possession, custody or control of defendant.

**Defendant:** The parties have agreed to exchange disclosures by Friday, July 24, 2006.

## IV. DISCOVERY

**The parties agree to the following discovery plan**

1. The Parties have made, or have agreed to make their respective Initial Disclosures as described above.

2. Plaintiff believes subjects of discovery will include all aspects of defendant's collection practices, its agreements with its merchant clients, as well as factors relevant to determining statutory damages. Defendant is willing to stipulate that plaintiff meets the class certification factors set forth in Fed.R.Civ.P. 23(a) and 23(b)(3). Defendant asserts, however, that neither plaintiff has standing to represent a class. Each plaintiff discharged the underlying debt in bankruptcy, and therefore has no exposure to further collection activity. Defendant believes that this means that plaintiff does not have standing to represent a class. Plaintiffs respond that neither the validity of the underlying debt, nor continued exposure to collection activity, have any bearing on whether defendant has violated the FDCPA, and to whether plaintiffs may represent a class. The scope of defendant's stipulation to class certification will affect what discovery, if any, is necessary to support a motion for class certification. Defendant also believes that discovery of all aspects of defendant's collection practices is not appropriate because this case

> does not involve any factual dispute as to any aspect of defendant's collection practices, and the only issue is whether those practices were permitted or prohibited by the relevant statutes. Therefore, Defendant does not consent to discovery on these areas.

3. In Hunt, the parties agreed to allow fifty interrogatories and requests for admission, to which defendant has responded. Otherwise, the parties accept the discovery limitations imposed by Fed.R.Civ.P. 26(a).

## TRIAL SCHEDULE

**12. Consolidation**

Fed.R.Civ.P. 42(a) permits this Court to consolidate actions involving common questions of law or fact. In deciding whether to consolidate actions, a court must weigh the interest in judicial efficiency, conservation of resources and judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000), *Southwest Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The *Hunt* and *Castillo* cases are two class actions that involve a common practice of the same defendant and the same legal issues. The parties believe that consolidation of the two matters is an efficient means of resolving the issues that will avoid an unnecessary duplication of effort. The parties agree that consolidation is appropriate, and respectfully request the Court enter an Order consolidating the two matters for all purposes. Plaintiffs will file a formal motion to consolidate the two actions, if the Court deems it necessary..

**13. The parties request a trial date as follows:**

The determinative legal issue in this action is whether defendant may collect both a service charge and interest on a dishonored check. The parties believe that this matter may be resolved on cross motions for summary judgment, and in the *Castillo* action defendant has already filed a motion for summary judgment, which the Court has set for hearing on October 24, 2006. Plaintiffs intend to complete briefing on cross-motions in time for an October 24, 2006 hearing. Plaintiffs will file a motion for class certification to be heard at the same time. Until these motions are decided, it is premature to set a trial date.

**14. The parties expect that the trial will last for the following number of days:**

The parties cannot estimate the length of trial, until motions for summary judgment and for class certification have been decided.

**15. Class Action Allegations**

Plaintiffs will be seeking certification pursuant to Fed.R.Civ.P. 23(b)(3). Defendant sent form check collection letters to all members of the class that contain the same unlawful demands and representations as the letter sent to plaintiffs. Thus, plaintiffs can establish commonality and typicality. Defendant does not dispute numerosity or adequacy of representation. Common issues of law predominate over individual issues. Individual damages, as measured by the unlawful interest charges that a class member paid, may be determined from defendant's computerized collection records. A class action is the most effective means of resolving the dispute concerning a debt collector's right to collect both a service charge, and interest, under California law.

Defendant asserts that Plaintiffs do not have standing to represent a class because they have discharged their underlying debts in bankruptcy, and therefore have no exposure to further collection activity.

**16. Other Matters**

Defendant Check Recovery has filed adversary proceedings to contest the dischargeability of the debts in each of the bankruptcies filed by the plaintiffs.

In *In re to Brandy Hunt*, Civ. No. 05-33473 DM, (N.D. Cal.) the parties are conducting discovery. At the request of Imperial Merchant Services, the trial date was continued from August 2006 to November 6, 2006. The background of this request is not relevant to this Statement, but in response to defendant's insistence on including its version of events, plaintiff recalls that defendant's continuance request was occasioned by defendant's refusal to agree to an easy resolution of a very simple discovery dispute, involving a subpoena for plaintiff Hunt's bank records. Hunt filed a motion seeking a court resolution of the dispute. In response, on May 30, 2006 defendant unilaterally and unnecessarily withdrew the subpoena and requested to continue the August trial date, based upon its erroneous conclusion that it was too late to obtain bank records in time for an August trial.

Defendant's recollection is that the Hunt adversary proceeding was originally set for trial on August 7, 2006. CRS served a discovery subpoena on Hunt's bank for Hunt's bank records. Hunt objected to the subpoena, and Judge Montali resolved the discovery dispute. Hunt then moved for reconsideration of the discovery dispute, and served the notice of the motion on Hunt's bank. CRS decided that discovery would not be completed in time for the August 7, 2006 trial because the objection was served upon the bank and the bank would not timely respond. CRS and Hunt then agreed that the discovery subpoena be quashed and re-issued and the trial date would be continued to November 6, 2006.

