1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:    (760) 323-4901
4  Fax:          (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7

8                  UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10 BRANDY HUNT, on behalf of herself   )   Case No. C 05 4993 MJJ
   and others similarly situated,      )
11                                      )   NOTICE OF MOTION BY
                   Plaintiff,           )   DEFENDANT FOR SUMMARY
12                                      )   JUDGMENT UNDER FRCP 56;
                                        )   NOTICE OF MOTION FOR
13 -vs-                                 )   ENTRY OF PARTIAL
                                        )   JUDGMENT UNDER FRCP 54b;
14                                      )   NOTICE OF MOTION FOR
   CHECK RECOVERY SYSTEMS, INC.,        )   CERTIFICATION OF
15 et. al.,                             )   IMMEDIATE APPEAL
                                        )   UNDER 28 U.S.C. 1292(b);
16                 Defendants.          )   MEMORANDUM OF POINTS
                                        )   AND AUTHORITIES
17                                      )
                                        )   Date: October 24, 2006
18 _____) )   Time: 9:30 A.M.
                                            Place: Courtroom 11
19

20       TO PLAINTIFF BRANDY HUNT, on behalf of herself and others

21 similarly situated, and to IRVING L. BERG; THE BERG LAW GROUP; O.

   RANDOLPH BRAGG; HORWITZ, HORWITZ & ASSOCIATES; PAUL ARONS; and
22
   THE LAW OFFICES OF PAUL ARONS, her attorneys of record,:
23
         PLEASE TAKE NOTICE THAT on October 24, 2006 at the hour of
24
   9:30 A.M. in Courtroom 11 of the above-entitled Court, Defendant
25
   will move the Court for entry of Summary Judgment in favor of
26
   Defendant and against Plaintiff under F.R.C.P. 56(b) because:
27
         1. Defendant is entitled to collect both interest and a
28
   service charge on dishonored checks in the State of California;

_____
MOTION BY DEFENDANT FOR SUMMARY JUDGMENT UNDER FRCP 56 - Case No. C 05-4993 MJJ

1    2. Defendant is entitled to collect both interest and a

2 service charge on an oral contract and on a common count

3 evidenced by a dishonored check;

4    3. Defendant is excused from any liability to Plaintiff

5 pursuant to the provisions of 15 U.S.C. 1692k.

6    PLEASE TAKE FURTHER NOTICE THAT Defendant will move the

7 Court to enter a Partial Judgment under FRCP 54(b) that can be

8 immediately appealed, or, alternatively, to certify its ruling on

9 this motion for an immediate appeal in accordance with the

10 provisions of 28 U.S.C. 1292(b).

11                    **MEMORANDUM OF POINTS AND AUTHORITIES**
                          **TABLE OF CONTENTS**
12

| **CHAPTER** | **TITLE** | **PAGE** |
|---|---|---|
| I | STATEMENT OF THE CASE | 5 |
| II | STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT | 6 |
| III | *CALIFORNIA CIVIL CODE SECTION* 1719 | 7 |
| IV | CALIFORNIA LAWS ON INTEREST | 7 |
| V | RULES FOR INTERPRETATION OF STATUTES IN CALIFORNIA | 8 |
| VI | THERE IS NO BINDING PRECEDENT DETERMINING WHETHER PRE-JUDGMENT INTEREST MAY BE RECOVERED IN ADDITION TO THE REMEDIES AVAILABLE UNDER *CALIFORNIA CIVIL CODE SECTION* 1719 | 9 |
| VII | THE LEGISLATIVE HISTORY OF *CALIFORNIA CIVIL CODE SECTION* 1719 SHOWS A LEGISLATIVE INTENT TO ALLOW THE RECIPIENT OF A DISHONORED CHECK TO RECOVER ALL DAMAGES SUSTAINED | 10 |
| VIII | PRE-JUDGMENT INTEREST IS AN ELEMENT OF DAMAGES | 11 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS (Continued)

| CHAPTER | TITLE | PAGE |
|---------|-------|------|
| IX | THE CALIFORNIA SUPREME COURT ORDERED THAT PRE-JUDGMENT INTEREST IS TO BE AWARDED WHEN THE STATUTE IS SILENT ON INTEREST | 12 |
| X | A STATUTE MUST BE ANALYZED IN THE CONTEXT OF ALL THE OTHER LAWS | 13 |
| XI | INTEREST IS AWARDED ON LIQUIDATED DAMAGE AWARDS | 13 |
| XII | ARGUMENT | 14 |
| XIII | PLAINTIFF CREATED THREE THEORIES OF RECOVERY BY A SINGLE WRONG. THE FIRST THEORY OF RECOVERY WAS UNDER *CALIFORNIA CIVIL CODE* 1719 FOR ISSUING A DISHONORED CHECK; THE SECOND THEORY OF RECOVERY WAS FOR A BREACH OF THE CONTRACT EVIDENCED BY THE DISHONORED CHECK; A THIRD THEORY OF RECOVERY WAS FOR THE COMMON COUNT OF GOODS, WARES, AND MERCHANDISE HAD AND RECEIVED BY THE PLAINTIFF | 15 |
| XIV | EFFECT OF ALTERNATIVE REMEDIES | 17 |
| XV | *CIVIL CODE* §1719 TREBLE DAMAGE PROVISION IS NOT RELEVANT TO THIS CASE | 18 |
| XVI | DEFENDANT WOULD NOT RECEIVE A DOUBLE OR MULTIPLE RECOVERY | 19 |
| XVII | *CALIFORNIA CIVIL CODE SECTION* 1719 IS NOT THE EXCLUSIVE REMEDY FOR A DISHONORED CHECK | 19 |
| XVIII | PLAINTIFF IS EXCUSED FROM LIABILITY UNDER 15 U.S.C. 1692k | 21 |
| XIX | REQUEST FOR PARTIAL JUDGMENT UNDER FRCP 54(b) OR CERTIFICATION FOR IMMEDIATE APPEAL UNDER 18 U.S.C. 1291(b) | 23 |
| XX | CONCLUSION | 24 |

1

## TABLE OF AUTHORITIES

2  **FEDERAL CASES:**                                    **PAGE**

3  *Anderson vs. Liberty Lobby Inc.,*
   477 U.S. 242, 248-252, 106 S. Ct. 1505,
4  2520-2522, 91 L. Ed. 2d 202 (1986)     7

5  *Department of Commerce vs. U. S. House of*
   *Representatives,* 525 U.S. 316, 327, 119
6  S. Ct. 765, 772, 142 L.Ed. 2d. 797 (1999)     7

7  *Irwin v. Mascott,* (2000),
   112 F. Supp. 2d 937, 956     12

8
   *Palmer vs. Stassinos,* (2004),     6, 10, 18, 19, 20,
9  348 F. Supp. 2d 1070,     22

10 *Ruby Joseph vs. J. J. Mac Intyre*
   *Companies,* 238 F. Supp 2d. 1158, 1163-1164     10,

11
   *Wichita Eagle and Beacon Publishing*
12 *Company, Inc. v. Pacific National Bank of*
   *San Francisco,* (1974), 493 F.2d 1285, 1287     14

13

**FEDERAL STATUTES:**
14
   15 U.S.C. 1692f(1)                          6, 17,
15
   15 U.S.C. 1692k                             22, 23
16
   28 U.S.C. 1291(b)                           23, 24
17

