1   LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
2   P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
3   STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:      (760) 323-4901
4   Fax:            (760) 288-4080

5   ATTORNEYS FOR PLAINTIFFS
    IMPERIAL MERCHANT SERVICES, a California
6   corporation, doing business as
    CHECK RECOVERY SYSTEMS

7

8                   UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  BRANDY HUNT, on behalf of herself   )   Case No. C 05 4993 MJJ
    and others similarly situated,       )
12                                        )   REQUEST FOR JUDICIAL
                                          )   NOTICE #2 IN SUPPORT OF
13                                        )   MOTION FOR SUMMARY
                  Plaintiff,              )   JUDGMENT UNDER FRCP 56;
                                          )   PARTIAL SUMMARY JUDGMENT
14  -vs-                                  )   UNDER FRCO 54b; AND
                                          )   CERTIFICATION FOR
15  CHECK RECOVERY SYSTEMS, INC.,         )   IMMEDIATE APPEAL UNDER
    et. al.,                              )   28 U.S.C. 1292(b)
16                                        )
                  Defendants.             )   Date: October 24, 2006
17                                        )   Time: 9:30 A.M.
                                          )   Place: Courtroom 11
18  _____)

19       TO PLAINTIFF BRANDY HUNT, on behalf of herself and others

20  similarly situated, and to IRVING L. BERG; THE BERG LAW GROUP; O.

21  RANDOLPH BRAGG; HORWITZ, HORWITZ & ASSOCIATES; PAUL ARONS; and

22  THE LAW OFFICES OF PAUL ARONS, her attorneys of record and to

23  BRIAN C CASTILLO, on behalf of himself and others similarly

24  situated and to RONALD WILCOX; O. RANDOLPH BRAGG; AND HORWITZ,

25  HORWITZ & ASSOCIATES, his attorneys of record:

26

27

28  _____
    Request for Judicial Notice #2 - Case Number C 05 4993 MJJ

                                  1

1    PLEASE TAKE NOTICE THAT on October 24, 2006 at the hour of
2  9:30 A.M. in Courtroom 11 of the above-entitled Court, Defendant
3  will move the Court to take Judicial Notice of the following
4  documents:

5    1. Plaintiff's Motion for Summary Judgment; Memorandum of
6  Points and Authorities in Support filed in the United States
7  Bankruptcy Court for the Northern Division of California, Case
8  Adversary Case Number: 05-3499 DM, a copy of which is attached
9  hereto, marked Exhibit 1, and incorporated herein by reference.

10   2. Index of Evidence in support of Plaintiff's Motion
11  for Summary Judgment filed in the United States Bankruptcy Court
12  for the Northern Division of California, Case Adversary Case
13  Number: 05-3499 DM, a copy of which is attached hereto, marked
14  Exhibit 2, and incorporated herein by reference.

15   3. Docket and Filings in the case entitled, "THE PEOPLE OF
16  THE STATE OF CALIFORNIA V. BRANDY GERLETHA HUNT", San Mateo
17  Superior Court Case Number: NM 349421A, a copy of which is
18  attached hereto, marked Exhibit 3, and incorporated herein by
19  reference.

20

21   Dated: September 11, 2006

22

23                 LAW OFFICES OF CLARK GAREN

24                 BY

25                 _____
                   CLARK GAREN,
26                 ATTORNEY FOR DEFENDANT

27  _____

28  Request for Judicial Notice #2 - Case Number C 05 4993 MJJ

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                              EXHIBIT 1

27
_____
28
Request for Judicial Notice #2 - Case Number C 05 4993 MJJ

                              1

1   LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
2   P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
3   (STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:    (760) 323-4901
4   Fax:          (760) 288-4080

5   ATTORNEYS FOR PLAINTIFFS
    IMPERIAL MERCHANT SERVICES, a California
6   corporation, doing business as
    CHECK RECOVERY SYSTEMS

7

8              UNITED STATES BANKRUPTCY COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
    In Re:                          )   Bankruptcy Number:
11                                   )   05-33473 DM
    BRANDY G. HUNT,                  )   Adversary Proceeding
12                                   )   No.: 05-3499 DM
              Bankrupt.             )
13  _____)   PLAINTIFF'S MOTION FOR
                                     )   SUMMARY JUDGMENT;
14  IMPERIAL MERCHANT SERVICES, INC.,  )   MEMORANDUM OF POINTS AND
    a California corporation, doing  )   AUTHORITIES IN SUPPORT
15  business as CHECK RECOVERY SYSTEMS,)
                                     )
16                                   )   Date: October 6, 2006
              Plaintiff,            )   TIME: 10:00 A.M.
17  -vs-                             )   PLACE: 235 Pine Street,
                                     )           22nd Floor,
18  BRANDY G. HUNT,                  )           San Francisco, Ca
                                     )   Judge: Dennis Montali
19            Defendant.            )
                                     )   PHONE APPEARANCE
20  _____)   REQUESTED

