1  Paul Arons, State Bar #84970
2  685 Spring Street, #104
   Friday Harbor, WA 98250
3  Tel:  (360) 378-6496
   Fax: (360) 378-6498
4  lopa@rockisland.com

5  Ronald Wilcox, State Bar #176601
6  LAW OFFICE OF RONALD WILCOX
   2160 The Alameda, 1st Flr., Suite F
7  San Jose, CA 95126
   (408) 296-0400
8

9  Attorneys for Plaintiffs

10 (Additional plaintiffs' counsel on last page)

11              UNITED STATES DISTRICT COURT
12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS, <br><br> Defendants. | Case No. 05-04993 MJJ <br> Case No. 06-02037 MJJ <br><br> CLASS ACTION <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION <br><br> Date: October 24, 2006 <br> Time: 9:00 a.m. <br> Courtroom 11 |

# TABLE OF CONTENTS

Table of Contents ............................................................................................... i

Table of Authorities............................................................................................ ii

I.   INTRODUCTION ......................................................................................... 1

II.  NATURE OF THE CASE ............................................................................ 2

III. ISSUES TO BE DECIDED .......................................................................... 2

IV.  FACTUAL BACKGROUND ......................................................................... 2

V.   PLAINTIFFS' CLAIMS................................................................................. 3

VI.  THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR
     CERTIFICATION......................................................................................... 3

     A.  Standards for Class Certification ........................................................ 3

     B.  The Class Is so Numerous that Joinder Is Impracticable................... 5

     C.  There Are Questions of Law and Fact Common to the Class............. 6

     D.  Plaintiffs' Claims Are Typical of the Claims of the Class................... 8

     E.  Plaintiffs and Class Counsel Will Fairly and Adequately
         Represent the Interests of the Class.................................................... 9

VII. PLAINTIFFS REQUEST CLASS CERTIFICATION CLASS PURSUANT
     TO RULE 23(b)(2), SINCE DECLARATORY RELIEF PREDOMINATES ............... 10

VIII. ALTERNATIVELY, THE COURT SHOULD CERTIFY A HYBRID CLASS,
     WITH MONETARY DAMAGES CERTIFIED PURSUANT TO RULE 23(b)(3),
     DECLARATORY RELIEF CERTIFIED PURSUANT TO RULE 23(b)(2) ................... 14

     A.  A Hybrid Class is Appropriate Where A Broad Class is Entitled to
         Declaratory and/or Injunctive Relief, and a Narrower Class is
         Entitled to Monetary Damages.......................................................... 14

     B.  Plaintiffs Meet the Requirements for Rule 23(b)(3) Certification ....... 15

         1.  Common Questions of Law or Fact Predominate....................... 15

         2.  A Class Action Is Superior to Other Available Methods to
             Resolve This Controversy ....................................................... 16

IX.  CONCLUSION ........................................................................................... 18

1

**TABLE OF AUTHORITIES**

2

3    <u>**Cases**</u>

4    *Abels v. JBC Legal Group P.C.*,
5    227 F.R.D. 541 (N.D. Cal. June 23, 2005) ............................................ *passim*

6    *Amchem Products, Inc. v. Windsor,*
7    521 U.S. 591, 117 S.Ct. 2231  138 L.Ed.2d 689 (1997) ....................... 3, 9, 16

8    *Amone v. Aveiro,*
     226 F.R.D. 677 (D.Haw. 2005) ....................................................................5

9    *Armstrong v. Davis,*
10   275 F.3d 849 (9th Cir. 2001) .................................................................6, 8

11   *Arnold v. United Artists Theater Circuit, Inc.*,
12   158 F.R.D. 439 (N.D. Cal. 1994) .........................................................10, 11

13   *Avila v. Rubin*,
14   84 F.3d 222 (7th Cir. 1996) ........................................................................5

15   *Ballard v. Equifax Check Servs.*,
     186 F.R.D. 589 (E.D. Cal. 1999) ............................................................ *passim*

16   *Blackie v. Barrack,*
17   524 F.2d 891 (9th Cir. 1975) .......................................................................4

18   *Borcherdine-Dittloff v. Transworld Systems, Inc.*,
19   185 F.R.D. 558 (W.D. Wis. 1999) ........................................................10, 11

20   *Bracamonte v. Eskanos & Adler,*
21   2004 U.S. Dist. LEXIS 8520 (N.D.Cal. 2004) ......................................5, 7, 16

22   *DeJesus v. Banco Popular de Puerto Rico,*
     918 F.2d 232 (1st Cir. 1990) .......................................................................1

23   *De La Fuente v. Stokely-Van Camp, Inc.*,
24   713 F.2d 225 (7th Cir. 1983) ......................................................................

