**Paul Arons, State Bar #84970**
**685 Spring Street, #104**
**Friday Harbor, WA 98250**
**Tel:  (360) 378-6496**
**Fax: (360) 378-6498**
**lopa@rockisland.com**

**Ronald Wilcox, State Bar #176601**
**LAW OFFICE OF RONALD WILCOX**
**2160 The Alameda, 1st Flr., Suite F**
**San Jose, CA 95126**
**(408) 296-0400**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,** | **Case No. 05-04993 MJJ**<br>**Case No. 06-02037 MJJ** |
| **Plaintiffs,** | **CLASS ACTION** |
| **vs.** | **DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| **IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,** | |
| **Defendants.** | **Date: October 24, 2006**<br>**Time: 9:00 a.m.**<br>**Courtroom 11** |

I, Paul Arons declare as follows:

1.  I am an attorney of record for plaintiffs herein and I make this declaration in support of plaintiffs' motion for class certification.

2.  I graduated from Golden Gate University School of Law in 1978, where I was a law review writer and editor.  While in school I was a law clerk for two years in the impact litigation unit of the San Francisco Neighborhood Legal Assistance Foundation. After graduation I began work as an associate at the law office of Gladstein & Gladstein in San Francisco.  In 1981 I became a partner in the office of Gladstein & Arons, which

later became Gladstein, Benjamin & Arons, which, in 1986, became the Law Office of Paul Arons. For over a decade I specialized in labor and employment law, representing plaintiffs in a wide variety of employment disputes, including those concerning, race, sex and age discrimination, and wage payment. I have represented individuals and labor unions on employment matters in private labor arbitrations, in administrative proceedings before the California Department of Fair Employment and Housing, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the California Department of Industrial Relations, the National Labor Relations Board, and the California Unemployment Insurance Appeals Board, in hearings and jury trials in the California Superior Court and the United States District Court, and in appeals before the California Court of Appeals and Ninth Circuit Court of Appeals.

3. While employed at the San Francisco Neighborhood Legal Assistance Foundation, I assisted on several class actions successfully challenging different aspects of the California Welfare Reform Act of 1969.

4. While practicing labor and employment law I co-counseled *Williams vs. Miller, Starr & Regalia*. This was a class action pursued in both federal and state court in San Francisco which challenged the pay practices of the defendant law firm. This action resulted in a class settlement which reformed the overtime pay practices of Miller, Starr & Regalia and provided monetary compensation to more than 100 of the firm's employees and former employees.

5. In the 1990's the focus of my practice shifted to class actions filed under the federal Fair Debt Collections Practices Act and the California Unfair Business Practices Act. Since September, 1993 and continuing to date I have co-counseled a number of class actions. These include *Newman v. CheckRite*, E.D.Cal. CIV-S-93-1557 LKK PAN, an FDCPA action similar to this action. On summary judgment in that case, the Court decided many issues of liability against defendants in a published opinion, *Newman v. Checkrite*, 912 F.Supp. 1354 (E.D. Cal. 1995). In 1992 and 1993 I co-

counseled *Grace v. Rash Curtis, et al.*, CIV-S-92 1008 LKK, an FDCPA case against debt collectors which is also similar to this action. That action settled successfully on behalf of the named plaintiffs, and on a class-wide basis, with all class members who could be located receiving a refund of their overpayment to the debt collectors. The debt collectors also agreed to reform their practices. In August 1996 I began representing the plaintiffs in *Ballard v. Equifax Check Services, Inc.*, Civ. S-96-1562 FCD (E.D. Call) This was also an action alleging that defendants were collecting check charges to which they were not entitled. A class of well over one million class members was certified in 1999, and the parties ultimately agreed upon a multi-million dollar settlement. There are three published opinions arising from this lawsuit. *Ballard v. Equifax Check Services, Inc.,* 27 F. Supp. 2d 1201(E.D. Cal. 1998) [granting summary judgment for the individual plaintiff], *Ballard v. Equifax Check Services, Inc.,* 186 F.R.D. 589 (E.D. Cal. 1999) [granting class certification], and *Ballard v. Equifax Check Services, Inc.,* 158 F. Supp. 2d 1163 (E.D. Cal. 2001) [granting class-wide summary judgment on liability issues. I represented the plaintiffs in *Irwin v. Mascott*, Civ. 97-4737 JL (N.D. Cal.), another action against check collectors alleging a variety of unlawful practices. Plaintiffs' motion for class certification was granted in 1999. *Irwin v. Mascott*, 96 F.Supp.2d 968 (N.D.Cal. 1999). There are three other published decisions in that case, *Irwin v. Mascott*, 94 F. Supp. 2d 1052 (N.D. Cal. 2000) [denying defendants' motion to add third-party defendants], *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000) [granting summary judgment and issuing permanent injunction], and *Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004) [affirming contempt order against defendants]. Most recently, on March 4, 2006 I was certified, along with Randolph Bragg and Ronald Wilcox, as class counsel in *Schwarm v. Craighead*, Civ. No. 05-1404 WBS (E.D. Cal.), a case involving both FDCPA and constitutional law issues. I have been plaintiff's counsel in a number of other class action lawsuits and I have been continually involved in FDCPA class action litigation since 1993.

6.  I am attaching as Exhibit 1, copies of the letters that defendant mailed to plaintiffs' Brandy Hunt and Brian Castillo.  Copies of these letters are attached as exhibits to the complaint that each plaintiff originally filed.

7.  I am attaching as Exhibit 2, defendant's May 29, 2006 Response to Plaintiff Hunt's Requests for Admissions.

8.  I am attaching as Exhibit 3, the excerpts from defendant's May 29, 2006 Response to Plaintiff Hunt's Interrogatories that are referred to in plaintiffs' Memorandum in Support of Motion for Class Certification.

I declare, under penalty of perjury, that the foregoing is true and correct, that if called as a witness I could competently testify thereto, and that this declaration is executed in Friday Harbor, Washington on September 19, 2006.

s/ Paul Arons       <br>PAUL ARONS

PAronsCLSDECCheckRecovery091906



PO Box 45405
Los Angeles, CA 90045-0274

**CHECK RECOVERY SYSTEMS**
PO Box 45405
Los Angeles, CA 90045-0274
(310) 636-1001    (800) 632-4001

**ACCOUNT IDENTIFICATION**
Account:        16*SAF700*188575*--
Ref#:           12908860
Creditor:       Safeway
Amount Due: $179.41

December 06, 2004

16*SAF700*188575*--              0000700/0002
Brandy G Hunt

South San Francisco, CA 94080-4024

Dear Brandy G Hunt:

**CAN YOU AFFORD NOT TO PAY?**

Your returned check(s), with our client(s) referenced above, have still not been paid. Don't let this matter stand in the way of your future credit rating. Your account may soon be reported to the national credit bureaus. Send your payment today to avoid an adverse credit rating.

**THIS MATTER IS URGENT**

This notice has been sent to you by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If paid in full to this office, all collection activity will cease.

