1  **Paul Arons, State Bar #84970**
2  **685 Spring Street, #104**
   **Friday Harbor, WA 98250**
3  **Tel:  (360) 378-6496**
   **Fax: (360) 378-6498**
4  **lopa@rockisland.com**

5  **Ronald Wilcox, State Bar #176601**
6  **LAW OFFICE OF RONALD WILCOX**
   **2160 The Alameda, 1st Flr., Suite F**
7  **San Jose, CA 95126**
   **(408) 296-0400**
8

9  **Attorneys for Plaintiffs**

10 **(Additional plaintiffs' counsel on last page)**

11              **UNITED STATES DISTRICT COURT**
12         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| **BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,** <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> **IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,** <br><br> **Defendants.** | **Case No. 05-04993 MJJ** <br> **Case No. 06-02037 MJJ** <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **Date: October 24, 2006** <br> **Time: 9:00 a.m.** <br> **Courtroom 11** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS

Table of Contents ...................................................................................................... i

Table of Authorities................................................................................................ iii

I. INTRODUCTION ...................................................................................................1

II. IMPERIAL DEMANDED A STATUTORY SERVICE CHARGE, PLUS
     INTEREST, FROM EACH PLAINTIFF .................................................................2

    A. Brandy Hunt ..................................................................................................2

    B. Brian Castillo .................................................................................................2

    C. Imperial Merchant Services, Inc. ...................................................................3

III. SUMMARY JUDGMENT SHOULD BE GRANTED WHERE THERE ARE
      NO DISPUTED ISSUES OF MATERIAL FACT AND THE MOVING PARTY
      IS ENTITLED TO JUDGMENT AS A MATTER OF LAW .............................................3

IV. IMPERIAL IS STRICTLY LIABLE FOR ITS FDCPA VIOLATIONS,
      WHICH MUST BE JUDGED FROM THE PERSPECTIVE OF THE "LEAST
      SOPHISTICATED CONSUMER" .......................................................................4

V. IMPERIAL VIOLATED 15 U.S.C. 1692f(1) AND 1692(e) BY ATTEMPTING TO
     COLLECT CHECK CHARGES THAT WERE NOT PERMITTED BY LAW OR
     EXPRESSLY AUTHORIZED BY THE AGREEMENT CREATING THE DEBT ...........5

    A. Imperial Has the Burden of Proving Its Right to Collection Charges ..................5

VI. AS A MATTER OF LAW, A DEBT COLLECTOR MAY NOT SEEK BOTH
      SECTION 1719 FEES AND PREJUDGMENT INTEREST.........................................6

    A. A Debt Collector May Not Add Collection Charges Unless Those
       Charges are Permitted by Law ....................................................................6

    B. California Law Does Not Authorize Interest as a Remedy For a
       Dishonored Check .....................................................................................7

    C. Applying Ordinary Rules of Statutory Construction, It Is Clear that
       the Legislature Intended that Section 1719 and Division III of
       the Commercial Code Provide the Exclusive Civil Remedy to Recover on
       Dishonored Checks....................................................................................9

    D. Division 3 of the Commercial Code Does Not Authorize Interest ...................10

    E. If Imperial, on Behalf of the Merchant, Seeks Remedies for a Claim
       Arising from the  Underlying Contract, it Must Forego the Merchant's
       Right to a Statutory Service Charge............................................................11

        1. Safeway May Enforce Either the Check, or the Underlying Sales
           Transaction, but not Both ......................................................................11

        2. As a Debt Collector, Imperial was Not Entitled to Impose its
           Own Interest Charges, Because it was Not Party to the
           Underlying Sales Transaction and is Not Entitled to Enforce the Sales
           Contract...............................................................................................12

i

1

F.  The California Department of Consumer Affairs Interprets
Civil Code § 1719 to Bar a Creditor from Availing Itself of Both
§ 1719 Remedies and General Civil Remedies ................................................... 13

2

VII. CONCLUSION ....................................................................................................... 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

# TABLE OF AUTHORITIES

2

3 **<u>Cases</u>**

4

*Anderson v. Liberty Lobby, Inc.*,
5 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) ...............................3

6 *Baker v. G.C. Services, Corp.*,
677 F.2d 775 (9th Cir. 1982)...........................................................................5
7

8 *Ballard v. Equifax Check Services Inc.*,
27 F.Supp.3d 1201 (E.D. Cal. 1998).................................................7, 8, 10-12
9

*Bentley v. Great Lakes Collection Bureau*,
10 6 F.3d 60 (2nd Cir. 1993)................................................................................4

11 *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn. 1990) .......................................4

12 *Celotex Corp. v. Catrett*,
13 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) ...............................3

14 *Clark v. Capital Credit & Collection Servs., Inc.*,
2006 U.S. App. LEXIS 21594 (9th Cir. 8/24/2006) ........................................4
15

16 *Clomon v. Jackson*,
988 F.2d 1314 (2d Cir. 1993).........................................................................5
17

