Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: October 24, 2006<br>Time: 9:00 a.m.<br>Courtroom 11 |

　　　　I, Paul Arons declare as follows:

　　　　1.  I am an attorney of record for plaintiffs herein and I make this declaration in support of plaintiffs' motion for class certification.

　　　　2.  I am attaching to this declaration as Exhibit 1, a copy of Defendant's Response to Plaintiffs' Interrogatories, Interrogatory No. 14.

　　　　3.  I am attaching to this declaration as Exhibit 2, a copy of the excerpts from the deposition of William B. Johnson, who appeared as a representative of Safeway, Inc., in response to a deposition subpoena in *Imperial Recovery Services, Inc. v. Hunt*,

DECL. OF PAUL ARONS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION: Page  1

Case No. 05-33473 DM, U.S. Bankruptcy Court, Northern District of California. Defendant herein, Imperial Recovery Services, Inc. was represented at that deposition.

      I declare, under penalty of perjury, that the foregoing is true and correct, that if called as a witness I could competently testify thereto, and that this declaration is executed in Friday Harbor, Washington on September 19, 2006.

                              s/ Paul Arons
                              PAUL ARONS

PAronsMSJDECCheckRecovery091906

```
LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
(STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA.
92258
TELEPHONE:      (760) 323-4901
Fax:            (760) 288-4080

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California
corporation, doing business as
CHECK RECOVERY SYSTEMS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> -vs- <br><br> CHECK RECOVERY SYSTEMS, INC., et. al., <br><br> Defendants. | Case No. C 05 4993 MJJ <br><br> DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET ONE |

PROPOUNDING PARTY: BRANDY HUNT

RESPONDING PARTY: IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS

SET NO.: ONE

**PRELIMINARY STATEMENT**

Investigation and discovery by the defendant herein is continuing in nature. As discovery proceeds, witness, facts, and evidence may be discovered which are not set forth herein, but which may have been responsive to an interrogatory. Facts and

1

**EXHIBIT 1**

evidence not known may be imperfectly understood or the relevance or consequences of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

The defendant reserves all rights to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all such witnesses, facts and evidence not withstanding the evidence or reference to such witnesses, facts and evidence in these responses. In addition, this defendant assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts, and evidence discovered following the filing of these responses. Finally, because some of these responses may have been ascertained by defendant's attorneys and investigators, defendant may not have personal knowledge of the information from which these responses are derived.

The signature of the attorney assisting with these responses has been included pursuant to *California Code of Civil Procedure Section 2030.250(c)*. The attorney's signature is intended only in regard to objections that have been raised in these responses. The attorney's signature in no way constitutes a waiver of any attorney-client privilege or attorney work product doctrine that may be asserted during subsequent discovery concerning the identity of the sources of the information contained in these responses.

**RESPONSES TO WRITTEN INTERROGATORIES, SET ONE**

1. State the name, address, title, and description of each owner, officer, director, and/or partner of Check Recovery, and

**EXHIBIT 1**

| MONTH | TOTAL INTEREST PAID |
|---|---|
| February, 2005 | $8,318.11 |
| March, 2005 | $7,550.88 |
| April, 2005 | $6,991.25 |
| May, 2005 | $5,559.94 |
| June, 2005 | $5,797.94 |
| July, 2005 | $4,727.73 |
| August, 2005 | $6,468.51 |
| September, 2005 | $7,008.04 |
| October, 2005 | $3,804.91 |
| November, 2005 | $4,335.45 |
| December, 2005 | $6,286.89 |
| January, 2006 | $3,184.40 |
| February, 2006 | $4,268.89 |
| March, 2006 | $4,496.62 |
| April, 2006 | $3,357.84 |
| May, 2006 | $2,462.02 |
| TOTAL | $102,617.71 |

13. Since December 5, 2004, with how many different merchants in California has Check Recovery had agreements pursuant to which the merchant refers dishonored checks for collection.

Eight merchants have assigned accounts to defendant that are owed by obligors residing in the State of California for goods, wares, and merchandise that are evidenced by a check that was dishonored by the obligor's bank.

