Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel: (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

(Additional plaintiffs' counsel on last page)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>Date: October 24, 2006<br>Time: 9:00 a.m.<br>Courtroom 11 |

## I. INTRODUCTION

Defendant's opposition to class certification is based, in large part, on the faulty premise that to have standing in a class action filed to enforce the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* [FDCPA], the class representative must be entitled to recover actual damages, not just statutory damages. The leading case rejecting this argument is *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998), which has been followed in numerous district court cases in the Ninth Circuit and throughout the country. Defendant also argues, contrary to the express language of the 15 U.S.C. § 1692k, that class members may not recover actual damages in an FDCPA class action. Defendant makes a number of other fanciful arguments, none of which undermine the fact that this case concerns whether a debt collector's standardized demands for interest, made both to the named plaintiffs, and to tens of thousands of putative class members, are unlawful. As such, this lawsuit is ideally suited for class treatment. Plaintiffs' motion to certify a class should be granted.

## II. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A. Plaintiffs' Have Standing to Assert and FDCPA Claim and Represent a Class

Ignoring settled FDCPA jurisprudence, defendant argues that because defendant is not currently threatening to attempt to collect interest from either plaintiff, they do not have standing to assert an FDCPA claim on behalf of a class. Defendant bases this argument on *Sadoski v. Mosley*, 435 F.3d 1076 (9th Cir. 2006) challenging the re-sentencing of a convicted felon. *Sadoski* primarily concerns judicial immunity and does not have any obvious relationship to the issues in this motion. The fact that an ex-prisoner who does not have a valid individual claim cannot represent a class is not surprising. It also has nothing to do with the present motion, because both Castillo and Hunt have viable FDCPA claims, whether they paid the unlawful charges, or not.

A debt collector who violates the FDCPA is liable for statutory damages, even in the absence of actual damages. 15 U.S.C. § 1692k(a).

In enacting the FDCPA, Congress recognized that:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

The purpose of the FDCPA is to control abusive debt collection, not merely to compensate aggrieved consumers. Congress clearly intended that private enforcement actions would be the primary enforcement tool of the Act. *Baker v. G.C. Services, Corp.*, 677 F.2d 775, 780-781 (9th Cir. 1982). In providing for statutory as well as actual damages, Congress intended to confer standing on consumers to pursue FDCPA violations, even where the consumer had not suffered any monetary, physical or emotional injury. For instance, 15 U.S.C. § 1692(e) prohibits "any false, deceptive, or misleading representation" in connection with the collection of any debt. A debt collector who makes a false representation violates the FDCPA, even if the false representation is unavailing. *Baker v. G.C. Services, Corp. supra*, 677 F.2d at 780.

Castillo and Hunt have both alleged that defendant violated the FDCPA by demanding unlawful interest charges. If they prevail, they will be entitled to an award of statutory damages. Whether they paid interest, or are currently being threatened with demands for interest, is irrelevant to their standing to bring this lawsuit and to represent a class.

**B.  The Class is Entitled to Actual Damages**

Defendant argues that even if a class is certified and the plaintiffs prevail, class members will not be able to recover the unlawful interest charges they paid. According to defendant, the FDCPA does not provide for actual damages to class members. Opp. Memo., p. 8:2-6. Defendant is simply wrong.

Title 15 U.S.C. § 1692k provides, in pertinent part:

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any

     person is liable to such person in an amount equal to the sum of--

     (1)    any actual damage sustained by such person as a result of such failure;

     (2)(A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

     (B)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

     \*            \*            \*

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

     (1)    in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

     (2)    in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

     Thus, pursuant to Title 15 U.S.C. § 1692k(a)(1), a debt collector who violates the FDCPA is liable for all actual damages. The only distinction between damages for an individual and for a class member relates to statutory damages. Pursuant to 15 U.S.C. § 1692k(a)(2), in addition to actual damages, the debt collector is also liable for "additional damages", commonly known as "statutory damages." Pursuant to 15 U.S.C. § 1692k(b), these additional damages are based on the egregiousness of the debt collector's violation. In a class action, the named plaintiffs may receive up to $1,000.00 in statutory damages, and class members share an amount based on the debt collector's net worth.

