```
 1  LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
 2  P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
 3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:     (760) 323-4901
 4  Fax:           (760) 288-4080

 5  ATTORNEYS FOR PLAINTIFFS
    IMPERIAL MERCHANT SERVICES, a California
 6  corporation, doing business as
    CHECK RECOVERY SYSTEMS
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>-vs-<br><br>CHECK RECOVERY SYSTEMS, INC., et. al.,<br><br>        Defendants. | Case No. C 05 4993 MJJ<br><br>DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:<br>Time:<br>Place: Courtroom 11 |

TO PLAINTIFF BRANDY HUNT, on behalf of herself and others similarly situated, and to IRVING L. BERG; THE BERG LAW GROUP; O. RANDOLPH BRAGG; HORWITZ, HORWITZ & ASSOCIATES; PAUL ARONS; and THE LAW OFFICES OF PAUL ARONS, her attorneys of record and to BRIAN C CASTILLO, on behalf of himself and others similarly

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

1

situated and to RONALD WILCOX; O. RANDOLPH BRAGG; AND HORWITZ, HORWITZ & ASSOCIATES, his attorneys of record:

 PLEASE TAKE NOTICE THAT on _____, 2006 at _____ P.M. in Courtroom 11, Defendant Check Recovery Services moves this Court to reconsider Defendants motion for an order to Stay these Proceedings. This motion for re-consideration is based on the following change in circumstances since this issue was last presented to this Court:

 (1) On October 31, 2006, the Honorable Dennis Montali, Bankruptcy Court Judge, entered a final judgment in Case Number 05-3499 DM denying discharge to Plaintiff HUNT and disallowing both the *Civil Code Section* 1719 charge **and** pre-judgment interest to Defendant CHECK RECOVERY SERVICES. Defendant CHECK RECOVERY SERVICES filed a timely Notice of Appeal on November 1, 2006. (Copies of the Judgment and Notice of Appeal are included with Defendants Request for Judicial Notice #4.)

 (2) The parties in this case and the case before Judge Montali are the same. The primary issue in **both** this case and the case before Judge Montali is whether or not the victim of a dishonored check writer may impose

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

2

1            both interest and the returned check charges under
2            *California Civil Code Section* 1719. There is no binding
3            precedent on this issue.

5            (3) Judge Montali has entered a judgment resolving the
6            interest question in favor of Plaintiff HUNT that has
7            been timely appealed by Defendant CHECK RECOVERY
8            SERVICES to the Bankruptcy Appellate Panel of the 9th
9            Circuit Court of Appeal.

11           (4) The appeal now before the Bankruptcy Appellate
12           Panel of the 9th Circuit Court of Appeal will create
13           binding precedent resolving the principal issue in this
14           case, which is whether Defendant CHECK RECOVERY
15           SERVICES can impose both the *California Civil Code*
16           *Section* 1719 charge and pre-judgment interest.

18           (5) Further proceedings in the F.D.C.P.A. case now
19           before this Court will merely duplicate the proceedings
20           now before the Bankruptcy Appellate Panel of the 9th
21           Circuit Court of Appeal and possibly result in
22           inconsistent results.

___

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY
PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM
JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case
Number C 05 4993 MJJ

     (6) Counsel for Plaintiff HUNT has now agreed that the bankruptcy case is related to this F.D.C.P.A. case (See Exhibit 2). Counsel for Plaintiff HUNT has further indicated he intends to request that the pending Bankruptcy Appeal be transferred to the District Court and then referred to this Court as a related case.

     (7) Since Plaintiff HUNT would be asking this court to function as an appellate court in the bankruptcy case, it would be inappropriate for this Court to issue any ruling on the interest issue of the F.D.C.P.A. case prior to adjudicating the Bankruptcy Appeal.

     (8) The most efficient method to obtain appellate review of the interest issue is through an appeal of the bankruptcy judgment. If the appeal of the bankruptcy judgment is transferred by Plaintiff HUNT to this pending FDCPA case, the judgment entered on that appeal will be a final resolution that will be **immediately** appealable to the 9th Circuit Court of Appeals, and will not require the consent of the 9th circuit to accept the appeal. Furthermore, it will promote judicial economy by saving the 9th circuit; this Court, and the parties from the expenses of

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

1      litigating the numerous other issues that might be
2      rendered moot by an appellate decision in favor of
3      Defendant COLLECTION RECOVERY SERVICES on the interest
4      issue.

