```
1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:      (760) 323-4901
4  Fax:            (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated, | Case No. C 05 4993 MJJ |
| Plaintiff, | DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST |
| -vs- | |
| CHECK RECOVERY SYSTEMS, INC., et. al., | |
| Defendants. | Date:<br>Time:<br>Place: Courtroom 11 |

I, CLARK GAREN, state and declare:

1. I duly called as a witness and sworn to give testimony in the above-entitled matter, my testimony would be as hereinafter stated.

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR
RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM
APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT
ALLOWING INTEREST - Case No. C 05 4993 MJJ

1

1  2. All of the facts stated herein are within my own,
2 personal knowledge.
3  3. I am one of the attorneys for Defendant CHECK RECOVERY
4 SERVICES, and I make this declaration in that capacity.
5  4. On October 31, 2006, the Honorable Dennis Montali,
6 Bankruptcy Court Judge, entered a final judgment in Case Number
7 05-3499 DM denying discharge to Plaintiff HUNT and disallowing
8 both the *Civil Code Section* 1719 charge **and** pre-judgment interest
9 to Defendant CHECK RECOVERY SERVICES.
10  5. Defendant CHECK RECOVERY SERVICES filed a timely Notice
11 of Appeal on November 1, 2006. The appeal has been referred to
12 the Bankruptcy Appellate Panel of the Ninth Circuit Court of
13 Appeal. (Copies of the Judgment and Notice of Appeal are included
14 with Defendants Request for Judicial Notice #4.)
15  6. The parties in this case and the case before Judge
16 Montali now on appeal are the same. The primary issue in **both**
17 this case and the case before Judge Montali is whether or not the
18 victim of a dishonored check writer may impose both interest and
19 the returned check charges under *California Civil Code Section*
20 1719. There is no binding precedent on this issue, and this is
21 the only issue that will be resolved by the pending appeal.
22  7. This motion for re-consideration is based on the
23 following change in circumstances since this issue was last
24
25
26
27 DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case No. C 05 4993 MJJ
28

2

presented to this Court:

    (1) On October 31, 2006, the Honorable Dennis Montali, Bankruptcy Court Judge, entered a final judgment in Case Number 05-3499 DM denying discharge to Plaintiff HUNT and disallowing both the *Civil Code Section* 1719 charge **and** pre-judgment interest to Defendant CHECK RECOVERY SERVICES. Defendant CHECK RECOVERY SERVICES filed a timely Notice of Appeal on November 1, 2006.

    (2) The parties in this case and the case before Judge Montali are the same. The primary issue in **both** this case and the case before Judge Montali is whether or not the victim of a dishonored check writer may impose both interest and the returned check charges under *California Civil Code Section* 1719. There is no binding precedent on this issue.

    (3) Judge Montali has entered a judgment resolving the interest question in favor of Plaintiff HUNT that has been timely appealed by Defendant CHECK RECOVERY SERVICES to the Bankruptcy Appellate Panel of the 9th Circuit Court of Appeal.

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case No. C 05 4993 MJJ

3

1         (4) The appeal now before the Bankruptcy Appellate
2         Panel of the 9th Circuit Court of Appeal will create
3         binding precedent resolving the principal issue in this
4         case, which is whether Defendant CHECK RECOVERY
5         SERVICES can impose both the *California Civil Code*
6         *Section* 1719 charge and pre-judgment interest.

8         (5) Further proceedings in the F.D.C.P.A. case now
9         before this Court will merely duplicate the proceedings
10        now before the Bankruptcy Appellate Panel of the 9th
11        Circuit Court of Appeal and possibly result in
12        inconsistent results.

14        (6) Counsel for Plaintiff HUNT has now agreed that the
15        bankruptcy case is related to this F.D.C.P.A. case (See
16        Exhibit 2). Counsel for Plaintiff HUNT has further
17        indicated he intends to request that the pending
18        Bankruptcy Appeal be transferred to the District Court
19        and then referred to this Court as a related case.

