1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:     (760) 323-4901
4  Fax:           (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7

8                    UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 BRANDY HUNT, on behalf of herself  )   Case No. C 05 4993 MJJ
   and others similarly situated,     )
                                      )   DECLARATION OF CLARK
12                                    )   GAREN IN SUPPORT OF
                                      )   DEFENDANTS EX PARTE
13                                    )   MOTION FOR AN ORDER
                                      )   SHORTENING TIME FOR
14              Plaintiff,            )   HEARING OF DEFENDANTS
                                      )   MOTION FOR
15                                    )   RECONSIDERATION OF
                                      )   MOTION TO STAY
16 -vs-                              )   PROCEEDINGS PENDING
                                      )   RULING FROM APPELLATE
17 CHECK RECOVERY SYSTEMS, INC.,      )   COURT ON APPEAL FROM
   et. al.,                          )   JUDGMENT DENYING
18                                    )   DISCHARGE BUT NOT
                                      )   ALLOWING INTEREST
19                                    )
                Defendants.          )   Date:
20                                    )   Time:
                                      )   Place: Courtroom 11
21 _____)

22

23

24

25 _____
   DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
26 MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
   MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
27 RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
   DISCHARGE BUT NOT ALLOWING INTEREST
28
                                1

1    I, CLARK GAREN, state and declare:

2

3    1. I duly called as a witness and sworn to give testimony in

4    the above-entitled matter, my testimony would be as hereinafter

5    stated.

6

7    2. All of the facts stated herein are within my own,

8    personal knowledge.

9

10   3. I am one of the attorneys for Defendant CHECK RECOVERY

11   SYSTEMS, and I make this declaration in that capacity.

12

13   4. Defendant Check Recovery Services moves for an order

14   shortening time for the briefing on its Motion to reconsider its

15   previous motion before this Court to Stay these Proceedings and

16   to place this motion on calendar with the other matters now

17   scheduled for hearing on November 21, 2006 at 3:00 P.M. in

18   Courtroom 11.

19

20   5. This Motion for Reconsideration of a Stay cannot be filed

21   as a noticed motion because the Judgment in the Bankruptcy Court

22   was entered on October 31, 2006, and the appeal filed on November

23   2, 2006. These events occurred after the motions now on calendar

24   in this case for hearing on November 21, 2006 were scheduled.

25   _____

26   DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
     MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27   MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
     RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28   DISCHARGE BUT NOT ALLOWING INTEREST

1  Defendant CHECK RECOVERY SYSTEMS did not have sufficient time to
2  bring this Motion for a stay with a regular noticed motion.

3
4
5      6. On October 31, 2006, the Honorable Dennis Montali,
6  Bankruptcy Court Judge, entered a final judgment in Case Number
7  05-3499 DM denying discharge to Plaintiff HUNT and disallowing
8  both the *Civil Code Section* 1719 charge **and** pre-judgment interest
9  to Defendant CHECK RECOVERY SERVICES.

10
11     7. Defendant CHECK RECOVERY SERVICES filed a timely Notice
12  of Appeal on November 1, 2006. The appeal has been referred to
13  the Bankruptcy Appellate Panel of the Ninth Circuit Court of
14  Appeal. (Copies of the Judgment and Notice of Appeal are included
15  with Defendants Request for Judicial Notice #4.)

16
17     8. The parties in this case and the case before Judge
18  Montali now on appeal are the same. The primary issue in **both**
19  this case and the case before Judge Montali is whether or not the
20  victim of a dishonored check writer may impose both interest and
21  the returned check charges under *California Civil Code Section*
22  1719. There is no binding precedent on this issue, and this is
23  the only issue that will be resolved by the pending appeal from
24  the final judgment of the Bankruptcy Court.

25  _____
26  DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
    MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27  MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
    RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28  DISCHARGE BUT NOT ALLOWING INTEREST
                                3

1    This motion for re-consideration is based on the following

2 change in circumstances since this issue was last presented to

3 this Court:

4

5        (1) On October 31, 2006, the Honorable Dennis Montali,

6            Bankruptcy Court Judge, entered a final judgment in

7            Case Number 05-3499 DM denying discharge to Plaintiff

8            HUNT and disallowing both the *Civil Code Section* 1719

9            charge **and** pre-judgment interest to Defendant CHECK

10           RECOVERY SERVICES. Defendant CHECK RECOVERY SERVICES

11           filed a timely Notice of Appeal on November 1, 2006.

