Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

(Additional plaintiffs' counsel on last page)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S EX PARTE MOTION FOR AN ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION FOR RECONSIDERATION OF MOTION TO STAY PROCEEDING PENDING RULING FROM APPELLATE COURT ON APPEAL FROM JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST |

I. INTRODUCTION

　　　　Defendant has filed an Ex Parte Motion for an Order Shortening Time to hear its Motion to Stay Proceedings, pending a ruling from an appellate court on an appeal from a bankruptcy proceeding involving Brandy Hunt.  The underlying motion is

just the latest of defendant's attempts to avoid a decision that will have class-wide impact. Plaintiffs oppose this ex part motion to shorten time because defendant unnecessarily delayed in filing the motion for an order shortening time, and because defendant has failed to demonstrate any need to have the underlying motion heard on an expedited basis.

## II. PROCEDURAL HISTORY

Plaintiffs Brian Castillo and Brandy Hunt are pursuing consolidated class action claims alleging that defendant Imperial Merchant Services, Inc., d/b/a/ Check Recovery Systems, [Imperial] is violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, [FDCPA], by attempting to collect unlawful interest charges on dishonored checks. Defendant insists that it can ignore prior rulings that such charges are unlawful,[1] and that it is allowed to collect these charges until the Ninth Circuit rules on the issue. As a litigation tactic, in response to both the *Castillo* and *Hunt* FDCPA lawsuits, defendant filed adversary proceedings in bankruptcy court, contesting the dischargability of the Castillo and Hunt debts and seeking a judgment for the check amounts, service charges, and interest. This tactic was an effort to delay the FDCPA actions, to avoid a class action, and to obtain a ruling from the bankruptcy court that might be in defendant's favor. The tactic failed. Imperial's attempts to have both this Court and the bankruptcy court dismiss or stay the FDCPA action failed. On October 16, 2006, the Honorable Dennis Montali ruled from the bench that although Brandy Hunt could not discharge the underlying check debt, *Imperial could not collect both a service charge and interest on the check*. On October 31, 2006, the court entered a formal judgment. On November 2, 2006, Imperial filed a Notice of Appeal of that ruling, seeking to have the matter heard by the Bankruptcy Appellate Panel in Pasadena, California.[2]

---

1. P*almer v. Stassinos*, 348 F.Supp.2d 1070, 1083 (N.D.Cal. 2004); *Irwin v. Mascott*, 112 F.Supp.2d 937, 947 (N.D. Cal. 2000).

2. Exhibit 1 to Declaration of Paul Arons, filed herewith.

**PLAINTIFFS' MEMO. IN OPP. TO REQUEST FOR ORDER SHORTENING TIME: Page 2**

Hunt will be filing an election to have the appeal heard in the United States District Court, Northern District of California, pursuant to 28 U.S.C. § 158(c)(1)(B).

Meanwhile, in the present action, plaintiffs Castillo and Hunt have filed a motion for class certification, and the parties have filed cross-motions for summary judgment. These motions were originally set to be heard on October 24, 2006, but because of a scheduling conflict on the Court's calendar, the motions were reset to November 21, 2006.

Defendant now seeks an order shortening time, so that six days from now this Court can hear a motion to stay all proceedings in this action while the bankruptcy appeal is heard by this Court, and then presumably by the Ninth Circuit.

### III. DEFENDANT UNDULY DELAYED FILING THIS EX PARTE MOTION

A party seeking to have a motion heard on shortened time should show that it has acted diligently once the need for the motion became evident. Imperial did not act diligently. Instead, defendant waited twenty-eight days to seek an order shortening time after the bankruptcy court had ruled that California law did not allow a debt collector to seek both interest and statutory service charges on a dishonored check.

The bankruptcy court ruled against Imperial on the issue of its right to interest on October 16, 2006. Once the bankruptcy court ruled, there is no reason that Imperial could not have filed its motion to stay the consolidated FDCPA actions. The bankruptcy court entered a formal judgment on October 31, 2006, which Imperial appealed the following day. No later than November 6, 2006, when it notified opposing counsel, Imperial had decided to file the motion to stay proceedings, and to seek an order shortening time. Nonetheless, Imperial waited until November 13, 2006, only eight days before the date on which it seeks to have the underlying motion heard, before it sought an order shortening time. This delay leaves plaintiffs with only a day or two to prepare a full opposition to the underlying motion, and leaves the Court with even little time in which

to consider the motion.  Imperial's unnecessary delay in filing the motion for a stay and seeking an order shortening time is sufficient reason to deny the ex parte motion.

## IV. THERE IS NO REASON THAT IMPERIAL NEEDS TO HAVE ITS MOTION FOR A STAY HEARD BEFORE ON NOVEMBER 21, 2006

Defendant's proffers two justifications for an order shortening time, and for the underlying motion:  (1) it would be duplicative to proceed with the FDCPA class action while Imperial is appealing the bankruptcy judgment; (2) if the bankruptcy appeal ultimately ends up being assigned to this Court, the Court may not adjudicate the FDCPA action until it has ruled on the appeal.  Neither argument has merit.

To begin with, Brandy Hunt is merely one of two named plaintiffs seeking to represent the class.  Whatever may be going on with her individual bankruptcy case does not have a direct bearing on the claims of Brian Castillo and of absent class members.  If the Court grants plaintiffs' motion for class certification, this lawsuit will involve over 40,000 class members, and actual damages that plaintiffs estimate will total $150,000 to $250,000.  In contrast, the appeal from the Hunt bankruptcy judgment involves one check writer from whom defendant sought about $8.00 in interest.  It truly would be the tail wagging the dog to stay the FDCPA class action while Imperial appeals a bankruptcy judgment against one individual.[3]  Moreover, there would be little duplicative work.  The sole legal issue in the bankruptcy action has been fully briefed by the parties in both the bankruptcy action and this proceeding.  There are no evident factual issues.  Little additional work will be required for the parties to brief any appeal.

Defendant's other argument is that "it would be inappropriate for this Court to issue any ruling on the interest issue of the FDCPA case prior to adjudicating the Bankruptcy Appeal."  This argument is bereft of either logic or authority.  Defendant does

---

3. In their opposition to the underling motion, plaintiffs will address in detail the harm in staying the pending class action.  Suffice it to say, that an appeal to the Ninth Circuit may not be decided until 2008, during which time thousands of class members will disappear and the defendant may itself go out of business.

**PLAINTIFFS' MEMO. IN OPP. TO REQUEST FOR ORDER SHORTENING TIME: Page 4**

not cite any case, statute or rule that would require this Court to decide the bankruptcy appeal before the FDCPA class action. There is no obvious reason why this Court may not decide the bankruptcy appeal before, after, or with the FDCPA case. In fact, if the bankruptcy appeal is ultimately assigned to this Court, it would make more sense for the Court to stay a ruling on the bankruptcy appeal until there is a final judgment in the FDCPA action, so that the Ninth Circuit can hear both appeals simultaneously.[4]

Even assuming that either argument had merit, the motion to stay can be heard at any point. There is no need to have it heard at the same time that the pending summary judgment and class certification motions are heard.

## V. CONCLUSION

Defendant's eleventh hour motion for an order shortening time should be denied. Defendant waited too long to make the motion, and has failed to demonstrate any need to have the motion heard on November 21, 2006.

DATED: November 15, 2006					LAW OFFICES OF PAUL ARONS

									By  s/ Paul Arons
									    Paul Arons
									    Attorney for Plaintiffs
									    BRANDY HUNT and BRIAN CASTILLO

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

---

4. Imperial has repeatedly stated that it will appeal any adverse ruling to the Ninth Circuit.