1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:      (760) 323-4901
4  Fax:            (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7

8              UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

   BRANDY HUNT, on behalf of herself  )   Case No. C 05 4993 MJJ
11 and others similarly situated,      )
                                       )       REPLY TO PLAINTIFF'S
12                                     )       OPPOSITION TO DEFENDANTS
                                       )       EX PARTE MOTION FOR AN
13                                     )       ORDER SHORTENING TIME
                      Plaintiff,       )       FOR HEARING OF
14                                     )       DEFENDANTS MOTION FOR
                                       )       RECONSIDERATION OF
15                                     )       MOTION TO STAY
   -vs-                                )       PROCEEDINGS PENDING
16                                     )       RULING FROM APPELLATE
   CHECK RECOVERY SYSTEMS, INC.,       )       COURT ON APPEAL FROM
17 et. al.,                            )       JUDGMENT DENYING
                                       )       DISCHARGE BUT NOT
18                                     )       ALLOWING INTEREST
                                       )
19                    Defendants.      )       Date:
                                       )       Time:
20 _____)       Place: Courtroom 11
21
                                      I
22              **THE EX PARTE APPLICATION IS TIMELY**

23       Plaintiff contends that Defendant should have filed the

24 Motion for Reconsideration at the time Judge Montali announced

25 _____
   Reply to Plaintiff's Opposition to Defendants Ex Parte Motion for
26 Order Shortening Time for Motion for Reconsideration of Motion to
   Stay of Proceedings Pending Appeal of Bankruptcy Judgment - Case
27 Number C 05 4993 MJJ
28

                                 1

1  his intended decision in Court on October 16, 2006. However, at

2  the time that Judge Montali gave his indicated ruling, the

3  Motions in this case were scheduled for hearing on October 24,

4  2006, and the intended decision of Judge Montali had not yet been

5  entered.

6      If this Court had heard the matter on October 24, 2006, the

7  stated intended decision of Judge Montali would not have been a

8  factor because no written order or judgment would have yet been

9  entered by Judge Montali. Furthermore, if defendant had filed

10  this motion prior to the entry of a written order and the appeal

11  thereon, plaintiff would have properly been able to argue the

12  motion for reconsideration was premature.

13      The judgment was entered on October 31; the appeal was filed

14  on November 2, and the Plaintiff was notified of the intent to

15  bring this motion on November 6, 2006 (Exhibit 1 to Declaration

16  of Clark Garen). Plaintiff responded to the notice on November 6,

17  2006, and advised Defendant he would be out of town for the rest

18  of the week (Exhibit 2 to the Declaration of Clark Garen). To

19  accommodate Plaintiff's travel schedule, this motion was not

20  served until Monday, November 13, 2006 and was not filed until

21  November 14, 2006. Had Defendant filed it earlier, it could have

22  required Plaintiff to act while Defendant knew Plaintiff's

23  counsel was unavailable to do so. Defendant intentionally

24  extended counsel for Plaintiff the courtesy of delaying the

25  _____

26  Reply to Plaintiff's Opposition to Defendants Ex Parte Motion for
    Order Shortening Time for Motion for Reconsideration of Motion to
27  Stay of Proceedings Pending Appeal of Bankruptcy Judgment - Case
    Number C 05 4993 MJJ
28

1 filing so he would be able to respond. Defendant should not be

2 penalized for extend such a professional courtesy.

3     Defendant has no objection to resolving Plaintiff's time

4 issues by having a continuance the hearings on **all** the pending

5 motions now on calendar for November 21, 2006. Continuing the

6 hearings now on calendar would permit Plaintiff to transfer the

7 bankruptcy appeal to District Court; have it related to this case

8 and assigned to this Court; and then have the bankruptcy appeal

9 briefed and placed on calendar with all of the pending motions.

10 The Court could then resolve all of the conflicts and decide all

11 of the cases together.

12     Since the primary issue of the Bankruptcy Appeal and the

13 pending motions will be the same, this would save both the

14 parties and the court considerable time and expense.

15 Consolidating all of the cases together would also allow the

16 issue of interest to be resolved by an appeal of the bankruptcy

17 case only because the **only** issue in the bankruptcy issue is

18 whether interest can be charged. Finally, the decision in the

19 bankruptcy case would be a final judgment that can be appealed

20 without having to obtain the permission of the appellate court,

21 while the appeal of an interlocutory judgment would be a

22 permissive appeal.

