IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNT,<br><br>        Plaintiff,<br><br>  v.<br><br>CHECK RECOVERY SYSTEMS, INC.,<br><br>        Defendant.<br>_____/ | No. C05-04993 MJJ<br>No. C06-02037 MJJ<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR AN ORDER SHORTENING TIME FOR HEARING AND DEFENDANT'S MOTION FOR RECONSIDERATION** |

## INTRODUCTION

Before the Court is Defendant Imperial Merchant Services dba Check Recovery Systems's ("Defendant") Ex Parte Motion to Shorten Time[1] and Defendant's Motion for Reconsideration of Motion to Stay.[2] Plaintiffs Hunt, and those similarly situated ("Plaintiffs"), oppose the motions. For the following reasons, the Court **DENIES** Defendant's Ex Parte Motion to Shorten Time and **DENIES** Defendant's Motion for Reconsideration.

## FACTUAL BACKGROUND

**A. Procedural History**

Hunt and Castillo filed their complaints on December 5, 2005 and March 16, 2006, respectively. On May 9, 2006, this Court issued a Related Case Order relating Plaintiffs' cases. Both Plaintiffs seek damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

---

[1] Docket No. 76, filed November 14, 2006

[2] Docket No. 74, filed November 14, 2006

("FDCPA"). Plaintiffs allege that Imperial's practice of including an interest charge, in addition to their attempt to collect both a check amount and a statutory service charge violates the FDCPA. In particular, Plaintiffs allege that Defendant's debt collection practices: (1) use false, deceptive or misleading representations in violation of § 1692e; (2) falsely represent the character, amount, or legal status of the debt in violation of § 1692e(2)(A); (3) use unfair or unconscionable means to collect or attempt to collect the debt in violation § 1692f; and (4) exceed the amount expressly permitted by law in violation of § 1692f(1). Plaintiffs now seek class certification, to create a class of similarly situated Plaintiffs, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

**B.     The Parties**

On July 5, 2004, Hunt wrote a check in the amount of $137.15 to Pak 'n Save. (Joint Statement of Undisputed Fact ("JSUF") ¶ 2.) On November 28, 2004, Castillo wrote a check in the amount of $276.36 to Pak 'n Save. (*Id.* ¶ 1.) Both checks were written for personal, family, or household purposes, and both checks returned unpaid due to insufficient funds. (*Id.* ¶¶ 1-2, 5.) Pak 'n Save is operated by Safeway, Inc. ("Safeway"). (*Id.* ¶ 3.) After the Castillo and Hunt checks were returned unpaid, Safeway referred the checks to Imperial for collection. (*Id.* ¶ 4.) The parties agree that Imperial's debt collection conduct is governed by the FDCPA. (*Id.* ¶ 5.)

**C.     Defendant's Debt Collection Practices**

The principal purpose of Imperial is to collect debts. (*Id.* ¶ 5.) When Safeway refers unpaid checks written in California to Imperial, Safeway asks Imperial to collect the check amount and the service charge provided under California Civil Code § 1719. (*Id.* ¶ 6.) Imperial retains 27% of the amount collected for the check and the statutory service charge. (*Id.*) After a check has been referred to Imperial, Imperial adds an interest charge, which is calculated at the rate of 10% per annum, accruing from the date the check was written. (*Id.*) Imperial retains 100% of the interest that it collects. (*Id.*) Safeway and Imperial followed these practices in connection with the Hunt and Castillo checks. (*Id.*)

**1.     Castillo's Check**

Safeway referred the Castillo check to Imperial to collect the check amount plus a $25.00 statutory service charge. (*Id.* ¶ 7.) Imperial mailed Castillo a collection letter, dated March 17,

2005, in which Imperial demanded $276.36 for the check amount, $25.00 as a "Misc." charge, and $8.99 as interest. (*Id.*) Subsequently, Imperial mailed Castillo a collection letter, dated December 2, 2005, in which Imperial demanded $276.36 for the check amount, $25.00 as a "Misc." charge, and $30.43 as interest. (*Id.*)

### 2. Hunt's Check

Safeway referred the Hunt check to Imperial to collect the check amount plus a $35.00 statutory service charge. (*Id.* ¶ 8.) Subsequently, Imperial mailed Hunt two collection demands. (*Id.*) The second demand, dated December 6, 2005, includes a demand for the check amount, a "Misc." charge of $35.00, and interest of $7.26, for a total of $179.41.

Defendant now brings these motions to revisit the Court's prior decision denying Defendant's motion to stay. The crux of Defendant's argument is that Plaintiff Hunt's bankruptcy proceeding is being appealed and this proceeding should stay pending that appeal because the matters are related.

## LEGAL STANDARD

### A. Motion for Reconsideration

The Local Rules in the Northern District state that "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)." Civ. L.R. 7-9(a). "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." *Id.* The moving party must show:

> "(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Civ. L.R. 7-9(b). Furthermore, there is a specific prohibition against the repetition of "any oral or written argument made by the applying party" to support or oppose the order. Civ. L.R. 7-9(c).

### B. Ex Parte Motion

Unless under order of the court, "a party may file an ex parte motion . . . only if a statute,

3

Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis." Civ. L.R. 7-9(d). The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought. *Id.*

## ANALYSIS

Defendant requests the Court to reconsider its prior order denying a motion to stay the proceedings pending an appeal in Bankruptcy Court involving Defendant and Plaintiff Hunt. Specifically, Defendant argues that Bankruptcy Court Judge Montali entered a judgment resolving the interest question under California Civil Code § 1719 in favor of Plaintiff Hunt and Defendant is currently appealing that judgment. Plaintiffs oppose the motion and disregard Defendant's reasons to stay as a delay tactic.

Motions for reconsideration must be filed with leave of the Court. Civ. L.R. 7-9. Additionally, ex parte motions must be filed with specific authorization under the Local Rules, Federal Rules, or Standing Orders. *Id.*

Here, Defendant seeks reconsideration of a previously denied motion to stay filed in February 2006. As required by the Local Rules, Defendant has not requested leave of court to file this motion, nor has Defendant followed proper procedure regarding ex parte motions. Defendant's failure to follow the Local Rules is a sufficient basis for the Court to deny Defendant's motions.

However, based on the merits, the Court is similarly deny's Defendant's motions. Defendant's claim that Judge Montali's judgment in favor of Plaintiff Hunt regarding Defendant's unlawful interest charges somehow impacts the present proceeding is inapposite. First, the litigation in front of this Court only partially deals with causes of action under California Civil Code § 1719. This action is predominantly brought under the Fair Debt Collection Practices Act ("FDCPA"). Second, the disposition of Plaintiff Hunt's bankruptcy debts to Defendant do not effect Defendant's unrelated potential liability to check writers under the FDCPA. That issue will remain unresolved, notwithstanding Defendant's appeal of the Bankruptcy Court's judgment. Third, Plaintiffs have requested this Court for class action certification. Even if Hunt is impacted in such a way to release her from this litigation, there are other potential Plaintiffs seeking a judgment from this Court.

Finally, this Court has previously decided the issue of whether or not to stay the proceedings. Defendants fail to raise new factual or legal issues to support reconsideration of Defendant's motion to stay.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Reconsideration and **DENIES** Defendant's Ex Parte Motion to Shorten Time.

**IT IS SO ORDERED.**

Dated: November 17, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE