LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
TELEPHONE: (760) 323-4901
Fax: (760) 288-4080
E-Mail: clarkgaren@msn.com

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California corporation, doing business as
CHECK RECOVERY SYSTEMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT, and BRIAN CASTILLO, et. al., on behalf of themselves and others similarly situated.<br><br>Plaintiff,<br><br>-vs-<br><br>CHECK RECOVERY SYSTEMS, INC., et. al.,<br><br>Defendants. | Case No. C 05 4993 MJJ<br>Case No. C 06 2037 MJJ<br><br>DEFENDANTS SUPPLEMENTAL BRIEF ON CATEGORIES OF CLASS ACTION DAMAGES<br><br>Place: Courtroom 11 |

## I
## ILLEGAL COLLECTION FEES ARE ACTUAL DAMAGES FOR A VIOLATION OF 15 U.S.C. 1692f WHICH PROHIBITS COLLECTION OF ILLEGAL FEE; ILLEGAL COLLECTION FEES ARE NOT ACTUAL DAMAGES FOR A VIOLATION OF 15 U.S.C. 1692e WHICH PROHIBITS A REQUEST FOR AN ILLEGAL FEE

Each named Plaintiff claims Defendant violated 15 U.S.C. 1692e by using a false, deceptive, or misleading **representation** to collect a debt by sending a notice seeking both a service charge and interest.

Each member of the class from whom Defendant collected interest would claim Defendants violated 15 U.S.C. 1692f by engaging in unfair or unconscionable means to collect a debt by **actually *collecting*** an amount that was not permitted by law. Interest is an actual damage for a violation of 15 U.S.C. 1692f, but it is ***not*** an actual damage for a violation of 15 U.S.C. 1692e. 15 U.S.C. 1692e applies to the contents of a notice, while 15 U.S.C. 1692f applies to the money actually collected.

The named Plaintiffs have **no** legal standing to bring an action for violation of 15 U.S.C. 1692f because none of the named Plaintiffs actually paid any illegal interest. The **actual collection** of the illegal charge is an essential element of 1692f. The named Plaintiffs only have a cause of action for a violation of 15 U.S.C. 1692e.

The class representative **must** suffer same injury as the class members and **must proceed** the same legal theory as the class members. A class action cannot be maintained when the class representatives and the class members seek relief for violations of entirely different statutes.

> "We have repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class members. (Citations omitted). In *East Texas Motor Freight*, a Title VII action brought by

three Mexican-American city drivers, the Fifth Circuit certified a class consisting of the trucking company's black and Mexican-American city drivers allegedly denied on racial or ethnic grounds transfer to more desirable line-driver jobs. We held that the Court of Appeals had plainly erred in declaring a class action (citations omitted.) Because at the time the class was certified it was clear that the named plaintiffs were not qualified for line-driver positions, they could have suffered no injury as a result of the alleged discriminatory practices, and they were, therefore, simply not eligible to represent a class of persons who did allegedly suffer injury."

*General Telephone Company of the Southwest vs. Falcon*, (1982), 102 S. Ct. 2364, 2370, 457 U.S. 147, 156

To maintain a class action, the named Plaintiffs and the members of the class must proceed on the **same** legal theory of recovery. The legal theory for the named Plaintiffs who received a notice but paid nothing is that defendant violated 15 U.S.C. 1692e, while the legal theory for class members who seek a refund of interest actually paid to Defendant is that defendant violated of 15 U.S.C. 1692f. Illegal interest paid is an actual damage in an action for violation of the law prohibiting the **collection** of an illegal charge (15 U.S.C. 1692f), but actual damage is **not** an actual damage for a notice **misrepresenting** that illegal interest is due (15 U.S.C. 1692e).

The actual damages caused by sending a notice in violation of 15 U.S.C. 1692e is the mental suffering of the recipient, **not** the illegal charges themselves. In the case of *Schimmel vs. Slaughter*, (M.D Ga., 1997), 975 F. Supp 1481, the Court granted summary judgment to Plaintiff for a notice that sought illegal collection fees. The Plaintiffs sought a refund of the illegal fees as actual damages. The Court refused and held:

"...the plaintiffs in this action are entitled to (1) any actual damages, that is actual injuries resulting from the subject dunning letter, but not the collection fees

collected by defendants...."

*Schimmel vs. Slaughter*, (M.D Ga., 1997), 975 F. Supp 1481, 1483-1484

Class members who actually paid interest have a claim under **both** 15 U.S.C. 1692e and 15 U.S.C. 1692f. The named Plaintiffs do not have a claim under 15 U.S.C. 1692f because Defendant never collected any illegal interest from them. While illegal interest is an actual damage for a violation of 15 U.S.C 1692f, illegal interest is not an actual damage for a violation of 15 U.S.C. 1692e. Since the named Plaintiffs only have a cause of action for a violation of 15 U.S.C. 1692e, none of the named Plaintiffs can represent the class in a cause of action for violation of 15 U.S.C. 1692f. Since the named Plaintiffs can **only** represent the class in a cause of action for violation of 15 U.S.C. 1692e, and since any illegal interest paid by members of the class is not available as an actual damage for a violation of 15 U.S.C. 1692e, the actual damages sought by the named Plaintiffs in this class action cannot include any illegal interest actually collected by Defendant.

## II
## CONCLUSION

Since no named Plaintiff can maintain a cause of action on which illegal interest is an element of actual damages, no named Plaintiff can seek illegal interest as actual damages for the members of the class.

Dated: February 23, 2007

LAW OFFICES OF CLARK GAREN

BY
/s/ CLARK GAREN
CLARK GAREN,
ATTORNEY FOR DEFENDANT

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA )
COUNTY OF RIVERSIDE ) S.S.

I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

On FEBRUARY 23, 2007, I served the within DEFENDANTS BRIEF ON CATEGORIES OF CLASS ACTION DAMAGES on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

PAUL ARONS,
LAW OFFICES OF PAUL ARONS,
685 SPRINGS STREET,
#104,
FRIDAY HARBOR, WASHINGTON 98250

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
SUITE 900
CHICAGO, ILLINOIS 60602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON FEBRUARY 22, 2007 AT PALM SPRINGS, CALIFORNIA

/S/ CLARK GAREN
CLARK GAREN, DECLARANT