O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 E. Washington St, Suite 900
Chicago, Illinois 60602
(312) 372-8822

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742

(additional counsel listed on signature page)

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY G. HUNT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHECK RECOVERY SYSTEMS, INC.,<br><br>Defendant. | Case No. C 05-4993 MJJ<br>Case No. C 05-2037 MJJ<br><br>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION<br><br>Judge Martin J. Jenkins |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

Check Recovery Systems, Inc. has filed Defendants Supplemental Brief on Categories of Class Action Damages arguing that "[t]he named Plaintiffs have **no** legal standing to bring an action for violation of 15 U.S.C. 1692f because none of the named Plaintiffs actually paid any illegal interest." Page 1 (emphasis in the original). Defendant is wrong.

A class representative is not required to have paid unlawful fees in order to recover damages on behalf of class members who have paid the illegal charges. The leading case on this issue is <u>Keele v. Wexler</u>, 149 F.2d 589 (7th Cir. 1998). In that action defendants challenged plaintiff's ability to represent two classes of individuals who had paid defendants demands for unauthorized amounts because Ms. Keele had not paid the allegedly unlawful demands. The Seventh Circuit found that *the injury common to the classes* that had paid the allegedly unlawful fees and the named plaintiff who had not, was not the payment, but the *receipt of the defendants' collection letters demanding the unauthorized fees*. *Id.*, at 594 (emphasis added). The Seventh Circuit ruled that, although:

> [t]he damages recoverable for the class members' injuries may differ--some may be eligible for both actual and statutory damages, others actual damages only, and still others just statutory relief-- . . . *the fact remains that their injuries are the same.*

*Id.* (Emphasis added). Since Ms. Keele and the class suffered the same injury, *receipt of the dunning letter*, she could serve as the class representative to seek damages for those class members who had paid. *Id.*

District courts in this circuit have followed <u>Keele v. Wexler</u> and certified classes seeking recovery of unlawful fees without regard to whether the named plaintiffs have paid the challenged fees. In <u>Irwin v. Mascott</u>, 96 F.Supp.2d 968, 977, 186 F.R.D. 567 (N.D.Cal. 1999), this court rejected defendants' argument that the named plaintiffs could not represent the class since they had not paid the unauthorized fees. Therein, plaintiffs sought to represent a class

1

consisting of those who received letters containing the same or similar demands as those that plaintiffs had received. The court stated:

> In the present case, the named plaintiffs are seeking to represent a class consisting of those who received letters containing the same or similar demands as those that they received. Their claims are therefore typical of those of the class. The fact that Ms. Castaneda and Ms. Irwin may also have a right to statutory damages, injunctive relief and declaratory relief, but may not have a right to actual damages, does not render their claims atypical.

*Id.* Accordingly, the court appointed them to represent the class and subclasses. *Id.*, at 983.

In *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662, 664 (E.D. Wash. 2002), defendants argued that plaintiffs who had not paid the unlawful charge could not properly represent a class of individuals who had paid the charge. The court disagreed. "The only identifiable difference between the Clarks's situation and that of some potential class members is that the Clarks did not in fact pay the allegedly inflated fee. However, that is not a difference of claim, but only of damages, . . . " *Id.* The court certified the matter to proceed as a class action. See also, *Brink v. First Credit Resources*, 185 F.R.D. 567, 570-571 (D.Ariz. 1999) (although class representative did not pay fees, they could seek to recover them on behalf of the class).

Several other district court cases that have confronted the same question as the court in *Keele* and have reached the same outcome. See: *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04-CV-5759, 2006 U.S. Dist. LEXIS 19624, at *14 (N. D. Ill. Mar. 30, 2006) ("Plaintiff further demonstrated an understanding that she had a responsibility to act in the best interests of the class and that some class members would be eligible for actual damages whereas she was only eligible for statutory damages."); *Petrolito v. Arrow Fin. Servs., L.L.C.*, 221 F.R.D. 303, 309-10 (D. Conn. 2004) (citing *Keele* and finding that the named plaintiff's absence of actual damages did not bar the named plaintiff from being typical of class members

2

who had suffered actual damages); *Silva v. Nat'l Telewire Corp.*, No. 99-CV-219, 2000 U.S. Dist. LEXIS 13986, at *8 (D.N.H. Sept. 22, 2000) (citing *Keele* and finding that the recovery of actual damages by class members was not a barrier to class certification).

Defendants reference to *Schimmel v. Slaughter*, 975 F.Supp. 1481 (M.D.Ga. 1997), is inapposite. Therein, Ms. Schimmel sought to recover "collection fees collected by defendants" as part of her unjust enrichment claim. The court denied the unjust enrichment claim and ordered that reference thereto as a part of actual damages in the class notice be stricken. *Id.* at 1483. The court held that the class was entitled to actual damages for their actual injuries arising from defendant's dunning letter, but that did not include "collection fees collected by defendants" which were not available due to the denial of the unjust enrichment claim. *Id.* at 1483-84. Plaintiffs here have not asserted an unjust enrichment claim and do not seek to recover the "collection fees collected" by Check Recovery Systems, Inc.

Defendant's argument that "[t]he named Plaintiffs do not have a claim under 15 U.S.C. 1692f because Defendant never collected any illegal interest from them" (page 3) is also misplaced. The FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Defendant's collection letters are attempts to collect a debt. Thus, Plaintiffs may represent the class for Defendants demand for illegal charges in violation of 15 U.S.C. §1692f as well as 15 U.S.C. §1692e and recover the amount of illegal interest the class members paid to Defendant.

3

Respectfully submitted,

  S/ O. Randolph Bragg
O. Randolph Bragg, IL Bar No. 6221983
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 E. Washington St Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Fax)

Irving L. Berg, Bar No. 36273
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742

(Additional counsel)

Paul Arons, CA Bar No. 84970
LAW OFFICE OF PAUL ARONS
1616 West Street
Redding, California 96001
(530) 223-4085

Ronald Wilcox, Bar No. 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400

ATTORNEYS FOR PLAINTIFFS