IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNT,<br><br>      Plaintiff,<br><br>v.<br><br>CHECK RECOVERY SYSTEMS, INC.,<br><br>      Defendant. | No. C05-04993 MJJ<br>No. C05-02037 MJJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Before the Court are Defendant Imperial Merchant Services d.b.a. Check Recovery Systems' ("Defendant" or "Imperial") and Plaintiffs Brandy Hunt ("Hunt") and Brian Castillo's ("Castillo") (collectively, "Plaintiffs") cross motions for summary judgment.[1] The parties oppose each other's motions. For the following reasons, the Court **DENIES** Defendant's Motion for Summary Judgment and **GRANTS**, in part, Plaintiffs' Motion for Summary Judgment.

## FACTUAL BACKGROUND

Except as otherwise noted, the Court finds the following facts to be undisputed.

### A. Procedural History

Hunt and Castillo filed their complaints on December 5, 2005 and March 16, 2006, respectively. On May 9, 2006, this Court issued a Related Case Order relating Plaintiffs' cases.

---

[1] Defendant's Motion for Summary Judgment is Docket Nos. 38 and 13, for Case Nos. C-05-4993 MJJ and C-06-2037 MJJ, respectively. Plaintiffs' Motion for Summary Judgement is Docket No. 53, for Case No. C-05-4993 MJJ.

Both Plaintiffs seek damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiffs allege that Imperial's debt collection practices of including an interest charge, in addition to their attempt to collect both a check amount and a statutory service charge violates the FDCPA. In particular, Plaintiffs allege that Defendant's debt collection practices: (1) use false, deceptive or misleading representations in violation of § 1692e; (2) falsely represent the character, amount, or legal status of the debt in violation of § 1692e(2)(A); (3) use unfair or unconscionable means to collect or attempt to collect the debt in violation § 1692f; and (4) exceed the amount expressly permitted by law in violation of § 1692f(1). Both parties now seek summary judgment.

Plaintiffs ask this Court to issue an order granting summary judgment as to the liability of Defendant for violations of the FDCPA. Plaintiffs do not request an award of a specific amount of damages, restitution, or interest by this motion. Defendant requests summary judgment, and in the alternative, for an immediate appeal under 28 U.S.C. § 1292(b).

**B.     The Parties**

On July 5, 2004, Hunt wrote a check in the amount of $137.15 to Pak 'n Save. (Joint Statement of Undisputed Fact ("JSUF"), ¶ 2.) On November 28, 2004, Castillo wrote a check in the amount of $276.36 to Pak 'n Save. (*Id.*, ¶ 1.) Both checks were written for personal, family, or household purposes, and both checks were returned unpaid due to insufficient funds. (*Id.*, ¶¶ 1-2, 5.) Pak 'n Save is operated by Safeway, Inc. ("Safeway"). (*Id.*, ¶ 3.) After the Castillo and Hunt checks were returned unpaid, Safeway referred the checks to Imperial for collection. (*Id.*, ¶ 4.) The parties agree that Imperial's debt collection conduct is governed by the FDCPA. (*Id.*, ¶ 5.)

**C.     Defendant's Debt Collection Practices**

The principal purpose of Imperial is to collect debts. (*Id.*, ¶ 5.) When Safeway refers unpaid checks written in California to Imperial, Safeway asks Imperial to collect the check amount and the service charge provided under California Civil Code § 1719. (*Id.*, ¶ 6.) Imperial retains 27% of the amount collected for the check and the statutory service charge. (*Id.*) After a check has been referred to Imperial, Imperial adds an interest charge, which is calculated at the rate of 10% per annum, accruing from the date the check was written. (*Id.*) Imperial retains 100% of the interest

2

that it collects. (*Id.*) Safeway and Imperial followed these practices in connection with the Hunt and Castillo checks. (*Id.*)

### 1. Castillo's Check

Safeway referred the Castillo check to Imperial to collect the check amount plus a $25.00 statutory service charge. (*Id.*, ¶ 7.) Imperial mailed Castillo a collection letter dated, March 17, 2005 in which Imperial demanded $276.36 for the check amount, $25.00 as a "Misc." charge, and $8.99 as interest. (*Id.*) Subsequently, Imperial mailed Castillo a collection letter dated, December 2, 2005, in which Imperial demanded $276.36 for the check amount, $25.00 as a "Misc." charge, and $30.43 as interest. (*Id.*)

### 2. Hunt's Check

Safeway referred the Hunt check to Imperial to collect the check amount plus a $35.00 statutory service charge. (*Id.*, ¶ 8.) Subsequently, Imperial mailed Hunt two collection demands. (*Id.*) The second demand, dated December 6, 2005, included a demand for the check amount, a "Misc." charge of $35.00, and interest of $7.26, for a total of $179.41.

