Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel: (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

(Additional plaintiffs' counsel on last page)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>        Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN<br><br>Date: July 24, 2007<br>Time: 9:30 a.m.<br>Courtroom 11 |

## I. INTRODUCTION

      In this action, plaintiffs have challenged defendant's practice of assessing both interest, and a statutory service charge when collecting dishonored checks. On March 21, 2007, this Court both granted plaintiffs' motion for class certification, certifying a class pursuant to Fed.R.Civ.P. 23(b)(2) and (3), and granted plaintiffs' motion for partial summary judgment, ruling that defendant violated the Fair Debt

PLAINTIFF'S MEMO. IN SUPPORT OF PROPOSED CLASS NOTICE PLAN: Page 1

Collection Practices Act, 15 U.S.C. § 1692, et seq., [FDCPA] by collecting and attempting to collect, interest.

Pursuant to Fed.R.Civ.P. 23(c)(2)(B), "the best notice practicable under the circumstances" must be given to all Rule 23(b)(3) class members. The parties have met and conferred and resolved all class notice issues, except for one. Where, as here, the defendants have already been found liable, defendants should bear the cost of giving notice to the class. Defendant disagrees.

Therefore, plaintiffs are filing this motion in which they will ask the Court to approve the notice plan to which the parties have agreed, and to order defendants to pay the costs of notice.

## II.  THE PARTIES HAVE AGREED ON THE BEST NOTICE PRACTICABLE UNDER THE CIRCUMSTANCES

### A. Form of Notice

Where a class has been certified pursuant to Rule 23(b)(3) the class notice must advise class members of the nature of the action; the definition of the class and any subclasses; the claims, issues, and defenses for which the class has been certified; the right of a potential class member to be excluded or to opt out from the class; the right of a class member to enter an appearance by counsel; and the binding effect of a class judgment. Fed.R.Civ.P. 23(c)(2)(b).

Sufficient information about the case should be provided to enable class members to make an informed decision about their participation. The notice should describe succinctly the positions of the parties; identify the opposing parties, class representatives, and counsel; describe the relief sought; and explain any risks and benefits of retaining class membership and opting out, while emphasizing that the court

PLAINTIFF'S MEMO. IN SUPPORT OF PROPOSED CLASS NOTICE PLAN: Page 2

has not ruled on the merits of any claims or defenses. Manual for Complex Litigation, 4th, § 21.311, p. 289.

The notice that plaintiffs propose meets these requirements.[1]  Defendant has agreed to this form of notice.

### B. Plan for Distributing Notice

Pursuant to Rule 23(c)(2)(B) "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  In this case, defendants have the name and an address for each class member.  Plaintiffs propose to update and standardize addresses using the United States Postal Service's National Change of Address Database, [NCOA] linked with other commercially-available products to provide the most current and accurate addresses for class members, at a nominal cost.  Mailing will be by first-class mail, with address correction requested, which will assure that the mailing is sent to all class members who can be located through a reasonable effort.

The Court certified as a Rule 23(b)(2) class for those class members who did not pay any portion of the statutory service charge  The Rule 23(b)(3) class includes only those who are entitled to actual damages.  Therefore, notice will only be sent to class members who are entitled to actual damages, *i.e.* class members who paid interest in addition to the check amount plus a statutory service charge.[2]

Defendant agrees to this notice mailing plan.

---

1.  A copy of the proposed notice is attached as Exhibit 1 to Plaintiffs' Motion for Approval of Class Notice Plan.
2.  Plaintiffs have filed a motion to clarify or correct the class definition, to accurately reflect that Rule 23(b)(3) class members are those who paid both a statutory service charge *and* some amount of interest, and who will therefore be entitled to actual damages.

PLAINTIFF'S MEMO. IN SUPPORT OF PROPOSED CLASS NOTICE PLAN: Page 3

## III. DEFENDANT SHOULD BE ORDERED TO PROVIDE THE DATA NECESSARY TO MAIL NOTICE

The backbone of defendant's collection operation is its computerized database. The database contains information identifying all class members, the checks that defendant sought to collect, and the payments that class members made. Defendant has informally agreed to provide the information that plaintiff has requested to identify class members and to calculate damages, but defendant has not yet provided any data. Plaintiffs believe, simply to avoid any undue delay, that it would be prudent to obtain a court order compelling defendant to produce the computerized data needed to effectuate the notice plan, and to calculate damages. Accordingly, plaintiffs request an order compelling defendants to provide a list of all members of the class certified by this Court in the Order entered on March 21, 2007. The list shall include each class member's last known address and phone number, and for each check that defendant sough to collect, the check date, check amount, check payee and check number, and date and amount of all payments received. The data should be provided in a computerized format agreed upon by the parties, no later than two weeks from the date this motion is decided.[3]

