Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

(Additional plaintiffs' counsel on last page)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OR MODIFICATION OF CLASS CERTIFICATION ORDER**<br><br>Date: July 24, 2007<br>Time: 9:30 a.m.<br>Courtroom 11 |

## I. INTRODUCTION

In this action, plaintiffs challenge defendant's practice of assessing both interest and a statutory service charge when collecting dishonored checks.  Plaintiffs argued, and this Court has ruled, that a debt collector may not collect both a statutory

PLAINTIFF'S MEMO. IN SUPPORT OF MOT. FOR CLARIFICATION OR MODIFICATION OF CERTIFICATION ORDER: Page 1

service *and* interest. On March 21, 2007, this Court granted both plaintiffs' motion for class certification, certifying a class pursuant to Fed.R.Civ.P. 23(b)(2) and (3), and plaintiffs' motion for partial summary judgment, ruling that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, [FDCPA] by collecting and attempting to collect both a statutory service charge and interest.

In collecting both a service charge and interest, defendant violated the FDCPA by "double-dipping." In other words, either defendant could have lawfully collected a service charge, or it could have collected interest. It may not, however, collect or attempt to collect both charges. In the class certification order, the Court certified an "actual damages" class, pursuant to Fed.R.Civ.P. 23(b)(3) "for those class members who paid any portion of the statutory service charge." 3/21/2007 Order Granting Plaintiffs' Motion to Certify Class, 2007 U.S. Dist. LEXIS 21450, *30-*31. As phrased in the Order, the description of the Rule 23(b)(3) class is overbroad, and may include thousands of class members who are not entitled to actual damages. Accordingly, plaintiffs are asking the Court to modify the class description, to limit the actual damages class to those who will be entitled to recover actual damages, *i.e.*, those class members who paid both a service charge *and* interest.

II. **THE COURT SHOULD EXERCISE ITS DISCRETION TO MODIFY THE CLASS DEFINITION**

A district court may alter or amend a class certification order, at any time before a final judgment in entered. Fed.R.Civ.P. 23(c)(1)(C). The court may modify the class definition, even after summary judgment on liability has been granted in favor of plaintiff. *See e.g., Irwin v. Mascott*, 2001 U.S. Dist. LEXIS 3285 (N.D. Cal. 2001). In the present case, this Court should modify the class definition to avoid including in the

PLAINTIFF'S MEMO. IN SUPPORT OF MOT. FOR CLARIFICATION OR MODIFICATION OF CERTIFICATION ORDER: Page 2

actual damages class thousands of check writers who will not be entitled to any actual damages.

The relevant underlying facts are simple and undisputed. When defendant attempts to collect an unpaid check which one of its merchant clients has referred, it demands the check amount, a statutory $25 or $35 service charge, and interest on the check amount at 10% per annum. When the check writer fully pays the demand, as compensation defendant retains a small portion of the check amount and service charge[1], and 100% of the interest. However, when a check writer pays less than the full amount demanded, defendant does not allocate any amount for interest, until the check amount and service charge are fully paid. Therefore, every check writer who has paid interest, has also paid a service charge. In contrast, since defendant attempts to collect thousands of checks, payment of less than the full amount demanded is a common occurrence. Many check writers have paid only the check and all or part of the service charge, but have not paid any interest. Only those check writers who have paid both a service charge *and* interest are entitled to actual damages.

The mere attempt to collect more than is owed on a debt violates the FDCPA, even if the consumer does not pay any unlawful fees. The Court certified an umbrella class that included everyone from whom defendant attempted to collect unlawful fees, whether or not fees were paid. Pursuant to Fed.R.Civ.P. 23(b)(2) the Court certified a class consisting of everyone who had not paid any part of the statutory service charge. Pursuant to Fed.R.Civ.P. 23(b)(3), the Court certified a class that included only those who had paid some or all of the statutory service charge. By

---

1. Defendant has represented to plaintiff that its primary client is Safeway Stores. Pursuant to its agreement with Safeway, defendant retains 27% of the check amount and service charge. Defendant keeps 100% of the interest that it collects. 3/21/2007 Order Granting Plaintiffs' Motion to Certify Class, 2007 U.S. Dist. LEXIS 21450, *4.

