Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION OR MODIFICATION OF CLASS CERTIFICATION ORDER**<br><br>Date: July 24, 2007<br>Time: 9:30 a.m.<br>Courtroom 11 |

　　　　I, Paul Arons declare as follows:

　　　　1.  I am an attorney of record for plaintiffs herein and I make this declaration in support of plaintiffs' motion for class certification.

　　　　2.  In reviewing the March 21, 2007 class certification order to prepare an opt-out notice for the Rule 23(b)(3) class, I realized that as described, the Rule 23(b)(3)

DECL. OF P. ARONS RE: MOTION FOR CLARIFICATION OF CLASS CERT. ORDER: Page 1

class included every member of the umbrella class who had paid a service charge. In this lawsuit, plaintiffs allege that defendants may not lawfully collect, or attempt to collect, both a service charge *and* interest, but plaintiffs have not claimed that defendants violated any law by collecting only a service charge. Thus, the Rule 23(b)(3) description was overinclusive.

      3. Defendant has represented that the only items that it demands are the check amount, a statutory service charge, and interest. Defendant divides the check amount and the service charge with its client, and keeps 100% of the interest for itself. It does not allocate any amount for interest, until the other charges have been fully paid. Therefore, the only class members who have paid any amount of interest are those that have already paid the service charge. These representations are consistent with defendant's discovery responses, and with the deposition testimony of the Safeway Stores representative in the bankruptcy action.

      4. The actual damages that plaintiffs seek in this action are the excess charges that arise when the debt collector collects both a service charge and interest. By modifying the Rule 23(b)(3) class description to include only those who paid interest, everyone who paid both interest and a service charge will be included. The class definition will then encompass everyone who will be entitled to actual damages.

      I declare, under penalty of perjury, that the foregoing is true and correct, that if called as a witness I could competently testify thereto, and that this declaration is executed in Friday Harbor, Washington on June 19, 2007.

                                    s/Paul Arons

DECL. OF P. ARONS RE: MOTION FOR CLARIFICATION OF CLASS CERT. ORDER: Page 2