1   LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
2   P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
3   STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:    (760) 323-4901
4   Fax:          (760) 288-4080
    clarkgaren@msn.com
5
    ATTORNEYS FOR PLAINTIFFS
6   IMPERIAL MERCHANT SERVICES, a California
    corporation, doing business as
7   CHECK RECOVERY SYSTEMS

8                   UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11
    BRANDY HUNT and BRIAN CASTILLO,    )   Case No. C 05-4993 MJJ
12  on behalf of herself               )   Case No. C 05 2037 MJJ
    and others similarly situated,     )
13                                     )   DEFENDANTS OPPOSITION
                                       )   TO PLAINTIFF'S MOTION
14               Plaintiff,            )   FOR APPROVAL OF CLASS
                                       )   NOTICE PLAN
15  -vs-                               )
                                       )
16                                     )
    CHECK RECOVERY SYSTEMS, INC.,      )
17  et. al.,                           )
                                       )
18               Defendants.           )
                                       )
19                                     )
                                       )   Date: July 24, 2006
20                                     )   Time: 9:30 A.M.
    _____)   Place: Courtroom 11
21

22

23

24

25

26

27

28

1   Defendant CHECK RECOVERY SERVICE responds to the items of

2   Plaintiff's motion as follows:

3   Item (1): On June 29, 2007, Plaintiff forwarded to PAUL

4   ARONS, Attorney for Plaintiffs, a list of all debtors who paid

5   interest to Defendant from December 4, 2007 to April --, 2007.

6   The list included the name, last known address and phone number,

7   check date, check amount, check payee, and check number, and the

8   date and amount of all payments of interest received by

9   Defendant. The list was sent on a C.D. in an Excel spreadsheet.

10  Therefore, no order is appropriate as Defendant has complied with

11  the request.

12  Item (2): Defendant has no objection to this item.

13  **Item (3): Defendant objects to paying any of the costs**

14  **incurred in the mailing of the notice.**

15  Item (4): Defendant has no objection to this item.

16                              **I**
                         **INTRODUCTION**

17

18  1. The rule established by the United States Supreme Court

    in *Eisen v. Carlisle & Jacquelion*, (1974), 417 U.S. 156, 94 S.
19
    Ct. 2140 is that Plaintiff is responsible for the costs of
20
    sending notices. Plaintiff cites no appellate court case which
21
    supports shifting the cost of notice to a Defendant. Furthermore,
22
    the trial court opinions cited by Plaintiff involve actions in
23
    which liability was based on clearly established legal precedent
24
    and undisputed facts. The liability in this case is not yet
25
    established and will not be established until the Court of
26
    Appeals for the Ninth Circuit establishes binding precedent on
27
    whether interest under C.C. 3287 and the service charge under
28
    C.C. 1719 can be imposed.

---

1    2. The data Defendant is providing to Defendant shows that

2 Defendant processed 22,341 payments of interest for a total sum

3 of $260,374.76, or the sum of $11.65 per payment. The cost of

4 mailing 22,341 notices will be at least $22,341.00. If Defendant

5 is ordered to advance this sum, and eventually prevails on

6 appeal, Defendant will be left with no remedy to recover the

7 funds advanced for mailing.

8    3. Defendant has no funds with which to pay the notice costs

9 because:

10    a. Safeway, the primary client of Defendant, stopped

11 placing accounts with Defendant in December, 2006. This has

12 resulted in the termination of Defendants business.

13    In December, 2006, (the last month Defendant received

14 new business from Safeway) Defendant deposited a total of

15 $75,400.00 into its Client Trust Account, ***which included*** the

16 portion that belonged to the original creditor. After the

17 original creditor was paid from the Client Trust Account, the sum

18 of $23,338.00 was paid from the Client Trust Account to Defendant

19 to cover its business expenses and distribution of profits.

20    As of June 25, 2006, Defendant deposited a total of

21 $14,156.00 into its Client Trust Account, ***which included*** the

22 portion that belonged to the original creditor. After the

23 original creditor was paid from the Client Trust Account, the sum

24 of $5,358.37 was paid from the Client Trust Account to Defendant

25 to cover its business expenses. There are no profits

26 for distribution.

