Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>        Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>SUPPLEMENTAL DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN<br><br>Date: July 24, 2007<br>Time: 9:30 a.m.<br>Courtroom 11 |

I, Paul Arons declare as follows:

    1.  I am an attorney of record for plaintiffs herein and I make this declaration in support of plaintiffs' motion for class certification.

    2.  As stated in my previous declaration, in late March and early April 2007, defendant agreed to provide the computerized data that plaintiffs seek in this

SUPP. DECL. OF P. ARONS RE: MOTION FOR APPROVAL OF CLASS NOTICE PLAN: Page 1

motion.  Despite several reminders, defendant did not provide any data until late June 2007, when I received a computer disk, along with defendant's opposition to the pending motion.  The data that defendant provided did not include all the data fields that defendant had agreed to provide, and included a number of inexplicable entries, showing that some check writers had paid negative interest.  Defendant did not include any information for check writers who did not pay interest, and did not include any payment information other than interest payments.  The information that defendant did provide, if 100% accurate, is sufficient to identify class members and to calculate damages.  However, in my experience there are frequently anomalies in the class information provided by defendants.  For instance, in the data that defendant provided, a number of check writer are shown having paid negative interest.  The additional information that plaintiffs seek will allow plaintiffs to double check the accuracy and completeness of the class information that defendant provided.  I believe that the parties should be able to resolve any problems, but I also believe that, for whatever reason, defendant did not send plaintiffs class data until forced to do so by the filing of the present motion.  I believe that a court order compelling defendant to produce complete and accurate information will focus defendant on responding to plaintiffs without the necessity of filing another motion.

        3.  In his declaration, defendant's counsel Clark Garen offers his opinion that Safeway decided to take its check collection business to another vendor because plaintiffs had deposed its representative in this lawsuit.  This appears to be a misguided attempt to gain sympathy from the Court.  In FDCPA litigation, it is not unusual to both subpoena documents from, and to depose, merchant creditors.  I have done this many times and, in my experience, this does not usually lead to the merchant taking its collection business elsewhere.  In fact, in December 2005 I subpoenaed documents

1
2
from Safeway in another FDCPA action involving a different debt collector.  As far as I
3
know, Safeway continues to use the services of that debt collector.
4
5
    I declare, under penalty of perjury, that the foregoing is true and correct,
6
that if called as a witness I could competently testify thereto, and that this declaration is
7
executed in Friday Harbor, Washington on July 10, 2007.
8
               s/Paul Arons
               PAUL ARONS
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28