In *In re to Brian Castillo*, 06-50075 MM, the parties have yet to attend their Case Management Conference.

In the *Hunt* FDCPA action in this Court, defendant originally agreed with plaintiffs' counsel to agree on a briefing schedule that would have cross-motions for summary judgment on liability, and plaintiff's motion for class certification, heard simultaneously, probably in August or September 2006. Then, without warning, defendant filed an early summary judgment motion in *Castillo*, setting the hearing for July 25, 2006. Upon plaintiff's motion, and in the face of defendant's vigorous opposition, this Court continued the summary judgment motion to October 24, 2006.

Now, defendant contends that the Summary Judgment motion in *Castillo*, should be continued to a date after the trial of the *Hunt* bankruptcy matter on November 6, 2006. Defendant contends that this will involve only a very short continuance, 13 days. Defendant contends that if the bankruptcy court finds the Hunt debt to be non-dischargeable, it will thereafter determine the amount Hunt owes, including whether or not she owes interest on the debt, and enter a judgment therefore. Since this is a core proceeding, the Bankruptcy Judge should be allowed to make his determination before this Court rules, and this Court should have the opinion of the Bankruptcy Judge Montali before it when making its ruling.

Plaintiffs' view is that defendant is simply attempting to juggle hearing dates based on its ever-changing guess of which court will give its arguments the more sympathetic hearing. The interests of judicial economy, for both this Court and the bankruptcy courts, militate in favor of proceeding expeditiously with the FDCPA actions. Whatever this Court decides on the merits will dictate the outcome of two bankruptcy proceedings. Defendant filed the two bankruptcy adversary proceedings as a response to these FDCPA actions, apparently in the belief that it would have some advantage in the

bankruptcy forum.[1]  Once this Court rules on the merits, defendant will not have any further reason to pursue the two adversary proceedings in bankruptcy court.  As matters stand right now, this Court will be the first of the three courts involved to have an opportunity to rule on the merits.  Plaintiffs oppose delaying this action to allow either bankruptcy adversary proceeding to be heard first.

The view of CRS is that it has sought to obtain a disposition of this case at the earliest possible time.  Judge Montali wanted to set an early trial date.  However, Judge Montali also indicated that it was his belief that CRS is entitled to collect interest on a dishonored check.  Once Judge Montali expressed this opinion, Hunt sought to delay the trial before Judge Montali by frustrating the discovery efforts of CRS.  When Hunt successfully delayed the trail before Judge Montali, CRS filed a Motion for Summary Judgment in *Castillo*, to obtain an early resolution of this case.  Although CRS could have also filed a Motion for Summary Judgment in *Hunt*, it did not do so because of the agreement referenced by counsel for Hunt to time the CRS Summary Judgment motion with the Hunt Motion for Class Certification.   There was no such agreement in *Castillo*, which, at this time, is a separate pending case that had s not been consolidated with Hunt.

///

///

///

---

1.  In the bankruptcy proceedings, defendants must prove both that Hunt and Castillo incurred the debts fraudulently, *and* that defendant is entitled to interest.  Judge Montali has stated that he *may* bifurcate proceedings in the Hunt matter, to first consider the fraud issue, and then if he finds fraudulent intent, consider whether to defer action pending a ruling on the merits from this Court.   Judge Morgan in the *Castillo* case has not made any statements concerning how that case may be handled, since the parties have not yet had a Case Management Conference.

JOINT CASE MANAGMENT CONFERENCE STATEMENT: Page 12

1
2  DATED: July 14, 2006				LAW OFFICES OF PAUL ARONS
3
4						s/Paul Arons
						Paul Arons
5						Attorneys for Plaintiff
						BRANDY HUNT
6
7  DATED: July 14, 2006				LAW OFFICES OF RONALD WILCOX
8
9						s/Ronald Wilcox
						Ronald
10						Attorneys for Plaintiff
						Brian Castillo
11
12 DATED: July 14, 2006				LAW OFFICES OF CLARK GAREN
13
14						s/Clark Garen
						Clark Garen
15						Attorneys for Defendant
						IMPERIAL MERCHANT SERVICES, INC. d/b/a
16						CHECK RECOVERY SYSTEMS
17
18
					**CASE MANAGEMENT ORDER**
19
20
	The Case Management Statement and Proposed Order is hereby adopted by the
21
Court as the Case Management Order for the case and the parties are ordered to comply
22
with this Order.  In addition the Court orders:
23
24
Dated:						_____
25						Hon. Martin J. Jenkins
						JUDGE, UNITED STATES DISTRICT COURT
26
27
28

Additional Plaintiffs' Counsel

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

JOINT CASE MANAGMENT CONFERENCE STATEMENT: Page 14