**STATE CASES:**
18
19 *Curie vs. Workmen's Compensation*
   *Appeals Board,* (2001), 24 Cal. 4th 1109,     13

20 *Dyna-Med, Inc. vs. Fair Employment and*
   *Housing Com.,* (1987), 43 Cal. 3d 1379,     8
21
   *Kaufman & Broad vs. City &*
22 *Surburban Mortgage Co.,* (1970),
   10 Cal. App.3d 206, 215, 88 Cal.Rptr. 858,     16
23
   *Lara vs. Board of Supervisors,* (1976),
24 59 Cal. App. 3d 399, 408-409,     9

25 *Tripp vs. Swoap,* (1976),
   17 Cal. 3d 672, 679, 131 Cal. Rptr. 789,     13, 14
26

**STATE STATUTES:**
27
   *California Civil Code Section* 1719 5, 6, 7, 9, 13, 14, 17, 18,
28                                     19, 20, 21, 22, 23

1    **TABLE OF AUTHORITIES** (Continued)

2  **STATE STATUTES:**                          **PAGE**

3  *California Civil Code Section* 3302 8

4  *California Civil Code Section* 3287 8, 9, 13, 14, 19

5  **FEDERAL RULES:**

6  F.R.C.P. Rule 54(b)                    23, 24

7  F.R.C.P. Rule 56(b)                    7, 24

8  **OTHER AUTHORITIES:**

9  4, *Witkin, California Procedure,*
   *4ᵗʰ Edition* 618                           16,
10

11                              **I**
                    **STATEMENT OF THE CASE**
12

13       What did the legislature intend when it enacted *Civil Code*

14  *§*1719? Did the legislature intend that dishonored checks bear

    interest in addition to the charges levied under the statute or
15
    did the legislature intend to force the victim of a dishonored
16
    check writer to give the check writer an interest free loan?
17

18       To determine the legislative intent, the problem legislature

19  wanted to solve must be identified. A person who pays for goods,

    wares, and merchandise from a merchant with a dishonored check
20
    is, in effect, committing a robbery. The only difference between
21
    the robber and the dishonored check writer is that the robber
22
    uses a gun, while the dishonored check writer uses a ball point
23
    pen. Both steal goods, wares, and merchandise from the merchant
24
    without paying for them.
25
         *Civil Code* §1719 itself is silent on whether interest is
26
    allowed. Plaintiff claims silence means the legislature intended
27
    to reward the wrongful behavior of the dishonored check writer
28

1  with an interest free loan at the expense of the victim (*Palmer*
2  *vs. Stassinos*, (2004), 348 F. Supp. 2d 1070, 1078). Defendant
3  claims the legislature intended to require the dishonored check
4  writer to make full and complete restitution to the victim for
5  the check writer's wrongful behavior, including the payment of
6  interest on the debt. After all, interest is just rent for the
7  use of someone else's money!

8       The facts in this case are undisputed. Plaintiff purchased
9  goods, wares, and merchandise from PACK 'N Save for $137.15, and
10 paid for them with a dishonored check. The dishonored check was
11 returned to PACK 'N SAVE by Plaintiff's bank marked "not
12 sufficient funds". PACK 'N SAVE added the $35.00 service charge
13 permitted by *Civil Code* §1719 because this was the second NSF
14 check it had received from Plaintiff. When Plaintiff failed to
15 pay PACK 'N SAVE anything, PACK 'N SAVE assigned the claim
16 against Plaintiff for goods, wares, and merchandise evidenced by
17 the dishonored check to Defendant.

18      Defendant sent Plaintiff two notices. Both notices sought to
19 collect the amount of the N.S.F. check ($137.15), the $35.00
20 service fee, and interest on the check at the legal rate. There
21 was no other contact whatsoever between Plaintiff and Defendant.

22      Plaintiff claims the notice violates 15 *U.S.C.* 1692f(1)
23 because she claims Defendant cannot impose **both** the service
24 charge permitted by *Civil Code* §1719 **and** charge for interest.

25       Plaintiff has filed for bankruptcy protection, having paid
26 nothing to either Defendant or its assignor. Therefore, Plaintiff
27 has no further obligation on this debt, and no risk of further
28 collection activity.

**II**
**STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT**

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, ***at any time***, move with or without supporting affidavits for a summary judgment in the party's favor as well as to all or any part thereof."

*F.R.C.P. Rule* 56(b)

Summary Judgment is to be rendered forthwith when one party is unable to show a genuine issue as to a material fact on which that party will bear the burden of proof at trial. (*Department of Commerce vs. U.S. House of Representatives*, 525 U.S. 316, 327, 119 S. Ct. 765, 772, 142 L. Ed. 2d. 797 (1999). A genuine issue of fact exists when the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. There must be evidence upon which a jury could reasonably find in the non-moving party's favor. (*Anderson vs. Liberty Lobby Inc.,* 477 U. S. 242, 248-252, 106 S. Ct. 2505, 2520-2512, 91 L. Ed. 2d. 202 (1986).

**III**
***CALIFORNIA CIVIL CODE SECTION* 1719**

The relevant portions of *Civil Code* § 1719 read as follows:

**Dishonored checks; liability; demands for payment; stop payments; notice; penalties, damages and service charges; assignees**

(a)(1) Notwithstanding any penal sanctions that may apply, any person who passes a check on insufficient funds shall be liable to the payee for the amount of the check and a service charge payable to the payee for an amount not to exceed twenty-five dollars ($25) for the first check passed on insufficient funds and an amount not to exceed thirty-five dollars ($35) for each subsequent check to that payee passed on insufficient funds.

*California Civil Code Section* § 1719

1

2

**IV**
**CALIFORNIA LAWS ON INTEREST**

3

California law awards pre-judgment interest.

4

"**BREACH OF CONTRACT TO PAY LIQUIDATED SUM.** The
detriment caused by the breach of an obligation to pay
money only, is deemed to be the amount due by the terms
of the obligation, with interest therein.

5

6

*California Civil Code Section* 3302

7

**Interest on damages; right to recover; time from which
interest runs**

8

9

(a) Every person who is entitled to recover damages
certain, or capable of being made certain by
calculation, and the right to recover which is vested
in him upon a particular day, is entitled also to
recover interest thereon from that day, except during
such time as the debtor is prevented by law, or by the
act of the creditor from paying the debt. This section
is applicable to recovery of damages and interest from
any such debtor, including the state or any county,
city, city and county, municipal corporation, public
district, public agency, or any political subdivision
of the state.

10

11

12

13

14

15

(b) Every person who is entitled under any judgment to
receive damages based upon a cause of action in
contract where the claim was unliquidated, may also
recover interest thereon from a date prior to the entry
of judgment as the court may, in its discretion, fix,
but in no event earlier than the date the action was
filed.

16

17

18

19

*California Civil Code Section* 3287

20

**V**
**RULES FOR INTERPRETATION OF STATUTES IN CALIFORNIA**

21

In 1987, the California Supreme Court said:

22

"The words of the statute must be construed in
context, keeping in mind the statutory purpose,
and statutes or statutory sections relating to
the same subject must be harmonized, both
internally and with each other, to the extent
possible (citing authority)."