21

22      TO Defendant BRANDY HUNT, and to IRVING L. BERG; THE BERG

23  LAW GROUP; PAUL ARONS; and THE LAW OFFICES OF PAUL ARONS, her

    attorneys of record:
24
        PLEASE TAKE NOTICE THAT on October 6, 2006 at the hour of
25
    10:00 A.M. in the Courtroom of Judge Dennis Montali on the 22nd
26
    _____
27
    _____
28  Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
    3499-DM
                              1

1  floor of the above-entitled Court, Plaintiff will move the Court
2  for entry of Summary Judgment in favor of Plaintiff and against
3  Defendant under F.R.C.P. 56(b) because there is no issue of fact
4  that the debt at issue herein is for money, property, services
5  obtained by false pretenses, a false representation, or actual
6  fraud, and said debt is therefore not eligible for discharge in
7  accordance with the provisions of 11 *United States Code*
8  523(a)(2)(A) or that the debt at issue herein is for money,
9  property, services obtained by a statement in writing that is
10  materially false respecting the debtors financial condition on
11  which the creditor reasonably relied and that the debtor caused
12  to be made with the intent to deceive, and said debt is therefore
13  not eligible for discharge in accordance with the provisions of
14  11 *United States Code* 523(a)(2)(B).

15      Said motion will be based on this Notice of Motion, the
16  Memorandum of Points and Authorities submitted herewith, the
17  Index of Evidence submitted herewith, the Request for Judicial
18  Notice submitted herewith, and upon such further evidence as may
19  be offered at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### TABLE OF CONTENTS

| CHAPTER | TITLE | PAGE |
|---------|-------|------|
| I | INTRODUCTION | 3 |
| II | 9TH CIRCUIT REQUIREMENTS TO PREVAIL UNDER 11 U.S.C. 523(a)(2)(A) | 7 |
| III | THE LAW IN THE 9TH CIRCUIT IS THAT | |

_____
Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-3499-DM

2

TENDERING A CHECK IS AN IMPLICIT
REPRESENTATION THAT THE CHECK IS GOOD          7

**TABLE OF CONTENTS**

| CHAPTER | TITLE | PAGE |
|---|---|---|
| IV | THE CLEAR AND CONVINCING EVIDENCE IS THAT DEFENDANT ISSUED THE CHECK TO PLAINTIFF'S ASSIGNOR WITH THE INTENT AND PURPOSE OF DECEIVING PLAINTIFF'S ASSIGNOR INTO PROVIDING THE MERCHANDISE | 8 |
| V | PLAINTIFF'S ASSIGNOR RELIED ON THE REPRESENTATIONS OF DEFENDANT, AND SUSTAINED THE ALLEGED LOSS AND DAMAGE AS A PROXIMATE RESULT OF THE REPRESENTATIONS HAVING BEEN MADE | 11 |
| VI | CONCLUSION | 11 |

**TABLE OF AUTHORITIES**

PAGE

**Federal Cases**

*In Re Kurdoghlian*, (Bankruptcy Appellate Panel of the
9th Circuit, 1983), 30 B.R. 500                         8

*In Re Singleton*, (U.S.B.C, Nev., 1984),                 9,
37 B.R. 787, 791-792                                      10

*Lewsadder Vs. Total Television, Inc*,
(U.S.B.C, Oregon, 1988) 711 B.R. 711, 713-714            7, 8

**Federal Statutes**

11 *United States Code* 523(a)(2)(A)                     4, 7

11 *United States Code* 523(a)(2)(B)               4

**I**
**INTRODUCTION**

The facts in this case are undisputed. Defendant purchased

_____

_____

Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
3499-DM

3

goods, wares, and merchandise from Plaintiff's Assignor, PACK 'N
Save for $137.15, and paid for them with a dishonored check. The
dishonored check was returned to Plaintiff's Assignor, PACK 'N
SAVE by Defendant's bank marked "not sufficient funds". After
Defendant failed to pay for the goods, wares, and merchandise she
paid for with a dishonored check, Plaintiff's Assignor, PACK 'N
SAVE, assigned the account to Plaintiff, and Plaintiff now owns
all right, title, and interest in and to said account.

Defendant subsequently filed bankruptcy. Plaintiff timely
filed a Complaint to have this debt declared not dischargeable
pursuant to the provisions of 11 *United States Code* 523(a)(2)(A)
and 11 *United States Code* 523(a)(2)(B).

Plaintiff then issued a subpoena of the Defendants bank
account records to the Bank of America upon which the check to
Plaintiff's Assignor was written. After Defendant obtained a
substantial delay by frivolous discovery motions, a response to
the subpoena was served by the Bank of America on August 14,
2006.