25   *Deposit Guaranty National Bank v. Roper,*
26   445 U.S. 326, 100 S.Ct. 1166 (1980)...........................................................5

27   *Dukes v. Wal-Mart Stores, Inc.*,
     222 F.R.D. 137 (N.D. Cal. 2003).................................................................5

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Duran v. Credit Bureau of Yuma, Inc.*,
93 F.R.D. 607 (1982) ...................................................................5

*East Texas Motor Freight System Inc. v. Rodriguez*,
421 U.S. 395, 97 S.Ct. 1891 (1977)..............................................9

*Epstein v. MCA, Inc.*,
179 F.3d 641 (9th Cir. 1999).........................................................9

*Gammon v. GC Services Ltd. Partnership*,
162 F.R.D. 313 (N.D. IL 1995) ...................................................12

*Gay v. Waiters and Dairy Lunchmen's Union*,
549 F.2d. 1330 (9th Cir. 1977) .....................................................5

*General Telephone Company of the Southwest v. Falcon*,
457 U.S. 147, 102 S.Ct., 2364 (1982)...........................................8

*Georgine v. Amchem Prods., Inc.*,
83 F.3d 610, (3rd. Cir. 1996) ...........................................................

*Gete v. I.N.S.*,
121 F.3d 1285 (9th Cir. 1997)......................................................16

*Gonzales v. Arrow Fin. Servs. LLC*,
233 F.R.D. 577 (S.D.Cal. 2006).................................................15

*Graziano v. Harrison*,
950 F.2d 107, 113 (3d Cir. 1991)...................................................1

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998)...............................................5, 6, 9

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992).........................................................8

*Haynes v. Logan Furniture Mart. Inc.*,
503 F.2d 1161 (7th Cir. 1974)......................................................16

*Irwin v. Mascott*,
96 F.Supp.2d 968 (N.D. Cal. 1999) ...................................... *passim*

*Keele v. Wexler*,
149 F.3d 589, 594 (7th Cir. 1998)..........................................5, 7, 8

*Lerwill v. Inflight Motion Pictures, Inc.*,
582 F. 2d 507 (9th Cir 1978).........................................................9

iii

*Littledove v. JBC & Assocs.*,
2001 U.S. Dist. LEXIS 139 (E.D.Cal. 2001) ..................................5, 10, 14, 16

*Marisol v. Giuliani*,
126 F.3d 372, (2nd Cir. 1997)...................................................................

*Molski v. Gleich*,
318 F.3d 937 (9th Cir. 2003) .................................................................10, 13

*Palmer v. Stassinos*,
348 F.Supp.2d 1070 (N.D.Cal. 2004) .............................................................2

*Probe v. State Teachers' Retirement System*,
780 F.2d 776 (9th Cir. 1986) .......................................................................10

*Rice v. Philadelphia*,
66 F.R.D. 17 (1974) ...................................................................................12

*Schwarm v. Craighead*,
233 F.R.D. 655 (E.D.Cal. 2006).....................................................................15

*Simon v. World Omni Leasing*,
146 F.R.D. 197 (S.D.Ala. 1992) ....................................................................14

*Swanson v. Mid Am, Inc.*,
186 F.R.D. 665 (M.D. Fla. 1999)..............................................................10, 12

*Tyrell v. Robert Kaye & Assocs., P.A.*,
223 F.R.D. 686 (S.D. FL 2004) .....................................................................13

*Valentino v. Carter-Wallace, Inc.*,
97 F.3d 1227 (9th Cir. 1996) ........................................................................15

*Von Colln v. County of Ventura*,
189 F.R.D. 583 (C.D. Cal. 1999).....................................................................

*Watkins v. Simmons and Clark, Inc.*,
618 F.2d 398 (6th Cir. 1980) ..........................................................................5

*Westways World Travel, Inc. v. AMR Corp.*,
218 F.R.D. 223 (C.D. Cal. 2003)......................................................................6

*Woodard ex rel. Woodard v. Online Info. Servs.*,
191 F.R.D. 502 (E.D. N.C. 2000) ...................................................................12

*Young v. Meyer & Njus, P.A.*,
183 F.R.D. 231 (N.D. IL 1998) ......................................................................13

*Zinser v. Accufix Research Inst., Inc.*,
253 F.3d 1180 (9th Cir. 2001)...................................................................4


**Statutes and Rules**

15 U.S.C. §§1692 ...................................................................................1

15 U.S.C. §§1692k(a) and (b).................................................................4

15 U.S.C. §§1692e ..................................................................................1

15 U.S.C. §§1692f(1)...............................................................................1

Fed.R.Civ.P. 23(a) .................................................................................4

Fed.R.Civ.P. 23(a)(1)..........................................................................4, 5

Fed.R.Civ.P. 23(a)(2)..........................................................................4, 6

Fed.R.Civ.P. 23(a)(3)..........................................................................4, 8

Fed.R.Civ.P. 23(a)(4)..........................................................................4, 9

Fed.R.Civ.P. 23(b)(2).........................................................................2, 10

Fed.R.Civ.P. 23(b)(3).........................................................................2, 14

Fed.R.Civ.P. 23(g)..................................................................................9


**Treatises and Reports**

Newberg and Conte,
1 Newburg on Class Actions (4th ed. 2002) .................................................5

## I.  INTRODUCTION

Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. [FDCPA] to eliminate the use of unfair, abusive and deceptive collection practices engaged in by many debt collectors.  15 U.S.C. §1692.  The FDCPA prohibits a debt collector from adding unlawful charges, misrepresenting the amount of a debt, or using other deceptive means to collect a debt.  15 U.S.C. §§ 1692e(2), (10) and 1692f(1).