---

\*\* Detach and Return with Payment \*\*

Make checks payable and send to:
**Check Recovery Systems**



Account No : 16*SAF700*188575*--
Ref #: 12908860
Creditor: Safeway
Name: Brandy G Hunt

Principal: $137.15
Interest: $7.26
Misc: $35.00
Amount Due: $179.41
Amount Enclosed: ____. _____ __

CHECK RECOVERY SYSTEMS
PO BOX 45405
LOS ANGELES, CA  90045-0274

# EXHIBIT 1

PO Box 45405
Los Angeles, CA  90045-0274

||||||||||||||||||||||||||||||||||||||||||||||||||||||

March 17, 2005

||.|..|.|..||.|.|||.|.|.|.|.|.|.|.|..||..|..||.||.||
16*SAF700*211878*--            0004085/0014
Brian J Castillo
71 S Claremont Ave
San Jose, CA 95127-2453

### CHECK RECOVERY SYSTEMS
PO Box 45405
Los Angeles, CA  90045-0274
(310) 636-1001    (800) 632-4001

## ACCOUNT IDENTIFICATION
Account:      16*SAF700*211878*--
Ref.#:        14035484
Creditor:     Safeway
Amount Due:   $310.35

Dear Brian J Castillo:

**IMPORTANT:** Your returned check(s), written to our client(s) shown above, has been assigned to this office for collection

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: (1) obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment and verification, and (2) provide you with the name and address of the original creditor, if different from the current creditor.

This notice has been sent to you by a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  If paid in full to this office, all collection activity will cease.

—————————————————————————— ** Detach and Return with Payment ** ——————————————————————————

Make checks payable and send to:
**Check Recovery Systems**



Principal: $276.36
Interest: $8.99
Misc: $25.00
Amount Due: $310.35
Amount Enclosed: _____

Account No.: 16*SAF700*211878*--
Ref.#: 14035484
Creditor: Safeway
Name: Brian J Castillo

CHECK RECOVERY SYSTEMS
PO BOX 45405
LOS ANGELES, CA  90045-0274

# EXHIBIT 1

CR



PO Box 45405
Los Angeles, CA  90045-0274

# CHECK RECOVERY SYSTEMS

Los Angeles, CA  90045-0274
(310) 636-1001    (800) 632-4001

### ACCOUNT IDENTIFICATION

Account:     16*SAF700*211878*--
Ref.#:       14035484
Creditor:    Safeway
Amount Due:  $331.79

December 02, 2005

16*SAF700*211878*--                    0002012/0006
Brian J Castillo
71 S Claremont Ave
San Jose, CA 95127-2453

Dear Brian J Castillo:

Obviously you don't realize the value of your credit rating!  If you did realize how valuable a good credit record is, you would have paid the returned check referenced above or contacted us to discuss this delinquent matter.

This negative mark will stay on your credit record for seven years!  We suggest you contact us before attempting to apply for credit.  This item may stop creditors such as the following from granting you credit:

    A.  Automobile Dealers          C.  Housing Rental Agencies
    B.  Finance Companies           D.  Retail Chains

Need to continue?  Do yourself a favor - pay this obligation today or contact our office to discuss your account!

Sincerely,
Check Recovery Systems

This notice has been sent to you by a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  If paid in full to this office, all collection activity will cease.

---

** Detach and Return with Payment **

Make checks payable and send to:
**Check Recovery Systems**



Principal: $276.36
Interest: $30.43
Misc.: $25.00
Amount Due: $331.79
Amount Enclosed: _____

Account No.: 16*SAF700*211878*--
Ref.#: 14035484
Creditor: Safeway
Name: Brian J Castillo

CHECK RECOVERY SYSTEMS
PO BOX 45405
LOS ANGELES, CA  90045-0274

# EXHIBIT 1

121

LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
(STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
TELEPHONE:      (760) 323-4901
Fax:            (760) 288-4080

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California corporation, doing business as
CHECK RECOVERY SYSTEMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>CHECK RECOVERY SYSTEMS, INC., et. al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C 05 4993 MJJ<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE |

PROPOUNDING PARTY: BRANDY HUNT

RESPONDING PARTY:  IMPERIAL MERCHANT SERVICES, d/b/a CHECK

RECOVERY SYSTEMS

SET NO.: ONE

### PRELIMINARY STATEMENT

Investigation and discovery by the defendant herein is continuing in nature. As discovery proceeds, witness, facts, and evidence may be discovered which are not set forth herein, but which may have been responsive to an admission. Facts and

1

**EXHIBIT 2**

1  evidence not known may be imperfectly understood or the

2  relevance or conse1uences of such facts and evidence may be

3  imperfectly unders:ood and, accordingly, such facts and evidence

4  may, in good faith  not be included in the following responses.

5      The defendant reserves all rights to refer to, conduct

6  discovery with ref1rence to, or offer into evidence at the time

7  of trial, any and 1ll such witnesses, facts and evidence not

8  withstanding the e1idence or reference to such witnesses, facts

9  and evidence in th1se responses. In addition, this defendant

10  assumes no obligat1on to voluntarily supplement or amend these

11  responses to refle1t witnesses, facts, and evidence discovered

12  following the fili1g of these responses. Finally, because some

13  of these responses may have been ascertained by defendant's

14  attorneys and inve1tigators, defendant may not have personal

15  knowledge of the i1formation from which these responses are

16  derived.

17      The signature of the attorney assisting with these

18  responses has been included pursuant to *California Code of Civil*

19  *Procedure Section* 2030.250(c). The attorney's signature is

20  intended only in r1gard to objections that have been raised in

21  these responses. T1e attorney's signature in no way constitutes

22  a waiver of any at1orney-client privilege or attorney work

23  product doctrine t1at may be asserted during subsequent

24  discovery concerni1g the identity of the sources of the

25  information contai1ed in these responses.

26      **RESPONSE3 TO REQUEST FOR ADMISSIONS, SET ONE**

27      **1. Defendant  mperial Merchant Services, d/b/a Check**

28  **Recovery Systems i  a debt collector, within the meaning of the**

2

**EXHIBIT 2**

1  FDCPA.

2       Admit

3       2. On or abou December 6, 2004, defendant sent or caused

4  to be sent a dunni g notice to Brady Hunt, a true copy of which

5  is attached to the Complaint as Exhibit A.

6       Admit

7       3. Letters de anding interest on a dishonored check were

8  sent to at least 1 0 persons with addresses within the State of

9  California since D cember 6, 2004.

10      4. Letters de anding interest on a dishonored check were

11 sent to at least 1 00 persons with addresses within the State of

12 California since D cember 6, 2004.

13      5. Letters de anding interest on a dishonored check were

14 sent to at least 1 ,000 persons with addresses within the State

15 of California sinc December 6, 2004.

16      6. Defendants routine practice is to demand a service

17 charge pursuant to Cal. Civil Code Section 1719 on dishonored

18 checks written in he State of California.

19      Objection.

20      This Request or Admission is ambiguous, in that it cannot

21 be ascertained fro the Request for Admissions whether the term

22 "service charge" re ers to a returned check charge of either

23 $25.00 or $35.00, r whether it refers to the treble damage

24 provision of Cal. ivil Code Section 1719.

25      This Request or Admission is further ambiguous, in that it

26 cannot be ascertai ed whether the service charge is imposed by

27 the Defendant or t e Defendant's assignor.