18 *Dickinson v. United States*,
346 U.S. 389 74 S. Ct. 152 (1953) .................................................................6

19 *Gikas v. Zolin*,
20 6 Cal. 4th 841 (1993) .....................................................................................9

21 *In re Lance W.*
37 Cal. 3d 873 (1985) ....................................................................................9
22

23 *Hartman v. Meridian Financial Services, Inc.*,
191 F.Supp.2d 1031 (W.D.Wis. 2002)............................................................4
24

*Irwin v. Mascott*,
25 370 F.3d 924 (9th Cir. 2004)..........................................................................6

26 *Irwin v. Mascott*,
27 112 F.Supp.2d 937 (N.D. Cal. 2000) ..................................................5, 6, 10

28 *Kolker v. Duke City Collection Agency*,
750 F. Supp. 468 (D.N.M. 1990)....................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio,*
475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) ................................4

*Newman v. Checkrite California, Inc.,*
912 F.Supp.2d 1354 (E.D. Cal. 1995)..........................................................6, 7

*Palmer v. Stassinos,*
348 F.Supp.2d 1070 (N.D.Cal. 2004) ..........................................................6, 9

*Picht v. Jon R. Hawks, Ltd.,*
236 F.3d 446 (8th Cir. 2001) ...........................................................................4

*Provenz v. Miller,*
102 F.3d 1478, 1483 (9th Cir. 1996) ................................................................3

*Rheem Mfg. Co. v. Rheem,*
295 F.2d 473 (9th Cir. 1961) ...........................................................................6

*Riveria v. MAB Collections, Inc.,*
682 F. Supp. 174 (W.D.N.Y. 1988) ..................................................................4

*Russell v. Equifax A.R.S.,*
74 F.3d 30 (2d Cir. 1996) ................................................................................4

*Traverso v. Sharinn,*
1989 U.S.Dist. LEXIS 19100 (D.Conn. 1989) .................................................4

*Turner v. J.V.D.B. & Assocs., Inc.,*
330 F.3d 991 (7th Cir. 2003) ...........................................................................5

*Withers v. Eveland,*
988 F. Supp. 942 (E.D. Va. 1997)....................................................................4

*Whatley v. Universal Collection Bureau, Inc.,*
525 F. Supp. 1204 (N.D.Ga. 1981) ..................................................................4

**Statutes and Rules**

15 U.S.C. §§ 1692, *et seq.* .............................................................................1

15 U.S.C. § 1692(e) .........................................................................................5

15 U.S.C. § 1692(e)(2) .....................................................................................5

15 U.S.C. § 1692(e)(10) ...................................................................................5

15 U.S.C. § 1692f(1).........................................................................................5

iv

Fed. R. Civ. P. 56(c) ........................................................................3

Fed. R. Civ. P. 56(e); ......................................................................4

Cal. Civil Code § 1719 ........................................................... *passim*

Cal. Civil Code § 1719(a)...............................................................6,8

Cal. Civil Code § 1719(k) ..........................................................8, 10

Comm. Code § 2710.......................................................................7

Cal. Comm. Code § 3112(a) ..........................................................10

Cal. Comm. Code § 3310(b)(3) .....................................................11

Cal. Comm. Code § 3412 ..............................................................10

**Treatises**

Black's Law Dict. (6th ed. 1990.......................................................9

California Dept. of Consumer Affairs, Legal Guide K-5,
"*California's Bad Check Law*" (1998) ...................................10, 12-14

3 Witkin, Cal Proc. (4th Ed. 1996) Actions, § 7 ...............................9

1

2

## I. INTRODUCTION

In California, pursuant to Cal. Civil Code § 1719, the recipient of a check that does not clear is automatically entitled to recover the check, plus a service charge of as much as $35.00. The service charge is imposed so that the check recipient may recover its actual losses, and more, without having to provide evidence of the harm suffered. Alternatively, the check recipient may pursue a breach of contract claim and be entitled to ordinary contract damages. However, the payee of the check may not piggyback its claims, and seek both contract damages, and statutory service charges for the same check.

In this lawsuit, plaintiffs Brandy Hunt and Brian Castillo challenge the practice of defendant Imperial Recovery Services, Inc., d/b/a Check Recovery Systems, [Imperial] of adding its own interest charge, when attempting to collect the check amount and statutory service charge for dishonored checks written to Safeway and its other clients. The California legislature created a statutory service charge to compensate the recipient of a returned check for all damages, without the necessity of the recipient having to prove its actual damages. A check recipient availing itself of this statutory remedy gives up the right to proceed against the check writer on other legal theories. This clear legislative intent has not dissuaded debt collectors like Imperial from attempting to stack damages, and recover interest in addition to the service charge. Two courts in this district have rejected stacking damages, and ruled that a debt collector who demands the statutory service charge may not also demand interest. Undeterred, defendant Imperial Merchant Services, Inc. has ignored prior decisions of this Court and collected more than one hundred thousand dollars in interest from putative class members. Plaintiffs bring this motion for partial summary judgment on liability in the hope that a third consistent judicial decision rejecting the double recovery that defendant seeks, will stop defendant and other debt collectors from preying on consumers.