14. Fully explain Check Recovery's procedures for collecting dishonored checks, including in your explanation, how

**EXHIBIT 1**

1  Check Recovery receives dishonored checks and check information,
2  what charges Check Recovery seeks above the face amount of the
3  dishonored check, and how such charges are calculated.
4       OBJECTION. This production request does not call for any
5  relevant or admissible evidence, and this production request is
6  not likely to lead to the discovery of any relevant or
7  admissible evidence because there is no dispute regarding the
8  actions of Defendant, and the only question is whether or not
9  Defendant was entitled to charge interest to the Plaintiff.
10 Defendant concedes that its assignor levied a charge for the
11 amount of the returned check plus $25.00 for the first returned
12 check and $35.00 for the second returned check as provided by
13 *California Civil Code Section* 1719. Defendant concedes that it
14 adds a charge of interest to each check. Therefore, defendants
15 procedures for collecting dishonored checks, including how
16 Defendant receives dishonored checks and check information, what
17 charges Defendant seeks above the face amount of the dishonored
18 check, and how such charges are calculated would not be relevant
19 or admissible evidence, or likely to lead to any relevant or
20 admissible evidence, because defendant concedes the information
21 that would be established by those documents, and the
22 information requested would have no bearing in determining
23 whether or not Defendants charge of interest constitutes a
24 violation of the Fair Debt Collection Practices Act. In
25 addition, this discovery request is excessively burdensome upon
26 Defendant, and calls for matters that are protected by the right
27 of privacy and calls for information that is a trade secret.
28      The Complaint now on file in this action is based on one

**EXHIBIT 1**

1  written notice that Defendant admits it sent to Plaintiff. Pack
2  'N Save assigned an account to Defendant for goods, wares, and
3  merchandise owed in by Plaintiff for, wares, and merchandise.
4  The account was evidenced by a check issued by Plaintiff that
5  was returned by Plaintiff's Bank marked "N.S.F.". Since this was
6  the second N.S.F. check that Plaintiff had issued to Pack 'N
7  Save, Pack 'N Save added a $35.00 returned check charge to
8  reimburse Pack 'N Save for the charges levied upon it by their
9  bank for depositing Plaintiff's N.S.F. check as permitted by
10 *California Civil Code Section* 1719. Defendant then sent
11 Plaintiff a notice demanding the amount of the check, the $35.00
12 charge levied by Defendants Assignor which is permitted by
13 *California Civil Code Section* 1719, and interest.
14     Plaintiff contends that the failure of *California Civil*
15 *Code Section* 1719 to specifically permit interest to be charged
16 on a check returned N.S.F. operates to preclude a levy of
17 interest. Defendant disagrees with this argument and believes
18 interest is allowed.
19     Plaintiff received two written notices from Defendant, and
20 no other communications whatsoever. There were no phone calls
21 made to Plaintiff by Defendant or received from Plaintiff by
22 Defendant. One of the notices was issued more than one year
23 before the Complaint was filed, and is barred by the Statute of
24 Limitations. The other notice was issued one day before the
25 Statute of Limitations expired.
26     In support of her argument, Plaintiff cites *Palmer v.*
27 *Stassinos*, (2004)  48 F. Supp 2d 1070, a trial court decision
28 issued by Judge White of the Northern District of California.

39

**EXHIBIT 1**

1 | This opinion held that the failure of *California Civil Code*
2 | *Section* 1719 to specifically permit interest on an N.S.F. check
3 | means that no interest can be charged on a check that is
4 | returned N.S.F.
5 | Defendant contents the failure of *California Civil Code*
6 | *Section* 1719 to either specifically provide or prohibit interest
7 | requires that all of the California statutes concerning both
8 | interest and returned checks to be read together to reach a
9 | blended result, using the methodology followed by Magistrate
10 | Judge Chen of the Northern District of California in the case of
11 | *Ruby Joseph vs. J. J. Mac Intyre Co.,* (2002), 238 F. Supp 2d
12 | 1158. The application of this method of analysis results in a
13 | determination that interest is permitted to be charged on an
14 | N.S.F. check.
15 | There are no facts in issue. Plaintiff alleges that
16 | Defendant sent the notice attached to the complaint charging