     Class actions seeking actual damages for class members are frequently certified. *See, e.g., Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 2001); *Irwin v. Mascott,*

96 F. Supp. 2d 968, 978 (N.D. Cal. 1999); *Ballard v. Equifax Check Servs.,* 186 F.R.D. 589, 601 (E.D. Cal. 2000). Plaintiffs have not been able to find an FDCPA case in which a debt collector challenged the heretofore undisputed right of class members to recover actual damages.

### C. Plaintiffs Meet the Typicality Requirement of Rule 23(a)(2)

In its response to plaintiff Hunt's Request for Admissions, defendant admitted that the plaintiff's claims were typical.[1] Contradicting this admission, defendant now argues that plaintiffs' are only typical of class members who did not incur actual damages and then discharged their debt in bankruptcy. Not surprisingly, defendant cites only one case in support of its argument, and it misapprehends the import of even that one case.

The typicality requirement is met when the claims of the class representatives are typical of those of the class, and it is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). The claims and defenses of a named plaintiff are "typical" within the meaning of Rule 23(a)(3) if they stem from the same event, practice, or course of conduct that forms the basis of the claims of the class and are based upon the same legal or remedial theory. J*ordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir. 1982), *vacated on other grounds,* 459 U.S. 810, 74 L. Ed. 2d 48, 103 S. Ct. 35 (1982).

In the present case, Castillo's and Hunt's claims, and the claims of the class, arise from defendant's common practice of demanding interest on returned checks. Defendant's liability will be determined based on the lawfulness of this demand. Whether the plaintiffs, or some class members, subsequently sought bankruptcy protection is irrelevant to this determination. Similarly, plaintiffs' claims are typical whether they paid

---

1. Exhibit 2 to Declaration of Paul Arons in Support of Plaintiffs' Motion for Class Certification, filed 9/19/2006.

the interest charges or not.  The FDCPA focuses on the conduct of the debt collector, not the conduct of the debtor.  "[The FDCPA] is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not."  Therefore, a plaintiff who has not paid allegedly unlawful charges may represent both those who paid, and those who did not.  *Keele v. Wexler*, *supra*, 149 F.3d at 593-594; *Irwin v. Mascott*, *supra*, 96 F. Supp. 2d at 977.[2]

### D. Plaintiffs Satisfy the Criteria of Rule 23(b)(3) Because Superior to Other Available Methods to Resolve This Controversy

Defendant argues against Rule 23(b)(3) superiority because:

1. The Ninth Circuit may ultimately agree with plaintiffs, in which case every class member could bring an individual action and recover $1,000.00 in statutory damages.  Class members could even file an action under Bus. & Prof. Code §§ 17200, *et seq.*

2. If a class is certified and plaintiffs prevail, class members will not be able to recover their actual damages.

3. If the Ninth Circuit ultimately agrees with plaintiffs, defendant will voluntarily refund interest to class members if a class *is not* certified, but it won't have to refund interest if a class *is* certified.

The first argument, that putative class members would be better of filing individual actions, is based on the false premise that they are aware of their rights, and have the incentive, time and resources to locate knowledgeable counsel willing to represent them.  As noted by the *Ballard* court when it held that a class action was the superior means by which to decide whether the demands in defendant's collection letters violated the FDCPA:

---

2.  Defendant quotes extensively from *Palmer v. Stassinos*, 233 F.R.D. 546 (N.D. Cal. 2006), but fails to point out that this was an interim decision involving two related cases, *Palmer v. Stassinos* and *Palmer v. Far West Collection Services, Inc.* Ultimately, the court granted class certification in the *Far West* case, and denied certification in the *Stassinos* case on grounds unrelated to typicality. *Palmer v. Stassinos*, 2006 U.S. Dist. LEXIS 68977 (N.D. Cal. 9/14/2006).