5  Defendant CHECK RECOVERY SERVICES advised Plaintiff of this
6  request in writing, a copy of which is attached to the
7  Declaration of CLARK GAREN submitted herewith, marked Exhibit 1,
8  and incorporated herein by reference.

9      Plaintiff replied notifying Defendant that it opposed any
10 order shortening time, a copy of which is attached to the
11 Declaration of CLARK GAREN submitted herewith, marked Exhibit 2,
12 and incorporated herein by reference. A copy of Defendants
13 response to this letter is attached to the Declaration of CLARK
14 GAREN submitted herewith, marked Exhibit 3, and incorporated
15 herein by reference.

16     There have been no other previous time modifications
17 relating to this request. Granting this request will not have any
18 effect on scheduled proceedings.

19     Dated: November 13, 2006

21                          LAW OFFICES OF CLARK GAREN
22                          BY
23                          _____
                            CLARK GAREN,
                            ATTORNEY FOR DEFENDANT

_____
DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY
PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM
JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case
Number C 05 4993 MJJ

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**
**INTRODUCTION**

The primary issue in this case and the case pending in the United States Bankruptcy Court is whether the victim of a dishonored check writer may **both** impose the service charge permitted by *California Civil Code Section* 1719 **and** pre-judgment interest. Defendant CHECK RECOVERY SERVICES has been diligently seeking a final judgment in both forums.

On October 31, 2006, the Bankruptcy Court entered a final judgment that the debt of Plaintiff BRANDY HUNT was obtained by fraud, and entered a fraud judgment against Plaintiff BRANDY HUNT for fraud (Judicial Notice #4). The Bankruptcy Court allowed Defendant CHECK RECOVERY SERVICES the *Civil Code* 1719 service charge but denied defendant CHECK RECOVERY SERVICES pre-judgment interest (Judicial Notice #4). On November 2, 2006, Defendant CHECK RECOVERY SERVICES filed a Notice of Appeal of the portion of the final judgment of the Bankruptcy Court denying pre-judgment interest. (Judicial Notice #4)

The primary issue in the FDCPA case now before this Court and the Bankruptcy Appeal is the same, i.e. whether Defendant CHECK RECOVERY SERVICES may impose **both** the *California Civil Code Section* 1719 service charge **and** pre-judgment interest. Since this matter is now on appeal in a litigation involving the same parties, this Court should now stay all proceedings in the FDCPA

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

6

action pending a resolution of the appeal of the Bankruptcy Court Judgment.

Continuing to proceed in this FDCPA action will only result in two judgments being appealed to the Ninth Circuit for identical reasons, and will require unnecessary duplication of efforts by the Court and all parties.

The Bankruptcy Appeal involves **only** the issue of interest. It does not raise the issue of standing to represent the class or the availability of disgorgement of profits in an FDCPA action, each of which is a major issue in the pending FDCPA case. If the Ninth Circuit resolves the interest issue in favor of Defendant CHECK RECOVERY SERVICES, these other issues will be rendered moot and never addressed by any Court. However, if the Ninth Circuit rules in favor of Plaintiff HUNT, the parties would likely be in a position to negotiate a settlement because these other issues, while legally intricate and interesting, do not have the same broad application that the interest issue does.

## II
## CHANGE IN CIRCUMSTANCES SINCE LAST MOTION

This Court denied the original stay motion filed by Defendant CHECK RECOVERY SERVICES. At the time this motion was heard, Plaintiff stated that the cases were not related. More importantly, the Bankruptcy Court would only reach the interest issue if it found that the debt was not dischargeable. Plaintiff told this Court that she had not engaged in any fraud and that

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

1  the proceedings in the Bankruptcy Court were frivolous.
2  These facts have now **changed!**
3     (1) The Bankruptcy Court, after being presented with proof
4  that the check that is the subject of this case was one of 47
5  consecutive returned checks that Plaintiff HUNT wrote over 2 and
6  one-half months, found that the debt of Plaintiff HUNT was
7  obtained by fraud and entered a fraud judgment denying discharge
8  of the debt Plaintiff HUNT owed to Defendant CHECK RECOVERY
9  SERVICES. (Request for Judicial Notice #4).
10     (2) The Bankruptcy Court then considered whether Defendant
11 CHECK RECOVERY SERVICES could impose the *California Civil Code*
12 *Section* 1719 service charge **and** pre-judgment interest, and
13 decided in favor of Plaintiff HUNT. (Request for Judicial Notice
14 #4). Defendant CHECK RECOVERY SERVICES timely appealed. (Request
15 for Judicial Notice #4).