21        (7) Since Plaintiff HUNT would be asking this court to
22        function as an appellate court in the bankruptcy case,
23        it would be inappropriate for this Court to issue any

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case No. C 05 4993 MJJ

        ruling on the interest issue of the F.D.C.P.A. case prior to adjudicating the Bankruptcy Appeal.

        (8) The most efficient method to obtain appellate review of the interest issue is through an appeal of the bankruptcy judgment. If the appeal of the bankruptcy judgment is transferred by Plaintiff HUNT to this pending FDCPA case, the judgment entered on that appeal will be a final resolution that will be **immediately** appealable to the 9th Circuit Court of Appeals, and will not require the consent of the 9th circuit to accept the appeal. Furthermore, it will promote judicial economy by saving the 9th circuit; this Court, and the parties from the expenses of litigating the numerous other issues that might be rendered moot by an appellate decision in favor of Defendant CHECK RECOVERY SERVICES on the interest issue.

    Defendant CHECK RECOVERY SERVICES advised Plaintiff of this request in writing, a copy of which is attached hereto, marked Exhibit 1, and incorporated herein by reference.

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case No. C 05 4993 MJJ

1  Plaintiff replied notifying Defendant that it opposed any
2 order shortening time, a copy of which is attached hereto, marked
3 Exhibit 2, and incorporated herein by reference. A copy of
4 Defendants response to this letter is attached hereto, marked
5 Exhibit 3, and incorporated herein by reference.
6  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
7 TRUE AND CORRECT.
8  EXECUTED ON NOVEMBER 13, 2006 AT PALM SPRINGS, CALIFORNIA

_____
CLARK GAREN, DECLARANT

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST - Case No. C 05 4993 MJJ

**EXHIBIT 1**

**LETTERHEAD OMITTED**

November 6, 2006

Mr. Paul Arons,
LAW OFFICES OF PAUL ARONS,
Via Fax: (360) 378-6498

Mr. Irving L. Berg,
The Berg Law Group,
Via Fax: (415) 891-8208

Ronald Wilcox,
Attorney at Law,
Via Fax: (408) 296-0486

Re:   BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
      United States District Court Case Number: 4993 MJJ

Dear Mr. Arons, Mr. Berg, and Mr. Wilcox:

As you know, Judge Montali granted summary judgment to my client denying discharge to your client and accepted your theory that the C.C. 1719 check fee and interest cannot **both** be imposed. As you know, I have already appealed the portion of Judge Montali's decision denying interest.

Based on the fact that the appeal of Judge Montali's decision will create binding precedent on the principal issue in this case (whether or not interest and the C.C. 1719 check fee can be imposed together), I am going to renew my motion before Judge Jenkins to stay all proceedings in this case pending appellate review of Judge Montali's decision at the summary judgment hearing now scheduled for November 21.

Obviously, I will need to make a motion for an order shortening time to have the stay motion heard concurrently with the summary judgment motion. The purpose of this letter is to inquire whether or not either of you oppose the order shortening time. As you know, I am required to include your position on the order shortening time in my ex parte motion.

Finally, I urge you to consider agreeing to stay proceedings before Judge Jenkins. It should be obvious by now that I am serious about obtaining appellate review prior to **any** settlement. If Judge Jenkins does not grant a stay, we are going to have two appeals running though the 9th circuit, which will probably eventually be consolidated to prevent conflicting opinions at the 9th circuit. The only thing that prosecuting two cases on the same issue with the same parties and the same attorneys will do is unnecessarily complicate the case and unnecessarily duplicate the workload of all counsel.

Please let me know your position on the order shortening time by the close of business tomorrow, November 7, 2006.

Thank you for your cooperation, and if you have any questions, or would like to discuss the case with me, please contact me immediately.

                    Very truly yours,

                    LAW OFFICES OF CLARK GAREN

                    BY

                    CLARK GAREN

**EXHIBIT 2**

**LETTERHEAD OMITTED**

November 6, 2006

VIA FACSIMILE & 1ST CLASS MAIL

Clark Garen
P. O. Box 1790
Palm Springs, Ca. 92263

    Re:  Imperial merchant Services, Inc v. Hunt

Dear Mr. Garen:

I received your November 6, 2006 letter. I am on my way out of town for a week, and I do not have time for a lengthy response.