12           (Judicial Notice #4)

13

14       (2) The parties in this case and the case before Judge

15           Montali are the same. The primary issue in **both** this

16           case and the case before Judge Montali is whether or

17           not the victim of a dishonored check writer may impose

18           **both** interest **and** the returned check charges under

19           *California Civil Code Section* 1719. There is no binding

20           precedent on this issue.

21

22       (3) Judge Montali has entered a final judgment

23           resolving the interest question in favor of Plaintiff

24           HUNT. Defendant CHECK RECOVERY SERVICES has timely

25 

_____

26 DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
   MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27 MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
   RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28 DISCHARGE BUT NOT ALLOWING INTEREST

1    appealed the final judgment to the Bankruptcy Appellate

2    Panel of the 9th Circuit Court of Appeal. (Judicial

3    Notice #4)

4

5    (4) The appeal now before the Bankruptcy Appellate

6    Panel of the 9th Circuit Court of Appeal will create

7    binding precedent resolving the principal issue in this

8    case, which is whether Defendant CHECK RECOVERY

9    SERVICES can impose both the *California Civil Code*

10   *Section* 1719 charge and pre-judgment interest.

11

12   (5) Further proceedings in the F.D.C.P.A. case now

13   before this Court will merely duplicate the proceedings

14   now before the Bankruptcy Appellate Panel of the 9th

15   Circuit Court of Appeal and possibly result in

16   inconsistent results.

17

18   (6) Counsel for Plaintiff HUNT has now agreed that the

19   bankruptcy case is related to this F.D.C.P.A. case (*See*

20   Declaration of Clark Garen, Exhibit 2). Counsel for

21   Plaintiff HUNT has further indicated he intends to

22   request that the pending Bankruptcy Appeal be

23   transferred to the District Court and then referred to

24   this Court as a related case (*See* Declaration of Clark

25

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
26  MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
27  RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
DISCHARGE BUT NOT ALLOWING INTEREST
28
                                5

1    Garen, Exhibit 2).

2

3    (7) Since Plaintiff HUNT would be asking this court to

4    function as an appellate court in the bankruptcy case,

5    it would be inappropriate for this Court to issue any

6    ruling on the interest issue of the F.D.C.P.A. case

7    prior to adjudicating the Bankruptcy Appeal.

8

9    (8) The most efficient method to obtain appellate

10    review of the interest issue is through an appeal of

11    the bankruptcy judgment. If the appeal of the

12    bankruptcy judgment is transferred by Plaintiff HUNT to

13    this pending FDCPA case, the judgment entered on that

14    appeal will be a final resolution that will be

15    **immediately** appealable to the 9th Circuit Court of

16    Appeals, and will not require the consent of the 9th

17    circuit to accept the appeal. Furthermore, it will

18    promote judicial economy by saving the 9th circuit;

19    this Court, and the parties from the expenses of

20    litigating the numerous other issues that might be

21    rendered moot by an appellate decision in favor of

22    Defendant CHECK RECOVERY SERVICES on the interest

23    issue.

24

25

26    DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
      MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27    MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
      RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28    DISCHARGE BUT NOT ALLOWING INTEREST

1    Defendant CHECK RECOVERY SERVICES requests that the time for

2    Plaintiff HUNT to respond to its motion for a Stay be shortened

3    to November 17, 2006; that Defendant CHECK RECOVERY SERVICES file

4    its reply brief on November 21, 2006, and that the motion be

5    placed on calendar with the Motions in this case now on calendar

6    for November 21, 2006 at 3:00 P.M.