23

24

25

_____

26 Reply to Plaintiff's Opposition to Defendants Ex Parte Motion for
Order Shortening Time for Motion for Reconsideration of Motion to

27 Stay of Proceedings Pending Appeal of Bankruptcy Judgment - Case
Number C 05 4993 MJJ

28

## II
## AMOUNT OF THE DAMAGE CLAIM

Plaintiff references the rather large amount of interest that defendant has collected as a reason for this case to proceed. Defendant agrees with Plaintiff that the rather large amount of interest is a reason for this case to proceed to the 9th circuit as soon as is possible

The collection of interest on returned checks is a prevalent practice in California. Even the California courts are allowing both interest and the *Civil Code* 1719 charge. If the charges are illegal as Plaintiff claims, the issuance of binding precedent by the 9th circuit will curtail the interest charge not only of the Defendant but of all other creditors in California. Compared to the interest being collected by all creditors in California, the amount of interest being collected by Defendant is minuscule. An appeal of the bankruptcy decision to the Ninth Circuit is the fastest way to obtain binding precedent.

Finally, Plaintiff incorrectly assumes that it can obtain disgorgement of profits under the F.D.C.P.A. As has been addressed in the opposition to the class action, disgorgement of profits and awards of special damages to the class members are not within the jurisdiction of this Court to grant. Obtaining binding precedent from the Ninth Circuit is the most expedient method of stopping any illegal interest charges.

Reply to Plaintiff's Opposition to Defendants Ex Parte Motion for Order Shortening Time for Motion for Reconsideration of Motion to Stay of Proceedings Pending Appeal of Bankruptcy Judgment - Case Number C 05 4993 MJJ

1    Dated: November 16, 2006

2

3                        LAW OFFICES OF CLARK GAREN

4                        BY

5                        _____
                         CLARK GAREN,
6                        ATTORNEY FOR DEFENDANT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
     _____
26   Reply to Plaintiff's Opposition to Defendants Ex Parte Motion for
     Order Shortening Time for Motion for Reconsideration of Motion to
27   Stay of Proceedings Pending Appeal of Bankruptcy Judgment - Case
     Number C 05 4993 MJJ
28

                                    5

| | |
|---|---|
| 1 | PROOF OF SERVICE BY MAIL |
| | (1013a, 2015.5 C.C.P.) |
| 2 | STATE OF CALIFORNIA            ) |
| | COUNTY OF RIVERSIDE            )  S.S. |
| 3 | |
| | I am a citizen of the United States and a Resident of the |
| 4 | County Aforesaid; I am over the age of eighteen years and not a |
| | party to the within entitled action; my business address is: |
| 5 | 1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881 |
| | On November 16, 2006, I served the within REPLY TO |
| 6 | PLAINTIFFS OPPOSITION TO DEFENDANTS EX PARTE MOTION FOR AN ORDER |
| | SHORTENING TIME FOR HEARING OF DEFENDANTS MOTION TO STAY |
| 7 | PROCEEDINGS PENDING RULING FROM APPELLATE COURT ON APPEAL FROM |
| | JUDGMENT DENYING DISCHARGE BUT NOT ALLOWING INTEREST on the |
| 8 | interested parties herein in said action by sending a copy by fax |
| | to the fax number listed below and by placing a true copy thereof |
| 9 | enclosed in a sealed envelope with postage thereon fully prepaid, |
| | in the United States mail at PALM SPRINGS, CALIFORNIA addressed |
| 10 | as follows: |
| 11 | IRVING L. BERG, |
| | THE BERG LAW GROUP, |
| 12 | 433 TOWN CENTER, NO. 493, |
| | CORTE MADERA, CALIFORNIA 94925 |
| 13 | FAX: (415) 891-8208 |
| 14 | PAUL ARONS, |
| | LAW OFFICES OF PAUL ARONS, |
| 15 | 685 SPRINGS STREET, |
| | #104, |
| 16 | FRIDAY HARBOR, WASHINGTON 98250 |
| | FAX: (360) 378-6498 |
| 17 | |
| | O. RANDOLPH BRAGG, |
| 18 | HORWITZ, HORWITZ & ASSOCIATES, |
| | 25 EAST WASHINGTON, |
| 19 | SUITE 900 |
| | CHICAGO, ILLINOIS 60602 |
| 20 | |
| | RONALD WILCOX, |
| 21 | ATTORNEY AT LAW, |
| | 2160 THE ALAMEDA, |
| 22 | FIRST FLOOR, |
| | SUITE F, |
| 23 | SAN JOSE, CALIFORNIA 95126 |
| | FAX: (408) 296-0486 |
| 24 | |
| | I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS |
| 25 | TRUE AND CORRECT. |
| 26 | EXECUTED ON November 16, 2006 AT PALM SPRINGS, CALIFORNIA |
| 27 | |
| 28 | |
| | _____ |
| | CLARK GAREN, DECLARANT |