## LEGAL STANDARDS

**A.    Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Anderson*, 477 U.S. at

3

1  248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at
2  250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a
3  reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the
4  material issue in his or her favor. *Id.* "If the evidence is merely colorable, or is not significantly
5  probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

**B.  Judicial Notice**

Judicial notice may be taken of "adjudicative facts" such as court records, pleadings and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Hon. William W. Schwarzer, *Federal Civil Procedure Before Trial* § 14:190 (2006) (citing Fed. Rule Evid. 201(b)). A court may take judicial notice of "matters of public record" including prior court proceedings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Del Puerto Water District v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1232 (E.D. Cal. 2003). A court may also take judicial notice of the legislative history of a statute. *See* Fed. R. Evid. 201; *Palmer v. Stassinos*, 348 F. Supp. 1070, 1077 (N.D. Cal. 2004).

**ANALYSIS**

**A.  Judicial Notice**

Both Plaintiffs and Defendant have submitted requests for judicial notice in support of their motions for summary judgment. Both parties request this Court to take judicial notice of the legislative history of California Civil Code § 1719.

Defendant separately requests the Court take judicial notice of certain court documents from other pending actions. Defendant requests judicial notice of its Motion for Summary Judgment filed in United States Bankruptcy Court in the cases of *In Re Brandy Hunt*, Case No. 05-33473 DM and *Imperial Merchant Services, Inc. v. Hunt*, Case No. 05-3499 DM along with certain evidentiary declarations filed in support of that motion. Defendant also requests judicial notice of the pending criminal complaint in the case of *People v. Brandy G. Hunt*, Case No. NM349421A in San Mateo County. Plaintiffs separately request the Court judicially notice an official legal guide publication issued by the California Department of Consumer Affairs along with the legislative history of A.B.

4

1226 and 2463 as previously filed in the case of *Palmer v. Stassinos*, Civ. No. 04-3026.

The Court finds that the legislative history and other court documents for which the parties seek judicial notice constitute judicial facts sufficiently capable of accurate and ready determination and therefore takes judicial notice of them. However, as to California Department of Consumer Affairs legal guide, the Court finds that it is not the proper subject of judicial notice, nor is its interpretation of California law binding on the Court.

## B.     Interest on Dishonored Checks

The FDCPA prohibits a debt collector from collecting or attempting to collect any amount, including interest, fees, charges, or expenses incidental to the principal obligation, unless that amount is expressly authorized by the agreement creating the debt or otherwise permitted by law. *See* 15 U.S.C. § 1692f(1). In the absence of an express agreement, whether charges are permissible within the meaning of the FDCPA turns on California law. *See Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1367 (E.D. Cal. 1995). Here, the parties agree that the central issue for purposes of the pending motions is whether a debt collector, like Defendant, may demand statutory charges pursuant to California Civil Code § 1719, in addition to the debt amount and interest. The current issue, the current FDCPA claims, and Defendant's arguments are nearly identical to the issue, claims, and arguments raised in *Palmer v. Stassinos*, 348 F. Supp. 2d 1070 (N.D. Cal. 2004), *clarified on reconsideration by Palmer v. Stassinos*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005).

In *Stassinos*, the court held that § 1719 created a mandatory and exclusive recovery scheme that did not provide for additional collection of interest on a dishonored check. *Stassinos*, 348 F. Supp. 2d at 1083. *Stassinos* involved three related cases involving overlapping issues regarding the conduct of certain defendant debt collectors. *Id*. at 1073. In that case, the defendant debt collectors sent the plaintiffs a number of letters stating that as a result of plaintiffs' dishonored checks, plaintiffs owed the amount of the dishonored check, a service fee, and interest. *Id*. at 1073-75. The plaintiffs filed class action complaints alleging violations of the FDCPA. *Id*. In denying the defendants' motion to dismiss, the court found that the defendants violated the FDCPA if they attempted to collect prejudgment interest from a debtor in addition to a statutory charge or treble damages. *Id*. at 1083.

5

Another court in this circuit has similarly addressed the relationship of § 1719 and the FDCPA. *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000), *aff'd on other grounds*, *Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004) (affirming district court's contempt decision). There, the court granted the plaintiff debtors' motion for summary judgment on defendant's FDCPA liability. *Id*. at 947. Specifically, the court found that the defendant's letters seeking charges from check writers in excess of those permitted by § 1719, violated §§ 1692e(2)(A), (10), and 1692f of the FDCPA. *Id*. at 947. The court identified three of the defendant's letters. One letter demanded a check amount, $25 fee, and interest. *Id*. at 947. Another letter demanded a $35 "legal notice cost," the check amount, service charge, and interest. *Id*. The final letter demanded a check amount, treble damages, a $25 "bank charge," and interest. *Id*.