## IV. DEFENDANT SHOULD BE ORDERED TO PAY THE COST OF CLASS NOTICE, SINCE IT HAS BEEN FOUND LIABLE FOR VIOLATING THE FDCPA

The Supreme Court has held that "The usual rule is that the plaintiff must initially bear the cost of notice to the class." *Eisen v. Carlisle & Jacquelin, et al.,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). However, "interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of

---

3. Plaintiffs first formally requested this data in a March 25, 2007 letter. *See* Declaration of Paul Arons in Support of Plaintiffs' Motion for Approval of Class Notice Plan. Thus, defendants have already had several months to compile this information.

PLAINTIFF'S MEMO. IN SUPPORT OF PROPOSED CLASS NOTICE PLAN: Page 4

some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure." Conte & Newberg, Newberg on Class Actions § 8.6 at 180 (4th Ed. 2002).

Class notice costs should be shifted to the defendant where, as here, defendant's liability has already been established. In *Meadows v. Ford Motor Co.,* 62 F.R.D. 98, 101-102 (W.D.Ky. 1973), the court ordered defendants to pay notice costs after the court had certified the class and determined that plaintiffs were entitled to relief. The court noted that although the general rule required the cost of notice be to initially borne by plaintiff, this was because class notice usually took place during the early stages of the litigation. In *Meadows*, however, the class was certified at a time when the Court has already determined that the plaintiff and the members of her class were entitled to recover on their demands for injunctive relief. Therefore, the expense of sending the class action notices had to be paid by the defendant.

In *Kyriazi v. Western Electric Co.,* 465 F.Supp. 1141, 1144 (D.N.J. 1979). the litigation was bifurcated into a liability stage and a damages stage. *Id.* At the conclusion of the liability stage, the court found that the employer had unlawfully discriminated against its female employee class members. *Id.* at 1141. During the damage phase of the trial, the court ordered that all class members were to be mailed a notice and a proof of claim form, and that defendant had to bear the notice costs. *Id.* at 1144.

In this circuit, the Arizona district court followed the holdings in *Meadows* and *Kyriazi* and ordered defendants to pay the cost of notice partly because defendants' liability had already been established. *Six (6) Mexican Workers v. Arizona Citrus Growers,* 641 F.Supp. 259, 265 (D. AZ 1986). For similar rulings see *Hook v. Baker*, 2004 U.S. Dist. LEXIS 26698, *7 (S.D.Ohio 2004); *Marcarz v. Transworld Systems,*

PLAINTIFF'S MEMO. IN SUPPORT OF PROPOSED CLASS NOTICE PLAN: Page 5

Inc., 201 F.R.D. 54 (D.Conn. 2001); *Barefield v. Chevron, U.S.A., Inc.*, 12 Fed. R. Serv. 3d 1232 (N.D. Cal. 1988): *Hartman v. Wick*, 678 F. Supp. 312, 328-29 (D.D.C. 1988); *Catlett v. Missouri Highway and Transportation Comm'n.*, 589 F.Supp. 949 (W.D.Mo. 1984).

Here, as in the cases cited above, defendant's liability has been established and the only questions remaining are identifying class members and calculating actual and statutory damages. Accordingly, the costs of notice should be borne by defendants. Once defendants have provided plaintiffs with information sufficient to determine approximately how many notices will be mailed, plaintiffs will submit a cost estimate to defendants. If defendants dispute the estimate, the parties shall meet and confer to resolve any dispute. If they are unable to do so, plaintiffs shall file a motion to establish the amount that defendants are required to advance for costs of notice.

**V. CONCLUSION**

WHEREFORE, plaintiffs Hunt and Castillo respectfully request that their motion be granted, and that the Court approve the class notice proposal set forth above.

Dated: June 19, 2007          LAW OFFICE OF PAUL ARONS

                                          By s/Paul Arons
                                            Paul Arons
                                            Attorneys for Plaintiffs
                                            BRIAN CASTILLO and BRANDY HUNT

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822