PLAINTIFF'S MEMO. IN SUPPORT OF MOT. FOR CLARIFICATION OR MODIFICATION OF CERTIFICATION ORDER: Page 3

focusing on the statutory service charge in phrasing the class definitions, the class is not accurately described.  The Rule 23(b)(2) class, the "non-actual damages" class, should include everyone except those who paid both a service charge and some portion of interest. The Rule 23(b)(3) class, the "actual damages" class,  should include only those who have paid both a service charge and interest.  If the class description is not modified, thousands of check writers who are not entitled to actual damages will be included in the actual damages class.  The immediate consequence of this misclassification will be that thousands of class members who are not entitled to exclude themselves from the class, pursuant to Rule 23(c)(2)(B) will be sent an opt-out notice, resulting in unnecessary expense and confusion.

> To resolve this problem, plaintiffs propose a simple modification to the class definition.  The current class certification order provides:

> Named Plaintiffs Castillo and Hunt are **CERTIFIED** as the representatives of the class defined as follows:  All persons to whom Defendant mailed a collection demand at any time since December 5, 2004, (1) which included a demand for both interest and a statutory service charge on a dishonored check; (2) where the check was written in the State of California for personal, family or household purposes; and (3) whose mail was not returned as undeliverable.

> It is **FURTHER ORDERED** that the issues of liability, declaratory relief, and statutory damages under the FDCPA for those class members who did not pay any portion of the statutory service charge demanded is **CERTIFIED** under *Rule 23(b)(2)*.

> It is **FURTHER ORDERED** that the issues of actual damages under the FDCPA for those class members who paid any portion of the statutory service charge demanded is **CERTIFIED** under *Rule 23(b)(3)*.

PLAINTIFF'S MEMO. IN SUPPORT OF MOT. FOR CLARIFICATION OR MODIFICATION OF CERTIFICATION ORDER: Page 4

3/21/2007 Order Granting Plaintiffs' Motion to Certify Class, 2007 U.S. Dist. LEXIS 21450, *30-*31.  By changing "statutory service charge" to "interest"[2], in both the Rule 23(b)(2) and Rule 23(b)(3) definitions, only those who may be entitled to actual damages will be in the Rule 23(b)(3) class.  All other class members will be in the Rule 23(b)(2) class.  Thus, the modified Rule 23(b)(2) and (3) class will be as follows:

> It is **FURTHER ORDERED** that the issues of liability, declaratory relief, and statutory damages under the FDCPA for those class members who did not pay any portion of the *interest* demanded is **CERTIFIED** under *Rule 23(b)(2).*

> It is **FURTHER ORDERED** that the issues of actual damages under the FDCPA for those class members who paid any portion of the *interest* demanded is **CERTIFIED** under *Rule 23(b)(3).*

## III. CONCLUSION

WHEREFORE, plaintiffs Hunt and Castillo respectfully request that their motion be granted, and that the class definition be modified to include only those who paid both a statutory service charge and interest in the Rule 23(b)(3) class.

Dated:  June 19, 2007                    LAW OFFICE OF PAUL ARONS

By s/Paul Arons
Paul Arons
Attorneys for Plaintiffs
BRIAN CASTILLO and BRANDY HUNT

---

2.  Debt collectors put a variety of labels on the fees that they collect.  A collection fee may be titled as: interest, a service charge, a processing fee, a bank charge, a settlement fee, a late fee, client charges, statutory fees, or a hundred other labels.  The label that a debt collector puts on a fee does not control whether a fee is lawful.  In this action, defendant's representation, which is consistent with all evidence produced to date, is that during the class period, defendant never sought payment of any amounts other than: (1) the face amount of the check; (2) a statutory service charge; and, (3) interest.  In phrasing this description, plaintiffs' understanding is that any amount that defendant collected on a check that exceeds the face amount of the check plus the service charge, is interest.

PLAINTIFF'S MEMO. IN SUPPORT OF MOT. FOR CLARIFICATION OR MODIFICATION OF CERTIFICATION ORDER: Page 5

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

PLAINTIFF'S MEMO. IN SUPPORT OF MOT. FOR CLARIFICATION OR MODIFICATION OF CERTIFICATION ORDER: Page 6