27    Therefore, Defendant has no funds with which to comply

28 with any order of this Court to advance costs of notice. While

1  Defendant does have a liability insurance policy to cover a
2  portion of this lawsuit, the liability insurance policy has an
3  exclusion of coverage for the portion of the claim that is based
4  on the collection of unlawful interest. Since the insurance
5  carrier does not cover this liability, the insurance carrier is
6  likewise not responsible for the cost of the notices if it is a
7  cost charged to the Defendant.

8          b. In addition, Defendant agreed with the insurance
9  carrier to assume all of the attorney fees and costs of defense
10 to enable Defendant to litigate this claim instead of settle or
11 pay it. Under this Agreement, the insurance carrier would not be
12 liable for these costs even if they were covered under the
13 policy, which they are not.

14         c. Defendant has consistently sought appellate review
15 of the liability issues in this case at the earliest possible
16 time. Plaintiff has obstructed the efforts of defendant to seek
17 appellate review at every step of this litigation.

18         d. It is unconscionable to impose a notice cost of at
19 least $22,341.00 on Defendant before liability is established and
20 binding precedent is established on the primary liability issue
21 in this case.

22         e. Defendant previously argued that Plaintiff, as a
23 bankrupt who owes nothing due to her discharge, had no standing
24 to represent the class, and that Plaintiff, who never paid any
25 interest, had no standing to be a class representative of
26 individuals who did pay interest. Since this Court previously
27 rejected these arguments, Defendant is not repeating those
28 arguments in full in this opposition. However, Defendant is again

1  raising these issues in opposition to this Motion and preserving

2  them should an appeal of the Court's order on this Motion become

3  necessary.

4                              II
        **NOTICE COSTS ARE THE OBLIGATION OF PLAINTIFF**

5

6       "We find nothing in either the language or history of
        Rule 23 that gives a court any authority to conduct a
7       preliminary inquiry into the merits of a suit in order
        to determine whether it may be maintained as a class
8       action. Indeed, such a procedure contravenes the Rule
        by allowing a representative plaintiff to secure the
9       benefits of a class action without first satisfying the
        requirements for it. He is thereby allowed to obtain a
10      determination on the merits of the claims advanced on
        behalf of the class without any assurance that a class
11      action may be maintained. This procedure is directly
        contrary to the command of subdivision (c)(1) that the
12      court determine whether a suit denominated a class
        action may be maintained as such '(a)s soon as
13      practicable after the commencement of (the) action . .
        ..' **2153  In short, we agree with Judge Wisdom's
14      conclusion in Miller v. Mackey International, 452 F.2d
        424 (CA5 1971), where the court rejected a preliminary
15      inquiry into the merits of a proposed class action: 'In
        determining the propriety of a class action, the
16      question is not whether the plaintiff or plaintiffs
        have stated a cause of action or will prevail on the
17      merits, but rather whether the requirements of Rule 23
        are met.' Id., at 427.

18      Additionally, we might note that a preliminary
        determination of the merits may result in substantial
19      prejudice to a defendant, since of necessity it is not
        accompanied by the traditional rules and procedures
20      applicable to civil trials. The court's tentative
        findings, made in the absence of established
21      safeguards, may color the subsequent proceedings and
        place an unfair burden on the defendant.

22
        In the absence of any support under Rule 23,
23      petitioner's effort to impose the cost of notice on
        respondents must fail. The usual rule is that a
24      plaintiff must initially bear the cost of notice to the
        class. The exceptions cited by the District Court
25      related to situations where a fiduciary duty
        pre-existed between the plaintiff and defendant, as in
26      a shareholder derivative suit. Where, as here, the
        relationship between the parties is truly adversary,
27      the plaintiff must pay for the cost of notice as part
        of the ordinary burden of financing his own suit.

28

_____

1

> Petitioner has consistently maintained, however, that
> he will not bear the cost of notice under subdivision
> (c)(2) to members of the class as defined in his
> original complaint. See 479 F.2d, at 1008; 52 F.R.D.,
> at 269. We therefore remand the cause with instructions
> to dismiss the class action as so defined.

2

3

4

> *Eisen vs. Carlisle & Jacquelin*, (1974),
> 417 U.S. 156, 177-178, 94 S. Ct. 2140, 2152-2153

5

6    The United States Supreme Court held that, in a true

7  adversary proceeding, F.R.C.P. Rule 23 requires that the costs of

8  notice be paid by Plaintiff. The United States Supreme Court made

9  no exception to this rule if liability was established. If

10  Plaintiff does not pay the costs, the portion of the class action

11  requiring notice must be dismissed.