23

24

25

26

*Dyna-Med, Inc. vs. Fair Employment and Housing Com.*,
(1987), 43 Cal. 3d 1379, 1387

27

In 1976, the California Supreme Court said:

28

---

1
2
3
4

> "the well-settled rules of statutory construction that,
> if possible, the codes are to be read together and
> blended into each other as though there was but a
> single statute, (citations omitted), and that the
> existence of a particular statute does not negate the
> effect of a general statute unless there is a conflict.
> (Citations omitted)."

5

> *Lara vs. Board of Supervisors*, (1976),
> 59 Cal. App. 3d 399, 408-409

6
7

The two statutes now at issue (*Civil Code §1719* and *Civil

8

*Code §328*7 "are to be read together and blended into each other

9

as though there was but a single statute." *(Lara vs. Board of*

10

*Supervisors*, (1976), 59 Cal. App. 3d 399, 408). Furthermore, "the

11

existence of a particular statute does not negate the effect of a

12

general statute unless there is a conflict." *(Lara vs. Board of*

13

*Supervisors*, (1976), 59 Cal. App. 3d 399, 408).

14

There is no conflict between *Civil Code §1719* and *Civil Code*

15

*§3287.* The general statute *(Civil Code §3287)* authorizes interest

16

on a claim which is certain. The specific statute *(Civil Code*

17

*§1719)* allows the victims of dishonored check writers to recover

18

additional statutory damages to fully compensate the wrongdoing

19

of the dishonored check writer.

20

Unless clearly indicated otherwise, the general principle is

21

that words in a statute are to be given a sensible construction

22

according to their commonly understood meaning *(Lara vs. Board of*

23

*Supervisors*, (1976), 59 Cal. App. 3d 399, 407). The only sensible

24

construction according to the commonly understood meaning of the

25

words of these statutes is that the failure of the legislature to

26

address interest in *Civil Code §1719* means that the legislature

27

intended that the right to interest be determined by its other

28

statutes that specifically

address interest. This allows interest to be added to the balance

owed by the dishonored check writer, and gives complete

restitution to the victim.

**VI**

**THERE IS NO BINDING PRECEDENT DETERMINING WHETHER PRE-JUDGMENT
INTEREST MAY BE RECOVERED IN ADDITION TO THE REMEDIES
AVAILABLE UNDER *CALIFORNIA CIVIL CODE SECTION* 1719**

> "The parties have not cited, nor has this Court
> located, any other case directly addressing the
> availability of prejudgment interest in conjunction
> with section 1719.
>
> * * * Unfortunately, section 1719 is silent as to the
> availability of interest in light of the service charge
> and treble damages provisions...."
>
> *Palmer vs. Stassinos*, (2004) 348 F. Supp. 2d 1070, 1078

**VII**

**THE LEGISLATIVE HISTORY OF *CALIFORNIA CIVIL CODE SECTION* 1719
SHOWS A LEGISLATIVE INTENT TO ALLOW THE RECIPIENT OF A
DISHONORED CHECK TO RECOVER ALL DAMAGES SUSTAINED**

> "When the language of a statute is unambiguous, the
> plain meaning rule generally governs. (Citation
> omitted). In some situations, however, what would
> otherwise appear to be plain language is interpreted
> contrarily where there are compelling indications of
> legislative intent. (Citations omitted) Moreover, where
> particular language of a statute appears ambiguous, it
> is appropriate to look to other indicia of the
> Legislature's intent, including the textual context of
> the language, policy, and legislative history. "
>
> *Ruby Joseph vs. J. J. Mac Intyre Companies,*
> 238 F. Supp 2d. 1158, 1163-1164

The California Bill Analysis dated August 20, 1996

concurring in the Senate Amendments to *Civil Code* §1719 (Judicial

Notice Exhibit 1) reads as follows:

> While California authorizes the assessment and
> collection of a "commercially reasonable" service
> charge and several California statutes relate to bad
> checks, none specifically authorize the imposition of a
> fee by the retailer or other payee who has a check
> returned.
>
> A recent federal case dealing with the issue of the
> imposition of bad check charges by merchants, (Newman

---

1   v. Checkrite California, Inc. (E.D.Cal. No. CIV. 8-93-
    1557 LKK, December 19, 1995) suggests that because
2   state law only provides for a commercially reasonable
    charge, merchants must prove that their charges are
3   indeed commercially reasonable. Merchants are concerned
    that this case may require some merchants to prove in
4   each case that their charge is "commercially
    reasonable".

5
    California courts have recognized the legality of fees
6   in other contexts and have not required that the
    merchant prove in each case that the charge be
7   "commercially reasonable." Courts have held that
    requiring proof of the actual damages incurred by the
8   company would be impractical, extremely difficult and
    expensive to determine. **The charge should represent a**
9   **reasonable endeavor to fix the probable loss resulting**
    **to the merchant and that charge should bear a**
10  **reasonable relation to such loss and be reasonable in**
    **amount.** (Emphasis added.)
11
    ARGUMENTS IN SUPPORT: According to the sponsor of this
12  measure, the California Retailers Association (CRA),
    the Newman case has caused concern among merchants
13  about te validity of bad check fees charged by
    merchants.
14
    **This measure is intended to declare that the imposition**
15  **of bad check fees by retailers and other payees is**
    **permissible under current law and to clarify that bad**
16  **check fees of up to $35 are commercially reasonable.**
    (Emphasis added) The figure of $%35.00 was arrived at
17  based upon a survey of CRA members and because the
    United States Supreme Court imposes a $35 charge for
18  anyone bouncing a check payable to it.

19  American Stores Company which operates over 650 Lucky,
    Super Saver and Sav-On retail stores in California
20  supports this measure. They point out that **during 1995**
    **they had over 300,000 checks returned unpaid by the**
21  **bank. The costs associated with attempting to make**
    **collection on these checks is enormous. It is both**
22  **reasonable and fair that those who write bad checks pay**
    **the cost of collection. To the extent that they are not**
23  **paid by the writers of these checks, they would be**
    **passed on to all consumers.**" (Emphasis added)"

24
    California Bill Analysis dated August 20, 1996
25  concurring in the Senate Amendments to *Civil Code*
    *§* 1719 (Judicial Notice Exhibit 1)
26
    This legislative analysis shows the legislature intended
27

28

1   that the dishonored check writer be required to **"pay the cost of**

2   **collection"**, and did not intend to have **any part** of the cost of

3   collecting dishonored checks passed **"on to all consumers"**.

4   Denying a merchant who receives a dishonored check interest on

5   the debt has the effect of transferring a large part of the cost

6   of the dishonored check initially to the merchant and eventually

7   to all consumers. This is the opposite of the result the

8   legislature said it intended to achieve.

9                              **VIII**
              **PRE-JUDGMENT INTEREST IS AN ELEMENT OF DAMAGES**

10
              "Every person who is entitled to recover damages
11            certain, or capable of being made certain by
              calculation and the right to recover which is vested in
12            him on a particular day, is entitled also to recover
              interest thereon from that day, except during such time
13            as the debtor is prevented by law, or by the act of the
              creditor from paying the debt...
14
              Damages is defined broadly to include any compensatory
15            monetary recovery, as provided in *California Civil Code
              Section 328*7, which provides:
16
              "Every person who suffers detriment from the unlawful
17            act or omission of another, may recovery from the
              person in fault a compensation therefor in money, which
18            is called damages."