These records disclosed that Defendants bank account was
opened on June 16, 2004 with an opening deposit of $10.00; an ATM
deposit on June 16, 2004 of $360.00, and an ATM deposit on June
21, 2004 of $30.00 for total deposits of $400.00. **DEFENDANT *NEVER***
**MADE ANOTHER DEPOSIT INTO THIS ACCOUNT AFTER 6//16/04!**

Defendant then used her ATM card to withdraw cash from her
account as follows:

_____
_____

Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
3499-DM

1

1   On June 18, 2004 she withdrew $200.00;

2   On June 21, 2004, she withdrew $40.00;

3   On June 23, 2004, she withdrew $60.00;

4   On June 23, 2004, she withdrew $78.23 for a purchase

5   at Safeway;

6   In addition, on June 22, 2004, she wrote check Number 101

7   for $14.07, and she also deposited $10.00 into her savings

8   account. Accordingly, on June 23, 2004, Defendant had made

9   withdrawals from this account of $402.30, which was more than she

10  had deposited. Her account was overdrawn, and Defendant **never**

11  made another deposit into her account.

12  On June 28, 2004, the Bank of America issued Defendant a

13  statement showing her account was overdrawn in the sum of $94.00,

14  and that her ending balance was (-$94.00).

15  However, this lack of funds did not deter Defendant in her

16  quest for purchases. Instead of drawing cash using her ATM card

17  as was her practice when she knew she had funds in the account,

18  she started writing checks with full knowledge there were no

19  funds in her account to pay them.

20  Defendant wrote checks on this account that were returned

21  due to insufficient funds on the following dates:

22  June 29, 2004

23  July 1, 2004

24  July 2, 2004 - TWO CHECKS WERE RETURNED

25  July 6, 2004 - TWO CHECKS WERE RETURNED

26

27  _____

28  Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-3499-DM

July 7, 2004 - TWO CHECKS WERE RETURNED

July 8, 2004 - THREE CHECKS WERE RETURNED

July 13, 2004 - TWO CHECKS WERE RETURNED

July 14, 2004 - THREE CHECKS WERE RETURNED

July 16, 2004 - THREE CHECKS WERE RETURNED

July 19, 2004 - THREE CHECKS WERE RETURNED

July 20, 2004 -

July 21, 2004

July 22, 2004

July 23, 2004

July 26, 2004

July 27, 2004 - 5 CHECKS WERE RETURNED

On July 28, 2004, the Bank of America issued Defendant a statement showing her account was overdrawn in the sum of $1,155.54, and that her ending balance was (-$1,155.54).

Once again, this lack of funds did not deter Defendant in her quest for purchases. Defendant made no deposits to this account, but Defendant continued writing checks with full knowledge there were no funds in her account to pay them.

Defendant wrote checks on this account that were returned due to insufficient funds in the account on the following dates:

July 30, 2004

August 3, 2004 - THREE CHECKS WERE RETURNED

August 9, 2004 - THREE CHECKS WERE RETURNED

August 12, 2004

_____

Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-3499-DM

1    August 16, 2004

2    August 17, 2004

3    August 18, 2004 - TWO CHECKS WERE RETURNED

4    August 24, 2004

5    August 25, 2004

6    August 26, 2004

7    On August 26, 2006, the Defendants bank account was

8    overdrawn in the sum of $2,112.54. The Bank of America closed

9    defendants bank account, reversed a previous credit entry of

10   $1,617.54, and closed the account with an overdrawn balance of

11   $1,650.54.

12   Under the rule of law adopted by the Ninth Circuit for

13   checks returned Not Sufficient Funds, this activity by Defendant

14   establishes, as a matter of law, that the intent of the Defendant

15   was to obtain goods, wares, and merchandise from Plaintiff's

16   Assignor by fraudulent means. This debt is therefore not

17   dischargeable under the provisions of

18   11 *United States Code* 523(a)(2)(A) and 11 *United States Code*

19   523(a)(2)(B).

20                                    **II**
     **9ᵗʰ CIRCUIT REQUIREMENTS TO PREVAIL UNDER 11 U.S.C. 523(a)(2)(A)**

21

22          "In the Ninth Circuit the elements which a creditor
            must prove, by clear and convincing evidence, to
            prevail under 11 U.S.C. 523(a)(2)(A) are:

23

24          (1) The debtor made the representations;
            (2) That at the time he knew they were false;
            (3) That he made them with the intention and
25          purpose of deceiving the creditor;
            (4) That the creditor relied on such representations;

26

27   _____

28   Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
     3499-DM

1    (5) That the creditor sustained the alleged loss and
     damage as the proximate result of the representations
2    having been made.

3    *Lewsadder Vs. Total Television, Inc*,
     (U.S.B.C, Oregon, 1988) 711 B.R. 711, 713-714
4
                              **III**
5              **THE LAW IN THE 9TH CIRCUIT IS THAT**
           **TENDERING A CHECK IS AN IMPLICIT REPRESENTATION**
6                     **THAT THE CHECK IS GOOD**

7        This issue was addressed by the Bankruptcy Appellate Panel

8    for the 9th Circuit in the case of *In Re Kurdoghlian.* In this

9    case, the debtor purchased securities from Bear Stearns and Co.