Defendant Imperial Merchant Services, Inc., d/b/a Check Recovery Systems [Imperial] collects on dishonored checks.  In separate actions that have since been consolidated, plaintiffs Brian Castillo and Brandy Hunt, on their own behalf and on behalf of others similarly situated, sued Imperial for attempting to collect both the service charge authorized by California Civil Code § 1719 *and* interest on checks that have been returned unpaid.  Castillo and Hunt now move to certify a class, pursuant to Fed.R.Civ.P. 23. [1]  In their class action complaints, plaintiffs allege that Imperial has violated the FDCPA.  They seek declaratory relief and an award of statutory and actual damages for plaintiffs and the putative class.  Plaintiffs filed these lawsuits as class actions, since individual lawsuits generally have little deterrent effect on debt collectors who, intentionally or not, violate the FDCPA.  Congress views the FDCPA as primarily self-enforcing, through lawsuits brought by the consumers who have been subjected to collection abuses.  *See Senate Report No. 95-382,* 95th Cong., 1st. Sess., p. 5, *reprinted* in 1977 U.S.C.C.A.N., 1695, 1699.  Therefore, private lawsuits, such as this one, are necessary to meet the congressional goal that primarily consumers acting as private attorney generals enforce the FDCPA.  *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *See also DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

---

1.  Pursuant to the agreement of the parties at the July 25, 2006 Case Management Conference, the parties are also filing cross-motions for summary judgment.

In a case that is factually on all fours with the present action, the Honorable Ronald M. Whyte ruled that a creditor may not charge prejudgment interest on dishonored checks.  *Palmer v. Stassinos*, 348 F.Supp.2d 1070, 1083 (N.D.Cal. 2004), Imperial admits that it has attempted to collect interest from more numerous California check writers, and there is no evidence that Imperial handled the plaintiffs' accounts any differently than it handled any other account.  This consolidated action meets all the requirements of Fed.R.Civ.P. 23, and the Court should grant class certification.

## II.  NATURE OF THE CASE

Defendant Imperial operates a volume collection business in which it collects on purported dishonored checks written in California.

Plaintiffs request that the Court certify a class in this action defined as:

All persons to whom defendant mailed a collection demand at any time since December 5, 2004, (1) which included a demand for both interest and a statutory service charge, on a dishonored check; (2) where the check was written in the State of California for personal, family or household purposes; and (3) whose mail was not returned as undeliverable.

## III.  ISSUES TO BE DECIDED

1.  Whether a class should be certified pursuant to Federal Rules of Civil Procedure 23(b)(2).

2. If class certification pursuant to Rule 23(b)(2) alone is not appropriate, whether a hybrid class should be certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).

## IV.  FACTUAL BACKGROUND

Imperial Collection Services, Inc. is located in Los Angeles, California.  It admits it is a "debt collector" within the meaning of the FDCPA.[2]  On or about March 17, 2005, Imperial mailed Brian Castillo a collection letter in connection with a check that he

2.  *See* 12/5/2005 Hunt Complaint, p. 2, ¶ 5;  12/19/2005 Answer to Complaint, p. 2, ¶ 5; 3/16/2006 Castillo Complaint, p. 2, ¶ 5; 5/1/2006 Answer to Complaint, pp. 2-3, ¶ 5.

had allegedly written to Pack n' Save[3] that had been dishonored.  In that letter, defendant

demanded that Castillo pay the following charges:

| | |
|---|---|
| **Principle:** | **$276.36** |
| **Misc.:** | **$ 25.00** |
| **Interest:** | **$  8.99** |

Subsequently, defendant mailed Castillo a collection demand concerning

the same check, dated December 2, 2005.  In this second letter, defendant made the

same demands, but now claimed interest in the amount of $30.43.

On or about December 6, 2004, Imperial mailed Brandy Hunt a collection

letter in connection with a check that she had allegedly written to Pack n' Save that had

been dishonored.  In that letter, defendant demanded that Hunt pay the following

charges:

| | |
|---|---|
| **Principle:** | **$ 137.19** |
| **Misc.:** | **$ 35.00** |
| **Interest:** | **$  7.26**[4] |

## V.  PLAINTIFFS' CLAIMS

In their Complaints, Castillo and Hunt allege that defendant Imperial

violates the FDCPA, 15 U.S.C. §§1692e(2)(A), e(10) and f(1)by making demands for

interest charges that are not permitted by law.