28      Due to these mbiguities, Defendant is unable to further

3

**EXHIBIT 2**

1 respond to this Request for Admission.

2     Without waiving the foregoing objection, Defendant admits

3 that as to the Plaintiff's account for goods, wares, and

4 merchandise, evidenced by the check at issue in these

5 proceedings, a returned check fee of $35.00 was added to the

6 balance due by Defendants assignor before assignment to

7 Defendant, and Defendant sought to collect the balance assigned

8 by its assignor, including the returned check fee of $35.00.

9     **7. Defendant's routine practice is to demand interest on**

10 **dishonored checks within the State of California.**

11     Denied.

12     Defendant does not receive assignments of dishonored

13 checks. Defendant receives assignments of unpaid open book

14 accounts for goods, wares, and merchandise; services and labor

15 performed; and money had and received, and some of these

16 accounts are evidenced by a dishonored check. As to these

17 accounts, Defendant admits it demands interest on a claim

18 assigned for a common count, whether or not that claim is

19 evidenced by a dishonored check.

20     **8. The class is so numerous that joinder of all members is**

21 **impracticable.**

22     DENIED. Defendant contends that Plaintiff, as a person who

23 has discharged the underlying debt in bankruptcy, is not a

24 member of the class because she has no exposure to further

25 collection activity, and therefore has no standing. As to

26 potential claimants who have discharged the underlying debt in

27 bankruptcy, Defendant denies that this class is so numerous that

28 joinder of all members is impracticable.

4

**EXHIBIT 2**

1    If the Court should find that the discharge of the
2  underlying debt in bankruptcy, which completely eliminates any
3  possibility that Plaintiff would be exposed to further
4  collection efforts  does not divest the Plaintiff of standing
5  and does preclude  he Plaintiff from representing other
6  consumers who have not discharged their debt through bankruptcy
7  proceedings, Defendant admits that the class is so numerous that
8  joinder of all members is impracticable.

9    **9. There are questions of law or fact common to the class.**

10    DENIED. Defendant contends that Plaintiff, as a person who
11 has discharged the underlying debt in bankruptcy, is not a
12 member of the class  because she has no exposure to further
13 collection activity, and therefore has no standing. As to
14 potential claimant  limited to only those who have discharged
15 the underlying debt  in bankruptcy, Defendant admits that there
16 are questions of law or fact common to the class.

17    If the Court  should find that the discharge of the
18 underlying debt in bankruptcy, which completely eliminates any
19 possibility that Plaintiff would be exposed to further
20 collection efforts  does not divest the Plaintiff of standing
21 and does preclude  he Plaintiff from representing other
22 consumers who have not discharged their debt through bankruptcy
23 proceedings, Defendant admits that there are questions of law or
24 fact common to the class.

25    **10. The claims of the plaintiffs are typical of the claims**
26 **of the class.**

27    DENIED. Defendant contends that Plaintiff, as a person who
28 has discharged the underlying debt in bankruptcy, does not have

**EXHIBIT 2**

1    a claim that is typical of the class because she has no exposure
2    to further collect on activity, and therefore has no standing.
3    As to potential claimants who have discharged the underlying
4    debt in bankruptcy  Defendant admits that Plaintiff is typical
5    of the class.

6        If the Court should find that the discharge of the
7    underlying debt in bankruptcy, which completely eliminates any
8    possibility that Plaintiff would be exposed to further
9    collection efforts  does not divest the Plaintiff of standing
10   and does preclude the Plaintiff from representing other
11   consumers who have not discharged their debt through bankruptcy
12   proceedings, Defendant admits that the claims of Plaintiff would
13   be typical of the class.

14       **11. Brandy Hunt does not have any conflict of interest with**
15   **the interests of the class.**

16       DENIED. Defendant contends that Plaintiff, as a person who
17   has discharged the underlying debt in bankruptcy, does not have
18   a claim that is typical of the class because she has no exposure
19   to further collection activity, and therefore has no standing.

20       If the Court should find that the discharge of the
21   underlying debt in bankruptcy, which completely eliminates any
22   possibility that Plaintiff would be exposed to further
23   collection efforts, does not divest the Plaintiff of standing
24   and does preclude the Plaintiff from representing other
25   consumers who have not discharged their debt through bankruptcy
26   proceedings, Defendant admits that Brandy Hunt does not have a
27   conflict of interest with the interests of the class.

28

6

**EXHIBIT 2**

1    12. Prosecution of separate actions by or against
2  individual members of the class would create a risk of
3  inconsistent or varying adjudications with respect to individual
4  members of the class which would establish incompatible
5  standards for conduct for Defendant.
6       Denied. Defendant intends to appeal any ruling that is
7  adverse to it to the 9th Circuit Court of Appeals, which will
8  result in a published opinion that will be binding on all debt
9  collectors, including defendant. The maintenance of separate
10  actions will have no effect once an appellate decision is
11  obtained.
12       Since there is a serious question as to whether this
13  Plaintiff has standing, certification of a class action will be
14  of no benefit to Defendant. If Plaintiff has no standing, any
15  eventual class action judgment would be subject to attack
16  because of lack of standing on the part of Plaintiff, since
17  standing is a jurisdictional issue that can be raised by anyone
18  at any time. Therefore, class action certification will not
19  prevent other separate claims or litigation by either party.
20    13. Prosecution of separate actions by or against
21  individual members of the class would create a risk of
22  adjudications with respect to individual members of the class
23  which would as a practical matter be dispositive of the
24  interests of the other members not parties to the adjudications
25  or substantially impair or impede their ability to protect their
26  interests.
27       Denied. Defendant intends to appeal any ruling that is
28  adverse to it to the 9th Circuit Court of Appeals, which will

7

**EXHIBIT 2**

1  result in a published opinion that will be binding on all debt
2  collectors, including defendant. The maintenance of separate
3  actions will have no effect once an appellate decision is
4  obtained.

5      Since there is a serious question as to whether this
6  Plaintiff has standing, certification of a class action will be
7  of no benefit to Defendant. If Plaintiff has no standing, any
8  eventual class action judgment would be subject to attack
9  because of lack of standing on the part of Plaintiff, since
10  standing is a jurisdictional issue that can be raised by anyone
11  at any time. Therefore, class action certification will not
12  prevent other separate claims or litigation by either party.

13      **14. In demanding interest on dishonored checks, defendant**
14  **has acted on grounds generally applicable to the class, thereby**
15  **making appropriate final injunctive relief or corresponding**
16  **declaratory relief with respect to the class as a whole.**

17      Denied. Injunctive relief is not available under the
18  Federal Fair Debt Collection Practices Act, which is the theory
19  relied upon by Plaintiff. Disgorgement and restitution of all
20  funds obtained by Defendants for the collection of interest is
21  not available under the Federal Fair Debt Collection Practices
22  Act *Palmer v. Stassinos*, (2004) 348 F. Supp 2d 1070, 1088).
23  Therefore, final injunctive relief and corresponding declaratory
24  relief are not available to the class as a whole.

25      Defendant contends that Plaintiff, as a person who has
26  discharged the underlying debt in bankruptcy, does not have a
27  claim that is typical of the class because she has no exposure
28  to further collection activity, and therefore has no standing.