**MEMO IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL SUMMARY JUDGMENT.: Page 1**

## II. IMPERIAL DEMANDED A STATUTORY SERVICE CHARGE, PLUS INTEREST, FROM EACH PLAINTIFF

### A. Brandy Hunt

On July 5, 2004 plaintiff Brandy Hunt wrote a personal check for $137.15 for food to Pack n' Save.[1]  Subsequently, defendant mailed Ms. Hunt two collection demands.[2]  The second demand is dated December 6, 2005, and includes a demand for the check amount, a "Misc." charge of $35.00, and interest of $7.26, for a total of $179.41.[3]  The "Misc" charge is added by the merchant, and is the service charge expressly authorized by Cal. Civil Code § 1719.  The collection agency added the interest charge after referral by Safeway.[4]

### B. Brian Castillo

On or about March 17, 2005, Imperial mailed Brian Castillo a collection letter in connection with a check that he had allegedly written to Safeway that had been dishonored.  In that letter, defendant demanded that Castillo pay the following charges:

| | |
|---|---|
| **Principle:** | **$276.36** |
| **Misc.:** | **$ 25.00** |
| **Interest:** | **$ 8.99** |

Subsequently, defendant mailed Castillo a collection demand concerning the same check, dated December 2, 2005.  In this second letter, defendant made the same demands, but now claimed interest in the amount of $30.43.[5]

---

1. A copy of this letter is attached as Exhibit 5 to defendant's "Index of Evidence" in Support of Imperial Merchant Services Motion for Summary Judgment, Etc. against Brandy Hunt.
2. Declaration of Todd Shields, p. 3:11-26, Exhibit 1 in defendant's "Index of Evidence" in Support of Imperial Merchant Services Motion for Summary Judgment, Etc. against Brandy Hunt
3. Exhibit 4 in defendant's "Index of Evidence" in Support of Imperial Merchant Services Motion for Summary Judgment, Etc. against Brandy Hunt.
4. Defendants' Responses to Plaintiff's Interrogatories, Set No. 1, dated May 29, 2006, Interrogatory No. 14, p. 41:7-13.  A copy of relevant portions of defendant's interrogatory responses are  is attached to the Declaration of Paul Arons in Support of Plaintiffs' Motion for Partial Summary Judgment as Exhibit 1.
5. Copies of the letters sent to Castillo are attached to the Declaration of Brian Castillo in Support of Motion for Partial Summary Judgment  as Exhibits 1 and 2.

**MEMO IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL SUMMARY JUDGMENT.: Page 2**

1

### C.  Imperial Merchant Services, Inc.

2

Imperial Merchant Services, Inc. is a debt collector that handles the high volume

3

collection of checks.  One of its clients is Safeway.  There is no written agreement

4

between Safeway and Imperial.[6]  When a Safeway decides to refer a check to Imperial, it

5

forwards basic check information, along with the statutory service charge Safeway has

6

assessed.  Imperial, on its own, also demands and collects interest on the check amount,

7

keeping for itself 100% of the interest it collects.[7]

### III. SUMMARY JUDGMENT SHOULD BE GRANTED WHERE THERE ARE NO

8

DISPUTED ISSUES OF MATERIAL FACT AND THE MOVING PARTY IS
ENTITLED TO JUDGMENT AS A MATTER OF LAW

9

A court must grant summary judgment if the pleadings and supporting documents,

10

viewed in the light most favorable to the non-moving party "show that there is no genuine

11

issue as to any material fact and that the moving party is entitled to judgment as a matter

12

of law." Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed.

13

2d 265, 106 S. Ct. 2548 (1986).  A material fact is one "that might affect the outcome of

14

the suit under the governing law. . . ."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

15

248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  A dispute is genuine "if the evidence is

16

such that a reasonable jury could return a verdict for the non-moving party."  *Id.* The court

17

must resolve all ambiguities and draw all reasonable inferences in favor the non-moving

18

party.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

19

A principal purpose of summary judgment is "to isolate and dispose of factually

20

unsupported claims."  *Celotex*, 477 U.S. at 323-24.  Summary judgment is appropriate

21

against a party who "fails to make a showing sufficient to establish the existence of a

22

element essential to that party's case, and on which that party will bear the burden of

23

proof at trial."  *Id.* at 322. The moving party need not disprove matters on which the

24

6.  Deposition of William B. Johnson, taken 7/17/2005, p. 28:18-21.  Relevant deposition excerpts are attached to the Declaration of Paul Arons in Support of Plaintiffs' Motion for Partial Summary Judgment as Exhibit 2.

25

7.  Defendants' Responses to Plaintiff's Interrogatories, Set No. 1, dated May 29, 2006, Interrogatory No. 14, p. 41:7-13.  Exhibit 1 to Declaration of Paul Arons in Support of Plaintiffs' Motion for Partial Summary Judgment.