17 | interest and a $35.00 returned check fee, and Defendant admits
18 | that it sent this notice. The only issue is whether or not
19 | Defendant is entitled to charge interest on an N.S.F. check when
20 | a $35.00 return check fee has been imposed. Defendant has
21 | provided Plaintiff with its insurance policy in effect to cover
22 | any damages in the event Plaintiff were to prevail in this
23 | action. There are no other facts in dispute.
24 | The information sought by this Request for Production will
25 | not produce any evidence that will help to determine whether
26 | interest and a $35.00 returned check fee can be charged on a
27 | check returned N.S.F., and the information sought by this
28 | Request for Production will not lead to the discovery of any

**EXHIBIT 1**

1. evidence that will help determine whether interest and a $35.00
2. return check fee can be charged on a check returned N.S.F.
3.     In addition, this discovery request is excessively
4. burdensome upon Defendant; calls for information that is
5. protected by the right of privacy and calls for information that
6. is protected as a trade secret.
7.     Without waiving the foregoing objection, prior to
8. assignment, the merchant adds any charges that are made under
9. *California Civil Code Section* 1719 to the face amount of the
10. check, and Defendant attempts to collect the face amount of the
11. check along with any *California Civil Code Section* 1719 imposed
12. by the merchant. In addition, Defendant adds interest on the
13. check balance.
14.     **15. Identify all records that Check Recovery maintains of**
15. **its efforts to collect dishonored checks, such as records**
16. **identifying check writers, check dates and amounts, amounts that**
17. **Check Recovery has tried to collect, and, amounts paid by check**
18. **writers.**
19.     OBJECTION. This production request does not call for any
20. relevant or admissible evidence, and this production request is
21. not likely to lead to the discovery of any relevant or
22. admissible evidence because there is no dispute regarding the
23. actions of Defendant, and the only question is whether or not
24. Defendant was entitled to charge interest to the Plaintiff.
25. Defendant concedes that its assignor levied a charge for the
26. amount of the returned check plus $25.00 for the first returned
27. check and $35.00 for the second returned check as provided by
28. *California Civil Code Section* 1719. Defendant concedes that it

41

**EXHIBIT 1**

1 | protected by the right of privacy and calls for information that
2 | is protected as a trade secret.

5 | Dated: May 29, 2005

7 | LAW OFFICES OF CLARK GAREN

8 | BY



9 | _____
CLARK GAREN,
10 | ATTORNEY FOR PLAINTIFF
P. O. BOX 1790,
11 | PALM SPRINGS, CALIFORNIA 92263
TELEPHONE:      (760) 323-4901
12 | FAX:           (760) 288-4080

**EXHIBIT 1**

1                           VERIFICATION BY PARTY

2  STATE OF CALIFORNIA          )
                                ) S.S.
3  COUNTY OF RIVERSIDE          )

4        I am an officer, to wit: Executive Vice-President of the
   Defendant Corporation; and I am authorized to make this
5  verification on behalf of said corporation and make this
   verification for that reason; I have read the foregoing
6  DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES TO
   DEFENDANT, SET ONE and know the contents thereof; that the same
7  are true of my own knowledge except as to those matters which
   are therein stated on information or belief, and as to those
8  matters I believe it to be true.

9        I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
   STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.
10
         EXECUTED ON MAY 29, 2006 AT PALM SPRINGS, CALIFORNIA
11

12

13                              _____
                                TODD SHIELDS, DECLARANT
14

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:  BRANDY G. HUNT            )
                                  )
        Debtor,                   )
                                  )
IMPERIAL MERCHANT SERVICES, INC., )
                                  )
        Plaintiff,                )
                                  )
vs.                               )  No. 05-33473 DM
                                  )
BRANDY G. HUNT,                   )
                                  )
        Defendant.                )
                                  )

DEPOSITION OF WILLIAM B. JOHNSON

Phoenix, Arizona

July 17, 2006

Prepared by:

Meri Coash, RMR, CRR

Certified Reporter

(Original)                Certification No. 50327

**EXHIBIT 2**