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION: Page 5

> *First, individual consumers are most likely unaware of their rights under the FDCPA.* Class action certifications to enforce compliance with consumer protection laws are "desirable and should be encouraged." Second, the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually. Third, efficiency and consistency of concerns favor litigating the legality of . . .[the debt collector's] standardized conduct by all class members in one suit, rather than forcing each class member to sue individually. *Emphasis added, Citations omitted, Ballard v. Equifax Check Servs., Inc., supra,* 186 F.R.D. at 600.

The existence of other individual litigation indicates that some of the interested parties have decided that individual actions are an acceptable way to proceed, and even may consider them preferable to a class action. *Zinser v. Accufix Research Inst., Inc., supra,* 253 F.3d 1180, 1191 (9th Cir. 2001). On the other hand, the fact that there are no related individual actions weighs in favor of class certification because there appears to be no risk of multiple adjudications and no indication that absent class members would prefer individual actions. *Winkler v. Dte, Inc.*, 205 F.R.D. 235, 245 (D.Az. 2001).

Defendant is well aware that it is unlikely that it will have to face individual lawsuits from the more than 40,000 putative class members from whom it sought interest. In fact, with the exception of these consolidated lawsuits, there is no evidence that this defendant has ever been sued for collecting unlawful interest. Likewise, it is highly improbable that interested putative class members are observing the litigation, ready to file their own lawsuits once Hunt and Castillo obtain a favorable appellate court ruling two or three years from now.

Defendant's other arguments against Rule 23(b)(3) class certification are grounded in the erroneous contention that class members may not recover actual damages. Plaintiffs have already discussed this flawed premise. If a class is certified and plaintiffs prevail on the merits, class members will be entitled to an award of actual

damages, as determined by the Court. They will not have to depend on defendant's decision to voluntarily refund unlawful fees.

### E. Plaintiffs Satisfy the Criteria of Rule 23(b)(2) Because Declaratory Relief is Available and Actual Damages Flow from Declaratory Relief

Defendant opposes declaratory relief, arguing that declaratory relief is equitable relief, and the FDCPA does not provide for equitable relief. Federal courts are empowered to grant declaratory relief, pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201. As noted in plaintiffs' initial memorandum, courts have certified FDCPA actions involving declaratory relief pursuant to Rule 23(b)(2), even where the plaintiffs seek monetary damages. *Borcherding-Dittloff v. Transworld Systems, Inc.* 185 F.R.D. 558, 565-566 (W.D.Wis. 1999), *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 319-322 (N.D. IL 1995), *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 669 (M.D.FL 1999). *See also, Ballard v. Equifax Check Servs.*, 27 F. Supp. 2d 1201, 1207 (E.D. Cal. 1998). Other than lifting a page-long quote from one case, defendant does not distinguish the cases cited by plaintiffs, or explain why declaratory relief is not available in this action.

## III. CONCLUSION

Plaintiffs are seeking certification of a class of check writers. Defendant sent letters to the putative class, that included the same demand for prejudgment interest that was included in the letters defendant sent plaintiffs. Defendant does not dispute numerosity or commonality. Defendant's typicality argument ignores the salient fact that plaintiffs were sent the same demand for allegedly unlawful interest that defendant sent to the rest of the class. Defendants cannot make a credible argument that the plaintiffs don't have standing. Its argument that FDCPA class members are not entitled to actual damages is frivolous.

WHEREFORE, plaintiffs Brandy Hunt and Brian Castillo respectfully request that the Court grant their motion for class certification.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION: Page 7

Respectfully submitted,

Dated: October 10, 2006                    LAW OFFICE OF PAUL ARONS

                                           By s/Paul Arons
                                              Paul Arons
                                              Attorneys for Plaintiffs
                                              BRANDY HUNT and BRIAN CASTILLO

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822