16     (3) Plaintiff HUNT now concedes the Bankruptcy Appeal and
17 this FDCPA case **are *related!*** (Declaration of Clark Garen, Exhibit
18 2). Furthermore, Plaintiff HUNT is now planning to request a
19 transfer of the appeal from the Bankruptcy Appellate Panel of the
20 Ninth Circuit Court of Appeals to District Court, and then to
21 file a Notice of Related Case to have the appeal transferred to
22 this Court! (Declaration of Clark Garen, Exhibit 2).
23     (4) If this Court rules in favor of Defendant CHECK RECOVERY
24 SERVICES, Plaintiff HUNT will allow the appeal of the bankruptcy

_____
DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY
PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM
JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case
Number C 05 4993 MJJ

8

judgment to be heard by the Bankruptcy Appeals Panel of the Ninth Circuit Court of Appeals. If this Court rules in favor of Plaintiff HUNT, Plaintiff HUNT will require that the bankruptcy appeal be transferred to the District Court and then assigned to this Court claiming the bankruptcy appeal is a related matter. This type of judge shopping is contrary to every principle of justice, and defeats the entire statutory and judicial procedure for processing bankruptcy appeals.

(4) The fastest and most efficient way to obtain a written appellate decision constituting binding precedent is for this Court to stay this proceeding to permit Plaintiff HUNT to transfer the Bankruptcy Appeal to this Court. This Court should then enter a final judgment on the bankruptcy appeal **only** and stay all proceedings on the FDCPA action. The judgment entered by this Court in the Bankruptcy Appeal will be a final judgment that can be appealed directly to the Ninth Circuit Court of Appeals so that binding precedent can be established on the interest issue. This procedure will provide the fastest method for adjudication of the interest issue at the lowest possible cost to the parties and the judiciary.

This change in circumstances justifies reconsideration of Defendants Motion for a Stay of this FDCPA action pending resolution of the interest issue by the appeal from the Bankruptcy Court Judgment.

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

## III
## THIS COURT HAS AUTHORITY TO GRANT DEFENDANTS MOTION AND STAY THIS PROCEEDING.

A trial court has inherent authority to control its own docket and calendar. The Ninth Circuit has stated:

> "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the Court."
>
> *Leyva vs. Certified Grocers of California, Ltd.*, 593 F. 3d 857, 863-864, (9th Circuit, 1979, citing *Keroltst Mfg. Co. Vs. C-O Two Fire Equipment. Co.*, 342 U.S. 180, 73 DS. Ct. 219 (1952)

The most efficient and fairest course for litigation of this case is to obtain binding precedent on the interest issue as soon as is possible. The issuance a stay of this FDCPA action to permit precedent on the interest issue to be established by the pending appeal of the Bankruptcy Court judgment will result in the earliest possible resolution of the interest issue at the appellate level. Whether Plaintiff HUNT elects to transfer the appeal to this Court or have it heard by the Bankruptcy Appeals Panel of the Ninth Circuit, the Bankruptcy case is the most expedient method to obtain the earliest possible binding precedent from an appellate Court on this issue.

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

Therefore, the stay of the FDCPA action requested by Defendant CHECK RECOVERY SYSTEMS should be granted.

Dated: November 13, 2006

                        LAW OFFICES OF CLARK GAREN

                        BY

                        _____
                        CLARK GAREN,
                        ATTORNEY FOR DEFENDANT

---

DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case Number C 05 4993 MJJ

Case 4:05-cv-04993-SBA   Document 74   Filed 11/14/2006   Page 11 of 12

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA )
COUNTY OF RIVERSIDE ) S.S.

I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881

On November 13, 2006, I served the within DEFENDANTS MOTION FOR RECONSIDERATION OF DEFENDANTS MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST; MEMORANDUM OF POINTS AND AUTHORITIES on the interested parties herein in said action by sending a copy by fax to the fax number listed below and by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925
FAX: (415) 891-8208

PAUL ARONS,
LAW OFFICES OF PAUL ARONS,
685 SPRINGS STREET,
#104,
FRIDAY HARBOR, WASHINGTON 98250
FAX: (360) 378-6498

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
SUITE 900
CHICAGO, ILLINOIS 60602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126
FAX: (408) 296-0486

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON November 13, 2006 AT PALM SPRINGS, CALIFORNIA

_____
CLARK GAREN, DECLARANT