Your insistence on proceding in bankruptcy court has probably doubled plaintiff's time and costs incurred in resolving this dispute. We wish you would stop.

You have filed an appeal before the Bankruptcy Appellate Panel. Although we have not yet made a final decision, in all likelihood defendant Hunt will elect to have the matter heard in the district court. Once the appeal reaches the district court, it will be appropriate to seek to have the appeal related to *Hunt v. Check Recovery*, since the identical issue between the identical parties is already being heard in that case. If the motion is granted, the appeal will be heard by the Honorable Martin J. Jenkins who, I assume, will rule the same way in both the FDCPA and the bankruptcy cases. Thus, the appeal is going to accomplish nothing other than having the same judge twice decide the same issue between the same parties. You have already forced us to incur thousands of dollars in attorneys' fees and costs defending a bankruptcy proceeding in which Imperial has predictably gained nothing. Defendant Hunt opposes any stay and any order shortening time. In opposing any motion yu file, Ms. Hunt will seek the attorney's fees and costs incurred in opposing defendant's frivolous initiative. Please attach a copy of this letter to any application for an order shortening time.

                                      Very truly yours,

                                      /S/ Paul Arons
                                      PAUL ARONS

PA:psa
cc:  Irving L. Berg
     Ronald Wilcox
     Rand Bragg

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 3**

**LETTERHEAD OMITTED**

November 13, 2006

Mr. Paul Arons,
LAW OFFICES OF PAUL ARONS,
Via Fax: (360) 378-6498

Mr. Irving L. Berg,
The Berg Law Group,
Via Fax: (415) 891-8208

Ronald Wilcox,
Attorney at Law,
Via Fax: (408) 296-0486

Re:   BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
      United States District Court Case Number: 4993 MJJ

Dear Mr. Arons, Mr. Berg, and Mr. Wilcox:

This is in reply to Mr. Arons letter to me dated November 6, 2006.

I have made it crystal clear from the beginning of this litigation that I intended to obtain appellate review of the interest issue upon which your litigation is based to obtain binding precedent.

When Bankruptcy Judge Montali indicated he was going to rule in your favor on the issue of interest, he asked you to make the same agreement I previously had that his ruling would not constitute either res judicata, collateral estoppel, or issue preclusion. You **refused!** Therefore, I was left with no choice but to appeal the decision of Bankruptcy Judge Montali. My failure to do so would allow you to successfully and, in, my opinion correctly, argue that the Final Judgment of Bankruptcy Judge Montali was a bar to any further litigation regarding the legality of charging interest in the Brandy Hunt matter, and would effectively deny me **any** appellate review of the issue. Accordingly, I had, and have, no choice but to obtain appellate review of the ruling of Bankruptcy Judge Montali to prevent it from becoming a final, binding decision on the interest issue and thereby deprive me of the ability to obtain appellate review of the issue.

Bankruptcy Judge Montali specifically disagreed with your complaint that the proceedings in Bankruptcy Court caused your client to incur unnecessary fees. Bankruptcy Judge Montali pointed out that you had the option to stipulate to liability and thereby avoid proceedings. Bankruptcy Judge Montali observed that since you failed to provide any evidence whatsoever to explain or

1  contest your clients shopping spree with 47 bad checks written
   over 3 months, there was no reason for you not to have stipulated
2  to a fraud judgment in Bankruptcy Court and thereby avoid those
   expenses.
3
   Finally, I have somewhat astounded that you now admit the
4  Bankruptcy Case and the F.D.C.P.A. case are related. I filed
   motions in both courts stating that the cases were related, and
5  you vigorously opposed each of those motions. While I agree with
   you that the cases are, in fact, related, I would like you to
6  explain why it took you so long to realize this.