7

8    Defendant CHECK RECOVERY SERVICES advised Plaintiff of this

9    request in writing, a copy of which is attached hereto, marked

10   Exhibit 1, and incorporated herein by reference.

11

12   Plaintiff replied notifying Defendant that it opposed any

13   order shortening time,  a copy of which is attached hereto,

14   marked Exhibit 2, and incorporated herein by reference. A copy of

15   Defendants response to this letter is attached hereto, marked

16   Exhibit 3, and incorporated herein by reference.

17

18   There have been no other previous time modifications

19   relating to this request. Granting this request will not have any

20   effect on scheduled proceedings.

21

22

23

24

25

_____

26  DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
    MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27  MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
    RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28  DISCHARGE BUT NOT ALLOWING INTEREST
                                1

1    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS

2  TRUE AND CORRECT.

3    EXECUTED ON NOVEMBER 13, 2006 AT PALM SPRINGS, CALIFORNIA

4

5

6                                    _____
                                     CLARK GAREN, DECLARANT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    _____
26  DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
    MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27  MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
    RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28  DISCHARGE BUT NOT ALLOWING INTEREST
                                    2

1
2
3
4
5
6
7
8

# EXHIBIT 1
**LETTERHEAD OMITTED**

9

10  November 6, 2006

11  Mr. Paul Arons,
    LAW OFFICES OF PAUL ARONS,
12  Via Fax: (360) 378-6498

13  Mr. Irving L. Berg,
    The Berg Law Group,
14  Via Fax: (415) 891-8208

15  Ronald Wilcox,
    Attorney at Law,
16  Via Fax: (408) 296-0486

17  Re:  BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
         United States District Court Case Number: 4993 MJJ
18
    Dear Mr. Arons, Mr. Berg, and Mr. Wilcox:
19
    As you know, Judge Montali granted summary judgment to my client
20  denying discharge to your client and accepted your theory that
    the C.C. 1719 check fee and interest cannot **both** be imposed. As
21  you know, I have already appealed the portion of Judge Montali's
    decision denying interest.
22
    Based on the fact that the appeal of Judge Montali's decision
23  will create binding precedent on the principal issue in this case
    (whether or not interest and the C.C. 1719 check fee can be
24  imposed together), I am going to renew my motion before Judge

25  _____

26  DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
    MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27  MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
    RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28  DISCHARGE BUT NOT ALLOWING INTEREST

1  Jenkins to stay all proceedings in this case pending appellate
   review of Judge Montali's decision at the summary judgment
2  hearing now scheduled for November 21.

3  Obviously, I will need to make a motion for an order shortening
   time to have the stay motion heard concurrently with the summary
4  judgment motion. The purpose of this letter is to inquire whether
   or not either of you oppose the order shortening time. As you
5  know, I am required to include your position on the order
   shortening time in my ex parte motion.
6
   Finally, I urge you to consider agreeing to stay proceedings
7  before Judge Jenkins. It should be obvious by now that I am
   serious about obtaining appellate review prior to **any** settlement.
8  If Judge Jenkins does not grant a stay, we are going to have two
   appeals running though the 9th circuit, which will probably
9  eventually be consolidated to prevent conflicting opinions at the
   9th circuit. The only thing that prosecuting two cases on the
10 same issue with the same parties and the same attorneys will do
   is unnecessarily complicate the case and unnecessarily duplicate
11 the workload of all counsel.

12

13

14 Please let me know your position on the order shortening time by
   the close of business tomorrow, November 7, 2006.
15
   Thank you for your cooperation, and if you have any questions, or
16 would like to discuss the case with me, please contact me
   immediately.
17

18                              Very truly yours,

19                              LAW OFFICES OF CLARK GAREN

20                              BY

21                              CLARK GAREN

22

23

24

25 _____

26 DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
   MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27 MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
   RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28 DISCHARGE BUT NOT ALLOWING INTEREST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
DISCHARGE BUT NOT ALLOWING INTEREST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
DISCHARGE BUT NOT ALLOWING INTEREST

**LETTERHEAD OMITTED**

November 6, 2006

VIA FACSIMILE & 1ST CLASS MAIL

Clark Garen
P. O. Box 1790
Palm Springs, Ca. 92263

    Re:  Imperial merchant Services, Inc v. Hunt

Dear Mr. Garen:

I received your November 6, 2006 letter. I am on my way out of town for a week, and I do not have time for a lengthy response.