The courts' reasoning from *Stassinos* and *Mascott* is applicable to the current case.[2] Defendant argues that the court's analysis in *Stassinos* is incorrect and does not substantively respond to the analysis from *Mascott*. Plaintiffs rely on *Stassinos* and *Mascott* and argue that California law, § 1719, does not permit a debt collector, like Defendant, to seek both statutory charges and interest in the collection of a dishonored check. As explained below, the Court agrees with the reasoning in *Stassinos* and *Mascott* and finds Defendant's arguments unavailing.

**1.     California Civil Code § 1719**

Section 1719 sets forth the procedures, under California law, for collecting dishonored checks. Cal. Civ. Code § 1719. Under § 1719, any person who passes a check on insufficient funds is liable for a statutory service charge of $25. Cal. Civ. Code § 1719(a)(1). If a debt collector seeks to collect the debt owed on a dishonored check, it may collect this $25 service fee, or treble the amount of the bounced check provided certain statutory requirements are met. *Id*. More specifically, § 1719(a) permits a creditor to collect (1) a service charge of $25, and (2) treble the amount of the bounced check if the creditor sends the debtor a certified letter giving him or her thirty days to pay the amount due. *Id*. If the debtor pays the amount of the check within thirty days, he or she must also pay the service charge and the cost of mailing the certified letter, but is not liable for

---

[2] In *Stassinos*, the court stated, "[t]he parties have not cited, nor has this court located, any other case directly addressing the availability of prejudgment interest in conjunction with section 1719." *Stassinos*, 348 F. Supp. 2d 1078.

6

treble damages. *Id.*; *Mascott*, 370 F.3d at 927. In dictum, the Ninth Circuit stated, "[t]hese are the only remedies available to a creditor when a California resident bounces a check." *Id*. (citing Cal. Civ. Code § 1719(h)). The Court now turns to the issue of whether § 1719 provides for the availability of interest in addition to the statutory service charge.

### 2. Remedies Under § 1719

Defendant argues that the rules for statutory interpretation and the legislative history of § 1719 demonstrate that § 1719 does not prohibit the collection of interest in addition to the collection of the statutory service charge. Plaintiffs insist that statutory interpretation and legislative history preclude debt collectors from collecting both amounts. "Unfortunately, section 1719 is silent as to the availability of interest in light of the service charge [ ] provision[ ], making the plain meaning rule of no assistance." *Stassinos*, 348 F. Supp. 2d at 1078. The Court therefore addresses the statutory construction and legislative history of § 1719 in turn.

#### a. Statutory Construction of § 1719

In support of their statutory construction argument, Plaintiffs argue that § 1719 restricts a debt collector to three types of remedies: (1) those expressly provided in § 1719, (2) the California Penal Code, and (3) Division 3 of the Commercial Code governing negotiable instruments. *See* Cal. Civ. Code §§ 1719(a)(1), (a)(2), and § 1719(k). Defendant argues that § 1719 should be read in conjunction with California Civil Code § 3287, which authorizes the collection of interest. The parties raised nearly identical arguments in *Stassinos*. For the same reasons explained in *Stassinos*, this Court finds Defendant's argument unavailing.

"[S]tatutes must be interpreted, if possible, to give each word some operative effect." *Walters v. Metro. Educ. Enters., Inc*., 519 U.S. 202, 209 (1997). A district court seeking to interpret state law should look to that state for principles of statutory interpretation. *Stassinos*, 348 F. Supp. 2d at 1081. Under California law, the fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. *Torres v. Automobile Club of So. California,* 15 Cal. 4th 771, 777 (1997). In doing so, a court will examine the statutory language, giving the words their usual and ordinary meaning. *People v. Lawrence*, 24 Cal. 4th 219, 230 (2000). The words in question "must be construed in context, keeping in mind the nature and

obvious purpose of the statute where they appear." *Moyer v. Workmen's Comp. Appeals Bd.*, 10 Cal. 3d 222, 230 (1973). "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citations omitted]." *Id*. If there is no ambiguity, then the plain meaning of the language governs. *Id*.; *People v. Coronado*, 12 Cal. 4th 145, 151 (1995). If, however, the statutory terms are ambiguous, then the court resorts to extrinsic sources, including the ostensible objects to be achieved and the legislative history. *Coronado*, 12 Cal. 4th at 151. In such circumstances, courts will "'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" *Id*.

In considering the defendants' identical statutory construction arguments in *Stassinos*, the court stated, "[i]n construing this statute, the court finds three subsections of section 1719 to be particularly relevant; subsections (a), (h), and (k)." *Stassinos*, 348 F. Supp. 2d at 1079. Subsection (a), which provides for the $25 service charge and for treble damages, states that these remedies apply "[n]otwithstanding any penal sanctions that may apply." *Id*. (citing Cal. Civ. Code § 1719(a)(1)-(2)). Subsection (h) mandates the application of remedies in § 1719 where the statutory requirements are met. *Id*. (citing § 1719(h)). Subsection (k) provides that nothing in § 1719 "is intended to condition, curtail, or otherwise prejudice the rights, claims, remedies, and defenses under Division 3 of the Commercial Code of a drawer, payee, assignee, or holder in connection with the enforcement of this section." *Id*. (citing § 1719(k)).