12    Plaintiff cites **NO** binding precedent from any Circuit Court

13  of Appeal to support his argument that the defendant can be

14  ordered to pay notice costs after liability has been established.

15  Plaintiff's authority consists of several trial court decisions

16  imposing costs after liability has been established. However, in

17  **each** of these cases, the decision imposing liability was based on

18  the resolution of the underlying facts by the trial court. None

19  of these cases involved an interpretation of the law when no

20  binding precedent was available and the defendant consistently

21  expressed a desire to obtain appellate review to establish

22  binding precedent.

23    For example, in the case of *Six Mexican Workers vs. Arizona*

24  *Citrus Growers*, (1986), 641 F. Supp 259, the Trial Court found

25  that the defendants intentionally violated the Farm Labor

26  Contractor Registration Act, a factual finding. Defendants did

27  not claim that the law did not apply; they claimed that they did

28  not violate it. Defendants then conceded that the finding of

1 facts by the trial court did effectively resolve all liability

2 issues.

3     In the case of *Kyriazi vs. Western Electric Co.,* (1979),

4 465 F. Supp 1141, the Court found that the Defendant had

5 discriminated against its female employees and applicants for

6 employment, a factual finding. Again, defendants did not claim

7 that the law did not apply; they claimed that they did not

8 violate it. Defendants also conceded that the finding of facts by

9 the trial court did effectively resolve all liability issues.

10     In the case of *Meadows vs. Ford Motor Co.,* (1973), 62 F.R.D.

11 98 (1973), the Court also found that the Defendant had

12 discriminated against its female employees and applicants for

13 employment, a factual finding. Again, defendants did not claim

14 that the law did not apply; they claimed that they did not

15 violate it. Defendants also conceded that the finding of facts by

16 the trial court did effectively resolve all liability issues.

17     In the case of *Barefield vs. Chevron, U.S.A.*, (1988), 12.

18 Fed. R. Service 3d 1232, the only Northern District of California

19 case cited by Plaintiff, the issue of notice costs is not even

20 addressed in the opinion.

21     This is a very important distinction. The standard of review

22 on an appeal of findings of fact is whether the trier of fact

23 engaged in a clear abuse of discretion. The standard of review on

24 an appeal of an issue of law is a *de novo* review. The appellate

25 court reaches its own, independent decision and is not bound by

26 the determinations of law by the trial court. Thus, the

27 likelihood that an appellant will prevail on an appeal of a

28 determination of law is significantly greater than the likelihood

1  that an appellant will prevail on an issue of law because the

2  extent of review of a legal issue is significantly greater.

3      There are no issues of fact in this case, and the appeal in

4  this case will be based solely on the determination of an issue

5  of law. Therefore, Defendant submits liability will not be

6  established until the central issue of law has been determined by

7  the appellate court. Therefore, there is no legal authority to

8  require the defendant to pay the notice costs, The notice costs

9  must either be paid by Plaintiff or the portion of the class

10 requiring a notice must be dismissed.

11                                **III**
   **IT IS INEQUITABLE TO ORDER THE PLAINTIFF TO PAY THE NOTICE COSTS**
12            **BEFORE THE APPEALS COURT DETERMINES LIABILITY**

13     The data Defendant is providing to Defendant under Item (1)

14 shows that Defendant processed 22,341 payments of interest for a

15 total sum of $260,374.76, or the sum of $11.65 per payment. The

16 cost of mailing 22,341 notices will be at least $22,341.00. If

17 Defendant is ordered to advance this sum, and eventually prevails

18 on appeal, Defendant will be left with no remedy to recover the

19 funds advanced for mailing. This is why the Court ha no

20 jurisdiction under *Eisen vs. Carlisle & Jacquelin*, (1974),

21 417 U.S. 156, 177-178, 94 S. Ct. 2140, 2152-2153 to order the

22 defendant to pay the notice costs.

23     More importantly, the Declaration of Clark Garen establishes

24 that Defendant has no funds with which to pay the notice costs,

25 and that the insurance carrier is not liable for

26 the payment of these costs if they are ordered to be paid by

27 Defendant as an element of Defendants costs. Of course, if the

28 costs are awarded to Plaintiff as an element of costs awarded to

---

1  Plaintiff, the insurance carrier may be liable for the cost

2  expense.