19            *California Civil Code §328*7 has been consistently
              applied to require the award of prejudgment interest
20            where the judgment is for money owed or to be refunded
              pursuant to a statutory obligation. (*Tripp v. Swoap*, 17
21            Cal 3d 671,681, 131 Cal.Rptr. 789, 552 P.2d 749 (1976).

22            *Irwin v. Mascott*, (2000), 112 F. Supp 2d. 937, 956

23                              **IX**
          **THE CALIFORNIA SUPREME COURT ORDERED THAT PRE-JUDGMENT**
24   **INTEREST IS TO BE AWARDED WHEN THE STATUTE IS SILENT ON INTEREST**

25        In 2001, the California Supreme Court issued an opinion

26   directing California Courts that the general interest statutes

27   governed interest awards when a statute was silent on the issue

28

of interest. The pertinent portion of that opinion reads as
follows:

> "In summary, although Labor Code Section 132a does not
> itself expressly authorize the addition of prejudgment
> interest to an award of backpay to a victim of
> discrimination, Civil Code section 3287 requires such
> interest on damages due on a particular date, including
> awards of backpay, when they are certain or capable of
> being made certain by calculation. Neither section 5800
> nor any other provision of the Labor Code cited to us
> or discovered in our research precludes addition of
> interest to a backpay award, and addition of interest
> would serve the remedial purpose of section 132a.
> Harmonizing the provisions of the Labor and Civil Codes
> to further the overall legislative goals, therefore, we
> conclude the WCAB may and must, when the criteria of
> Civil Code section 3287 are met, add to its awards
> reimbursing employees for lost wages and work benefits
> interest from the dates such wages and benefits would
> have become due had the employer not acted in violation
> of section 132a. Because the WCAB denied petitioner
> interest in the belief such an award was unauthorized,
> it must reconsider its award in this case.
>
> *Currie vs. Workers' Compensation Appeals Board* (2001),
> 24 Cal. 4th 1109, 1119

According to the California Supreme Court, *Civil Code* §3287
applies to any award for unliquidated damages under a statute
unless the statute contains specific language to the contrary.
*Civil Code* §1719 does not contain **any** language to the contrary.
Therefore, according to the California Supreme Court, the
language of *Civil Code* §1719 requires that pre-judgment interest
be allowed under *Civil Code* §3287.

**X**
**A STATUTE MUST BE ANALYZED IN THE CONTEXT OF ALL THE OTHER LAWS**

In 1976, the California Supreme Court directed its trial
Courts how to analyze two codes together. By coincidence, one of
the code sections was the interest statute, *Civil Code* §3287. The
directions of the California Supreme Court were:

---

1

"Where as here two codes are to be construed, they must be regarded as blending into each other and forming a single statute. (Citation omitted) Accordingly, they must be read together and so construed as to give effect, when possible, to all the provisions thereof. (Citations omitted). ***

2

3

4

***

5

* * * Interest, on the other hand, relates to the extent of recovery inasmuch as it constitutes an element of damages. Under this construction the fact that the Legislature did not mention interest specifically does not mean that a successful recipient is precluded from receiving it."

6

7

8

*Tripp vs. Swoap*, (1976), 17 Cal. 3d 672, 679, 552 P.2d 749, 755, 131 Cal. Rptr. 789, 795

9

**XI**

10

**INTEREST IS AWARDED ON LIQUIDATED DAMAGE AWARDS**

11        Plaintiff claims the statutory penalty imposed by *Civil Code*

12   *§*1719 precludes an award of interest to prevent a double

13   recovery.

14        In 1974, the Ninth Circuit Court of Appeal considered a

15   similar argument in connection with a liquidated damage award

16   under a contract provision. The contract at issue in the case had

17   a valid liquidated damage provision, and the Court held "since

18   the claim is for a liquidated amount, plaintiff is also entitled

19   to an award of interest from the date of the bank's refusal to

20   honor the draft." (*Wichita Eagle and Beacon Publishing company,*

21   *Inc. v. Pacific National Bank of San Francisco*, (1974), 493 F.2d

22   1285, 1287). Therefore, the Ninth Circuit Court of Appeals

23   believes California law awards interest under *Civil Code §*3287 on

24   an award for a penalty.

25

**XII**

**ARGUMENT**

26

27        When reading *Civil Code §*1719 and *Civil Code §*3287 together,

the only reasonable interpretation is the legislature

28

1  enacted *Civil Code §*1719 to allow the victim of the dishonored
2  check writer to receive all damages sustained from being given a
3  dishonored check, including interest or rent for the money the
4  dishonored check writer borrowed. It is not reasonable to believe
5  the legislature intended to reward the dishonored check writer
6  with an interest free loan at the expense of, and without the
7  consent of, the victim.

8  The utter unjust result of Plaintiffs argument is
9  illustrated by the following example. Suppose Donald Trump issued
10 a dishonored check for $1,000,000.00, and the creditor sought to
11 impose the $25.00 service fee. Suppose Mr. Trump failed to make
12 the check good, and suit had to be filed. The case comes to trial
13 three years later. For the sum of $25.00, Mr. Trump has been
14 rewarded with an interest free loan of $1,000,000.00 for three
15 years, causing the victim to lose $300,000.00 in interest. Is
16 this the result the legislature intended? **NO!**

17 The identity of Mr. Trump and the amount of the check only
18 exaggerate the unjust and unreasonable result sought by
19 Plaintiff. The same result would ensue if the check writer was
20 John Doe, and the amount of the check was $100.00. John Doe would
21 obtain an interest free loan of $100.00 for three years. The
22 $25.00 check fee would still be less than three years of interest
23 at the legal rate in California of 10%, or $30.00.

24 The legislative analysis shows the legislature intended to
25 allow the recipients of dishonored checks to recover **all** the
26 costs from the dishonored check writers instead of the public.
27 The interpretation sought by Plaintiff creates the opposite
28

1   result! Instead of passing the costs onto the dishonored check

2   writer, Plaintiff wants to pass the costs onto the merchant and

3   eventually to **all** consumers.

4                                **XIII**
    **PLAINTIFF CREATED THREE THEORIES OF RECOVERY BY A SINGLE WRONG.**
5   **THE FIRST THEORY OF RECOVERY WAS UNDER** *CIVIL CODE* **1719 FOR**
    **ISSUING A DISHONORED CHECK; THE SECOND THEORY OF RECOVERY WAS**
6   **FOR A BREACH OF THE CONTRACT EVIDENCED BY THE DISHONORED CHECK;**
    **A THIRD THEORY OF RECOVERY WAS FOR THE COMMON COUNT OF GOODS,**
7   **WARES, AND MERCHANDISE HAD AND RECEIVED BY THE PLAINTIFF**

8              "The essence of a cause of action is the existence of a
               primary right and one violation of that right.
9              (Citations omitted). The cause of action as it appears
               in the complaint will be the facts from which the
10             plaintiff's primary right and the defendant's
               corresponding duty have arisen, together with the *facts*
11             which constitute the defendant's delict or wrong.
               (Citations omitted)
12
               The seeking of two different kinds of relief does not
13             establish different causes of action."