10   and paid for them with a dishonored check. The Court found:

11           "Kurdoghlian knew (or should have known) there were
             insufficient funds to cover two or more of the three
12           checks. **Tendering the checks was an implicit
             representation the checks were good.** The representation
13           was false. (Citation omitted.) Defendant knew that
             plaintiff would cut off his trading if the checks were
14           not issued; thus they were issued for the purpose of
             inducing reliance. The logic of these facts leads to
15           only one ultimate finding of fact" defendant intended
             to deceive plaintiff when at least two of the checks
16           were issued."

17           *In Re Kurdoghlian*, (Bankruptcy Appellate Panel of the
             9th Circuit, 1983), 30 B.R. 500
18
             "In the Ninth Circuit, however, the Bankruptcy
19           Appellate Panel, in a case decided after *Williams*, but
             in which *Williams* was not discussed, held the tender of
20           a check is an "implicit representation" that it is
             good. *In Re Kurdoghlian*, 30 B.R. 500, 502 *In Re
21           Kurdoghlian*, (Bankr. App. 9th Cir. 1983) This Court
             finds when Mr. Lewsadder tendered his checks to Total
22           Television, he was representing he had sufficient funds
             in his account to cover them. The evidence has shown
23           this representation to be false.

24           *Lewsadder Vs. Total Television, Inc*,
             (U.S.B.C, Oregon, 1988) 711 B.R. 711, 714-715
25
         Under the law adopted in the Ninth Circuit, Defendant
26
     _____
27   _____

1  represented to plaintiff's assignor she had sufficient funds in

2  her account to pay the check she issued to Plaintiff's Assignor.

3  **IV**

**THE CLEAR AND CONVINCING EVIDENCE IS THAT DEFENDANT
ISSUED THE CHECK TO PLAINTIFF'S ASSIGNOR WITH
THE INTENT AND PURPOSE OF DECEIVING PLAINTIFF'S
ASSIGNOR INTO PROVIDING THE MERCHANDISE**

6  Bankruptcy Judge Robert C. Jones (now a Federal District

7  Judge) considered the case of a debtor who cashed checks without

8  any funds to pay them by using a check guarantee card issued by a

9  bank. The debtor issued 69 checks over 2 and one half weeks, each

10 less than $100.00, so they would be subject to the check

11 guarantee issued by the bank, including a single day high of 14

12 checks. Judge Jones found that this created a non-dischargeable

13 debt for the following reasons:

14 "Often the most difficult obstacle to surmount in such
cases is proving by clear and convincing evidence

15 (citation omitted) that the debtor made representations
with the intent and purpose of deceiving the creditor

16 into providing merchandise, credit, or, as in this
case, overdraft protection (which may be characterized
as a species of short-term credit.) Naturally, the

17 debtor's testimony at such a trial will usually support
an intention to pay, but the finder of fact may

18 disregard such self-serving or incredible testimony
and, instead, consider the circumstantial evidence of

19 fraudulent intent. The marshaling of these external
facts is often the only way such an intent is to be

20 provided. Some factors usually considered in "shopping
spree" cases include:

21

22 (1) the length of time between the charges and the
filing of bankruptcy;

23 (2) whether or not an attorney was consulted concerning
the filing of bankruptcy before the charges were made;

24 (3) the number of charges
(4) the amount of the charges;

25 (5) the financial condition of the debtor at the time
the charges were made; and

26

27 _____

28 Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
3499-DM

1

2
(6) whether the charges were above the credit limit of
3
the account.

It is not to say all of these or other possible indicia
4
need be present; rather, one or two may suffice to
convince the court that a fraudulent intent exists if
the facts make out an egregious case.
5
(Citation omitted) While it is generally agreed that
6
the use of a check drawn on insufficient funds alone
"is not conclusive evidence of an intent to defraud
7
with §523(a)(2)(A), (citation omitted), the
supplemental facts here lead clearly and convincingly
8
to the conclusion that the debtor intended to defraud
the Bank. The pattern of repeatedly drawing checks
9
within the guarantee limit commenced shortly after the
checking account was opened and covered a relatively
10
short span of time. The checks were written almost
exclusively to casinos for apparently no purpose other
11
than gambling and while the debtor knew there were
insufficient funds in the account. The debtor's
12
testimony that he intended to put money into the
account and that he thought the Bank was obligated to
13
honor but one check a week is wholly incredible
considering the placement of the card's conditions on
14
the reverse of the card and the debtor's inability or
failure to divulge the intended source or amount of any
money for the account.
15

16
In essence, the tort in this case amounts to a
fraudulent concealment of an intention not to pay,
17
rather than an express misrepresentation of an intent
to pay. * * * Under these fats, all of the elements of
a §523(a)(2)(A) exception have been satisfied.
18

19
*In Re Singleton*, (U.S.B.C, Nev., 1984), 37 B.R. 787,
791-792

20     In this case, the Defendant engaged in the same type of

21 conduct that Singleton did. Defendant wrote 47 consecutive

22 N.S.F. checks over a two month period without making even one

23 single deposit to her account! The only thing that stopped her

24 from writing more checks was that the bank closed her account.