## VI.  THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A.  Standards for Class Certification

For a class to be certified, at least one plaintiff must satisfy all four

requirements of Rule 23(a),[5] and one of the three categories of Rule 23(b).  *Amchem*

---

3.  Pack n' Save is a regional grocery chain owned and operated by Safeway, Inc.

4.  Copies of the letters sent to Castillo and Hunt containing the interest demands were attached as exhibits to their respective complaints.  For the Court's convenience, plaintiffs attach copies of these letters to the Declaration of Paul Arons in Support of Motion for Class Certification as Exhibit 1.

*Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case." *Blackie v. Barrack*, 524 F.2d 891, 901 n. 16 (9th Cir. 1975).

Congress expressly recognized the propriety of class actions to enforce the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class actions.[6]  Courts often have certified FDCPA classes where, as here, the FDCPA violations are based on standardized conduct.  *See, e.g., Irwin v. Mascott*, 96 F.Supp.2d 968 (N.D. Cal. 1999), [mass mailings of computer-generated letters demanding check fees and threatening to sue the check writer; *Ballard v. Equifax Check Servs.*, 186 F.R.D. 589 (E.D. Cal. 1999); [mass mailings of over one million computer-generated letters demanding check fees];  *Abels v. JBC Legal Group P.C.*, 227 F.R.D. 541 (N.D. Cal. June 23, 2005), [debt collector used standard form letter];

---

5.  Fed.R.Civ.P. 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

6.  Title 15. U.S.C. § 1692k(a)(2)(B) provides:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

    (B)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

Title 15 U.S.C. § 1692k(b)(2) provides:

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

    (2)    in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

*Bracamonte v. Eskanos & Adler*, 2004 U.S. Dist. LEXIS 8520 (N.D.Cal. 2004), [debt collector engaged in standardized conduct by mailing form letters to several thousand putative class members]; *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996), [mass mailings of attorney form letters]; *Keele v. Wexler,* 149 F.3d 598, 594 (7th Cir. 1998); *Littledove v. JBC & Assocs.*, 2001 U.S. Dist. LEXIS 139, *12 (E.D.Cal. 2001).

   The United States Supreme Court acknowledges that Rule 23 procedures may be the only viable means for claimants with small recoveries to have access to the courts. *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 338, n.9, 100 S.Ct. 1166 (1980). *See also*, *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir. 1998). Courts recognize that class actions to enforce compliance with consumer protection laws are "desirable and should be encouraged." *See Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Az. 1982), *citing Watkins v. Simmons and Clark, Inc.*, 618 F.2d 398, 404 (6th Cir. 1980). As the court noted in *Ballard v. Equifax Check Servs., supra,* 186 F.R.D. at 600, when granting class certification where defendant's $20.00 check collection fee was in issue, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." Without the class action procedure there would be little incentive for defendants to conform their conduct to the law.

**B. The Class Is so Numerous that Joinder Is Impracticable.**

   Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977); *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137 (N.D. Cal. 2003). "[I]n light of prevailing precedent, the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone." *Amone v. Aveiro*, 226 F.R.D. 677, 684 (D.Haw. 2005), citing Newberg and Conte, 1 <u>Newburg on Class Actions</u> § 3.6 (4th ed. 2002). A plaintiff does not have to determine the number of class members with precision. A class action

may proceed based upon estimates as to the size of the proposed class.  *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 234 (C.D. Cal. 2003).

The proposed class easily meets numerosity requirements.  The collection letters that defendant sends are form letters.  Defendant conditionally admits that the class is so numerous that joinder is impractical.[7]  Between November 2004 and May 2006, 43,536 checks were referred to Imperial for collection.[8]  During that same period, Imperial mailed 67,108 collection letters.[9]  Imperial collected over $100,000.00 in interest.[10]  Plaintiffs meet the numerosity requirement.

## C.  There Are Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires that there be a common question of law or fact.  The Ninth Circuit construes commonality liberally.  *Hanlon v. Chrysler Corp, supra*, 150 F.3d at 1019.  Commonality is satisfied when there are underlying facts or legal theories common throughout the class, even if the common facts support different legal theories or common legal theories rest on different facts.  Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members.  *ibid*.  "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory."  *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).

---

7.  Defendant's Response to Plaintiff's Request for Admissions [Hunt], dated 5/29/2005, Request No. 8, pp. 4-5.  Defendant actually denies this, and other, requests based on its argument that plaintiff Hunt does not have standing, but then admits the request, if the Court finds that plaintiff has standing. Defendant's Response to Plaintiff's Request for Admissions are attached as Exhibit 2 to the Declaration of Paul Arons in Support of Motion for Class Certification.

8 Defendant's Response to Plaintiff's Interrogatories [Hunt], dated 5/29/2005, No. 10, pp. 29-30.  The excerpts from Defendant's Response to Interrogatories that plaintiffs cite in this memorandum are attached as Exhibit 3 to the Declaration of Paul Arons in Support of Motion for Class Certification.