8

**EXHIBIT 2**

1   Therefore, there are no grounds generally applicable to the

2   class because Defendant contends that there is no class due to

3   Plaintiff's bankruptcy.

4      If the Court should find that the discharge of the

5   underlying debt in bankruptcy, which completely eliminates any

6   possibility that Plaintiff would be exposed to further

7   collection efforts does not divest the Plaintiff of standing

8   and does preclude the Plaintiff from representing other

9   consumers who have not discharged their debt through bankruptcy

10   proceedings, Defendant admits that defendant has acted on

11   grounds generally applicable to the class.

12      **15. Questions of law or fact common to the members of the**

13   **class predominate over any questions affecting only individual**

14   **members.**

15      Denied. Injunctive relief is not available under the

16   Federal Fair Debt Collection Practices Act, which is the theory

17   relied upon by Plaintiff. Disgorgement and restitution of all

18   funds obtained by Defendants for the collection of interest is

19   not available under the Federal Fair Debt Collection Practices

20   Act *Palmer v. Stasinos*, (2004) 348 F. Supp 2d 1070, 1088).

21   Therefore, there are no questions of law or fact common to the

22   members of the class that predominate over any questions

23   affecting only individual members.

24      Defendant contends that Plaintiff, as a person who has

25   discharged the underlying debt in bankruptcy, does not have a

26   questions of law or fact that are common to the class because

27   she has no exposure to further collection activity, and

28   therefore has no standing. Therefore, there are no questions of

9

**EXHIBIT 2**

1  law or fact that are common to the class because Defendant
2  contends that there is no class due to Plaintiff's bankruptcy.

3      If the Court should find that the discharge of the
4  underlying debt in bankruptcy, which completely eliminates any
5  possibility that Plaintiff would be exposed to further
6  collection efforts, does not divest the Plaintiff of standing
7  and does preclude the Plaintiff from representing other
8  consumers who have not discharged their debt through bankruptcy
9  proceedings, Defendant admits that questions of law or fact
10 common to the members of the class predominate over any
11 questions affecting only individual members.

12     **16. A class action is superior to other available methods**
13 **for the fair and efficient adjudication of the controversy.**
14     Denied.

15     Injunctive relief is not available under the Federal Fair
16 Debt Collection Practices Act, which is the theory relied upon
17 by Plaintiff. Disgorgement and restitution of all funds obtained
18 by Defendants for the collection of interest is not available
19 under the Federal Fair Debt Collection Practices Act *Palmer v.*
20 *Stassinos*, (2004) 348 F. Supp 2d 1070, 1088).

21     Defendant intends to appeal any ruling that is adverse to
22 it to the 9th Circuit Court of Appeals, which will result in a
23 published opinion that will be binding on all debt collectors,
24 including defendant. The maintenance of a class action will have
25 no effect once an appellate decision is obtained.

26     Since there is a serious question as to whether this
27 Plaintiff has standing, certification of a class action will be
28 of no benefit to Defendant. If Plaintiff has no standing, any

10

**EXHIBIT 2**

1  eventual class action judgment would be subject to attack

2  because of lack of standing on the part of Plaintiff, since

3  standing is a jurisdictional issue that can be raised by anyone

4  at any time. Therefore, class action certification will not

5  prevent other separate claims or litigation by either party.

6          Therefore, class action certification is not superior to

7  other available methods for the fair and efficient adjudication

8  of the controversy.

9          The fair and efficient method for adjudication of the

10  controversy is for the Court to resolve whether or not interest

11  can be charged on a common count account for goods, wares, and

12  merchandise, and then certify this question for immediate appeal

13  to the Ninth Circuit Court of Appeals.

14

15  Dated: May 29, 2006

16  LAW OFFICES OF CLARK GAREN

17  BY

18          _____

19  CLARK GAREN,
    ATTORNEY FOR PLAINTIFF
20  P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
    TELEPHONE:      (760) 323-4901
21  FAX:            (760) 288-4080

22

23

24

25

26

27

28

11

**EXHIBIT 2**

1                           VERIFICATION BY PARTY

2   STATE OF CALIFORNIA           )
                                  ) S.S.
3   COUNTY OF RIVERSIDE           )

4        I am an officer, to wit: Executive Vice-President of the
    Defendant Corporation; and I am authorized to make this
5   verification on behalf of said corporation and make this
    verification for that reason; I have read the foregoing
6   DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET
    ONE and know the contents thereof; that the same are true of my
7   own knowledge except as to those matters which are therein
    stated on information or belief, and as to those matters I
8   believe it to be true.

9        I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
    STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.
10
         EXECUTED ON MAY 29, 2006 AT PALM SPRINGS, CALIFORNIA
11

12

13   _____
                            TODD SHIELDS, DECLARANT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


**EXHIBIT 2**

PROOF OF SERVICE BY MAIL AND BY FAX
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA         )
COUNTY OF RIVERSIDE         )  S.S.

I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

On MAY 30, 2006, I served the within DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at NORTH PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

PAUL ARONS,
LWA OFFICES OF PAUL ARONS,
685 SPRINGS STREET
#104,
FRIDAY HARBOR, WASHINGTON 98250

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON
SUITE 900
CHICAGO, ILLINOIS  0602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON MAY 30, 2006 AT NORTH PALM SPRINGS, CALIFORNIA

CLARK GAREN, DECLARANT

**EXHIBIT 2**

LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
(STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA.
92258
TELEPHONE:    (760) 323-4901
Fax:          (760) 288-4080

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California
corporation, doing business as
CHECK RECOVERY SYSTEMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated, | ) ) ) | Case No. C 05 4993 MJJ |
| | ) ) | DEFENDANT'S RESPONSE TO PLAINTIFF'S |
| | ) ) | INTERROGATORIES TO DEFENDANT, SET ONE |
| Plaintiff, | ) ) | |
| -vs- | ) ) | |
| CHECK RECOVERY SYSTEMS, INC., et. al., | ) ) ) | |
| Defendants. | ) ) | |

PROPOUNDING PARTY: BRANDY HUNT

RESPONDING PARTY: IMPERIAL MERCHANT SERVICES, d/b/a CHECK

RECOVERY SYSTEMS

SET NO.: ONE

### PRELIMINARY STATEMENT

Investigation and discovery by the defendant herein is

continuing in nature. As discovery proceeds, witness, facts, and

evidence may be discovered which are not set forth herein, but

which may have been responsive to an interrogatory. Facts and

1

**EXHIBIT 3**

1   evidence not known may be imperfectly understood or the
2   relevance or consequences of such facts and evidence may be
3   imperfectly understood and, accordingly, such facts and evidence
4   may, in good faith, not be included in the following responses.

5       The defendant reserves all rights to refer to, conduct
6   discovery with reference to, or offer into evidence at the time
7   of trial, any and all such witnesses, facts and evidence not
8   withstanding the evidence or reference to such witnesses, facts
9   and evidence in these responses. In addition, this defendant
10  assumes no obligation to voluntarily supplement or amend these
11  responses to reflect witnesses, facts, and evidence discovered
12  following the filing of these responses. Finally, because some
13  of these responses may have been ascertained by defendant's
14  attorneys and investigators, defendant may not have personal
15  knowledge of the information from which these responses are
16  derived.