26

**MEMO IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL SUMMARY JUDGMENT.: Page 3**

1  opponent has the burden of proof at trial.  *Id.* at 317. The party opposing summary

2  judgment "may not rest upon the mere allegations or denials of [the party's] pleadings,

3  but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed.

4  R. Civ. P. 56(e);  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585-88, 89

5  L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

6  **IV.  IMPERIAL IS STRICTLY LIABLE FOR ITS FDCPA VIOLATIONS, WHICH MUST
        BE JUDGED FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED
7        CONSUMER"**

8          To establish a violation of the Fair Debt Collection Practices Act,[8] one need only

9  show that:  (1) the plaintiff has been the object of collection activity arising from a

10 consumer debt; (2) the defendant collecting the "debt" is a "debt collector" as defined in

11 the Act; and (3) the defendant has engaged in any act or omission in violation of the

   prohibitions or requirements of the Act.[9]  The FDCPA is a strict liability statute.[10]

12         Because the FDCPA is a strict liability statute, proof of one violation is sufficient to

13 support summary judgment for a plaintiff.[11]  In light of this strict liability standard, a

14 consumer need not show intentional conduct by the debt collector in order to be entitled

15 to damages, and *there are no unimportant* violations.[12]  Further, no proof of deception or

16

17         8.  In her complaint, plaintiff is seeking relief pursuant to the Fair Debt Collection
   Practice Act, 15 U.S.C. §1692, *et seq.*, [FDCPA

18         9    *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990);
   *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v.
19  Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau,
   Inc.*, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981).

20         10. *Clark v. Capital Credit & Collection Servs., Inc.*, 2006 U.S. App. LEXIS 21594, *29-
   *30 (9th Cir. 8/24/2006)   *See also Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)
21 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by
   the debt collector to be entitled to damages.")

22         11   *See Hartman v. Meridian Financial Services, Inc.*, 191 F.Supp.2d 1031, 1046
   (W.D.Wis. 2002).  The court adds that, "One false or misleading statement in a collection
23 letter renders the entire communication false or misleading and constitutes one violation." *Id.*
   at 1047.  *See also, Cacace v. Lucas*, 775 F.Supp. 502, 505 (D.Conn. 1990); *Traverso v.
24 Sharinn*, 1989 U.S.Dist. LEXIS 19100, *4 (D.Conn. Sept. 15, 1989); *Picht v. Jon R. Hawks,
   Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60,
25 62 (2nd Cir. 1993).

         12.  *Bentley*, 6 F.3d at 63 (no nonactionable violations of FDCPA); *Taylor v. Perrin,
26 Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to comply with any
   provision of the FDCPA" leads to liability).

1  actual damages is required to obtain statutory remedies.[13] The most widely accepted test

2  for determining whether a collection letter violates the FDCPA is the one employed by

3  this Circuit; an objective standard based on the least sophisticated consumer.[14] "The

4  basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA

5  protects all consumers, the gullible as well as the shrewd."[15]

6  **V.  IMPERIAL VIOLATED 15 U.S.C. 1692f(1) AND 1692(e) BY ATTEMPTING TO
      COLLECT CHECK CHARGES THAT WERE NOT PERMITTED BY LAW OR
7      EXPRESSLY AUTHORIZED BY THE AGREEMENT CREATING THE DEBT**

8       **A.  Imperial Has the Burden of Proving Its Right to Collection Charges**

9       A debt collector who seeks excessive charges violates 15 U.S.C. § 1692e(2), (10)

[16] and 1692f(1).  *Irwin v. Mascott*, 112 F. Supp. 2d 937, 947 (N.D. Cal. 2000).

10      Title 15 U.S.C. § 1692f(1) provides:

11      A debt collector may not use unfair or unconscionable means to collect or
       attempt to collect any debt. Without limiting the general application of the
12      foregoing, the following conduct is a violation of this section:
       (1) The collection of any amount (including any interest, fee, charge, or
13      expense incidental to the principal obligation) unless such amount is
       expressly authorized by the agreement creating the debt or permitted by
14      law.

15      "Whether the collection of a debt violates § 1692f(1) depends solely on two

16  factors:  (1) whether the debt agreement explicitly authorizes the charge; or  (2) whether

17  the charge is permitted by law.  The provision is silent as to the debt collector's intent, yet

18  it is clear that a collector who collected a charge unauthorized by the debt agreement or

19  by law, even by accident, would violate § 1692f(1)."  *Turner v. J.V.D.B. & Assocs., Inc.*,

20  330 F.3d 991, 996 (7th Cir. 2003).  One basic rule of the statute is that a debt collector

21          13.  *Baker v. G.C. Services, Inc.*, 677 F.2d 775, 780 (9th Cir. 1982).
          14.  *Id.* at 778.
22          15.  C*lomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993).
          16.  15 U.S.C. § 1692e provides, in pertinent part, that:
23      "A debt collector may not use any false, deceptive, or misleading representation or
      means in connection with the collection of any debt." This includes:
24      (2) The false representation of --
          (A) the character, amount, or legal status of any debt; [and]
25      (10) The use of any false representation or deceptive means to collect or attempt to
      collect any debt. . . .
26