```
 1                   identification.)
 2  BY MR. ARONS:
 3      Q.   Exhibit 1 is a three-page document entitled
 4  "Subpoena in an Adversary Proceeding."  Have you ever seen
 5  this before?
 6              MR. DAHLBERG:  It's actually four pages,
 7  but --
 8              MR. ARONS:  Okay.
 9              THE WITNESS:  Yes.
10  BY MR. ARONS:
11      Q.   And do you understand that in part of this
12  document Safeway is asked to produce certain documents
13  that are described in Attachment B?
14      A.   Yes.
15      Q.   Did you participate in attempting to locate any
16  of the documents described in Attachment B?
17      A.   Yes.
18      Q.   As far as you know, since 1999, have there ever
19  been any written agreements between Check Recovery Systems
20  and Safeway concerning collecting returned checks?
21      A.   Not that I'm aware of.
22      Q.   Does Safeway --
23      A.   Excuse me.  I might have misspoke.  I mean, when
24  you say "written agreements," can you define "written
25  agreements"?
```

Timestamps: 09:30:02, 09:30:30, 09:30:50, 09:31:16, 09:31:42

**EXHIBIT 2**

```
 1    Q.   An agreement that sets out all the terms signed
 2 by both parties.
 3    A.   The only thing --
 4    Q.   There's a 1999 letter you've seen, isn't there?
 5    A.   Sure.  That term sheet.  That's -- that's the
 6 only thing that I'm aware of, so that's -- I wanted to get
 7 that clarified.
 8              MR. DAHLBERG:  For the record, when you say
 9 "term sheet," are you referring to a June 25, 1999,
10 letter?
11              THE WITNESS:  Yes.
12              MR. ARONS:  We might as well mark it.
13              (Deposition Exhibit 2 was marked for
14              identification.)
15 BY MR. ARONS:
16    Q.   Is the term sheet you just referred to the
17 document -- the one-page document that's been marked as
18 Exhibit 2, dated June 25, 1999?
19    A.   Yes.
20    Q.   Is Tony Silva still employed by Safeway?
21    A.   Yes.
22    Q.   What's Tony Silva's job now?
23    A.   He's in the marketing department.  I really don't
24 know specifically what his duties are.
25    Q.   Do you know where his office is?
```

Timestamps: 09:31:52 (line 5), 09:32:04 (line 10), 09:32:30 (line 15), 09:32:38 (line 20), 09:32:58 (line 25)

**EXHIBIT 2**

```
 1  STATE OF ARIZONA    )
 2  COUNTY OF MARICOPA  )
 3              BE IT KNOWN the foregoing deposition was
 4  taken by me pursuant to stipulation of counsel; that I was
 5  then and there a Certified Reporter of the State of
 6  Arizona, and by virtue thereof authorized to administer an
 7  oath; that the witness before testifying was duly sworn by
 8  me to testify to the whole truth; deposition review and
 9  signature was not requested; that the questions propounded
10  by counsel and the answers of the witness thereto were
11  taken down by me in shorthand and thereafter transcribed
12  into typewriting under my direction; that the foregoing
13  pages are a full, true, and accurate transcript of all
14  proceedings and testimony had and adduced upon the taking
15  of said deposition, all to the best of my skill and
16  ability.
17              I FURTHER CERTIFY that I am in no way
18  related to nor employed by any parties hereto nor am I in
19  any way interested in the outcome hereof.
20              DATED at Phoenix, Arizona, this      day of
21                , 2006.
22
23                   Meri Coash
24                   Certified Reporter #50327
25
```

**EXHIBIT 2**