7  However, if you elect to have the bankruptcy appeal transferred
   from the Bankruptcy Appellate Panel to the District Court, I have
8  no objection to having it assigned to Judge Jenkins as a related
   matter as long as he has not yet ruled on the merits. Judge
9  Jenkins would be hearing the bankruptcy appeal as an appellate
   matter. It would be inappropriate for him to entertain an appeal
10 on an issue that he previously resolved as a trial court judge in
   a related matter.
11
   If you are going attempt to have Judge Jenkins hear the appeal
12 from the bankruptcy court, it constitutes an additional reason
   for Judge Jenkins to stay the current motions until the appeal
13 arrives before him so that he can resolve all of the matters
   together. Furthermore, since his resolution of the Bankruptcy
14 appeal will be an immediately appealable order, the decision to
   consider the appeal would no longer be discretionary for the
15 Ninth Circuit.

16
   Therefore, it makes sense for Judge Jenkins to stay the
17 F.D.C.P.A. action while the Ninth Circuit resolves the issue of
   whether interest is allowed in the appeal of the bankruptcy case.
18 It will make the appeal much simpler, and, in the event you
   prevail on appeal, it will present settlement possibilities for
19 this case that do not now exist.

20 Finally, your contention that Imperial as gained nothing through
   the bankruptcy proceedings is patently incorrect. Imperial has
21 obtained a fraud judgment against your client. Your client is
   going to have to actually **pay** one of the creditors she defrauded
22 and from whom she stole merchandise. Your client is going to have
   a fraud judgment on her record that will notify everyone that she
23 was a thief, and this will affect her for the rest of her life.
   While the amount of the monetary recovery from your client may
24 exceed the costs of the recovery, consumer lawyers do not have
   exclusive ownership of the right to litigate for principle and
25 because the result is the right result. Some businesses feel that
   way too, and I happen to represent one of them.
26
   I will comply with your request by attaching a copy of your
27 letter, along with this reply, to the application for the order
   shortening time.
28

2

```
                        Very truly yours,
                        LAW OFFICES OF CLARK GAREN
                        BY
                        CLARK GAREN
```

```
1                    PROOF OF SERVICE BY MAIL
                         (1013a, 2015.5 C.C.P.)
2   STATE OF CALIFORNIA           )
    COUNTY OF RIVERSIDE           )  S.S.
3
         I am a citizen of the United States and a Resident of the
4   County Aforesaid; I am over the age of eighteen years and not a
    party to the within entitled action; my business address is:
5   1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881
         On November 13, 2006, I served the within DECLARATION OF
6   CLARK GAREN IN SUPPORT OF DEFENDANTS MOTION FOR RECONSIDERATION
    OF DEFENDANTS MOTION TO STAY PROCEEDINGS PENDING RULING FROM
7   APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT
    ALLOWING INTEREST on the interested parties herein in said action
8   by sending a copy by fax to the fax number listed below and by
    placing a true copy thereof enclosed in a sealed envelope with
9   postage thereon fully prepaid, in the United States mail at PALM
    SPRINGS, CALIFORNIA addressed as follows:
10
    IRVING L. BERG,
11  THE BERG LAW GROUP,
    433 TOWN CENTER, NO. 493,
12  CORTE MADERA, CALIFORNIA 94925
    FAX: (415) 891-8208
13
    PAUL ARONS,
14  LAW OFFICES OF PAUL ARONS,
    685 SPRINGS STREET,
15  #104,
    FRIDAY HARBOR, WASHINGTON 98250
16  FAX: (360) 378-6498

17  O. RANDOLPH BRAGG,
    HORWITZ, HORWITZ & ASSOCIATES,
18  25 EAST WASHINGTON,
    SUITE 900
19  CHICAGO, ILLINOIS 60602

20  RONALD WILCOX,
    ATTORNEY AT LAW,
21  2160 THE ALAMEDA,
    FIRST FLOOR,
22  SUITE F,
    SAN JOSE, CALIFORNIA 95126
23  FAX: (408) 296-0486

24       I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
    TRUE AND CORRECT.
25
         EXECUTED ON November 13, 2006 AT PALM SPRINGS, CALIFORNIA
26

27                                 _____
                                   CLARK GAREN, DECLARANT
28
                                    4
```