Your insistence on proceding in bankruptcy court has probably doubled plaintiff's time and costs incurred in resolving this dispute. We wish you would stop.

You have filed an appeal before the Bankruptcy Appellate Panel. Although we have not yet made a final decision, in all likelihood defendant Hunt will elect to have the matter heard in the district court. Once the appeal reaches the district court, it will be appropriate to seek to have the appeal related to *Hunt v. Check Recovery*, since the identical issue between the identical parties is already being heard in that case. If the motion is granted, the appeal will be heard by the Honorable Martin J. Jenkins who, I assume, will rule the same way in both the FDCPA and the bankruptcy cases. Thus, the appeal is going to accomplish nothing other than having the same judge twice decide the same issue between the same parties. You have already forced us to incur thousands of dollars in attorneys' fees and costs defending a bankruptcy proceeding in which Imperial has predictably gained nothing. Defendant Hunt opposes any stay and any order shortening time. In opposing any motion yu file, Ms. Hunt will seek the attorney's fees and costs incurred in opposing defendant's frivolous initiative. Please attach a copy of this letter to any application for an order shortening time.

                Very truly yours,

                /S/ Paul Arons
                PAUL ARONS

PA:psa

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST

1

1  cc:  Irving L. Berg
        Ronald Wilcox
2       Rand Bragg

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
    MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
27  MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
    RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
28  DISCHARGE BUT NOT ALLOWING INTEREST
                                    2

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT 3
**LETTERHEAD OMITTED**

13  November 13, 2006

14  Mr. Paul Arons,
    LAW OFFICES OF PAUL ARONS,
15  Via Fax: (360) 378-6498

16  Mr. Irving L. Berg,
    The Berg Law Group,
17  Via Fax: (415) 891-8208

18  Ronald Wilcox,
    Attorney at Law,
19  Via Fax: (408) 296-0486

20  Re:  BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
         United States District Court Case Number: 4993 MJJ
21
    Dear Mr. Arons, Mr. Berg, and Mr. Wilcox:
22
    This is in reply to Mr. Arons letter to me dated November 6,
23  2006.

24  I have made it crystal clear from the beginning of this

25  _____
    DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE
26  MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS
    MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING
27  RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING
    DISCHARGE BUT NOT ALLOWING INTEREST
28

litigation that I intended to obtain appellate review of the interest issue upon which your litigation is based to obtain binding precedent.

When Bankruptcy Judge Montali indicated he was going to rule in your favor on the issue of interest, he asked you to make the same agreement I previously had that his ruling would not constitute either res judicata, collateral estoppel, or issue preclusion. You **refused!** Therefore, I was left with no choice but to appeal the decision of Bankruptcy Judge Montali. My failure to do so would allow you to successfully and, in, my opinion correctly, argue that the Final Judgment of Bankruptcy Judge Montali was a bar to any further litigation regarding the legality of charging interest in the Brandy Hunt matter, and would effectively deny me **any** appellate review of the issue. Accordingly, I had, and have, no choice but to obtain appellate review of the ruling of Bankruptcy Judge Montali to prevent it from becoming a final, binding decision on the interest issue and thereby deprive me of the ability to obtain appellate review of the issue.

Bankruptcy Judge Montali specifically disagreed with your complaint that the proceedings in Bankruptcy Court caused your client to incur unnecessary fees. Bankruptcy Judge Montali pointed out that you had the option to stipulate to liability and thereby avoid proceedings. Bankruptcy Judge Montali observed that since you failed to provide any evidence whatsoever to explain or contest your clients shopping spree with 47 bad checks written over 3 months, there was no reason for you not to have stipulated to a fraud judgment in Bankruptcy Court and thereby avoid those expenses.

Finally, I have somewhat astounded that you now admit the Bankruptcy Case and the F.D.C.P.A. case are related. I filed motions in both courts stating that the cases were related, and you vigorously opposed each of those motions. While I agree with you that the cases are, in fact, related, I would like you to explain why it took you so long to realize this.