The plaintiffs in *Stassinos*, just like Plaintiffs in this case, argued, that sections 1719(a)(1) and (a)(2) apply "notwithstanding any penal sanctions that may apply." *Id*. Also like the plaintiffs in *Stassinos*, here Plaintiffs point to section 1719(k), which states: "Nothing in this section is intended to condition, curtail, or otherwise prejudice the rights, claims, remedies, and defenses under Division 3 of the Commercial Code in connection with this section." Citing the rule of construction *expressio unius est exclusio alterius*, Plaintiffs argue that the inclusion of these two provisions restricts a debt collector to three types of remedies: (1) those expressly provided in § 1719, (2) California criminal law, and (3) Division 3 of the Commercial Code governing negotiable

8

instruments. As the *Stassinos* court noted, "None of these remedies provides for the collection of prejudgment interest." *Stassinos*, 348 F. Supp. 2d at 1079-80 (emphasis added). As a result, the Court finds nothing in § 1719 permitting Defendant, as a matter of law, to demand interest in addition to the statutory service charge.

Defendant makes another argument regarding the statutory interpretation of § 1719. The same argument was rejected by the court in *Stassinos*. *Id*. at 1080. In particular, Defendant argues that § 1719 should be read in conjunction with California Civil Code § 3287 to allow the collection of interest. Plaintiffs counter that § 1719 should not be read in conjunction with § 3287, because § 1719 expressly precludes civil remedies other than those expressly provided for in § 1719.

In addressing this issue, the *Stassinos* court noted that § 3287(a) provides that every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. *Id*. at 1079 (citing Cal. Civ. Code § 3287). Section 3287 is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state. *Id*. at 1079-80; *see also* Cal. Civ. Code § 3287. Defendant argues, as did the defendants in *Stassinos*, that because a check is a contract under California law, § 3289, which governs the interest rate for breach of contract, sets the interest rate at ten percent per annum after a breach. *See id*. (citing Cal. Civ.Code § 3289(b)). Defendants thus contend that debt collectors are entitled to prejudgment interest as a matter of California law and that nothing in § 1719 requires the court to construe its statutory remedies to be exclusive.

In support, Defendant cites one case and argues that where a statute is silent on the availability of interest, interest is presumed to be available as provided in Civil Code section 3287(a). *Currie v. Workers' Comp. Appeals Bd.*, 24 Cal. 4th 1109, 1116 (2001). Plaintiffs argue that *Currie* does not stand for such a broad proposition. The *Stassinos* court considered Defendant's identical argument and found it unavailing. *Stassinos*, 348 F. Supp. 2d at 1080. Similarly, the Court does not find *Currie* instructive on whether § 1719 allows for the payment of interest and the

9

1  statutory service charge.

2  In *Currie*, the California Supreme Court addressed the application of interest to an entirely
3  different statutory scheme where there was no possibility of double recovery. There, the court held
4  that the Workers' Compensation Appeals Board ("WCAB") erred in failing to award an employee
5  prejudgment interest under California Labor Code Section 132a. *Currie*, 24 Cal. 4th at 1119.
6  Section 132a provides for the employee's reimbursement of lost wages and work benefits, caused by
7  an employer's discriminatory conduct. Cal. Lab. Code § 132a. The court stated that no other
8  provision, including § 132a, precluded addition of interest to a backpay award, and addition of
9  interest would serve the remedial purpose of § 132a. *Id*. Since there was no express or implied
10 prohibition on including interest to an award of backpay, the court found the interest provision in
11 § 3287 to be applicable. In contrast, in this case, both the statutory construction and legislative
12 history of § 1719, as discussed below, demonstrate that allowing the collection of interest and the
13 statutory service charge would result in double recovery. As a result, the Court finds Defendant's
14 argument regarding § 3287 and the application of *Currie* to be unconvincing.

15 The Court notes that the existence of §§ 1719(k) and (h) weigh in favor of Plaintiffs'
16 statutory construction argument. As explained above, §1719(k) expressly allows a debt collector to
17 utilize specific civil remedies in addition to the existing remedies provided in § 1719. If, as
18 Defendant argues, § 1719 were intended to allow the use of other civil remedies such as § 3287, then
19 § 1719(k) would be superfluous. Additionally, § 1719(h) provides that the requirements of § 1719
20 are "mandatory." Cal. Civ. Code § 1719(h). As the court noted in *Stassinos*, "where a statutory
21 remedy is mandatory, it can in some instances be inferred that the remedy is meant to be exclusive."
22 *Stassinos*, 348 F. Supp. 2d at 1080 (citing *Grover Escrow Corp. v. Gole*, 71 Cal. 2d 61, 63 (1969)
23 (construing Cal. Bus. & Prof. Code § 24074 as both mandatory and exclusive)). Thus, in construing
24 the context of § 1719 and in considering the nature and purpose of the statute on its face, the
25 statutory construction supports Plaintiffs' interpretation. The Court now turns to the legislative
26 history of § 1719.