3                                    **IV**

4  **THIS COURT CANNOT ENFORCE AN ORDER THAT THE DEFENDANT PAY THE NOTICE COSTS, AND SUCH AN ORDER WILL LEAVE THIS CASE IN LIMBO**

5        Should this Court enter a judgment or order requiring

6  Defendant to pay the notice costs, such a judgment or order is

7  just a civil judgment that will be unenforceable. Once judgment

8  is entered, the judgment must be levied against assets or cash

9  flow to be enforced. Furthermore, Defendant will have an

10 obligation to notify its clients (Safeway) that this order or

11 judgment has rendered Defendant insolvent. Defendant suspects

12 that the clients will then re-call all of their accounts, which

13 will effectively put Defendant completely out of business. This

14 will result in no assets that any judgment or order this Court

15 can be levied upon, and a legal action that will be in limbo

16 because the required Rule 23 notices cannot be issued.

17                                    **V**

                              **APPELLATE REVIEW**

18

19        From the outset, Defendant has sought appellate review of

20 the interest issue which is the sole basis for liability.

21 Defendant has sought appellate review at every stage of these

22 proceedings, and Plaintiff has consistently sought to avoid and

23 delay appellate review.

24        Plaintiff now seeks this order imposing notice costs on

25 Defendant in an effort to keep Defendant from seeking appellate

26 review. This is not a proper reason for ordering a defendant to

27 pay for the costs of class notice.

28

### VI
### IT IS UNFAIR AND UNCONSCIONABLE TO ORDER DEFENDANT TO PAY NOTICE COSTS BEFORE LIABILITY IS ESTABLISHED BY APPELLATE REVIEW

Defendant received 22,341 payments of interest, which will require 22,341 notices. Since the cost of postage is now 41 cents, the cost of mailing will be at least $1.00 per notice, or $22,341.00. It is unconscionable to impose this liability on Defendant before liability is established by the Court of Appeals.

### VII
### PLAINTIFF HAS NO STANDING TO REPRESENT THE CLASS

The parties have extensively briefed and argued the standing of Plaintiff to both represent the class because she is bankrupt and to represent those who actually paid interest because Plaintiff did not pay any interest.

Defendant incorporates each of those arguments, which the Court is already quite familiar with, in opposition to this motion so that those issues are preserved in the event an appeal of an order to pay notice costs is filed. Defendant is prepared to further brief the standing issues if the Court wishes to reconsider its ruling on standing.

### VII
### CONCLUSION

The motion to require the Defendant to bear any of the costs of the class notice to class members must be denied.

Dated: June 29, 2007        LAW OFFICES OF CLARK GAREN

                            BY

                            /s/ Clark Garen
                            CLARK GAREN,
                            ATTORNEY FOR DEFENDANT

1              PROOF OF SERVICE BY MAIL
                (1013a, 2015.5 C.C.P.)
2
STATE OF CALIFORNIA          )
3 COUNTY OF RIVERSIDE         )  S.S.

4      I am a citizen of the United States and a Resident of the
County Aforesaid; I am over the age of eighteen years and not a
5 party to the within entitled action; my business address is:
17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA  92258
6
       On JUNE 29, 2007, I served the within DEFENDANTS STATEMENT
7 OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OR
MODIFICATION OF CLASS CERTIFICATION ORDER on the interested
8 parties herein in said action by placing a true copy thereof
enclosed in a sealed envelope with postage thereon fully prepaid,
9 in the United States mail at PALM SPRINGS, CALIFORNIA addressed
as follows:
10
IRVING L. BERG,
11 THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
12 CORTE MADERA, CALIFORNIA 94925

13 PAUL ARONS,
LAW OFFICES OF PAUL ARONS,
14 685 SPRINGS STREET,
#104,
15 FRIDAY HARBOR, WASHINGTON 98250

16 O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
17 25 EAST WASHINGTON,
SUITE 900
18 CHICAGO, ILLINOIS 60602

19 RONALD WILCOX,
ATTORNEY AT LAW,
20 2160 THE ALAMEDA,
FIRST FLOOR,
21 SUITE F,
SAN JOSE, CALIFORNIA 95126

22

23      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.
24
       EXECUTED ON JUNE 29, 2007 AT PALM SPRINGS, CALIFORNIA
25

26
                         /s/ Clark Garen
27                       CLARK GAREN, DECLARANT

28

_____
DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE C 05-4993 MJJ