14             *Kaufman & Broad vs. City & Surburban Mortgage Co.,*
               (1970), 10 Cal. App.3d 206, 215, 88 Cal.Rptr. 858, 863
15
               "The situation is different where the single cause
16             of action (injury to plaintiff's primary right
               by defendant's wrong) gives rise to *alternative*
17             *remedies or legal theories of recovery*. Thus, if
               defendant wrongfully takes plaintiff's goods, there
18             is but one invasion of plaintiff's rights by one
               wrong, hence, only one cause of action. Plaintiff may,
19             however, seek redress on alternative *legal theories*
               of conversion (tort) or quasi-contract (waiver of
20             tort), and pray for alternative *remedies* of damages
               (for conversion), value of the goods (quasi-contract),
21             or specific recovery of goods. (*See* 2 *Cal. Proc.* (4th),
               *Actions*, §160.)
22
23             4, *Witkin, California Procedure, 4th Edition* 618

24       Plaintiff purchased goods, wares, and merchandise in the sum

25   of $137.15 from Pack 'N Save, and paid for them with a check. The

26   check was dishonored, and the Plaintiff never paid the debt owed

27   Pack 'N Save. This is the wrong giving rise to the primary right.

28

---

1   Plaintiff's purchase of the goods, wares, and merchandise
2   created an oral contract between Plaintiff and Pack 'N Save
3   whereby Plaintiff was obligated to pay Pack 'N Save the sum of
4   $137.15 and a right of remedy for breach of an oral contract.
5   Breach of an oral contract is the type of obligation for which
6   prejudgment interest is awarded in California.

7   Plaintiff's purchase of the goods, wares, and merchandise
8   also created a common count obligation and a right of remedy for
9   goods, wares, and merchandise in the sum of $276.36. A common
10  count for goods, wares, and merchandise is also the type of
11  obligation for which prejudgment interest is awarded in
12  California.

13  Plaintiff paid the oral contract and common count for goods,
14  wares, and merchandise rights of remedy with a check in the sum
15  of $276.36 that was subsequently dishonored. This then created an
16  additional right of remedy under *Civil Code §1719*.

17  Even if *Civil Code §1719* precludes an award of interest on
18  the right of remedy created by the statute (the award of a $25.00
19  or $35.00 service charge), *Civil Code §1719* does not preclude an
20  award of interest on either the right of remedy for breach of an
21  oral contract or the right of remedy for the common count of
22  goods, wares, and merchandise.

23                            **XIV**
                  **EFFECT OF ALTERNATIVE REMEDIES**
24
25  This action by Plaintiff is for violation of the Federal
    Fair Debt Collection Practices Act. The specific violation
26  alleged is that Defendant demanded money (interest) that was not
27  due under California law in violation of 15 *U.S.C.* 1691f(1).
28

1    In determining whether Defendant was entitled to charge

2  Plaintiff interest, the Court must examine the primary right of

3  the Defendants Assignor and the Plaintiff's violation of that

4  right, as well as every alternative legal theory and every

5  alternative remedy for damages available to Defendant.

6    In this case, Plaintiff's violation of the primary right

7  vested Pack 'N Save with three alternative legal theories and

8  remedies for:

9              (1)  Breach of an oral contract;

10             (2) a common count against the Plaintiff for goods,

11             wares, and merchandise received by Plaintiff; and

12             (3) a dishonored check under *Civil Code §1719*.

13  Even if interest cannot be awarded for the dishonored check under

14  *Civil Code §1719*, it can be awarded under the theories of:

15             (1) recovery for Breach of an oral contract; **and**

16             (2) the common count for goods, wares, and merchandise.

17  Each of these alternative legal theories and remedies, as a

18  matter of law, were included with the claim assigned to

19  Defendant, and each of these alternative legal theories are the

20  type of remedy which may be assigned under California law.

21  Defendant, as the assignee of Pack 'N Save, was able to charge

22  Plaintiff interest under the alternative remedy of breach of an

23  oral contract; the alternative remedy for a common count for

24  goods, wares, and merchandise, together with the alternative

25  remedy under *Civil Code §*1719 for the amount of the check and the

26  $25.00 service charge. Therefore, Defendant has **NOT** sought to

27  collect any charge from Plaintiff that is not permitted by

28

California law, and has not violated the Federal Fair Debt

1  Collection Practices Act.

**XV**
***CIVIL CODE §1719* TREBLE DAMAGES PROVISION**
**IS NOT RELEVANT TO THIS CASE**

*Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070, primarily analyzed whether interest was allowed when the victim of the dishonored check writer sought treble damages under *Civil Code §*1719. Judge Whyte believed that "permitting interest in addition to the statutory remedies would permit a double recovery. The law generally bars multiple recoveries for the same loss." *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070, 1082). Since neither Defendant nor its assignor **ever** sought treble damages, whether interest may be awarded in addition to treble damages is not at issue in this case and is not now before this Court.

**XVI**
**DEFENDANT WOULD NOT RECEIVE A DOUBLE OR MULTIPLE RECOVERY**

Defendant sought the service charge of $25.00 permitted by *Civil Code §*1719, in addition to the amount of the check and interest on the check. The $25.00 service charge was 9% of the principal balance, and was intended by the legislature to compensate the victim of the dishonored check writer for the costs of processing the dishonored check, including the substantial bank charges that Defendant's Assignor had to pay for the dishonored check. Allowing the service charge along with interest under *Civil Code §*3287 does **not** result in either a double recovery or a multiple recovery for the same loss.

The rationale employed by Judge Whyte does not apply to the facts of this case in which only a $35.00 service charge and

1   interest on the check were imposed on the dishonored check

2   writer. Allowing the victims of the Plaintiff to recover $137.15,

3   $35.00, and interest on the check **does not even** fully compensate

4   the victim for damages, let alone result in a double or multiple

5   recovery. The amounts sought by Defendant constitute less than

6   full restitution of all the damages caused by the Plaintiff's

7   wrongful act, **not** more!

8                            **XVII**
         *CALIFORNIA CIVIL CODE SECTION* **1719**
9       **IS NOT THE EXCLUSIVE REMEDY FOR A DISHONORED CHECK**

10      In *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070,

11  1082), Judge Whyte found that "the California Legislature intends

12  the present remedies under *Civil Code §*1719 to be **exclusive.**"

13  While this conclusion is easily applied to a case where a

14  dishonored check writer presents one check to purchase goods,

15  wares, and merchandise from a merchant, *Civil Code §*1719 applies

16  to all dishonored checks in California. Accordingly, if Judge

17  Whyte's opinion is adopted, *Civil Code §*1719 will be the

18  exclusive remedy for all dishonored checks. The following

19  hypothetical examples show how this leads to ridiculous results.

20      Let's pretend that The Donald, aka Donald Trump, opens a

21  trade account at a building supply store like Home Depot. He

22  makes regular charges each month to the account, and pays the

23  bill by check at the end of the month. Let's pretend he made ten

24  (10) purchases of $1,000.00 each, for a total of $10,000.00. He

25  gets his bill, which he pays by check. The check is returned

26  unpaid because of not sufficient funds. Home Depot imposes the

27  $25.00 service charge permitted by *Civil Code §*1719.

28

        However, because he is The Donald, Home Depot continues to

permit him to charge. Next month, he makes twenty purchases of $1,000.00 each, and he owes $20,000.00 plus $10,000.00 for the preceding month that he paid for with an N.S.F. check and the $25.00 service charge. The Donald now owes $30,025.00 on an open book account, $30,000.00 for the common count of goods, wares, and merchandise, and $10,000.00 plus a $25.00 service charge under *Civil Code §*1719.