25     In addition, the bank records **prove *conclusively*** that

26

27
_____
_____
28

1  Defendant knew she had no funds in the account. When Defendant
2  had funds in the account, she paid for products with an ATM card.
3  After she drained all of the cash from the account, she started
4  paying with checks because she knew her ATM card no longer
5  worked!

6       The finder of fact must consider the circumstantial evidence
7  of fraudulent intent. In this case, the bank account records in
8  the Index of Evidence constitute clear and convincing evidence
9  that Defendant issued the check to Plaintiff's Assignor with the
10  intent and purpose of deceiving the creditor into providing
11  merchandise. There is no evidence that Defendant could produce to
12  disprove that Defendant issued the check to Plaintiff's Assignor
13  with the intent and purpose of deceiving the creditor into
14  providing merchandise.

**V**
**PLAINTIFF'S ASSIGNOR RELIED ON THE REPRESENTATIONS
OF DEFENDANT, AND SUSTAINED THE ALLEGED LOSS AND DAMAGE
AS A PROXIMATE RESULT OF THE REPRESENTATIONS HAVING BEEN MADE**

     The notation on Defendants check, "food", establishes that
Plaintiff's assignor relied on the representations and sustained
loss and damage in the sum of $137.15 for food that was taken
by Defendant from Plaintiff's Assignor based on her
representation that her check would clear.

**VI**
**CONCLUSION**

     An examination of Defendants Bank records provides clear and
convincing evidence that Defendant obtained merchandise from

_____

Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
3499-DM

1  Plaintiff's assignor by fraud. Therefore, this debt must be

2  declared not dischargeable and judgment must be entered in favor

3  of Plaintiff and against Defendant.

4

5  Dated: August 28, 2006          LAW OFFICES OF CLARK GAREN

6                                  BY

7                                  _____

8                                  CLARK GAREN,
                                   ATTORNEY FOR PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
_____
Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
3499-DM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 2

26

_____

27

_____

28

Plaintiff's Motion for Summary Judgment - Adversary Case No. 05-
3499-DM

1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:    (760) 323-4901
4  Fax:          (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7

8                  UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
   In Re:                          )    Bankruptcy Number:
11                                  )    05-33473 DM
   BRANDY G. HUNT,                  )    Adversary Proceeding
12                                  )    No.: 05-3499 DM
            Bankrupt.              )
13                                  )    INDEX OF EVIDENCE
                                    )    IN SUPPORT OF
14 _____)    PLAINTIFF'S MOTION FOR
                                    )    SUMMARY JUDGMENT;
15 IMPERIAL MERCHANT SERVICES, INC., )
   a California corporation, doing   )
16 business as CHECK RECOVERY SYSTEMS,)
                                    )
17                                  )    Date: October 6, 2006
            Plaintiff,             )    TIME: 10:00 A.M.
18 -vs-                             )    PLACE: 235 Pine Street,
                                    )            22nd Floor,
19 BRANDY G. HUNT,                  )            San Francisco, Ca
                                    )    Judge: Dennis Montali
20          Defendant.             )
                                    )
21 _____)

22

23

24

25

26

27

28

_____
INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; Adversary Case No. 05-3499 DM

EXHIBIT
NUMBER       DESCRIPTION OF EXHIBIT                    PAGE NO.

1            Declaration of Todd Shields_____

2            Check from Plaintiff dated
             July 5, 2004 and returned
             marked "Not Sufficient Funds"

3            Defendant's Account Summary

4            Electronic Assignment of Claim

5            Declaration of Clark Garen

6            Document Production by Bank of America

Dated: August 29, 2006


                              LAW OFFICES OF CLARK GAREN

                              BY

                              _____

                              CLARK GAREN,
                              ATTORNEY FOR DEFENDANT

_____
INDEX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER
FRCP 56; Adversary Case No. 05-3499 DM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

#1

1  CLARK GAREN, CALIF. BAR #50564
   P. O. BOX 1790,
2  PALM SPRINGS, CALIFORNIA 92263
   STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
3  TELEPHONE:      (760) 323-4901
   Fax:            (760) 288-4080
4
   ATTORNEYS FOR PLAINTIFFS
5  IMPERIAL MERCHANT SERVICES, a California
   corporation, doing business as
6  CHECK RECOVERY SYSTEMS