9.  Defendant's Response to Plaintiff's Interrogatories [Hunt], dated 5/29/2005, No. 9, pp. 25-26.  Exhibit 3 to the Declaration of Paul Arons in Support of Motion for Class Certification.

10. Defendant's Response to Plaintiff's Interrogatories [Hunt], dated 5/29/2005, No. 12, pp. 36-37.  Exhibit 3 to the Declaration of Paul Arons in Support of Motion for Class Certification.

In FDCPA actions, common questions of law and fact arise where the defendant has engaged in standardized conduct towards members of the proposed class by mailing them form demand letters or documents. *Abels v. JBC Legal Group, P.C., supra*, 227 F.R.D. at 544-545; *Bracamonte v. Eskanos & Adler, supra*, 2004 U.S. Dist. LEXIS at *11, *citing*, *Keele v. Wexler, supra*, 149 F.3d at 594. In *Irwin v. Mascott*, 96 F.Supp.2d 968, *supra*, at 982, the court certified a class consisting of those to whom defendants had sent letters containing the same or similar demands as those sent to the class representatives. In *Ballard v. Equifax Check Servs.*, *supra*, 186 F.R.D. at 595, plaintiff met the commonality requirement where defendant had sent class members "standardized collection letters."

In the present case, as in *Ballard*, *Irwin, Bracamonte* and *Abels*, common questions of law and fact predominate over any questions affecting only individual class members. Definitionally, defendant sent all class members form collection letters that included a demand for both interest and a statutory service charge. Defendants admit that their routine practice when attempting to collect returned checks is to demand both a service charge and interest.[11] Plaintiffs allege that this practice violates the FDCPA. Defendant conditionally admits that there are questions of law and fact common to the class.[12]

The fact that all class members were sent standard form letters that raise common issues of law, demonstrates that Castillo and Hunt have satisfied the commonality requirement of Rule 23(a)(2).

---

11. Defendant's Response to Plaintiff's Interrogatories [Hunt], dated 5/29/2005, No. 14, p. 41. Exhibit 3 to the Declaration of Paul Arons in Support of Motion for Class Certification.

12. Defendant's Response to Plaintiff's Request for Admissions [Hunt], dated 5/29/2005, Request No. 9, p. 5. As with its other admissions regarding class certification requirements, defendant admits the request, only if the Court finds that plaintiff has standing. Exhibit 2 to the Declaration of Paul Arons in Support of Motion for Class Certification.

**D. Plaintiffs' Claims Are Typical of the Claims of the Class**

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. The typicality requirement ensures that the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 156, 102 S.Ct., 2364 (1982). The purpose of typicality is to "assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought."

> Although the commonality and typicality requirements tend to merge into one another, they are stated differently. The commonality requirement is said to be met if plaintiffs' grievances share a common question of law or of fact. Typicality, by contrast, is said to require that the claims of the class representatives be typical of those of the class, and to be "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. " The crux of both requirements is to ensure that "maintenance of a class action is economical and that the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. *Citations omitted*, *Armstrong v. Davis, supra*, 275 F.3d at 869.

*See also, Keele v. Wexler, supra*, 149 F.3d at 595; *Abels v. JBC Legal Group, P.C.*, *supra*, 227 F.R.D at 545.

In the instant case, defendant sent plaintiffs form letters containing the same allegedly unlawful demands for both service charges and interest as are contained in the form letters that defendants sent to the class as a whole. Defendant conditionally admits that the plaintiffs' claims are typical.[13] Thus, plaintiffs satisfy the typicality requirement of Rule 23(a)(3).

---

13. Defendant's Response to Plaintiff's Request for Admissions [Hunt], dated 5/29/2005, Request No. 10, pp. 5-6. As with its other admissions regarding class certification requirements, defendant admits the request, only if the Court finds that plaintiff has standing. Exhibit 2 to the Declaration of Paul Arons in Support of Motion for Class Certification.

### E. Plaintiffs and Class Counsel Will Fairly and Adequately Represent the Interests of the Class

Fed.R.Civ.P. 23(a)(4) requires that the representative plaintiff will fairly and adequately protect the interests of the class. This requirement is met by showing that: (1) the proposed representatives do not have conflicts of interest with the proposed class; and, (2) the representative plaintiff is represented by qualified counsel. *Hanlon v. Chrysler Corp, supra,* 150 F.3d at 1020, *Epstein v. MCA, Inc.*, 179 F.3d 641 (9th Cir. 1999); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512 (9th Cir 1978).[14] The adequacy of representation requirement serves two functions. Like the commonality and typicality requirements, it assures that shared interests between the representative plaintiffs and the class as a whole are present, but it also functions to ensure the absence of conflicts. *Amchem Products, Inc. v. Windsor, supra,* 521 U.S. at 625-26. To serve as representatives, the named plaintiff must have common interests with class members and a lack of interests adverse to class members. He must also vigorously prosecute the interests of the class through qualified counsel. *East Texas Motor Freight System Inc. v. Rodriguez,* 421 U.S. 395, 403-405, 97 S.Ct. 1891 (1977). This standard requires similarity, not identity, of interests. It does not preclude some unique interests; it only precludes adverse interests. Defendant conditionally admits that the plaintiffs do not have any conflict with the class.[15]