17      The signature of the attorney assisting with these
18  responses has been included pursuant to *California Code of Civil*
19  *Procedure Section 2 30.250(c)*. The attorney's signature is
20  intended only in regard to objections that have been raised in
21  these responses. The attorney's signature in no way constitutes
22  a waiver of any attorney-client privilege or attorney work
23  product doctrine that may be asserted during subsequent
24  discovery concerning the identity of the sources of the
25  information contained in these responses.

26          **RESPONSES TO WRITTEN INTERROGATORIES, SET ONE**
27      **1. State the name, address, title, and description of each**
28  **owner, officer, director, and/or partner of Check Recovery, and**

2

**EXHIBIT 3**

1  interest and a $35.00 returned check fee can be charged on a
2  check returned N.S.F., and the information sought by this
3  Request for Production will not lead to the discovery of any
4  evidence that will help determine whether interest and a $35.00
5  return check fee can be charged on a check returned N.S.F.

6    In addition, this discovery request is excessively
7  burdensome upon Defendant; calls for information that is
8  protected by the right of privacy and calls for information that
9  is protected as a trade secret.

10   **9. Identify, by code name or number, each form letter that**
11 **Check Recovery uses in its communications with check writers**
12 **which contain a demand for payment of interest on a dishonored**
13 **check, and for each letter identified, specify, on a monthly**
14 **basis, how many form letters were sent.**

15   OBJECTION. This production request does not call for any
16 relevant or admissible evidence, and this production request is
17 not likely to lead to the discovery of any relevant or
18 admissible evidence because there is no dispute regarding the
19 actions of Defendant, and the only question is whether or not
20 Defendant was entitled to charge interest to the Plaintiff.
21 Defendant concedes that its assignor levied a charge for the
22 amount of the returned check plus $25.00 for the first returned
23 check and $35.00 for the second returned check as provided by
24 *California Civil Code Section* 1719. Defendant concedes that it
25 adds a charge of interest to each check. Therefore, the
26 identification, by code name or number, of each form letter that
27 Check Recovery uses in its communications with check writers
28 which contain a demand for payment of interest on a dishonored

**EXHIBIT 3**

1  check, and for each letter identified, specifying, on a monthly
2  basis, how many form letters were sent would not be relevant or
3  admissible evidence, or likely to lead to any relevant or
4  admissible evidence, because defendant concedes the information
5  that would be established by those documents, and the
6  information requested would have no bearing in determining
7  whether or not Defendants charge of interest constitutes a
8  violation of the Fair Debt Collection Practices Act. In
9  addition, this discovery request is excessively burdensome upon
10 Defendant, and calls for matters that are protected by the right
11 of privacy and calls for information that is a trade secret.

12     The Complaint now on file in this action is based on one
13 written notice that Defendant admits it sent to Plaintiff. Pack
14 'N Save assigned an account to Defendant for goods, wares, and
15 merchandise owed it by Plaintiff for, wares, and merchandise.
16 The account was evidenced by a check issued by Plaintiff that
17 was returned by Plaintiff's Bank marked "N.S.F.". Since this was
18 the second N.S.F. check that Plaintiff had issued to Pack 'N
19 Save, Pack 'N Save added a $35.00 returned check charge to
20 reimburse Pack 'N Save for the charges levied upon it by their
21 bank for depositing Plaintiff's N.S.F. check as permitted by
22 *California Civil Code Section* 1719. Defendant then sent
23 Plaintiff a notice demanding the amount of the check, the $35.00
24 charge levied by Defendants Assignor which is permitted by
25 *California Civil Code Section* 1719, and interest.

26     Plaintiff contends that the failure of *California Civil*
27 *Code Section* 1719 to specifically permit interest to be charged
28 on a check returned N.S.F. operates to preclude a levy of

23

**EXHIBIT 3**

1  interest. Defendant disagrees with this argument and believes
2  interest is allowed.

3      Plaintiff received two written notices from Defendant, and
4  no other communications whatsoever. There were no phone calls
5  made to Plaintiff by Defendant or received from Plaintiff by
6  Defendant. One of the notices was issued more than one year
7  before the Complaint was filed, and is barred by the Statute of
8  Limitations. The other notice was issued one day before the
9  Statute of Limitations expired.

10      In support of her argument, Plaintiff cites *Palmer v.*
11 *Stassinos*, (2004) 348 F. Supp 2d 1070, a trial court decision
12 issued by Judge Whyte of the Northern District of California.
13 This opinion held that the failure of *California Civil Code*
14 *Section 1719* to specifically permit interest on an N.S.F. check
15 means that no interest can be charged on a check that is
16 returned N.S.F.

17      Defendant contents the failure of *California Civil Code*
18 *Section 1719* to either specifically provide or prohibit interest
19 requires that all of the California statutes concerning both
20 interest and returned checks to be read together to reach a
21 blended result, using the methodology followed by Magistrate
22 Judge Chen of the Northern District of California in the case of
23 *Ruby Joseph vs. J. C. Mac Intyre Co.*, (2002), 238 F. Supp 2d
24 1158. The application of this method of analysis results in a
25 determination that interest is permitted to be charged on an
26 N.S.F. check.

27      There are no facts in issue. Plaintiff alleges that
28 Defendant sent the notice attached to the complaint charging

                                   24

**EXHIBIT 3**

1  interest and a $35 00 returned check fee, and Defendant admits
2  that it sent this notice. The only issue is whether or not
3  Defendant is entit ed to charge interest on an N.S.F. check when
4  a $35.00 return ch ck fee has been imposed. Defendant has
5  provided Plaintiff with its insurance policy in effect to cover
6  any damages in the event Plaintiff were to prevail in this
7  action. There are o other facts in dispute.

8      The informati n sought by this Request for Production will
9  not produce any ev dence that will help to determine whether
10 interest and a $35 00 returned check fee can be charged on a
11 check returned N.S F., and the information sought by this
12 Request for Produc ion will not lead to the discovery of any
13 evidence that will help determine whether interest and a $35.00
14 return check fee c n be charged on a check returned N.S.F.

15     In addition, his discovery request is excessively
16 burdensome upon De endant; calls for information that is
17 protected by the r ght of privacy and calls for information that
18 is protected as a rade secret.

19     Without waivi g the foregoing objection, Defendant
20 following chart re resents the number of notices sent to
21 obligors of accoun s for goods, wares, and merchandise assigned
22 to Defendant that re evidenced by a check that was dishonored
23 by the obligor's b nk that included a demand for payment of
24 interest on a dish nored check for each month from November,
25 2004 to and includ ng May, 2006.

| MONTH | NUMBER OF NOTICES |
|-------|-------------------|
| November, 200 | 3135 |
| December, 200 | 3762 |

25

**EXHIBIT 3**

| MONTH | NUMBER OF NOTICES |
|---|---|
| January, 2005 | 3961 |
| February, 200 | 3215 |
| March, 2005 | 4253 |
| April, 2005 | 3072 |
| May, 2005 | 3678 |
| June, 2005 | 5051 |
| July, 2005 | 2652 |
| August, 2005 | 3284 |
| September, 2005 | 3223 |
| October, 2005 | 3228 |
| November, 2005 | 3022 |
| December, 2005 | 4681 |
| January, 2006 | 3023 |
| February, 2006 | 3155 |
| March, 2006 | 4508 |
| April, 2006 | 2454 |
| May, 2006 | 3751 |
| TOTAL | 67,108 notices |

10. Set forth on a monthly basis the number of
dishonored checks referred to Check Recovery for collection
within the State of California

OBJECTION. This production request does not call for any
relevant or admissible evidence, and this production request is
not likely to lead to the discovery of any relevant or
admissible evidence because there is no dispute regarding the
actions of Defendant, and the only question is whether or not
Defendant was entitled to charge interest to the Plaintiff.