**MEMO IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL SUMMARY JUDGMENT.: Page 5**

may not attempt to collect any charges in addition to the principal amount of the debt, unless it meets either of the two exceptions enumerated in § 1692f(1). "[H]e who claims the benefit of exceptions in a statute carries the burden of establishing that he is entitled to them." *Dickinson v. United States*, 346 U.S. 389, 400 74 S. Ct. 152, 159 (1953), *Rheem Mfg. Co. v. Rheem*, 295 F.2d 473, 475 (9th Cir. 1961). *See e.g.*, *Newman v. Checkrite Cal.*, 912 F. Supp. 1354, 1368 (E.D. Cal. 1995). Therefore, it is Imperial' burden to prove that the interest that it tried to collect from the Castillo, Hunt and tens of thousands of class members were permitted by law.[17]

## VI. AS A MATTER OF LAW, A DEBT COLLECTOR MAY NOT SEEK BOTH SECTION 1719 FEES AND PREJUDGMENT INTEREST

### A. A Debt Collector May Not Add Collection Charges Unless Those Charges are Permitted by Law

The recipient of a dishonored check may not seek both damages under Cal. Civil Code § 1719(a) and prejudgment interest. This has been the holding in two hotly contested cases in this district, and has been recited, without criticism, by the Ninth Circuit. *Palmer v. Stassinos*, 348 F.Supp.2d 1070, 1083 (N.D.Cal. 2004), *Irwin v. Mascott*, *supra*, 112 F.Supp.2d at 947, *Irwin v. Mascott*, 370 F.3d 924, 927 (9th Cir. 6/4/2004).

Under the FDCPA all additional charges are prohibited unless expressly agreed to by the parties, or affirmatively authorized by state law. 15 U.S.C. § 1692f(1); *Newman v. Checkrite California, Inc.*, 912 F.Supp.2d 1354, 1367 (E.D. Cal. 1995). Thus, defendant may not charge interest on a dishonored check unless California law affirmatively authorizes the charge. Defendant cannot make this showing since Cal. Civil Code § 1719 [referred to hereinafter as "Section 1719]", provides the exclusive civil remedy available to defendants, and the statute does not authorize interest.

### B. California Law Does Not Authorize Interest as a Remedy For a Dishonored Check

Prior to 1983, there was no civil statute providing special remedies for dishonored

---

17. Imperial does not argue that it is entitled to collect interest because of an express agreement with the check writers

1   checks.  In 1983, the California Legislature enacted A.B. 1226, providing that if a check

2   was dishonored, the check writer would have to pay the check, plus a penalty of three

3   times the check amount, if the check writer did not pay the check within thirty days of the

4   check payee sending a demand by certified mail.  The minimum treble damage amount

5   was $100.00 and the maximum was $500.00.  This was seen as a punitive remedy,

6   designed "to provide a cost effective means for small business to collect unpaid

7   accounts, and to deter dishonored checks, and to deter bad check writing."[18]  The next

8   major amendment came in 1995, when the maximum treble damage amount was raised

9   to $1,500.00, the payee of the check was expressly permitted to add the "bad check fee"

10  assessed by the payee's bank, and the statutes remedies were made mandatory.[19]  The

11  next year, however, in response to a lawsuit challenging high service charges, Section

12  1719 was again amended.

13      In *Newman v. Checkrite, supra*, 912 F.Supp.2d 1354, plaintiffs challenged a debt

14  collector's practice of adding service charges of $25 and more when collecting returned

15  checks.  As noted above, 15.U.S.C. § 1692f(1) prohibits adding collection charges unless

16  expressly authorized by the agreement creating the debt, or permitted by law.

17  Defendant's attempted to show that the service charge was permitted by law, because it

18  was an "incidental damage" under Comm. Code § 2710.[20]  The court never decided

19  whether this was a viable theory, but ruled that even if it was, defendant would have to

20  prove its incidental damages.  *Newman v. Checkrite*, supra, 912 F.Supp.2d at 1368.[21]

21  ────────────────────

        16.  Senate Republican Caucus Report, 6/14/83.  *See also* Assembly Committee Report,
22  4/11/83, Staff Comment 1.  Exhibit 2 to Plaintiffs' Request for Judicial Notice.

        19.  *See* History to Civ. Code § 1719, Exhibit 3 to Plaintiffs' Request for Judicial Notice.
23      20.  Commercial Code § 2710 allows the seller of goods to recover from a breaching
    buyer:

24      [A]ny commercially reasonable charges, expenses or commissions incurred in stopping
    delivery, in the transportation, care and custody of goods after the buyers' breach, in
25  connection with return or resale of the goods or otherwise resulting from the breach

        21.  In *Ballard v. Equifax Check Services, Inc.*, 27 F. Supp. 2d 1201, 1206 (E.D. Cal.
26  1998), the court ruled that a debt collector attempting to collect on an unpaid check, could
    not rely on the incidental damage provisions of the Commercial Code.