However, if you elect to have the bankruptcy appeal transferred from the Bankruptcy Appellate Panel to the District Court, I have no objection to having it assigned to Judge Jenkins as a related matter as long as he has not yet ruled on the merits. Judge Jenkins would be hearing the bankruptcy appeal as an appellate matter. It would be inappropriate for him to entertain an appeal on an issue that he previously resolved as a trial court judge in a related matter.

_____

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST

If you are going attempt to have Judge Jenkins hear the appeal from the bankruptcy court, it constitutes an additional reason for Judge Jenkins to stay the current motions until the appeal arrives before him so that he can resolve all of the matters together. Furthermore, since his resolution of the Bankruptcy appeal will be an immediately appealable order, the decision to consider the appeal would no longer be discretionary for the Ninth Circuit.

Therefore, it makes sense for Judge Jenkins to stay the F.D.C.P.A. action while the Ninth Circuit resolves the issue of whether interest is allowed in the appeal of the bankruptcy case. It will make the appeal much simpler, and, in the event you prevail on appeal, it will present settlement possibilities for this case that do not now exist.

Finally, your contention that Imperial as gained nothing through the bankruptcy proceedings is patently incorrect. Imperial has obtained a fraud judgment against your client. Your client is going to have to actually **pay** one of the creditors she defrauded and from whom she stole merchandise. Your client is going to have a fraud judgment on her record that will notify everyone that she was a thief, and this will affect her for the rest of her life. While the amount of the monetary recovery from your client may exceed the costs of the recovery, consumer lawyers do not have exclusive ownership of the right to litigate for principle and because the result is the right result. Some businesses feel that way too, and I happen to represent one of them.

I will comply with your request by attaching a copy of your letter, along with this reply, to the application for the order shortening time.

                                    Very truly yours,

                                    LAW OFFICES OF CLARK GAREN

                                    BY

                                    CLARK GAREN

_____

DECLARATION OF CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE MOTION FOR AN ORDER SHORTENING TIME FOR HEARING OF DEFENDANTS MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**LETTERHEAD OMITTED**

November 6, 2006

Mr. Paul Arons,
LAW OFFICES OF PAUL ARONS,
Via Fax: (360) 378-6498

Mr. Irving L. Berg,
The Berg Law Group,
Via Fax: (415) 891-8208

Ronald Wilcox,
Attorney at Law,
Via Fax: (408) 296-0486

Re:  BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
     United States District Court Case Number: 4993 MJJ

Dear Mr. Arons, Mr. Berg, and Mr. Wilcox:

As you know, Judge Montali granted summary judgment to my client
denying discharge to your client and accepted your theory that
the C.C. 1719 check fee and interest cannot **both** be imposed. As
you know, I have already appealed the portion of Judge Montali's
decision denying interest.

Based on the fact that the appeal of Judge Montali's decision
will create binding precedent on the principal issue in this case
(whether or not interest and the C.C. 1719 check fee can be
imposed together), I am going to renew my motion before Judge
Jenkins to stay all proceedings in this case pending appellate
review of Judge Montali's decision at the summary judgment
hearing now scheduled for November 21.

Obviously, I will need to make a motion for an order shortening
time to have the stay motion heard concurrently with the summary
judgment motion. The purpose of this letter is to inquire whether
or not either of you oppose the order shortening time. As you
know, I am required to include your position on the order
shortening time in my ex parte motion.

Finally, I urge you to consider agreeing to stay proceedings
before Judge Jenkins. It should be obvious by now that I am
serious about obtaining appellate review prior to **any** settlement.
If Judge Jenkins does not grant a stay, we are going to have two
appeals running though the 9th circuit, which will probably
eventually be consolidated to prevent conflicting opinions at the
9th circuit. The only thing that prosecuting two cases on the
same issue with the same parties and the same attorneys will do
is unnecessarily complicate the case and unnecessarily duplicate
the workload of all counsel.

1   Please let me know your position on the order shortening time by
    the close of business tomorrow, November 7, 2006.

2

3   Thank you for your cooperation, and if you have any questions, or
    would like to discuss the case with me, please contact me
    immediately.