27         **b.**         **Legislative History of § 1719**

28 Defendant argues that the legislative history of § 1719 demonstrates an intent to allow the

10

recipient of a dishonored check to recover all damages, including interest. Plaintiffs argue that the legislative history demonstrates an intent to allow the recipient of a dishonored check the alternative of proceeding under § 1719 or seeking other civil remedies.

"When the statute is ambiguous or the statutory language does not resolve an interpretive issue, 'our approach to statutory interpretation is to look to legislative history.' [citation omitted]" *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003). The California Court of Appeal has stated, "Where the words of the statute do not provide an unambiguous answer to the question presented, then we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. In such circumstances, we select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." *Leavitt v. County of Madera*, 20 Cal. Rptr. 3d 578 (2004) (citing *Day v. City of Fontana*, 25 Cal. 4th 268, 272 (Cal. 2001)) (citations and quotation marks omitted).

Here, the legislative history, like the statute itself, does not specifically address the availability of interest in addition to statutory remedies. However, like *Stassinos*, the Court finds the statute's legislative evolution and the reasoning behind the statute's amendments to be helpful in determining whether § 1719 provides the exclusive remedies for collecting on a bad check. *Stassinos*, 348 F. Supp. 2d at 1081.

The first relevant amendment to § 1719 was the addition of subsection (h). S.B.1933 (Cal. 1995); A.B. 522 (Cal. 1995). Added in 1995, subsection (h) provides that the remedies set forth in § 1719 are mandatory upon a court, codifying the decision in *Mughrabi v. Suzuki*, 197 Cal. App. 3d 1212, 1214 (1988). California Senate Rules Comm., Comm. Rep. 1995 Cal. A.B. 522, 1995-96 Reg. Sess. (June 29, 1995). In *Mughrabi*, the California Court of Appeal reversed a trial court's decision to withhold treble damages in spite of the debt collector's compliance with § 1719. *Stassinos,* 348 F. Supp. 2d at 1081. The Court of Appeal determined that "[t]he manifest purpose of section 1719 is to discourage the issuance of bank checks, drafts or orders when the maker's funds are insufficient. By increasing the stakes for a defendant, it serves as a statutory incentive to refrain from the writing of bad checks." *Mughrabi*, 197 Cal. App. 3d at 1215. Accordingly, the court held that the award of

11

treble damages under § 1719 was mandatory whenever the statutory requirements had been met. *Id.* at 1216. The Court finds that by making mandatory what was previously discretionary, the California Legislature indicated its intent to change the purpose of the statutory scheme from one that was exclusively penal in nature to one designed to fix damages available under the statute.

The second relevant change to § 1719 came in 1996 when the California Legislature substantially rewrote subsection (a) to add provisions for a fixed-amount statutory service charge. . *Stassinos,* 348 F. Supp. 2d at 1081 (citing A.B. 2643 (Cal. 1995)). The addition of the fixed-amount statutory service fee was in response to *Newman v. Checkrite*, 912 F. Supp. 1354 (E.D. Cal. 1995), which held that collecting a service charge was permissible under California law but only a "reasonable" fee could be charged. *Checkrite*, 912 F. Supp. at 1368. Fearing that California courts would be forced to determine on a case-by-case basis whether a merchant's service charge was reasonable, the Legislature created a cause of action for a fixed-amount service charge of $25. Cal. Civ. Code § 1719(a)(1); *see also* Comm. Rep. 1995 Cal. A.B. 2643, 1995-96 Reg. Sess. (Aug. 30, 1996). The cause of action provided that the $25 service charge could not be collected in the event that treble damages were recoverable. *See* Cal. Civ. Code § 1719(a)(2)) ("When a person becomes liable for treble damages for a check that is the subject of a written demand, that person shall no longer be liable for any service charge for that check and any costs to mail the written demand."). In similar fashion to the *Stassinos* case, the Court here finds that this statutory change suggests that the treble damage provision is intended to cover all losses suffered as a result of the bad check.

The third change in § 1719 was also part of the 1996 amendment. The 1996 amendment added subsections (i) and (k). *Stassinos,* 348 F. Supp. 2d at 1081-82 (citing A.B. 2643). Although the legislative history is silent on the matter, the addition of subsection (i) appears to have been responsive to the holding in *Newman*, which left open whether an assignee of a bad check debt may also collect service charges to the same extent as the original payee. *Newman*, 912 F. Supp. at 1368 ("I need not resolve the question of whether an assignee of the underlying debt assumes the right to collect service charges since, assuming arguendo such a right, these defendants cannot prevail on the record.")). Subsection (i) provides that "[t]he assignee of the payee or a holder of the check may demand, recover, or enforce the service charge, damages and costs specified in this section to the

12

same extent as the payee." Cal. Civ. Code § 1719(i).