However, if *Civil Code §*1719 is the exclusive remedy as Judge Whyte suggests, Home Depot has made The Donald an interest free loan on $10,000.00. Is there any possibility the legislature intended to grant The Donald a $10,000.00 interest free loan from Home Depot? **NO!**

If the remedy is exclusive, the case can lead to even more unjust results. If the remedy of Home Depot is exclusively confined to *Civil Code §*1719, their action for the common counts of an open book account and an account stated are in question. Plaintiff argues that *Civil Code §*1719 is the exclusive remedy and precludes Home Depot from pursuing its common count action against The Donald. This raises the question whether the entire common count for $30,025.00 is precluded, or is only the $10,025.00 portion of the common count represented by the N.S.F. check precluded. Could the legislature have intended that *Civil Code §*1719 allow The Donald to receive $30,000.00 of merchandise from Home Depot but only be obligated to repay Home Depot $10,025.00 as a reward for being a dishonored check writer? Whether or not the legislature intended this result, Judge Whyte's opinion creates a dignified legal argument for attorneys like those now representing Plaintiff to seek precisely this

1  result for The Donald.

2        This hypothetical illustrates the multitude of problems that

3  arise because of Judge Whyte's decision to add a provision

4  prohibiting interest to *Civil Code* §1719. The legislative

5  process allows approximately 200 state representatives and

6  senators, along with the citizens of California, to carefully

7  consider the effect of each word in a statute. The decision of

8  Judge Whyte to insert a provision prohibiting interest into their

9  work creates the opposite result of what the legislature said it

10  intended to achieve. The statutory modifications of Judge Whyte

11  only serve one constituent - the lawyers for the Plaintiff.

12                              **XVIII**
       **PLAINTIFF IS EXCUSED FROM LIABILITY UNDER 15 U.S.C. 1692k**
13
14           "A debt collector may not be held liable in any
             action brought under this subchapter if the debt
15           collector shows by a preponderance of evidence that
             the violation was not intentional and resulted from
             bona fide error not withstanding the maintenance of
16           procedures reasonably adapted to avoid any such error

17           15 *United States Code* 1692k

18        Defendant believed that it was entitled to charge interest

19  because, as was judicially noted in *Palmer vs. Stassinos*, (2004),

20  348 F. Supp. 2d 1070, 1077, every Court in California allows

21  interest on an claim that is certain and is evidenced by a check

22  returned not sufficient funds with service charges imposed under

23  *California Civil Code Section* 1719. Until binding legal precedent

24  to the contrary is established in California, the charging of

25  interest, if illegal, is a violation that was not intentional and

26  resulted from a bona fide error

27

28  notwithstanding the maintenance of procedures reasonably adapted
    to avoid any such error. Defendant is therefore excused from any

1  liability to Plaintiff pursuant to the provisions of 15 U.S.C.

2  1692k.

3      While advice of counsel and mistake of law usually does not

4  constitute a defense under the provisions of 15 U.S.C. 1692k, the

5  facts of this case are that interest is allowed under California

6  law unless and until the Judicial Branch of the Federal

7  Government inserts an additional provision into *California Civil*

8  *Code Section* 1719 to the contrary. The failure to recognize that

9  the Judicial Branch of the Federal Government would re-write a

10  California state statute by inserting a new statutory provision

11  in conflict with published precedents of the California Supreme

12  Court constitutes a violation that is not intentional and

13  resulted from a bona fide error notwithstanding the maintenance

14  of procedures reasonably adapted to avoid any such error.

15  Therefore, Defendant **must** be excused from any liability to

16  Plaintiff pursuant to the provisions of 15 U.S.C. 1692k.

17  **XIX**
**REQUEST FOR PARTIAL JUDGMENT UNDER FRCP 54(b) OR**

18  **CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1291(b)**

19      As Judge Whyte noted, there is no "other case directly

20  addressing the availability of prejudgment interest in

21  conjunction with section 1719." There needs to be finding

22  precedent on this issue so that everyone will know what the law

23  is and be able to comply with it.

24      Until this issue is resolved by the issuance of binding

25  precedent, creditors and dishonored check writers will be unsure

26

27  as to their rights and obligations. The only beneficiaries of a

28  delay in the issuance of a binding precedent are the attorneys

   for the Plaintiff, who will continue to file lawsuits like the

1  one now before the Court to extort attorney fees from the credit

2  and collection industry based on a published opinion that is not

3  now binding precedent.

4      FRCP 54(b) and 18 U.S.C. 1292(b) permit this Court to enter

5  either a partial judgment or certify this issue for immediate

6  appeal. Defendant urges this Court adopt one of these approaches

7  so that the law on this issue can be settled by the issuance of

8  binding precedent.

9      Creating binding precedent will benefit both the consumers

10 the attorneys for Plaintiff claim to represent as well as the

11 credit and collection industry because the present uncertainty in

12 the law created by the attorneys for the Plaintiff will be

13 resolved.

14                          **XX**
                       **CONCLUSION**
15

16     Summary Judgment under F.R.C.P. 56(b) must be granted

    because Plaintiff will be unable to provide any evidence of such
17
    a nature that a reasonable jury could return a verdict in favor
18
    of the Plaintiff because there is no evidence upon which a jury
19
    could reasonably find that Defendant has any liability to
20
    Plaintiff.
21
        In addition, this Court should enter a partial judgment
22
    under FRCP 54(b) or certify this case for an immediate appeal
23
    under 28 U.S.C. 1291(b).
24

25 Dated: August 21, 2006          LAW OFFICES OF CLARK GAREN

26                                 BY

27 _____

28 _____                 CLARK GAREN,
                                   ATTORNEY FOR DEFENDANT

1                     PROOF OF SERVICE BY MAIL
                     (1013a, 2015.5 C.C.P.)

2

3 STATE OF CALIFORNIA          )
   COUNTY OF RIVERSIDE         )  S.S.

4       I am a citizen of the United States and a Resident of the
   County Aforesaid; I am over the age of eighteen years and not a
5    party to the within entitled action; my business address is:
   1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881
6       On AUGUST 21, 2006, I served the within MEMORANDUM OF POINTS
   AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
7    FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
   CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b) on the
8    interested parties herein in said action by placing a true copy
   thereof enclosed in a sealed envelope with postage thereon fully
9    prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA
   addressed as follows:

10

11 IRVING L. BERG,
   THE BERG LAW GROUP,
12 433 TOWN CENTER, NO. 493,
   CORTE MADERA, CALIFORNIA 94925

13 PAUL ARONS,
   LAW OFFICES OF PAUL ARONS,
14 685 SPRINGS STREET,
   #104,
15 FRIDAY HARBOR, WASHINGTON 98250

16 O. RANDOLPH BRAGG,
   HORWITZ, HORWITZ & ASSOCIATES,
17 25 EAST WASHINGTON,
   SUITE 900
18 CHICAGO, ILLINOIS 60602

19

20       I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
   TRUE AND CORRECT.
21       EXECUTED ON AUGUST 21, 2006 AT PALM SPRINGS, CALIFORNIA

22

23                             _____
                             CLARK GAREN, DECLARANT

24

25

26

27

28

_____
MOTION BY DEFENDANT FOR SUMMARY JUDGMENT UNDER FRCP 56 - Case No. C 05-4993 MJJ

1   LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
2   P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
3   STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:    (760) 323-4901
4   Fax:          (760) 288-4080