7
                   UNITED STATES BANKRUPTCY COURT
8
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
9

10 In Re:                           )   Bankruptcy Number:
                                     )   05-33473 DM
11 BRANDY G. HUNT,                   )   Adversary Proceeding
                                     )   No.: 05-3499 DM
12         Bankrupt.                 )
   _____  )   DECLARATION OF TODD
13                                   )   SHIELDS IN SUPPORT OF
                                     )   MOTION FOR SUMMARY
14                                   )   JUDGMENT;
   IMPERIAL MERCHANT SERVICES, INC., )   MEMORANDUM OF POINTS AND
15 a California corporation, doing   )   AUTHORITIES IN SUPPORT
   business as CHECK RECOVERY SYSTEMS,)
16                                   )
                                     )   Date: October 6, 2006
17             Plaintiff,            )   TIME: 10:00 A.M.
   -vs-                              )   PLACE: 235 Pine Street,
18                                   )          22nd Floor,
   BRANDY G. HUNT,                   )          San Francisco, Ca
19                                   )   Judge: Dennis Montali
               Defendant.            )
20                                   )
   _____  )
21
          I, TODD SHIELDS, STATE AND DECLARE
22
          1. If duly called as a witness and sworn to give testimony,
23
   my testimony would be as hereinafter stated.
24
          2. All of the facts stated herein are within my own,
25
   personal knowledge.
26
          3. I am the Executive Vice-President of IMPERIAL MERCHANT
27
   SERVICE, INC., a California corporation, doing business as CHECK
28

                                    1

1  RECOVERY SYSTEMS. By virtue of my position, I am the custodian of

2  the business records of my employer that are maintained in

3  connection with the transaction that with Plaintiff BRANDY HUNT.

4      4. On October 21, 2004, IMPERIAL MERCHANT SERVICE, INC., a

5  California corporation, doing business as CHECK RECOVERY SYSTEMS

6  received an assignment from Safeway, Inc. of all its right,

7  title, and interest to a claim against Plaintiff BRANDY HUNT for

8  the common count of goods, wares, and merchandise that was

9  evidenced by a check that had been returned marked "NSF, which I

10  interpreted to mean "Not Sufficient Funds". The assignment was

11  without reservation of any right by Safeway, Inc. The assignment

12  was transmitted electronically, and included as evidence of the

13  claim is a check that was dated on July 5, 2004 on Plaintiff

14  BRANDY HUNT's Bank of America account in the sum of $137.15

15  payable to Pack 'N Save and indicating it was issued for food.

16  The check indicated that it was subsequently returned unpaid to

17  Safeway, Inc. because there were "not sufficient funds" in the

18  Plaintiff BRANDY HUNT's bank account to pay the check. A copy of

19  the check that was included with the assignment of the claim by

20  Safeway, Inc. is attached to the Index of Evidence as Exhibit 2,

21  and incorporated herein by reference, and a copy of the

22  electronic assignment is attached to the Index of Evidence as

23  Exhibit 4.

24      5. Prior to assignment, Safeway, Inc. added a $35.00 service

25  charge to the balance assigned to IMPERIAL MERCHANT SERVICE,

26  INC., a California corporation, doing business as CHECK RECOVERY

27  SYSTEMS in accordance with the provisions of *California Civil*

28  *Code Section* 1719 as set forth on Exhibit 4.

    6. IMPERIAL MERCHANT SERVICE, INC., a California

corporation, doing business as CHECK RECOVERY SYSTEMS maintained

1

2   a data processing record of all communications it had with

3   Plaintiff BRANDY HUNT. A copy of the data processing record is

4   attached hereto, marked Exhibit 3, and incorporated herein by

5   reference. The data processing record shows that Defendant had no

6   verbal contact with Plaintiff BRANDY HUNT. The data processing

7   record shows that Defendant IMPERIAL MERCHANT SERVICE, INC., a

8   California corporation, doing business as CHECK RECOVERY SYSTEMS

9   sent two written notices to Plaintiff BRADY HUNT.

10      7. IMPERIAL MERCHANT SERVICE, INC., a California

11  corporation, doing business as CHECK RECOVERY SYSTEMS added

12  interest on the claim of $137.15 at 10% per annum from July 5,

13  2004 because, on that date, the amount that was owed by Plaintiff

14  BRANDY HUNT on the claim became certain.

15      8. Plaintiff BRANDY HUNT has made no payments whatsoever on

16  this account.

17      I DECLARE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF

18  CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

19      EXECUTED ON AUGUST 18, 2006 AT CULVER CITY, CALIFORNIA

20

21

22

23      _____

24      TODD SHIELDS

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

#2

number 2 not able to be scaned

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**#3**

#3 not able to be scaned

1
2
3
4
5
6
7
8                                    **#4**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:    (760) 323-4901
4  Fax:          (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7

8                 UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
   In Re:                          )    Bankruptcy Number:
11                                  )    05-33473 DM
   BRANDY G. HUNT,                  )    Adversary Proceeding
12                                  )    No.: 05-3499 DM
              Bankrupt.             )
13 _____ )    DECLARATION OF CLARK
                                    )    GAREN IN SUPPORT OF
14                                  )    MOTION FOR SUMMARY
                                    )    JUDGMENT;
15 IMPERIAL MERCHANT SERVICES, INC.,)    MEMORANDUM OF POINTS AND
   a California corporation, doing  )    AUTHORITIES IN SUPPORT
16 business as CHECK RECOVERY SYSTEMS,)
                                    )
17                                  )    Date: October 6, 2006
              Plaintiff,            )    TIME: 10:00 A.M.
18 -vs-                             )    PLACE: 235 Pine Street,
                                    )           22nd Floor,
19 BRANDY G. HUNT,                  )           San Francisco, Ca
                                    )    Judge: Dennis Montali
20            Defendant.            )
                                    )
21 _____ )

22      I, TODD SHIELDS, STATE AND DECLARE

23      1. If duly called as a witness and sworn to give testimony,

24 my testimony would be as hereinafter stated.