Castillo and Hunt are qualified as class representatives.[16] The claims of the representative plaintiffs are the same as the claims of the class, arising out of the same form letters sent to the named plaintiffs and to the class. Plaintiffs, on behalf of the class,

---

14. Fed.R.Civ.P. 23(g) also requires that an attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.

15. Defendant's Response to Plaintiff's Request for Admissions [Hunt], dated 5/29/2005, Request No. 11, p. 6. As with its other admissions regarding class certification requirements, defendant admits the request, only if the Court finds that plaintiff has standing. Exhibit 2 to the Declaration of Paul Arons in Support of Motion for Class Certification.

16. *See* Declarations of Brian Castillo and Brandy Hunt, filed herewith.

are seeking all available relief, including actual damages, statutory damages and injunctive relief.  Given the identical nature of the claims between the representative plaintiffs and the class members, there is no potential for conflicting interests in this action.  *See*, *Abels v. JBC Legal Group, P.C., supra*,  227 F.R.D at 545.

Plaintiffs are represented by experienced counsel, O. Randolph Bragg, Paul Arons, Irving L. Berg and Ronald Wilcox.  All counsel are experienced attorneys who have previously litigated FDCPA class actions. [17]  *See, e.g. Littledove v. JBC & Assocs., supra,* at *12; *Irwin v. Mascott*, 96 F. Supp. 2d 968, 983 (N.D. Cal. 1999);  *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).  "Mr. Bragg's ability to serve as counsel in class actions and consumer suits has been recognized in other courts."  *Borcherdine-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 563-64 (W.D. Wis. 1999), *Abels v. JBC Legal Group, P.C., supra*, 227 F.R.D. 541.  Counsel are qualified, experienced and generally able to conduct the proposed litigation.  They should therefore be appointed as class counsel.  Thus, named plaintiffs has satisfied the requirements of Rule 23(a)(4).

## VII.  PLAINTIFFS REQUEST CLASS CERTIFICATION CLASS PURSUANT TO RULE 23(b)(2), SINCE DECLARATORY RELIEF PREDOMINATES

An action may be maintained as a class action under Rule 23(b)(2) if:

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . . .

The archetypal case for Rule 23(b)(2) certification is one where policies applicable to a large number of persons are challenged as unlawful.  Certification under Rule 23(b)(2) is appropriate where declaratory or injunctive relief is predominant, and monetary damages are incidental.  Rule 23(b)(2) certification is appropriate even in

_____

17.  *See* Declarations of Paul Arons, Ronald Wilcox, Irving L. Berg and Randolph Bragg, filed herewith.

actions where plaintiff's claim for declaratory relief is accompanied by damages or retroactive relief claims. *Molski v. Gleich*, 318 F.3d 937, 950 (9th Cir. 2003); *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986)*; Ballard v. Equifax Check Servs., supra,* 186 F.R.D. at 596; *Arnold v. United Artists Theater Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994). In *Probe*, the court certified a class under Rule 23(b)(2), where male plaintiffs sought injunctive and declaratory relief concerning a retirement plan's use of sex-based mortality tables in calculating the benefits due under the plan, even though plaintiffs also sought individual damages and retroactive monetary relief.

In *Arnold v. United Artists Theater Circuit, Inc.*, *supra*, 158 F.R.D. 439, plaintiffs alleged that United Artists theaters failed to make their theaters accessible to handicapped individuals, in violation of federal and state civil rights laws. The court certified a class action under Rule 23(b)(2), even though plaintiffs sought individual damages for class members. The court reasoned that "the cohesiveness of the class and the homogeneity of the members' interests [are] the salient factors on which the availability of the (b)(2) class action form hinges. . . ." Since calculation of damages did not involve "a complicated, individual-specific calculus," certification under Rule 23(b)(2) was proper.[18] *Id.* 451-453.

Courts have certified FDCPA actions involving declaratory relief pursuant to Rule 23(b)(2), even where the plaintiffs seek monetary damages. In *Borcherding-Dittloff v. Transworld Systems, Inc. supra,*, 185 F.R.D. 558, the court certified a Rule 23(b)(2) class in an FDCPA action, concluding that declaratory relief predominated over damages.

_____

18. In *Arnold*, the court granted class certification on the issue of damages arising from actual theater visits, because that damages issue could be resolved by proof of the inadequate access in particular movie theaters in defendant's movie theater chain, and the amount of damages could be calculated based on evidence of the number of visits that each plaintiff had made to a theater with inadequate access. The court did not certify for class treatment damages arising from the claim that inadequate disabled access deterred visits to the movie theater, because proof of "deterrence" damages would have required the resolution of individual-specific issues, which would substantially increase the complexity of the case. *Id.*, at 453.