26

**EXHIBIT 3**

1  Defendant concedes that its assignor levied a charge for the
2  amount of the returned check plus $25.00 for the first returned
3  check and $35.00 for the second returned check as provided by
4  *California Civil Code Section* 1719. Defendant concedes that it
5  adds a charge of interest to each check. Therefore, the number
6  of dishonored checks on a monthly basis referred to Check
7  Recovery for collection within the State of California would not
8  be relevant or admissible evidence, or likely to lead to any
9  relevant or admissible evidence, because defendant concedes the
10 information that would be established by those documents, and
11 the information requested would have no bearing in determining
12 whether or not Defendants charge of interest constitutes a
13 violation of the Fair Debt Collection Practices Act. In
14 addition, this discovery request is excessively burdensome upon
15 Defendant, and calls for matters that are protected by the right
16 of privacy and call for information that is a trade secret.

17      The Complaint now on file in this action is based on one
18 written notice that Defendant admits it sent to Plaintiff. Pack
19 'N Save assigned an account to Defendant for goods, wares, and
20 merchandise owed it by Plaintiff for, wares, and merchandise.
21 The account was evidenced by a check issued by Plaintiff that
22 was returned by Plaintiff's Bank marked "N.S.F.". Since this was
23 the second N.S.F. check that Plaintiff had issued to Pack 'N
24 Save, Pack 'N Save added a $35.00 returned check charge to
25 reimburse Pack 'N Save for the charges levied upon it by their
26 bank for depositing Plaintiff's N.S.F. check as permitted by
27 *California Civil Code Section* 1719. Defendant then sent
28 Plaintiff a notice demanding the amount of the check, the $35.00

27

**EXHIBIT 3**

1   charge levied by Defendants Assignor which is permitted by

2   *California Civil Code Section* 1719, and interest.

3       Plaintiff contends that the failure of *California Civil*

4   *Code Section* 1719 to specifically permit interest to be charged

5   on a check returned N.S.F. operates to preclude a levy of

6   interest. Defendant disagrees with this argument and believes

7   interest is allowed.

8       Plaintiff received two written notices from Defendant, and

9   no other communications whatsoever. There were no phone calls

10  made to Plaintiff by Defendant or received from Plaintiff by

11  Defendant. One of the notices was issued more than one year

12  before the Complaint was filed, and is barred by the Statute of

13  Limitations. The other notice was issued one day before the

14  Statute of Limitations expired.

15      In support of her argument, Plaintiff cites *Palmer v.*

16  *Stassinos*, (2004) 348 F. Supp 2d 1070, a trial court decision

17  issued by Judge White of the Northern District of California.

18  This opinion held that the failure of *California Civil Code*

19  *Section* 1719 to specifically permit interest on an N.S.F. check

20  means that no interest can be charged on a check that is

21  returned N.S.F.

22      Defendant contents the failure of *California Civil Code*

23  *Section* 1719 to either specifically provide or prohibit interest

24  requires that all of the California statutes concerning both

25  interest and returned checks to be read together to reach a

26  blended result, using the methodology followed by Magistrate

27  Judge Chen of the Northern District of California in the case of

28  *Ruby Joseph vs. J. J. Mac Intyre Co.,* (2002), 238 F. Supp 2d

28

**EXHIBIT 3**

1    1158. The application of this method of analysis results in a
2    determination that interest is permitted to be charged on an
3    N.S.F. check.

4        There are no facts in issue. Plaintiff alleges that
5    Defendant sent the notice attached to the complaint charging
6    interest and a $35 00 returned check fee, and Defendant admits
7    that it sent this notice. The only issue is whether or not
8    Defendant is entit ed to charge interest on an N.S.F. check when
9    a $35.00 return ch ck fee has been imposed. Defendant has
10   provided Plaintiff with its insurance policy in effect to cover
11   any damages in the event Plaintiff were to prevail in this
12   action. There are o other facts in dispute.

13       The information sought by this Request for Production will
14   not produce any ev dence that will help to determine whether
15   interest and a $35 00 returned check fee can be charged on a
16   check returned N.S F., and the information sought by this
17   Request for Product ion will not lead to the discovery of any
18   evidence that will help determine whether interest and a $35.00
19   return check fee can be charged on a check returned N.S.F.

20       In addition, this discovery request is excessively
21   burdensome upon De endant; calls for information that is
22   protected by the right of privacy and calls for information that
23   is protected as a trade secret.

24       Without waiving the foregoing objection, from November,
25   2004 through and including May, 2006, the number of accounts
26   assigned to defendant that are owed by obligors residing in the
27   State of California for goods, wares, and merchandise and
28   evidenced by a check that was dishonored by the obligor's bank

29

**EXHIBIT 3**

1  is 43,536

2       **11. By calendar quarter, starting in the last quarter of**

3  **2004, state the number of check writers from whom Check Recovery**

4  **attempted to collect interest on a dishonored check**

5       OBJECTION. This production request does not call for any

6  relevant or admissible evidence, and this production request is

7  not likely to lead to the discovery of any relevant or

8  admissible evidence because there is no dispute regarding the

9  actions of Defendant, and the only question is whether or not

10 Defendant was entitled to charge interest to the Plaintiff.

11 Defendant concedes that its assignor levied a charge for the

12 amount of the returned check plus $25.00 for the first returned

13 check and $35.00 for the second returned check as provided by

14 *California Civil Code Section* 1719. Defendant concedes that it

15 adds a charge of interest to each check. Therefore, the number

16 of check writers from whom Check Recovery attempted to collect

17 interest on a dishonored check, by calendar quarter, starting in

18 the last quarter of 2004, would not be relevant or admissible

19 evidence, or likely to lead to any relevant or admissible

20 evidence, because defendant concedes the information that would

21 be established by those documents, and the information requested

22 would have no bearing in determining whether or not Defendants

23 charge of interest constitutes a violation of the Fair Debt

24 Collection Practices Act. In addition, this discovery request is

25 excessively burdensome upon Defendant, and calls for matters

26 that are protected by the right of privacy and calls for

27 information that is a trade secret.

28      The Complaint now on file in this action is based on one

**EXHIBIT 3**

1  evidence that will help determine whether interest and a $35.00
2  return check fee c n be charged on a check returned N.S.F.

3      In addition,  his discovery request is excessively
4  burdensome upon De endant; calls for information that is
5  protected by the r ght of privacy and calls for information that
6  is protected as a  rade secret.

7      Without waivi g the foregoing objection, from November,
8  2004 through and i cluding May, 2006, the number of accounts
9  owed by obligors r siding in the State of California for goods,
10  wares, and merchan lise and evidenced by a check that was
11  dishonored by the  bligor's bank on which Defendant attempted to
12  collect interest i  43,536.