**MEMO IN SUPPORT OF PLAINTIFFS'  MOT. FOR PARTIAL SUMMARY JUDGMENT.: Page 7**

1      In response, the California Legislature amended Section 1719, creating a new

2   right to an automatic $25 or $35 service charge, regardless of the amount of damages, if

3   any, incurred by the check payee.[22]  This was intended as a cap on damages.  *Legal*

4   *Guide*, p. 7, § C.d.  At the same time that the statutory service charge was added, the

5   legislature added sub-division k, providing that all rights and remedies available under

6   Division 3 of the Commercial Code were preserved.  At the same time, it added sub-

7   division k, which provides:

8          (k) Nothing in this section is intended to condition, curtail, or otherwise
        prejudice the rights, claims, remedies, and defenses under Division 3
9          (commencing with Section 3101) of the Commercial Code of a drawer,
        payee, assignee, or holder, including a holder in due course as defined in
10         Section 3302 of the Commercial Code, in connection with the enforcement
        of this section.

11      Thus, after the 1996 amendments, the statute provided for an automatic service

12   charge of up to $35.00 and treble damages under certain conditions.  The provisions of

13   the statute were mandatory, but a check recipient had the alternative of pursuing

14   remedies available pursuant to Division 3 of the Commercial Code.[23]

15   **C.  Applying Ordinary Rules of Statutory Construction, It Is Clear that the
        Legislature Intended that Section 1719 and Division III of the Commercial
16         Code Provide the Exclusive Civil Remedy to Recover on Dishonored
        Checks**

17      Section 1719 lays out a detailed set of procedures and remedies available to the

18   recipient of a dishonored check.  Importantly, it contains two very specific exceptions to

19   exclusive coverage.  Section 1719(a)(1) states expressly that its remedies are

20   "[n]otwithstanding any penal sanctions that may apply."  Section 1719(k) states expressly

21   that: "Nothing in this section is intended to condition, curtail, or otherwise prejudice the rights,

22   claims, remedies, and defenses under Division 3 (commencing with Section 3101) of the

23   

24         22. Often, the actual additional cost incurred when a check does not clear is minimal.
   For instance, Equifax Check Services had a practice of redepositing checks after the first
25   return by the bank, and charging the same $20.00 service charge, whether the check cleared
   on redeposit or not.  *Ballard v. Equifax Check Services, Inc., supra*, 27 F. Supp. 2d. at 1203.
26         23.  *See* Legislative History of A.B. 2643, Exhibit 4 to Plaintiffs' Request for Judicial
   Notice.

**MEMO IN SUPPORT OF PLAINTIFFS'  MOT. FOR PARTIAL SUMMARY JUDGMENT.: Page 8**

Commercial Code. . . ." Applying the statutory construction principle of *expressio unius est exclusio alterius*, the expression of one thing is the exclusion of another,[24] ordinary rules of statutory construction mandate the conclusion that the payee of a dishonored check may pursue only remedies available under:

    1.  Civil Code § 1719;

    2.  Division 3 of the Commercial Code;

    3.  California criminal law.

This statutory construction is supported by the principle that when a new right has been created by statute and a new statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed.  3 Witkin, Cal Proc. (4th Ed. 1996) Actions, § 7.  In 1996 the Legislature created a new right, automatically entitling the payee of a check to a $25.00 service charge upon its dishonor.  Along with this right the amended statute provided a new remedy:  court enforcement of the service charge without having to prove any actual damage.  *See Legal Guide*, p. 8 §C.d.  Thus the remedies in § 1719 are exclusive, except as expressly provided in the statute itself.

In *Palmer v. Stassinos, supra,* the court conducted a detailed analysis of the statutory language and concluded: "that permitting interest in addition to the statutory remedies would permit double recovery.  *Id.*, 348 F.Supp.2d at 1082.  Focusing on the evolution of the statute in response to rulings in *Newman v. Checkrite, supra*, 912 F.Supp 1354 and other cases, Judge Whyte reasoned that:

> [T]he Legislature's pattern of amendment demonstrates its intent to create an exclusive remedy for bad check collection. As California and federal courts decided important issues regarding the construction of *section 1719*, the Legislature acted to incorporate those provisions into the statute. *These inclusions demonstrate that the Legislature intends that section 1719 represent the sole recovery mechanism for bad debt collectors* and that courts should not look beyond the statute unless failing to do so would result in an absurd interpretation. By expressly providing for penal remedies and civil remedies of a either (1) a service charge and mailing fees where a debtor pays within the thirty-day period or (2) treble damages but no service charge or mailing costs where the debtor does not, *the Legislature has*

---

24.  Black's Law Dict. (6th ed. 1990) p. 581, col. 1; *Gikas v. Zolin*, 6 Cal. 4th 841, 852 (1993); *In re Lance W.* 37 Cal. 3d 873, 888 (1985).