4

5                                   Very truly yours,

6                                   LAW OFFICES OF CLARK GAREN

7                                   BY

8                                   CLARK GAREN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

**LETTERHEAD OMITTED**

November 6, 2006

VIA FACSIMILE & 1ST CLASS MAIL

Clark Garen
P. O. Box 1790
Palm Springs, Ca. 92263

     Re:  Imperial merchant Services, Inc v. Hunt

Dear Mr. Garen:

I received your November 6, 2006 letter. I am on my way out of town for a week, and I do not have time for a lengthy response.

Your insistence on proceding in bankruptcy court has probably doubled plaintiff's time and costs incurred in resolving this dispute. We wish you would stop.

You have filed an appeal before the Bankruptcy Appellate Panel. Although we have not yet made a final decision, in all likelihood defendant Hunt will elect to have the matter heard in the district court. Once the appeal reaches the district court, it will be appropriate to seek to have the appeal related to *Hunt v. Check Recovery*, since the identical issue between the identical parties is already being heard in that case. If the motion is granted, the appeal will be heard by the Honorable Martin J. Jenkins who, I assume, will rule the same way in both the FDCPA and the bankruptcy cases. Thus, the appeal is going to accomplish nothing other than having the same judge twice decide the same issue between the same parties. You have already forced us to incur thousands of dollars in attorneys' fees and costs defending a bankruptcy proceeding in which Imperial has predictably gained nothing. Defendant Hunt opposes any stay and any order shortening time. In opposing any motion yu file, Ms. Hunt will seek the attorney's fees and costs incurred in opposing defendant's frivolous initiative. Please attach a copy of this letter to any application for an order shortening time.

                    Very truly yours,

                    /S/ Paul Arons
                    PAUL ARONS

PA:psa
cc:  Irving L. Berg
     Ronald Wilcox
     Rand Bragg

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

**LETTERHEAD OMITTED**

November 13, 2006

Mr. Paul Arons,
LAW OFFICES OF PAUL ARONS,
Via Fax: (360) 378-6498

Mr. Irving L. Berg,
The Berg Law Group,
Via Fax: (415) 891-8208

Ronald Wilcox,
Attorney at Law,
Via Fax: (408) 296-0486

Re:  BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
     United States District Court Case Number: 4993 MJJ

Dear Mr. Arons, Mr. Berg, and Mr. Wilcox:

This is in reply to Mr. Arons letter to me dated November 6,
2006.

I have made it crystal clear from the beginning of this
litigation that I intended to obtain appellate review of the
interest issue upon which your litigation is based to obtain
binding precedent.

When Bankruptcy Judge Montali indicated he was going to rule in
your favor on the issue of interest, he asked you to make the
same agreement I previously had that his ruling would not
constitute either res judicata, collateral estoppel, or issue
preclusion. You **refused!** Therefore, I was left with no choice but
to appeal the decision of Bankruptcy Judge Montali. My failure to
do so would allow you to successfully and, in, my opinion
correctly, argue that the Final Judgment of Bankruptcy Judge
Montali was a bar to any further litigation regarding the
legality of charging interest in the Brandy Hunt matter, and
would effectively deny me **any** appellate review of the issue.
Accordingly, I had, and have, no choice but to obtain appellate
review of the ruling of Bankruptcy Judge Montali to prevent it
from becoming a final, binding decision on the interest issue and
thereby deprive me of the ability to obtain appellate review of
the issue.

Bankruptcy Judge Montali specifically disagreed with your
complaint that the proceedings in Bankruptcy Court caused your
client to incur unnecessary fees. Bankruptcy Judge Montali
pointed out that you had the option to stipulate to liability and
thereby avoid proceedings. Bankruptcy Judge Montali observed that
since you failed to provide any evidence whatsoever to explain or
contest your clients shopping spree with 47 bad checks written
over 3 months, there was no reason for you not to have stipulated
to a fraud judgment in Bankruptcy Court and thereby avoid those
expenses.

Finally, I have somewhat astounded that you now admit the Bankruptcy Case and the F.D.C.P.A. case are related. I filed motions in both courts stating that the cases were related, and you vigorously opposed each of those motions. While I agree with you that the cases are, in fact, related, I would like you to explain why it took you so long to realize this.