The next change in § 1719 relevant to inquiry was the addition of subsection (k). Although the legislative history is likewise silent, subsection (k) may have been added, among other reasons, to address the holding in *Cohen v. Disner*, 36 Cal. App. 4th 855 (1995). *Stassinos,* 348 F. Supp. 2d at 1081-82. In that case, the plaintiffs argued that the "stop payment" defense in § 1719(a) was exclusive, foreclosing all other defenses applicable to negotiable instruments available under the Commercial Code. *Disner*, 36 Cal. App. 4th at 859. The court, however, rejected this argument, holding that the language of the statute permitted defendants to assert UCC defenses regarding the enforceability of the negotiable instrument. *Id*. at 861. Soon after that case, the 1996 amendment added subsection (k), providing that the rights, claims, remedies, and defenses under Division 3 of the Commercial Code remain in full effect notwithstanding any of the provisions of section 1719. Cal. Civ.Code § 1719(k). The *Stassinos* court concluded that this series of amendments demonstrated a legislative intent to make § 1719's remedies exclusive. *Stassinos,* 348 F. Supp. 2d at 1081-82. This Court agrees for the same reasons, as set out below.

First, the legislative history reveals that permitting interest in addition to the statutory remedies would permit double recovery. The law generally bars multiple recoveries for the same loss. *See e.g., Greater Westchester Homeowners Assn. v. Los Angeles*, 26 Cal. 3d 86, 103 (1979). The statutory scheme in § 1719 reflects this by providing that: (1) the face amount of a check can only be recovered once; (2) once the bad check writer is obligated to pay treble damages, only the face amount of the check can be recovered under § 1719(a)(2); (3) only one service charge can be recovered with respect to the same check, *id*. § 1719(a)(1), (j)(2); and (4) liability for treble damages bars collection of a service charge and mailing costs, *id*. § 1719(a)(2).

Second, "[b]oth by making the statutory damages mandatory upon courts in subsection (h) and making the § 1719 remedies available to assignees by adding subsection (i), the Legislature indicated its intent to change the nature of the statutory remedies." *Stassinos,* 348 F. Supp. 2d at 1083. Treble damages are typically punitive under California law, *Hoban v. Ryan*, 130 Cal. 96, 99 (1900), and punitive damages inure only to the person damaged, *People v. Superior Court*, 9 Cal. 3d 283, 287 (1973). As with § 1719, "when the statute requires the court to grant recovery to a party

13

not traditionally entitled to such recovery, the Legislature has effectively conveyed its intention to replace previous forms of recovery with the statutory remedy provided." *Stassinos,* 348 F. Supp. 2d at 1083. Since the statutory remedy replaced previous forms of recovery, permitting interest on the check would result in double recovery. As a result, this Court similarly concludes that under § 1719, a payee may not collect both statutory service charges and interest.

Third, "the Legislature's pattern of amendment demonstrates its intent to create an exclusive remedy for bad check collection." *Id*. The Legislature proceeded to amend § 1719 as the California and federal courts decided relevant issues[3] regarding the construction of § 1719. These inclusions demonstrate that the Legislature intends that section 1719 represent the sole recovery mechanism for bad debt collectors and that courts should not look beyond the statute unless failing to do so would result in an absurd interpretation. The court in *Stassinos* stated,

> By expressly providing for penal remedies and civil remedies of a either (1) a service charge and mailing fees where a debtor pays within the thirty-day period or (2) treble damages but no service charge or mailing costs where the debtor does not, the Legislature has created a *mandatory recovery scheme that does not provide for additional collection of interest*.

*Id*. at 1083 (emphasis added).

This Court agrees with the court's analysis in *Stassinos* regarding § 1719's legislative history. After examining the legislative history, the Court finds that "except as otherwise provided in subsections (a) and (k), the section 1719 remedies are both mandatory and exclusive." *Id*. Here, it is not in dispute that Defendant's demand letters to Hunt and Castillo demanded both interest and the statutory service charge. (JSUF, ¶¶ 7-8.) As a result, Defendant's actions violated § 1719.

### 3. Other Possible Grounds for Interest on Dishonored Checks

Defendant makes a series of additional arguments to support its collection of an interest fee and a statutory service charge. However, as explained below, the Court finds these arguments

---

[3]Defendant argues that the August 10, 1996 Amendment to A.B. 2643 supports a legislative intent to allow the recovery of interest and the statutory service charge. The Court disagrees. The legislative history evidences an intent to prevent the costs associated with bad check collection to be passed to other consumers. However, there is no documented intent to achieve such a result by allowing the recovery of interest and a statutory charge. Instead, the legislative history demonstrates that if a merchant elects to use § 1719, then the enumerated statutory service charges are commercially reasonable, as a matter of law, and intended to prevent other consumers from having to bear the costs associated with bad check debt collection.