5   ATTORNEYS FOR PLAINTIFFS
    IMPERIAL MERCHANT SERVICES, a California
6   corporation, doing business as
    CHECK RECOVERY SYSTEMS

7

8              UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
    BRANDY HUNT, on behalf of herself  )   Case No. C 05 4993 MJJ
11  and others similarly situated,     )
                                       )
12                                     )
                                       )   INDEX OF EVIDENCE
13                Plaintiff,           )   IN SUPPORT
                                       )   OF MOTION FOR SUMMARY
14  -vs-                               )   JUDGMENT UNDER FRCP 56;
                                       )   PARTIAL SUMMARY JUDGMENT
15  CHECK RECOVERY SYSTEMS, INC.,      )   UNDER FRCP 54b; AND
    et. al.,                           )   CERTIFICATION FOR
16                                     )   IMMEDIATE APPEAL UNDER
                  Defendants.          )   28 U.S.C. 1292(b)
17                                     )
                                       )   Date: October 24, 2006
18                                     )   Time: 9:30 A.M.
                                       )   Place: Courtroom 11
19  _____)

20  EXHIBIT
    NUMBER    DESCRIPTION OF EXHIBIT                    PAGE NO.
21  1         Declaration of Todd Shields_____

22  2         Check from Plaintiff dated
              July 5, 2004 and returned
23            marked "Not Sufficient Funds"

24  3         Defendant's Account Summary

25  4         December 6, 2004 notice

26  5         Electronic Assignment of Claim

27

28

    _____
    INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
    FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
    CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)
                              1

1   Dated: June 7, 2006

2

3                                    LAW OFFICES OF CLARK GAREN

4                                    BY

5                                    _____

6                                    CLARK GAREN,
                                     ATTORNEY FOR DEFENDANT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)
                                  2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        EXHIBIT 1

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)
                                  3

1 │ LAW OFFICES OF CLARK GAREN,
  │ CLARK GAREN, CALIF. BAR #50564
2 │ P. O. BOX 1790,
  │ PALM SPRINGS, CALIFORNIA 92263
3 │ STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
  │ TELEPHONE:      (760) 323-4901
4 │ Fax:            (760) 288-4080

5 │ ATTORNEYS FOR PLAINTIFFS
  │ IMPERIAL MERCHANT SERVICES, a California
6 │ corporation, doing business as
  │ CHECK RECOVERY SYSTEMS

7 │

8 │                  UNITED STATES DISTRICT COURT

9 │      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10 │
   │ BRANDY HUNT, on behalf of herself  )    Case No. C 05 4993 MJJ
11 │ and others similarly situated,      )
   │                                     )
12 │                                     )
   │                                     )    DECLARATION OF
13 │                  Plaintiff,         )    TODD SHIELDS IN SUPPORT
   │                                     )    OF MOTION FOR SUMMARY
14 │ -vs-                                )    JUDGMENT UNDER FRCP 56;
   │                                     )    PARTIAL SUMMARY JUDGMENT
15 │ CHECK RECOVERY SYSTEMS, INC.,       )    UNDER FRCP 54b; AND
   │ et. al.,                            )    CERTIFICATION FOR
16 │                                     )    IMMEDIATE APPEAL UNDER
   │                  Defendants.        )    28 U.S.C. 1292(b)
17 │                                     )    IN CONNECTION WITH THE
   │                                     )    CASE OF BRANDY HUNT
18 │                                     )
   │                                     )    Date: October 24, 2006
19 │                                     )    Time: 9:30 A.M.
   │                                     )    Place: Courtroom 11
20 │ _____)

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

_____
INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1        I, TODD SHIELDS, STATE AND DECLARE

2        1. If duly called as a witness and sworn to give testimony,

3    my testimony would be as hereinafter stated.

4        2. All of the facts stated herein are within my own,

5    personal knowledge.

6        3. I am the Executive Vice-President of IMPERIAL MERCHANT

7    SERVICE, INC., a California corporation, doing business as CHECK

8    RECOVERY SYSTEMS. By virtue of my position, I am the custodian of

9    the business records of my employer that are maintained in

10   connection with the transaction that with Plaintiff BRANDY HUNT.

11       4. On October 21, 2004, IMPERIAL MERCHANT SERVICE, INC., a

12   California corporation, doing business as CHECK RECOVERY SYSTEMS

13   received an assignment from Safeway, Inc. of all its right,

14   title, and interest to a claim against Plaintiff BRANDY HUNT for

15   the common count of goods, wares, and merchandise that was

16   evidenced by a check that had been returned marked "NSF, which I

17   interpreted to mean "Not Sufficient Funds". The assignment was

18   without reservation of any right by Safeway, Inc. The assignment

19   was transmitted electronically, and included as evidence of the

20   claim a check that was dated on July 5, 2004 on Plaintiff BRANDY

21   HUNT's Bank of America account in the sum of $137.15 payable to

22   Pack 'N Save and indicating it was issued for food. The check

23   indicated that it was subsequently returned unpaid to Safeway,

24   Inc. because there were "not sufficient funds" in the Plaintiff

25   BRANDY HUNT's bank account to pay the check. A copy of the check

26   that was included with the assignment of the claim by Safeway,

27   Inc. is attached to the Index of Evidence as Exhibit 1, and

28   incorporated herein by reference.

---

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1    5. Prior to assignment, Safeway, Inc. added a $35.00 service

2  charge to the balance assigned to IMPERIAL MERCHANT SERVICE,

3  INC., a California corporation, doing business as CHECK RECOVERY

4  SYSTEMS.

5    6. IMPERIAL MERCHANT SERVICE, INC., a California

6  corporation, doing business as CHECK RECOVERY SYSTEMS maintained

7  a data processing record of all communications it had with

8  Plaintiff BRANDY HUNT. A copy of the data processing record is

9  attached hereto, marked Exhibit 2, and incorporated herein by

10  reference. The data processing record shows that Defendant had no

11  verbal contact with Plaintiff BRANDY HUNT. The data processing

12  record shows that Defendant IMPERIAL MERCHANT SERVICE, INC., a

13  California corporation, doing business as CHECK RECOVERY SYSTEMS

14  sent two written notices to Plaintiff BRADY HUNT. One notice was

15  sent on October 22, 2004, and this notice was the validation

16  notice providing Plaintiff BRANDY HUNT with the information

17  required by the Federal Fair Debt Collection Practices Act. While

18  the notice sent on October 22, 2004 requested interest, the

19  notice was sent more than one year before the Complaint in this

20  action was filed, and any action on this notice is therefore

21  barred by the Statute of Limitations. The second notice was sent

22  on December 6, 2004, and a copy of the second notice sent on

23  December 6, 2004 is attached to the Index of Evidence as Exhibit

24  3 and incorporated herein by reference.