25      2. All of the facts stated herein are within my own,

26 personal knowledge.

27      3. On June 23, 2006, I issued a Subpoena in an Adversary

28 Proceeding in the above-entitled matter and caused it to be

                                    2

1  served on the Bank of America.

2       4. A true and correct copy of the records provided by the

3  Bank of America in response to said subpoena is attached hereto,

4  marked Exhibit 6, and incorporated herein by reference.

5       I DECLARE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF

6  CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

7       EXECUTED ON AUGUST 18, 2006 AT PALM SPRINGS, CALIFORNIA

8

9

10

11       _____

12       CLARK GAREN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# 5 not able to be scanned

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA           )
COUNTY OF RIVERSIDE           )  S.S.
     I am a citizen of the United States and a Resident of the
County Aforesaid; I am over the age of eighteen years and not a
party to the within entitled action; my business address is:
17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258
     On AUGUST 29, 2006, I served the within INDEX OF EVIDENCE
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56 on the
interested parties herein in said action by placing a true copy
thereof enclosed in a sealed envelope with postage thereon fully
prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA
addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

PAUL ARONS,
LAW OFFICES OF PAUL ARONS,
685 SPRINGS STREET,
#104,
FRIDAY HARBOR, WASHINGTON 98250


     I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.

     EXECUTED ON AUGUST 29, 2006 AT PALM SPRINGS, CALIFORNIA



                              _____
                              CLARK GAREN, DECLARANT

1   LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
2   P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
3   STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:      (760) 323-4901
4   Fax:            (760) 288-4080
    E-MAIL:   clarkgaren@msn.com
5
    ATTORNEYS FOR PLAINTIFFS
6   IMPERIAL MERCHANT SERVICES, a California
    corporation, doing business as
7   CHECK RECOVERY SYSTEMS

8               UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
    In Re:                          )    Bankruptcy Number:
11                                   )    05-33473 DM
    BRANDY G. HUNT,                 )    Adversary Proceeding
12                                   )    No.: 05-3499 DM
              Bankrupt.             )
13  _____)    ORDER GRANTING MOTION
                                     )    BY PLAINTIFF FOR
14                                   )    SUMMARY JUDGMENT
                                     )    UNDER FRCP 56
15  IMPERIAL MERCHANT SERVICES, INC., )   (Proposed)
    a California corporation, doing  )
16  business as CHECK RECOVERY SYSTEMS,)
                                     )
17                                   )    Date: October 6, 2006
              Plaintiff,            )    TIME: 10:00 A.M.
18  -vs-                             )    PLACE: 235 Pine Street,
                                     )           22nd Floor,
19  BRANDY G. HUNT,                 )           San Francisco, Ca
                                     )    Judge: Dennis Montali
20            Defendant.            )
                                     )
21  _____)

22
         The motion for Summary Judgment filed by Plaintiff IMPERIAL
23
    MERCHANT SERVICES D.B.A. CHECK RECOVERY SYSTEMS, INC., came
24
    regularly for hearing on October 6, 2006 at 10:00 A.M. before the
25
    Honorable Dennis Montali, United States Bankruptcy Judge.
26
         After due consideration of the moving, responding, and reply
27
    papers, and after consideration of oral argument, the Court finds
28
    that Defendant obtained merchandise from Plaintiff's assignor by

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Adversary CASE NO. 05 3499 DM

1  false pretenses, a false representation, and actual fraud, and

2  the debt is not eligible for discharge in accordance with the

3  provisions of 11 United States Code 523(a)(2)(A).