The court concluded that declaratory relief predominated, since the award of damages flowed directly from the declaratory relief and damages were easily calculated by a formula that was uniformly applicable to the class. *Id.*, at 565-66, *citing Rice v. Philadelphia*, 66 F.R.D. 17, 20 (1974) [Rule 23(b)(2) certification appropriate where "damages are subject to ready calculation on the basis of a formula or principles uniformly applicable to the class.]

In *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 319-322 (N.D. IL 1995), the court certified a Rule 23(b)(2) class in an FDCPA action for declaratory relief and damages. Entry of a declaratory judgment was favored: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 320, quoting E. Borchard, <u>Declaratory Judgments</u>, 299 (2d ed. 1941).

In *Swanson v. Mid Am, Inc., supra*, 186 F.R.D. at 669, plaintiff in an FDCPA action moved to certify the class pursuant to Rule 23(b)(2). In determining whether monetary predominated for Rule 23 purposes, the court reasoned that monetary relief predominates when the monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case. On the other hand, injunctive or declaratory relief predominates where monetary relief is incidental to the requested injunctive or declaratory relief. The court found that the monetary damages "flow directly from liability to the class as a whole" and certified the class pursuant to Rule 23(b)(2). *Id.* at 669. In *Woodard ex rel. Woodard v. Online Info. Servs.*, 191 F.R.D. 502 (E.D. N.C. 2000), in an FDCPA class action the plaintiff sought declaratory relief and statutory damages. The court certified the case under Rule 23(b)(2) based, in part, on the fact that the monetary award was readily calculable, and therefore declaratory relief predominated over monetary relief. *Id.*, at

507. *See also, Tyrell v. Robert Kaye & Assocs., P.A.*, 223 F.R.D. 686, 690 (S.D. FL 2004); *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231, 235 (N.D. IL 1998).

Like the cases cited above, defendant in the present case has acted or refused to act on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole.  Defendant conditionally admits that defendant has acted or refused to act on grounds generally applicable to the class.[19] The declaratory relief sought in this action would declare that particular demands and representations in defendant's form collection letters, *e.g.*, the demand for pre-judgment interest violates the FDCPA,

Actual and statutory damages are incidental to declaratory relief since these damages "flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief," *Molski v. Gleich,, supra*, 318 F.3d at 949, *emphasis in original.*  Statutory damages are based on defendant's net worth, and will be determined for the class as a whole.  15 U.S.C. § 1692k(a)(2)(B).  Actual damages will equal the amount of unlawful interest that defendant collected, and should be easily calculable from defendant's computerized collection records.  Given the predominant purpose of the lawsuit, to stop defendant's continued violations of the FDCPA by having its practice of demanding and collecting interest declared unlawful, and given the incidental nature of monetary damages, which will flow directly from liability determinations, the Court should certify the proposed class pursuant to Rule 23(b)(2).

---

19.  Defendant's Response to Plaintiff's Request for Admissions [Hunt], dated 5/29/2005, Request No. 14, pp. 8-9.  As with its other admissions regarding class certification requirements, defendant admits the request, only if the Court finds that plaintiff has standing.  Exhibit 2 to the Declaration of Paul Arons in Support of Motion for Class Certification.

**VIII.  ALTERNATIVELY, THE COURT SHOULD CERTIFY A HYBRID CLASS, WITH MONETARY DAMAGES CERTIFIED PURSUANT TO RULE 23(b)(3), DECLARATORY RELIEF CERTIFIED PURSUANT TO RULE 23(b)(2)**

**A.  A Hybrid Class is Appropriate Where A Broad Class is Entitled to Declaratory and/or Injunctive Relief, and a Narrower Class is Entitled to Monetary Damages**

Certification under Rule 23(b)(2) is appropriate, since plaintiffs meet the requirements of that sub-division, and calculation of monetary damages is essentially a ministerial task based on defendant's net worth and a review of defendant's computerized collection records.  However, if the Court determines that the monetary issues in this lawsuit should be certified under Rule 23(b)(3), a hybrid class may be certified, with declaratory relief issues being certified under Rule 23(b)(2), and monetary damage issues in the FDCPA class being certified pursuant to Rule 23(b)(3).

The hybrid suit is tried in two stages: in the first, a determination of liability is made.  In this case, a determination would be made as to whether defendant's collection letters contain violations of the FDCPA.  If defendant's letters contain unlawful demands or representations that resulted in actual damages to class members, the Court would proceed to stage two, the monetary relief stage.  It is at this stage of litigation that class members would be allowed the opportunity to either opt out of the proceedings, so that they could pursue relief in their own private rights of action, or could proceed to a determination of their actual damages.  *Simon v. World Omni Leasing*, 146 F.R.D. 197, 202-203 (S.D.Ala. 1992).