13      **12. By calend r quarter, starting in the last quarter of**
14  **2004, state the to al interest charges paid to any defendant by**
15  **check writers and  he total number of such class members who**
16  **have paid these ch rges.**

17      OBJECTION. Th s production request does not call for any
18  relevant or admiss ble evidence, and this production request is
19  not likely to lead to the discovery of any relevant or
20  admissible evidenc  because there is no dispute regarding the
21  actions of Defenda t, and the only question is whether or not
22  Defendant was enti led to charge interest to the Plaintiff.
23  Defendant concedes that its assignor levied a charge for the
24  amount of the retu ned check plus $25.00 for the first returned
25  check and $35.00 f r the second returned check as provided by
26  *California Civil C de Section* 1719. Defendant concedes that it
27  adds a charge of i terest to each check. Therefore, the total
28  interest charges p id to any defendant by check writers and the

33

**EXHIBIT 3**

1  total number of such class members who have paid these charges
2  By calendar quarter, starting in the last quarter of 2004 would
3  not be relevant or admissible evidence, or likely to lead to any
4  relevant or admissible evidence, because defendant concedes the
5  information that would be established by those documents, and
6  the information requested would have no bearing in determining
7  whether or not Defendants charge of interest constitutes a
8  violation of the Fair Debt Collection Practices Act. In
9  addition, this discovery request is excessively burdensome upon
10 Defendant, and calls for matters that are protected by the right
11 of privacy and calls for information that is a trade secret.

12      The Complaint now on file in this action is based on one
13 written notice that Defendant admits it sent  to Plaintiff. Pack
14 'N Save assigned an account to Defendant for goods, wares, and
15 merchandise owed it by Plaintiff for, wares, and merchandise.
16 The account was evidenced by a check issued by Plaintiff that
17 was returned by Plaintiff's Bank marked "N.S.F.". Since this was
18 the second N.S.F. check that Plaintiff had issued to Pack 'N
19 Save, Pack 'N Save added a $35.00 returned check charge to
20 reimburse Pack 'N Save for the charges levied upon it by their
21 bank for depositing  Plaintiff's N.S.F. check as permitted by
22 *California Civil Code Section* 1719. Defendant then sent
23 Plaintiff a notice demanding the amount of the check, the $35.00
24 charge levied by Defendants Assignor which is permitted by
25 *California Civil Code Section* 1719, and interest.

26      Plaintiff contends that the failure of *California Civil*
27 *Code Section* 1719  to specifically permit interest to be charged
28 on a check returned N.S.F. operates to preclude a levy of

34

**EXHIBIT 3**

1    interest. Defendant disagrees with this argument and believes
2    interest is allowed.

3        Plaintiff received two written notices from Defendant, and
4    no other communications whatsoever. There were no phone calls
5    made to Plaintiff by Defendant or received from Plaintiff by
6    Defendant. One of the notices was issued more than one year
7    before the Complaint was filed, and is barred by the Statute of
8    Limitations. The other notice was issued one day before the
9    Statute of Limitations expired.

10       In support of her argument, Plaintiff cites *Palmer v.*
11   *Stassinos*, (2004) 348 F. Supp 2d 1070, a trial court decision
12   issued by Judge White of the Northern District of California.
13   This opinion held that the failure of *California Civil Code*
14   *Section* 1719 to specifically permit interest on an N.S.F. check
15   means that no interest can be charged on a check that is
16   returned N.S.F.

17       Defendant contents the failure of *California Civil Code*
18   *Section* 1719 to either specifically provide or prohibit interest
19   requires that all of the California statutes concerning both
20   interest and returned checks to be read together to reach a
21   blended result, using the methodology followed by Magistrate
22   Judge Chen of the Northern District of California in the case of
23   *Ruby Joseph vs. J. J. Mac Intyre Co.,* (2002), 238 F. Supp 2d
24   1158. The application of this method of analysis results in a
25   determination that interest is permitted to be charged on an
26   N.S.F. check.

27       There are no facts in issue. Plaintiff alleges that
28   Defendant sent the notice attached to the complaint charging

**EXHIBIT 3**

1  interest and a $3 .00 returned check fee, and Defendant admits
2  that it sent this notice. The only issue is whether or not
3  Defendant is enti led to charge interest on an N.S.F. check when
4  a $35.00 return cl eck fee has been imposed. Defendant has
5  provided Plaintif: with its insurance policy in effect to cover
6  any damages in the event Plaintiff were to prevail in this
7  action. There are no other facts in dispute.

8      The informatin sought by this Request for Production will
9  not produce any evidence that will help to determine whether
10 interest and a $35.00 returned check fee can be charged on a
11 check returned N.S F., and the information sought by this
12 Request for Produc :ion will not lead to the discovery of any
13 evidence that will help determine whether interest and a $35.00
14 return check fee c n be charged on a check returned N.S.F.

15     In addition, his discovery request is excessively
16 burdensome upon De: endant; calls for information that is
17 protected by the r ght of privacy and calls for information that
18 is protected as a trade secret.

19     Without waivir g the foregoing objection, Defendant will
20 provide the amount of interest collected each month from
21 November, 2004 thrc igh and including May, 2006. However,
22 Defendant is unable to determine the number of individuals who
23 paid these interest charges.

| MONTH | TOTAL INTEREST PAID |
|-------|---------------------|
| October, 2004 | $5,555.88 |
| November, 2004 | $3,720.10 |
| December, 2004 | $3,123.30 |
| January, 2005 | $3,815.46 |

**EXHIBIT 3**

| MONTH | TOTAL INTEREST PAID |
|-------|---------------------|
| February, 2005 | $8,318.11 |
| March, 2005 | $7,550.88 |
| April, 2005 | $6,991.25 |
| May, 2005 | $5,559.94 |
| June, 2005 | $5,797.94 |
| July, 2005 | $4,727.73 |
| August, 2005 | $6,468.51 |
| September, 2005 | $7,008.04 |
| October, 2005 | $3,804.91 |
| November, 2005 | $4,335.45 |
| December, 2005 | $6,286.89 |
| January, 2006 | $3,184.40 |
| February, 2006 | $4,268.89 |
| March, 2006 | $4,496.62 |
| April, 2006 | $3,357.84 |
| May, 2006 | $2,462.02 |
| TOTAL | $102,617.71 |

13. **Since December 5, 2004, with how many different merchants in California has Check Recovery had agreements pursuant to which the merchant refers dishonored checks for collection.**

Eight merchants have assigned accounts to defendant that are owed by obligors residing in the State of California for goods, wares, and merchandise that are evidenced by a check that was dishonored by the obligor's bank.

14. **Fully explain Check Recovery's procedures for collecting dishonored checks, including in your explanation, how**

37

**EXHIBIT 3**

1 | Check Recovery receives dishonored checks and check information,
2 | what charges Check Recovery seeks above the face amount of the
3 | dishonored check, and how such charges are calculated.