1

2

*created a mandatory recovery scheme that does not provide for additional collection of interest.  Emphasis added, Palmer v. Stassinos, supra,* 348 F.Supp.2d at 1083.

3

4

5

6

7

8

In  *Irwin v. Mascott, supra*, 112 F.Supp.2d at 947, the court reached the same conclusion and ruled that a debt collector seeking service charges on a dishonored check was not entitled in interest.  The California Department of Consumer Affairs shares this interpretation.[25]  Thus, unless Imperial can find something in Division 3 of the Commercial Code that allows it to collect both interest and a service charge, its collection demands to plaintiffs and the class violated the FDCPA.

### D.  Division 3 of the Commercial Code Does Not Authorize Interest

9

10

11

12

13

14

Division 3 of the Commercial Code,[26] as relevant to this motion, provides no remedy other than the recovery of the face amount of the check.  Comm. Code § 3412; *Ballard v. Equifax Check Services Inc., supra*, 27 F.Supp.3d at 1206-1207.  In fact, Comm. Code § 3112(a) expressly prohibits interest, unless it appears on the face of the instrument.[27]  Thus, although Section 1719(k) expressly provides for remedies available in Division 3 of the Commercial Code, Division 3 does not authorize interest.

15

16

17

18

19

20

21

22

If the Legislature intended that other civil remedies were going to be available to a check recipient seeking the statutory service charge, the Legislature would not have had a reason to amend the statute to explicitly authorize Division 3 Commercial Code remedies.  The legislative decision to expressly mention these Division 3 remedies is compelling evidence of an intent to exclude any civil remedies that are not expressly designated.

23

24

25

26

25.  California Dept. of Consumer Affairs, Legal Guide K-5, "*California's Bad Check Law*" (1998), hereinafter, "Legal Guide."  The Legal Guide is attached as Exhibit 1 to Plaintiffs' Request for Judicial Notice.

26 .  Division 3 is titled "Negotiable Instruments."

27.  Cal. Commercial Code § 3112(a) provides:

 (a) Unless otherwise provided in the instrument, (1) an instrument is not payable with interest, and (2) interest on an interest-bearing instrument is payable from the date of the instrument.

**E.   If Imperial, on Behalf of the Merchant, Seeks Remedies for a Claim Arising from the  Underlying Contract, it Must Forego the Merchant's Right to a Statutory Service Charge**

**1.   Safeway May Enforce Either the Check, or the Underlying Sales Transaction, but not Both**

Section 1719 does not restrict the ability of a merchant, or other payee, to seek breach of contract damages, which could include interest, when the sales contract is breached by non-payment because the buyer's check did not clear.  However, when proceeding on a breach of contract theory on the underlying sales transaction, the merchant gives up its right to Section 1719 service charges, or treble damages.

One of the exceptions to Section 1719 exclusivity is Division 3 of the Commercial Code.  Section 1719(k).  Division 3 regulates "negotiable instruments", including checks. Cal. Comm. Code § 3310(b)(3) provides, in pertinent part:

> [I]f the check or note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, **the obligee may enforce either the instrument or the obligation**. In the case of an instrument of a third person which is negotiated to the obligee by the obligor, discharge of the obligor on the instrument also discharges the obligation. *Emphasis added.*

Thus, in the present case, Safeway could seek the statutory service charge expressly authorized by Section 1719.  Alternatively, pursuant to Cal. Comm. Code § 3310(b)(3), Safeway could have chosen to enforce the obligation, and sued on the sale of goods or services represented by the plaintiffs' checks. *Ballard v. Equifax Check Services Inc., supra*, 27 F.Supp.3d at 1206-1207.  It was not, however, entitled to both remedies.  When Imperial, purportedly acting on Safeway's behalf, sought both the statutory service charge plus interest, it violated the FDCPA because it was seeking charges not permitted by law.

**2.   As a Debt Collector, Imperial was Not Entitled to Impose its Own Interest Charges, Because it was Not Party to the Underlying Sales Transaction and is Not Entitled to Enforce the Sales Contract**

A second reason that the interest charges that Imperial seeks are not permitted, is because interest is a contract remedy to which only Safeway could be entitled.  Imperial, however, may only enforce the check.  Although Imperial may be acting on Safeway's

behalf when it attempts to collect a check and a service charge, it has unilaterally decided to add interest, which it keeps for itself.

In *Ballard v. Equifax Check Services, Inc.*, *supra*, 27 F.Supp.2d 1201 the debt collector sought to justify the $20 service charge that it added to returned checks.[28]  The court rejected defendant's argument that it was entitled to damages arising from breach of the sales contract, reasoning that the debt collector was only the "holder" of the check, not the "obligee."  Relying on Cal. Comm. Code § 3310, the court ruled that only the obligee of the obligation for which the check was taken that is entitled to enforce the obligation, and that the debt collector was limited to enforcing the check.  *Id.* at 1206-1207.