However, if you elect to have the bankruptcy appeal transferred from the Bankruptcy Appellate Panel to the District Court, I have no objection to having it assigned to Judge Jenkins as a related matter as long as he has not yet ruled on the merits. Judge Jenkins would be hearing the bankruptcy appeal as an appellate matter. It would be inappropriate for him to entertain an appeal on an issue that he previously resolved as a trial court judge in a related matter.

If you are going attempt to have Judge Jenkins hear the appeal from the bankruptcy court, it constitutes an additional reason for Judge Jenkins to stay the current motions until the appeal arrives before him so that he can resolve all of the matters together. Furthermore, since his resolution of the Bankruptcy appeal will be an immediately appealable order, the decision to consider the appeal would no longer be discretionary for the Ninth Circuit.

Therefore, it makes sense for Judge Jenkins to stay the F.D.C.P.A. action while the Ninth Circuit resolves the issue of whether interest is allowed in the appeal of the bankruptcy case. It will make the appeal much simpler, and, in the event you prevail on appeal, it will present settlement possibilities for this case that do not now exist.

Finally, your contention that Imperial as gained nothing through the bankruptcy proceedings is patently incorrect. Imperial has obtained a fraud judgment against your client. Your client is going to have to actually **pay** one of the creditors she defrauded and from whom she stole merchandise. Your client is going to have a fraud judgment on her record that will notify everyone that she was a thief, and this will affect her for the rest of her life. While the amount of the monetary recovery from your client may exceed the costs of the recovery, consumer lawyers do not have exclusive ownership of the right to litigate for principle and because the result is the right result. Some businesses feel that way too, and I happen to represent one of them.

I will comply with your request by attaching a copy of your letter, along with this reply, to the application for the order shortening time.

                                    Very truly yours,

                                    LAW OFFICES OF CLARK GAREN

                                    BY

                                    CLARK GAREN

1                              PROOF OF SERVICE BY MAIL
                                 (1013a, 2015.5 C.C.P.)
2    STATE OF CALIFORNIA            )
     COUNTY OF RIVERSIDE            )  S.S.
3

4          I am a citizen of the United States and a Resident of the
     County Aforesaid; I am over the age of eighteen years and not a
     party to the within entitled action; my business address is:
5    1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881
           On November 13, 2006, I served the within DECLARATION OF
6    CLARK GAREN IN SUPPORT OF DEFENDANTS EX PARTE MOTION FOR AN ORDER
     SHORTENING TIME FOR HEARING OF DEFENDANTS MOTION TO STAY
7    PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM
     JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST on the
8    interested parties herein in said action by sending a copy by fax
     to the fax number listed below and by placing a true copy thereof
9    enclosed in a sealed envelope with postage thereon fully prepaid,
     in the United States mail at PALM SPRINGS, CALIFORNIA addressed
10   as follows:

11   IRVING L. BERG,
     THE BERG LAW GROUP,
12   433 TOWN CENTER, NO. 493,
     CORTE MADERA, CALIFORNIA 94925
13   FAX: (415) 891-8208

14   PAUL ARONS,
     LAW OFFICES OF PAUL ARONS,
15   685 SPRINGS STREET,
     #104,
16   FRIDAY HARBOR, WASHINGTON 98250
     FAX: (360) 378-6498
17

18   O. RANDOLPH BRAGG,
     HORWITZ, HORWITZ & ASSOCIATES,
     25 EAST WASHINGTON,
19   SUITE 900
     CHICAGO, ILLINOIS 60602
20

21   RONALD WILCOX,
     ATTORNEY AT LAW,
     2160 THE ALAMEDA,
22   FIRST FLOOR,
     SUITE F,
23   SAN JOSE, CALIFORNIA 95126
     FAX: (408) 296-0486
24

25         I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
     TRUE AND CORRECT.

26         EXECUTED ON November 13, 2006 AT PALM SPRINGS, CALIFORNIA

27

28                              _____
                                CLARK GAREN, DECLARANT