14

unpersuasive.

First, Defendant argues that the court's reconsideration in *Palmer v. Stassinos*, 419 F. Supp. 2d 1151 demands a different result. Specifically, Defendant seizes on the court's clarification that § 1719 was not intended to preclude recovery for attorneys' fees, post-judgment interest, and contractual damages. *See id*. at 1153. From this clarification, Defendant concludes that it is entitled to charge interest fees and statutory service charges. The Court disagrees. Defendant fails to explain how the court's reconsideration changes the underlying statutory construction and legislative intent of § 1719.

Next, Defendant argues that Pak 'n Save had three possible theories of recovery against Plaintiffs to recovery for the losses incurred as a result of Plaintiffs' bad checks, and that each theory allows for prejudgment interest. Defendants state that Pak 'n Save, or its assignor, could have utilized: (1) § 1719; (2) a cause of action for breach of contract; or (3) a common count for goods had and received. From this, Defendant concludes that it is entitled to an interest fee in addition to the statutory service charge. Again, the Court disagrees with Defendant. Assuming without deciding, that these theories would afford the recovery of interest in this context, these theories would certainly not allow a debt collector to also collect a statutory service charge, in addition to an award of interest. Furthermore, there is no evidence in the record that Defendant has proceeded against Plaintiff under any of these alternative theories. Instead, proceeding under an alternate theory of collection, Defendant chose to demand the statutory service charge amounts of $25 and $35 enumerated in § 1719.

Finally, Defendant contends that the decision in *Newman v. Checkrite*, 912 F. Supp. 1354 (E.D. Cal. 1995) saves it from liability. However, Defendant's reliance on *Newman* is similarly misplaced. In *Newman*, the court did not decide whether defendants had the ability to collect statutory service charges and interest fees. Instead, the court stated that a merchant may recover only "commercially reasonable charges [or] expenses . . . resulting from the breach." *Id*. at 1368 (citing Cal. Civ. Code § 2710). As described above, the 1996 amendment to § 1719 was in response to the *Newman* decision. Fearing that California courts would be forced to determine on a case-by-case basis whether a merchant's service charge was reasonable, the Legislature created a

15

cause of action for a fixed-amount service charge of $25. Cal. Civ. Code § 1719(a)(1); *see also* Comm. Rep. 1995 Cal. A.B. 2643, 1995-96 Reg. Sess. (Aug. 30, 1996). Thus, the 1996 amendment created a fixed service charge to prevent a case-by-case review of the commercial reasonableness of individual merchants' service charges. Neither the amendment or the *Newman* decision provided merchants with the ability to seek interest fees in addition to commercially reasonable service fees.

**C.    Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*.**

   **1.    Liability under the FDCPA**

The FDCPA is the primary federal legislation dealing with unfair and deceptive consumer debt collection practices. Debt collectors are subject to civil liability for violations of the FDCPA. *See Mascott*, 112 F. Supp. 2d 937. The FDCPA is considered a "strict liability" statute because debt collectors generally are liable for violating the FDCPA's requirements without regard to intent, knowledge or willfulness. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Booth v. Collection Experts, Inc.*, 969 F. Supp. 1161, 1165 (E.D. Wisc. 1997). Plaintiffs need only prove that (1) the defendant knew what practices it was engaged in, and (2) the practices violated the FDCPA. *Irwin*, 112 F. Supp. at 963. However, the FDCPA does provide for a "bona fide error" defense.

As indicated above, the court in *Irwin* granted the plaintiff debtors' motion for summary judgment on defendant's FDCPA liability. Specifically, the court found that defendant's letters seeking charges from check writers in excess of those permitted by § 1719, violated §§ 1692e(2)(A), (10), and 1692f of the FDCPA. *Id*. at 947. The court identified three of defendant's letters. One letter demanded a check amount, $25 fee, and interest. *Id*. at 947. Another letter demanded a $35 "legal notice cost," the check amount, service charge, and interest. *Id*. The final letter demanded a check amount, treble damages, a $25 "bank charge," and interest. *Id*.

Here, the facts are undisputed as to the contents of Defendant's letters. As to Castillo, Defendant sent two letters. (JSUF, ¶ 7.) First, in a collection letter dated March 17, 2005, Defendant demanded the check amount, a $25.00 "Misc." charge, and $8.99 as interest. (*Id*.) Second, in a collection letter dated December 2, 2005, Defendant demanded the check amount, a "Misc." charge of $35.00, and interest of $7.26. (*Id*.) As to Hunt, Defendant also sent two letters. (*Id*., at ¶ 8.) In the second letter dated December 6, 2005, Defendant demanded the check amount, a

16

1  "Misc." charge of $35.00, and interest of $7.26. (*Id.*)

2  Relying on this undisputed evidence, this Court finds that, as a matter of law, there being no material facts in dispute, Defendant's collection letters violated the FDCPA in that the letters demand charges in excess of those permitted by § 1719 in violation of §§ 1692e(2)(A) and 1692f(1).[4] For these reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment as to Defendant's liability under §§ 1692e(2)(A) and 1692f(1) of the FDCPA.[5]

### 2. Defendant's Defense Under § 1692k

Defendant argues that "the unclear state of law" regarding § 1719 is sufficient to raise a triable issue of fact under the "bona fide error" defense of the FDCPA. Plaintiff counter, and argue that a defendant's incorrect interpretation of the law is not sufficient to raise the "bona fide error" defense. The Court agrees with Plaintiffs.