25

26    7. IMPERIAL MERCHANT SERVICE, INC., a California

27  corporation, doing business as CHECK RECOVERY SYSTEMS added

28  interest on the claim of $137.15 at the lawful rate of interest

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1  from July 5, 2004 because, on that date, the amount that was owed
2  by Plaintiff BRANDY HUNT on the claim became certain.
3      8. IMPERIAL MERCHANT SERVICE, INC., a California
4  corporation, doing business as CHECK RECOVERY SYSTEMS believes
5  that it was entitled to charge interest because, as was
6  judicially noted in *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d
7  1070, 1077, every Court in California allows interest on an claim
8  that is certain and is evidenced by a check returned not
9  sufficient funds with service charges imposed under *California*
10 *Civil Code Section* 1719. Until binding legal precedent to the
11 contrary is established in California, the charging of interest,
12 if illegal, is a violation that was not intentional and resulted
13 from a bona fide error notwithstanding the maintenance of
14 procedures reasonably adapted to avoid any such error, and
15 Defendant is excused from any liability to Plaintiff BRANDY HUNT
16 pursuant to the provisions of 15 U.S.C. 1692k. While advice of
17 counsel usually does not constitute a defense under the
18 provisions of 15 U.S.C. 1692k, the facts of this case are that
19 interest is allowed under California law unless and until the
20 Judicial Branch of the Federal Government inserts an additional
21 provision into *California Civil Code Section* 1719 that provides
22 otherwise. The failure to recognize that the Judicial Branch of
23 the Federal Government would re-write a California state statute
24 by inserting a new statutory provision in conflict with published
25 precedents of the California Supreme Court constitutes a
26 violation that is not intentional and resulted from a bona fide
27 error notwithstanding the maintenance of procedures reasonably
28 adapted to avoid any such error, and Defendant should be excused

1  from any liability to Plaintiff pursuant to the provisions of 15
2  U.S.C. 1692k.
3      9. Plaintiff BRANDY HUNT has made no payments whatsoever on
4  this account.
5      I DECLARE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF
6  CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.
7      EXECUTED ON AUGUST 18, 2006 AT CULVER CITY, CALIFORNIA
8
9
10
11      _____
12      TODD SHIELDS
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 5

INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1                          PROOF OF SERVICE BY MAIL
                              (1013a, 2015.5 C.C.P.)
2
   STATE OF CALIFORNIA           )
3  COUNTY OF RIVERSIDE           )  S.S.
        I am a citizen of the United States and a Resident of the
4  County Aforesaid; I am over the age of eighteen years and not a
   party to the within entitled action; my business address is:
5  1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881
        On AUGUST 21, 2006, I served the within INDEX OF EVIDENCE
6  IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56; PARTIAL
   SUMMARY JUDGMENT UNDER FRCP 54b; AND CERTIFICATION FOR IMMEDIATE
7  APPEAL UNDER 28 U.S.C. 1292(b) on the interested parties herein
   in said action by placing a true copy thereof enclosed in a
8  sealed envelope with postage thereon fully prepaid, in the United
   States mail at PALM SPRINGS, CALIFORNIA addressed as follows:
9
   IRVING L. BERG,
10 THE BERG LAW GROUP,
   433 TOWN CENTER, NO. 493,
11 CORTE MADERA, CALIFORNIA 94925

12 PAUL ARONS,
   LAW OFFICES OF PAUL ARONS,
13 685 SPRINGS STREET,
   #104,
14 FRIDAY HARBOR, WASHINGTON 98250

15 O. RANDOLPH BRAGG,
   HORWITZ, HORWITZ & ASSOCIATES,
16 25 EAST WASHINGTON,
   SUITE 900
17 CHICAGO, ILLINOIS 60602

18
        I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
19 TRUE AND CORRECT.

20      EXECUTED ON AUGUST 21, 2006 AT PALM SPRINGS, CALIFORNIA

21

22

23                              _____
                                CLARK GAREN, DECLARANT

24

25

26

27

28 LAW OFFICES OF CLARK GAREN,

   _____
   INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
   FRCP 56; PARTIAL SUMMARY JUDGMENT UNDER FRCP 54b; AND
   CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)

1  CLARK GAREN, CALIF. BAR #50564
   P. O. BOX 1790,
2  PALM SPRINGS, CALIFORNIA 92263
   STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
3  TELEPHONE:      (760) 323-4901
   Fax:            (760) 288-4080
4  E-MAIL:  clarkgaren@msn.com

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7
                    UNITED STATES DISTRICT COURT
8
          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
9

10  BRANDY HUNT, on behalf of herself   )    Case No. C 05 4993 MJJ
    and others similarly situated,      )
11                                      )    ORDER GRANTING MOTION BY
                                        )    DEFENDANT FOR SUMMARY
12                                      )    JUDGMENT UNDER FRCP 56;
                      Plaintiff,        )    (Proposed)
13                                      )
    -vs-                                )
14                                      )
    CHECK RECOVERY SYSTEMS, INC.,       )
15  et. al.,                            )
                                        )    Date: October 24, 2006
16                    Defendants.       )    Time: 9:30 A.M.
    _____)    Place: Department 11
17

18       The motion for Summary Judgment filed by Defendant IMPERIAL

19  MERCHANT SERVICES D.B.A. CHECK RECOVERY SYSTEMS, INC., came

20  regularly for hearing on October 24, 2006 at 9:30 A.M. in

21  Courtroom 11 before the Honorable Martin J. Jenkins, United

22  States District Judge.

23       After due consideration of the moving, responding, and reply

24  papers, and after consideration of oral argument, the Court finds

25  that the Plaintiff will be unable to provide any evidence of such

26  a nature that a reasonable jury could return a verdict in favor

27  of the Plaintiff because there is no evidence upon which a jury

28  could reasonably find that Defendant has any liability to

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
CASE NO. 05 4993 MJJ

1  Plaintiff.

2      Based on the finding of the Court, IT IS HEREBY ORDERED,

3  ADJUDGED, AND DECREED THAT Summary Judgment is granted in favor

4  of Defendant IMPERIAL MERCHANT SERVICES D.B.A. CHECK RECOVERY

5  SYSTEMS, INC., and against Plaintiff BRIAN CASTILLO, on behalf of

6  himself and all others similarly situated.

7

8

9      Dated:

10

11

12

13                      _____
                        MARTIN J. JENKINS,
14                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
CASE NO. 05 4993 MJJ

1
<u>PROOF OF SERVICE BY MAIL</u>
<u>(1013a, 2015.5 C.C.P.)</u>
2

3
STATE OF CALIFORNIA          )
COUNTY OF RIVERSIDE          )  S.S.
    I am a citizen of the United States and a Resident of the
4 County Aforesaid; I am over the age of eighteen years and not a
party to the within entitled action; my business address is:
5 1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881
    On AUGUST 21, 2006 I served the within ORDER GRANTING
6 DEFENDANTS MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56 (Proposed)
on the interested parties herein in said action by placing a true
7 copy thereof enclosed in a sealed envelope with postage thereon
fully prepaid, in the United States mail at PALM SPRINGS,
8 CALIFORNIA addressed as follows:

9 IRVING L. BERG,
THE BERG LAW GROUP,
10 433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925
11
PAUL ARONS,
12 LAW OFFICES OF PAUL ARONS,
685 SPRINGS STREET,
13 #104,
FRIDAY HARBOR, WASHINGTON 98250
14
O. RANDOLPH BRAGG,
15 HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
16 SUITE 900
CHICAGO, ILLINOIS 60602
17
    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
18 TRUE AND CORRECT.

19    EXECUTED ON AUGUST 21, 2006 AT PALM SPRINGS, CALIFORNIA

20

21
                        _____
22                      CLARK GAREN, DECLARANT

23

24

25

26

27

28

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
CASE NO. 05 4993 MJJ