4      Based on the finding of the Court, IT IS HEREBY ORDERED,

5  ADJUDGED, AND DECREED THAT Summary Judgment is granted in favor

6  of Plaintiff IMPERIAL MERCHANT SERVICES D.B.A. CHECK RECOVERY

7  SYSTEMS, INC., and against Defendant BRANDY G. HUNT in the sum of

8  $137.15, together with a returned check fee of $35.00 pursuant to

9  C.C. 1719 and interest thereon at the rate of 10% per annum from

10  July 5, 2004.

11

12

13      Dated:

14

15

16

17  _____

18      DENNIS MONTALI,
        UNITED STATES BANKRUPTCY JUDGE

19

20

21

22

23

24

25

26

27

28

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Adversary CASE NO. 05 3499 DM

1
                    PROOF OF SERVICE BY MAIL
                      (1013a, 2015.5 C.C.P.)
2
STATE OF CALIFORNIA              )
3  COUNTY OF RIVERSIDE            )  S.S.
        I am a citizen of the United States and a Resident of the
4  County Aforesaid; I am over the age of eighteen years and not a
   party to the within entitled action; my business address is:
5  17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258
        On AUGUST 29, 2006 I served the within ORDER GRANTING
6  DEFENDANTS MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56 (Proposed)
   on the interested parties herein in said action by placing a true
7  copy thereof enclosed in a sealed envelope with postage thereon
   fully prepaid, in the United States mail at PALM SPRINGS,
8  CALIFORNIA addressed as follows:

9  IRVING L. BERG,
   THE BERG LAW GROUP,
10 433 TOWN CENTER, NO. 493,
   CORTE MADERA, CALIFORNIA 94925
11
   PAUL ARONS,
12 LAW OFFICES OF PAUL ARONS,
   685 SPRINGS STREET,
13 #104,
   FRIDAY HARBOR, WASHINGTON 98250
14

15     I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
   TRUE AND CORRECT.
16
       EXECUTED ON AUGUST 21, 2006 AT PALM SPRINGS, CALIFORNIA
17

18
                           _____
19                         CLARK GAREN, DECLARANT

20

21

22

23

24

25

26

27

28

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Adversary CASE NO. 05 3499 DM

1
PROOF OF SERVICE BY MAIL AND BY FAX
(1013a, 2015.5 C.C.P.)

2

STATE OF CALIFORNIA            )
3   COUNTY OF RIVERSIDE           )  S.S.

4       I am a citizen of the United States and a Resident of the
County Aforesaid; I am over the age of eighteen years and not a
5   party to the within entitled action; my business address is:
17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258
6

7       On AUGUST 29, 2006, I served the within PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT on the interested parties herein in said action by
8   placing a true copy thereof enclosed in a sealed envelope with
postage thereon fully prepaid, in the United States mail at NORTH
9   PALM SPRINGS, CALIFORNIA addressed as follows:

10  IRVING L. BERG,
THE BERG LAW GROUP,
11  433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

12
PAUL ARONS,
13  LAW OFFICE OF PAUL ARONS,
685 SPRING STREET,
14  #104,
FRIDAY HARBOR, WASHINGTON 98250

15
      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
16  TRUE AND CORRECT.

17      EXECUTED ON AUGUST 29, 2006 AT NORTH PALM SPRINGS,
CALIFORNIA
18

19

20

21                          _____
                            CLARK GAREN, DECLARANT
22

23

24

25

26

27

28

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Adversary CASE NO. 05 3499 DM

1                    PROOF OF SERVICE BY MAIL
                      (1013a, 2015.5 C.C.P.)
2  STATE OF CALIFORNIA          )
   COUNTY OF RIVERSIDE          ) S.S.
3      I am a citizen of the United States and a Resident of the
   County Aforesaid; I am over the age of eighteen years and not a
4  party to the within entitled action; my business address is:
   1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881
5      On September 11, 2006, 2006, I served the within REQUEST FOR
   JUDICIAL NOTICE #2 IN SUPPORT OF MOTION BY DEFENDANT FOR SUMMARY
6  JUDGMENT UNDER FRCP 56; NOTICE OF MOTION FOR ENTRY OF PARTIAL
   JUDGMENT UNDER FRCP 54b; NOTICE OF MOTION FOR CERTIFICATION OF
7  IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b) on the interested
   parties herein in said action by placing a true copy thereof
8  enclosed in a sealed envelope with postage thereon fully prepaid,
   in the United States mail at PALM SPRINGS, CALIFORNIA addressed
9  as follows:

10 IRVING L. BERG,
   THE BERG LAW GROUP,
11 433 TOWN CENTER, NO. 493,
   CORTE MADERA, CALIFORNIA 94925
12
   PAUL ARONS,
13 LAW OFFICES OF PAUL ARONS,
   685 SPRINGS STREET,
14 #104,
   FRIDAY HARBOR, WASHINGTON 98250
15
   O. RANDOLPH BRAGG,
16 HORWITZ, HORWITZ & ASSOCIATES,
   25 EAST WASHINGTON,
17 SUITE 900
   CHICAGO, ILLINOIS 60602
18
   RONALD WILCOX,
19 ATTORNEY AT LAW,
   2160 THE ALAMEDA,
20 FIRST FLOOR,
   SUITE F,
21 SAN JOSE, CALIFORNIA 95126

22     I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
   TRUE AND CORRECT.
23
       EXECUTED ON SEPTEMBER 11, 2006 AT PALM SPRINGS, CALIFORNIA
24

25
                              _____
26                            CLARK GAREN, DECLARANT

27

28

_____
ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Adversary CASE NO. 05 3499 DM