Courts in the Ninth Circuit have certified hybrid class actions in FDCPA actions like this, where plaintiffs seek class-wide injunctive relief, declaratory relief and monetary damages.  In *Ballard v. Equifax Check Servs., supra*, the court certified a hybrid class.  The Rule 23(b)(2) class consisted of class members who might be entitled to injunctive and declaratory relief, or statutory damages.  *Id.*, 186 F.R.D. at 601.  The Rule 23(b)(3) class consisted only of those class members who might have actual damages.  The same result was reached in *Littledove v. JBC & Assocs., supra*,  2001

U.S. Dist. LEXIS 139, *15-*17, and *Irwin v. Mascott, supra*, 96 F.Supp.2d at 982. *See also*, *Schwarm v. Craighead*, 233 F.R.D. 655 (E.D.Cal. 2006); *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577, 583 (S.D.Cal. 2006); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D 541 (N.D.Cal. 2005).

In the present action, plaintiffs urge certification of a Rule 23(b)(2) class for all purposes. However, if the Court deems it necessary, a hybrid class may be certified. Declaratory relief issues would be certified under Rule 23(b)(2). All those who might be entitled to monetary damages, the FDCPA class, would be in the Rule 23(b)(3) class. The Rule 23(b)(3) class can be provided notice and an opportunity to opt-out once the declaratory relief issue has been determined.

**B. Plaintiffs Meet the Requirements for Rule 23(b)(3) Certification**

**1. Common Questions of Law or Fact Predominate**

Rule 23(b)(3) provides that class certification is appropriate where the court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[20] This criterion is normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996).

---

20. Fed.R.Civ.P. 23(b)(3) states:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

In this action, common issues of law and fact predominate over individual issues.  "Predominance is a test readily met certain cases alleging consumer or securities fraud. . . ."  *Amchem Prod. Inc. v. Windsor, supra* 521 U.S. 591 at 624.  In FDCPA actions, a common nucleus of operative fact is typically found where "defendants have engaged in standardized conduct toward members of the proposed class by mailing to them allegedly illegal form letters or documents."  The legal issues arising from defendant's demand letters are the same for each class member.  *Keele v. Wexler, supra,* 149 F.3d at 594, *Ballard v. Equifax Check Servs., supra,* 186 F.R.D. at 595; *Bracamonte v. Eskanos & Adler, supra*, *10-*11; *Littledove v. JBC & Assocs., supra; Irwin v. Mascott, supra; Abels v. JBC Legal Group, P.C.*, *supra*, 544-545.

The present case is based on the legality of defendant's collection conduct, as reflected in the interest demand in its collection letters.  Defendant conditionally admits that questions of law and fact common to the members of the class predominate over any questions affecting only individual members.[21]  The only individual issues are ministerial, *e.g.*, identifying and locating class members, and calculating damages, which can all be resolved by reviewing defendant's computerized collection records.  In this case, it is clear that issues of law predominate over any individual questions.

### 2.  A Class Action Is Superior to Other Available Methods to Resolve This Controversy

To determine if a class action is superior, a court will balance the merits of a class action against alternative methods of adjudication, in terms of fairness and efficiency.  *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997).  The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of

---

21.  Defendant's Response to Plaintiff's Request for Admissions [Hunt], dated 5/29/2005, Request No. 15, pp. 9-10.  As with its other admissions regarding class certification requirements, defendant admits the request, only if the Court finds that plaintiff has standing.  Exhibit 2 to the Declaration of Paul Arons in Support of Motion for Class Certification.

concentrating the litigation in the particular form, and the manageability of the class action."  *Ballard v. Equifax Check Servs., supra,* 186 F.R.D. at 600.  In deciding the "best" available method, a court may properly consider the "...inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually."  *Haynes v. Logan Furniture Mart. Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In the present case, there is no better method available for the adjudication of the claims which might otherwise be brought by each individual debtor.  As noted by in *Ballard*, in finding that a class action was the superior means by which to decide whether the demands in defendant's collection letters violated the FDCPA:

> First, individual consumers are most likely unaware of their rights under the FDCPA. Class action certifications to enforce compliance with consumer protection laws are "desirable and should be encouraged."  Second, the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually. Third, efficiency and consistency of concerns favor litigating the legality of . . .[the debt collector's] standardized conduct by all class members in one suit, rather than forcing each class member to sue individually. *Citations omitted, Ballard v. Equifax Check Servs., Inc., supra,* 186 F.R.D. at 600.

Thus, certification of this action is the superior method to resolve the controversy presented here.

///

///

**IX.  CONCLUSION**

The proposed class meets the requirements of Fed.R.Civ.P. 23(a), as well as Fed.R.Civ.P. 23(b)(2)and (b)(3). Plaintiffs request that the Court certify this as a class action pursuant to Fed.R.Civ.P. 23(b)(2), or, in the alternative, pursuant to both Fed.R.Civ.P. 23(b)(2) and (3).

Respectfully submitted,

Dated: September 19, 2006                          LAW OFFICE OF PAUL ARONS

By s/Paul Arons_____
Paul Arons
Attorneys for Plaintiffs

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822