4 | OBJECTION. This production request does not call for any
5 | relevant or admissible evidence, and this production request is
6 | not likely to lead to the discovery of any relevant or
7 | admissible evidence because there is no dispute regarding the
8 | actions of Defendant, and the only question is whether or not
9 | Defendant was entitled to charge interest to the Plaintiff.
10 | Defendant concedes that its assignor levied a charge for the
11 | amount of the returned check plus $25.00 for the first returned
12 | check and $35.00 for the second returned check as provided by
13 | *California Civil Code Section* 1719. Defendant concedes that it
14 | adds a charge of interest to each check. Therefore, defendants
15 | procedures for collecting dishonored checks, including how
16 | Defendant receives dishonored checks and check information, what
17 | charges Defendant seeks above the face amount of the dishonored
18 | check, and how such charges are calculated would not be relevant
19 | or admissible evidence, or likely to lead to any relevant or
20 | admissible evidence, because defendant concedes the information
21 | that would be established by those documents, and the
22 | information requested would have no bearing in determining
23 | whether or not Defendants charge of interest constitutes a
24 | violation of the Fair Debt Collection Practices Act. In
25 | addition, this discovery request is excessively burdensome upon
26 | Defendant, and calls for matters that are protected by the right
27 | of privacy and calls for information that is a trade secret.
28 | The Complaint now on file in this action is based on one

38

**EXHIBIT 3**

1  written notice tha. Defendant admits it sent  to Plaintiff. Pack

2  'N Save assigned a  account to Defendant for goods, wares, and

3  merchandise owed i  by Plaintiff for, wares, and merchandise.

4  The account was ev denced by a check issued by Plaintiff that

5  was returned by Pl intiff's Bank marked "N.S.F.". Since this was

6  the second N.S.F. heck that Plaintiff had issued to Pack 'N

7  Save, Pack 'N Save added a $35.00 returned check charge to

8  reimburse Pack 'N ave for the charges levied upon it by their

9  bank for depositin Plaintiff's N.S.F. check as permitted by

10  *California Civil C de Section* 1719. Defendant then sent

11  Plaintiff a notice demanding the amount of the check, the $35.00

12  charge levied by D fendants Assignor which is permitted by

13  *California Civil C de Section* 1719, and interest.

14  Plaintiff con ends that the failure of *California Civil*

15  *Code Section* 1719 o specifically permit interest to be charged

16  on a check returne  N.S.F. operates to preclude a levy of

17  interest. Defendan  disagrees with this argument and believes

18  interest is allowe ..

19  Plaintiff rec ived two written notices from Defendant, and

20  no other communica ions whatsoever. There were no phone calls

21  made to Plaintiff  y Defendant or received from Plaintiff by

22  Defendant. One of  he notices was issued more than one year

23  before the Complai t was filed, and is barred by the Statute of

24  Limitations. The o her notice was issued one day before the

25  Statute of Limitat ons expired.

26  In support of her argument, Plaintiff cites *Palmer v.*

27  *Stassinos*, (2004)  48 F. Supp 2d 1070, a trial court decision

28  issued by Judge Wh te of the Northern District of California.

39

**EXHIBIT 3**

1  This opinion held that the failure of *California Civil Code*
2  *Section* 1719 to specifically permit interest on an N.S.F. check
3  means that no interest can be charged on a check that is
4  returned N.S.F.

5  Defendant contents the failure of *California Civil Code*
6  *Section* 1719 to either specifically provide or prohibit interest
7  requires that all of the California statutes concerning both
8  interest and returned checks to be read together to reach a
9  blended result, using the methodology followed by Magistrate
10 Judge Chen of the Northern District of California in the case of
11 *Ruby Joseph vs. J. J. Mac Intyre Co.,* (2002), 238 F. Supp 2d
12 1158. The application of this method of analysis results in a
13 determination that interest is permitted to be charged on an
14 N.S.F. check.

15 There are no facts in issue. Plaintiff alleges that
16 Defendant sent the notice attached to the complaint charging
17 interest and a $35 00 returned check fee, and Defendant admits
18 that it sent this notice. The only issue is whether or not
19 Defendant is entitled to charge interest on an N.S.F. check when
20 a $35.00 return check fee has been imposed. Defendant has
21 provided Plaintiff with its insurance policy in effect to cover
22 any damages in the event Plaintiff were to prevail in this
23 action. There are no other facts in dispute.

24 The information sought by this Request for Production will
25 not produce any evidence that will help to determine whether
26 interest and a $35 00 returned check fee can be charged on a
27 check returned N.S F., and the information sought by this
28 Request for Production will not lead to the discovery of any

**EXHIBIT 3**

1 evidence that will help determine whether interest and a $35.00
2 return check fee can be charged on a check returned N.S.F.

3     In addition, this discovery request is excessively
4 burdensome upon Defendant; calls for information that is
5 protected by the right of privacy and calls for information that
6 is protected as a trade secret.

7     Without waiving the foregoing objection, prior to
8 assignment, the merchant adds any charges that are made under
9 *California Civil Code Section* 1719 to the face amount of the
10 check, and Defendant attempts to collect the face amount of the
11 check along with any *California Civil Code Section* 1719 imposed
12 by the merchant. In addition, Defendant adds interest on the
13 check balance.

14     **15. Identify all records that Check Recovery maintains of**
15 **its efforts to collect dishonored checks, such as records**
16 **identifying check writers, check dates and amounts, amounts that**
17 **Check Recovery has tried to collect, and, amounts paid by check**
18 **writers.**

19     OBJECTION. This production request does not call for any
20 relevant or admissible evidence, and this production request is
21 not likely to lead to the discovery of any relevant or
22 admissible evidence because there is no dispute regarding the
23 actions of Defendant, and the only question is whether or not
24 Defendant was entitled to charge interest to the Plaintiff.
25 Defendant concedes that its assignor levied a charge for the
26 amount of the returned check plus $25.00 for the first returned
27 check and $35.00 for the second returned check as provided by
28 *California Civil Code Section* 1719. Defendant concedes that it

41

**EXHIBIT 3**

1  protected by the right of privacy and calls for information that

2  is protected as a trade secret.

3

4

5  Dated: May 29, 2005

6

7  LAW OFFICES OF CLARK GAREN

8  BY

9  _____  _____
   CLARK GAREN,
10  ATTORNEY FOR PLAINTIFF
   P. O. BOX 1790,
11  PALM SPRINGS, CALIFORNIA 92263
   TELEPHONE:      (760) 323-4901
12  FAX:            (760) 288-4080

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

58

**EXHIBIT 3**

1                         VERIFICATION BY PARTY

2   STATE OF CALIFORNIA              )
                                     ) S.S.
3   COUNTY OF RIVERSIDE              )

4        I am an officer, to wit: Executive Vice-President of the
    Defendant Corporation; and I am authorized to make this
5   verification on behalf of said corporation and make this
    verification for that reason; I have read the foregoing
6   DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES TO
    DEFENDANT, SET ONE and know the contents thereof; that the same
7   are true of my own knowledge except as to those matters which
    are therein stated on information or belief, and as to those
8   matters I believe it to be true.

9        I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
    STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.
10
         EXECUTED ON MAY 29, 2006 AT PALM SPRINGS, CALIFORNIA
11

12

13                                  _____
                                    TODD SHIELDS, DECLARANT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              **EXHIBIT 3**