As applied to the present case, Safeway may have been entitled to elect to enforce either the sales transaction, or the check because it was the "obligee."  It is not Imperial, however, not Safeway, that has determined to impose interest charges and keep the proceeds.  As the holder of the check, Imperial's' only right is the right to enforce the check.  It never acquired a legal interest in the underling sales transaction, and its remedies are thus more limited than those of the merchant that referred it a check to collect.  Safeway may have been entitled to elect between interest and a service charge.  Imperial was not.  If Imperial is found liable, actual damages will be measured by the service charges it collected.

### F.    The California Department of Consumer Affairs Interprets Civil Code § 1719 to Bar a Creditor from Availing Itself of Both § 1719 Remedies and General Civil Remedies

It is not a coincidence that  the California Department of Consumer Affairs [DCA] in issuing an interpretative bulletin, reached the same conclusion as the *Palmer* and *Irwin* courts, and  rejected prejudgment interest as a "double recovery."

In its *Legal Guide* the Legal Affairs office of the DCA directly addressed whether a payee may seek prejudgment interest at the same time the payee is seeking a § 1719

---

28.  *Ballard* arose prior to the 1996 amendment to Section 1719, at a time when there was not express legal basis for a check service charge.

service charges or treble damages.  The DCA unambiguously concluded that this is not

permitted.  In interpreting § 1719 the DCA concluded that the legislative purpose in

providing a statutory service charge and subsequent treble damages was to compensate

the creditor for delay in payment ordinarily addressed by pre-judgment interest.  In

explaining the availability of a service charge or treble damages the *Legal Guide* states

that:

> **Interest cannot be claimed if either a service charge or penalty is
> claimed.**  *Emphasis added*, *Legal Guide*, A.1.(c)(d).

> The *Legal Guide* explains that:
> The statutory penalty [of treble damages] is not only a penalty. It also
> compensates the payee for any losses for which the service charge
> provided compensation, such as (1) delay in receiving payment, (2) the
> returned check fee paid by the payee to its own financial institution, (3) the
> inconvenience and added expense of processing the returned check, and
> (4) any other losses.  *Legal Guide*, pp. 2-3,§ B.1.f.

> The *Legal Guide* goes on to state that:
> The law generally bars multiple recoveries for the same loss. For instance:
> (1) the face amount of a check can only be recovered once; *(2) once the
> drawer is obligated to pay a statutory penalty, no other charges (other than
> the face amount of the check) can be recovered from the drawer;* (3) only
> one service charge can be recovered from the drawer with respect to the
> same check; *(4) if a service charge is recovered, all other damages are
> barred; and (5) a payee cannot recover a statutory penalty, and also a
> service charge, interest or compensation for other losses.  Emphasis
> added*, *Legal Guide*, *Ibid.*,

The bar against recovering both a service charge and interest is based on the fact

that:

> The statutory service charge is a successor to and has the same functions
> as the traditional service charge. Hence, allowing a payee who seeks a
> statute-based service charge to also recover an agreed service charge, or
> damages for any of the other losses for which the traditional service charge
> may have served as compensation (e.g., *prejudgment interest*, the payee's
> own returned check fee, etc.), would result in double recoveries for the
> same loss, which is not permitted.  *Emphasis added*, *Legal Guide,* p. 8, §
> C.e. ["The imposition of a service charge for a returned check may also bar
> recovery of prejudgment interest on the unpaid check, on the basis that it
> would result in a double recovery of damages."]

1    Thus, collection of interest and a service charge or treble damages would result in

2   a double recovery. *Legal Guide,* p. 8, § D.c. Although this administrative interpretation is

3   not binding on the Court, the reasoning is persuasive.

4   **VII.  CONCLUSION**

5    The Fair Debt Collection Practices Act balances the right of creditors to collect

6   valid debts, against the right of consumers to be free from the harassment and avarice of

7   debt collectors.  All consumers are protected, whether financially burdened by events

8   beyond their control, or merely impecunious or unwise in incurring debts.  Likewise,

9   Section 1719 represents a careful balancing of the right of check recipients to

10  economically collect on returned checks, against the right of consumers to a reasonable

11  limitation on damages.  Imperial, along with the debt collector defendants in the other

12  lawsuits cited in this memorandum, is guilty of overreaching, when it seeks more than

13  Section 1719 allows.

14    WHEREFORE, for the reasons stated above, plaintiffs respectfully request that

15  they be granted summary judgment on liability.

16  Dated:  September 19, 2006            LAW OFFICE OF PAUL ARONS

17                          By   s/Paul Arons
                                Paul Arons
18                              Attorneys for Plaintiffs
                                BRANDY HUNT and BRIAN CASTILLO

19

20  **Additional Plaintiffs' Counsel**

21  Irving L. Berg (CA Bar No. 36273)
    THE BERG LAW GROUP
    433 Town Center, No. 493
22  Corte Madera, California 94925
    (415) 924-0742
23  (415) 891-8208 (Fax)

24  O. Randolph Bragg, Ill. Bar #06221983
    HORWITZ, HORWITZ & ASSOCIATES
25  25 East Washington, Suite 900
    Chicago, IL 60602
26  (312) 372-8822

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26