A debt collector may not be held civilly liable for a violation of the FDCPA if the debt collector demonstrates by a preponderance of the evidence that the violation: (1) was unintentional; and (2) resulted from a "bona fide error," even though the collector maintains procedures "reasonably adapted" to avoid such error. 15 U.S.C. § 1692k(c). The "bona fide error" defense does not excuse mistakes of law such as errors resulting from debt collector's reliance on counsel's advice or where the mistake relates to FDCPA requirements. *Baker v. G.C., Service Corp.*, 677 F.2d 775, 779 (9th Cir. 1982); *Irwin*, 112 F. Supp. 2d at 959; *see also Picht v. John R. Hawks, Ltd.*, 236 F.3d 446, 451-52 (8th Cir. 2001). Where a party bears the burden of proof in asserting an

---

[4] Plaintiffs' complaints also allege violations of §§ 1692e and 1692f, however Plaintiff's fail to identify the specific portions of the record that establish the absence of a triable issue of material fact as to Defendant's liability under those sections.

[5] Plaintiffs also argue that summary judgment is appropriate because Defendant, as a debt collector, cannot have the same set of rights as a merchant seller. The Court disagrees with this argument and finds it irrelevant to the Court's decision. Under California Commercial Code § 3310(b)(3) a seller may either enforce the instrument or the obligation. Cal. Comm. Code § 3310(b)(3); *Abels v. JBC Legal Group, P.C.*, 434 F. Supp 2d 763, 765-66 (N.D. Cal. 2006). A seller's rights can be assigned, pursuant to California Commercial Code § 2210(2), so long as it does not change the duty or risks to the other party. *Abels*, 434 F. Supp 2d at 766. Thus, a seller may assign to a third party all rights, including those to damages for breach of contract or performance of the obligation. *Id*. A seller may also assign less than all of its rights. As the court held in *Ballard v. Equifax Check Serv., Inc.*, 27 F. Supp. 2d 1201 (E.D. Cal. 1998), a debt collector could not apply a service charge as an incidental damage in the place of a seller under § 2710, where the debt collector only owned the face value of the check and not the complete set of rights of the seller. *Id*. at 1207. Here, regardless of the scope of the assignment, neither Safeway or Defendant are permitted to collect both interest fees and the statutory service charge when they demanded payment from Plaintiffs under § 1719.

United States District Court
For the Northern District of California

17

affirmative defense, he asserts a defense to liability, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. *See Fontenot v. Upjohn Co.*, F.2d 1190, 1194 (5th Cir. 1986) 780; *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

Here, Defendants have failed to identify any facts in the record that would raise the applicability of the FDCPA's "bona fide error" defense. Defendants argue, without factual support, that it was entitled to charge interest according to its reading of *Stassinos*. Defendant's mistake of the law will not suffice to create a triable of issue fact regarding the "bond fide error" defense.

**D.     Request for Immediate Appeal Under § 1292(b)**

Defendant requests this Court to enter partial summary judgment under Rule 54(b) or certify the case for immediate appeal under 28 U.S.C. § 1292(b). Plaintiffs assert that both requests are improper.

Upon a showing that there is no genuine issue of material fact as to particular claims or defenses, the court may grant summary judgment in the party's favor "upon all or any part thereof." Fed. Rule Civ. Proc. 56(a) and (b). Partial judgments under Rule 54(b) are reserved for unusual cases where the risk of "scattershot disposition of litigation" is outweighed by the pressing need for an early judgment. *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court. *White Mountain Apache Tribe v. Hodel*, 784 F.2d 921 (9th Cir. 1986). Additionally, an order denying the motion may be reviewed by permissive interlocutory appeal. 28 U.S.C. 1292(b). Permission is appropriate if the district court certifies that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance ultimate termination of the litigation. *Id*.

Here, the Court finds no substantial ground for difference of opinion. The available authority supports the Court's finding that a debt collector may not demand statutory service charges pursuant to California Civil Code § 1719, in addition to the debt amount and interest. Additionally, the Court finds that this case does not present such an unusual case where the risk of "scattershot disposition

of litigation" is outweighed by the pressing need for an early judgment. For these reasons, the Court **DENIES** Defendant's requests for partial judgment and interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment and **GRANTS**, in part, Plaintiffs' Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: March 20, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE