# Law Offices of Paul Arons

685 Spring Street, #104, Friday Harbor, WA 98250
Tel (360) 378-6496  Fax (360) 378-6498
Email: lopa@rockisland.com

October 19, 2007

E-FILED & 1ST CLASS MAIL

Hon. Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Hunt v. Check Recovery Systems*
(Civ. No. 05-4993; 06-2037)

Dear Judge Jenkins:

On August 1, 2007, you granted plaintiffs' Motion for Approval of Class Notice Plan. (Dkt. No. 112). In their motion, plaintiffs had sought, *inter alia*, an order requiring defendant to pay the costs of class notice. The August 1, 2007 Order states:

> The Court ORDERS Plaintiffs to send notice, by first class mail, to all class members who paid any portion of the demanded interest. The language of the notice must conform to that in the exhibit that Plaintiffs submitted with their motion. The Court ORDERS Plaintiff to account for the actual cost of producing and sending the notices, and the Court ORDERS Defendant to pay the cost of producing and sending the notices. Order, pp. 10:24-11:3

A dispute has now developed concerning the interpretation this part of your Order. Plaintiffs believe that the Order requires that defendants pay class notice costs, once plaintiffs notify them of the amount. This is consistent with both the language of the Order, and the reasoning expressed in the Order, that since Defendant's liability has been established, it would be unreasonable for plaintiffs to have to bear the cost of notice. Order, p. 10:7-9.

Defendant's position is that plaintiffs are to advance class notice costs, and only then be reimbursed by defendants. Defendants have also stated that when plaintiffs ask to be reimbursed, defendants will seek a stay from this Court, and if that is not successful, from the Ninth Circuit. Overall, defendant has made

Hon. Martin J. Jenkins
*Hunt v. Check Recovery Systems*
October 19, 2007
Page 2

it clear that it is willing to put a lot of effort into avoiding having to pay for class notice.

On October 4, 2007, I contacted your chambers to ask for a phone conference, hoping that this dispute concerning the interpretation of your Order could be expeditiously resolved. I was instructed to e-file a letter explaining the issues and requesting a phone conference. I then contacted opposing counsel to see if defendant would join in that request. Defendant responded by sending me a letter, dated October 10, 2007, in which it opposes a phone conference. I am enclosing a copy of that letter, and I will address defendant's objections below:

1. **This Court has no jurisdiction to modify, clarify, or interpret he August 1, 2007 order because the order is currently on appeal.**

Defendant has appealed the order that it pay class notice costs. Assuming, *arguendo*, that this is an appealable order, the appellate court has only limited jurisdiction. The district court retains jurisdiction of all matters *not inextricably bound up* with the appealable issue. *Emphasis added*, *Paige v. California*, 102 F.3d 1035, 1039 (9th Cir. 1996). Plaintiffs are not asking the Court to modify the Order. They are merely attempting to resolve this issue without having to initiate contempt proceedings. This Court retains jurisdiction to enforce its orders, and may enforce this Order unless defendant gives a supersedeas bond. Fed.R.Civ.P. 62(d).

2. **There are no provisions for an ex parte telephone conference to interpret an order of the court and matters concerning the order must be determined by noticed motion.**

The Court has the authority to order a phone conference. At this point, plaintiffs are not moving for relief, or asking the Court to make any rulings. The Order is clear. Plaintiffs are requesting a phone conference in an attempt to avoid the time and delay attendant to filing a motion to hold defendant in contempt for refusing to obey the Order. Plaintiffs are hoping that if defendant understands that the August 1, 2007 Order requires that defendant advance notice costs, defendant will comply.

3. **There is no reason for urgency.**

This Court granted plaintiffs' class certification motion on March 20, 2007. The Court clarified the class definition on August 1, 2007. Plaintiffs did not have an accurate class list until mid-September 2007. Although the Ninth Circuit has

Law Offices of Paul Arons

Hon. Martin J. Jenkins
*Hunt v. Check Recovery Systems*
October 19, 2007
Page 3

set a briefing schedule, briefing will not be completed until January 2, 2008. It is impossible to predict when the appeal will finally be decided, but it is not likely that there will be a decision before mid-2008. Class members are entitled to be notified of this pending class action so that they may exercise their right to opt-out, intervene, or proceed independently.

In summary, to expedite resolution of this dispute and to avoid incurring further attorneys' fees and costs, plaintiffs are asking the Court to order a phone conference. Plaintiffs will delay filing a motion to enforce the August 1, 2007 Order pending a response from the Court.

Very truly yours,

PAUL ARONS

PA:psa
Encl.
cc.   Clark Garen
      O. Randolph Bragg
      Irving L. Berg
      Ronald Wilcox

MJJ071907.DOC

| *Admitted to Practice in California and Texas* | *Law Offices of* **CLARK GAREN** ATTORNEYS AT LAW P.O. BOX 1790, PALM SPRINGS, CALIFORNIA 92263 (760) 323-4901, Fax: (760) 288-4080 | *Host of Night Bites with CLARK GAREN syndicated Monday - Friday from 11:30 P.M. to 12:30 P.M. on TV CHANNEL 4 Palm Springs, Ca.* |
|---|---|---|

October 10, 2007

Honorable Martin J. Jenkins,
United States District Judge,
Northern District of California
450 Golden Gate Avenue,
Courtroom 11, 19th Floor
San Francisco, California 94102

Re:  BRANDY G. HUNT vs. CHECK RECOVERY SYSTEMS
     United States District Court Case Number:
     Case No. C 05-4993 MJJ

Dear Judge Jenkins:

This letter explains my opposition to scheduling the phone conference ~~that is being~~ requested by Plaintiff.

**1. This Court has no jurisdiction to modify, clarify, or interpret the August 1, 2007 order because that order is currently on appeal to the Ninth Circuit Court of Appeals.**

Plaintiff seeks an interpretation of the portion of your August 1, 2007 order that reads as follows:

> "The Court **ORDERS** Plaintiffs to send notice, by first class mail, to all class members who paid any portion of the demanded interest. The language in the notice must conform to that in the exhibit that Plaintiffs submitted with their motion. The Court **ORDERS** Plaintiff to account for the actual cost of producing and sending the notices, and the Court **ORDERS** Defendant to pay the cost of producing and sending the notices".

1

As you know, your August 1, 2007 order constituted a final judgment on the issue of defendant paying the notice costs and was appealable under the United States Supreme Court case of *Eisen vs. Carlisle & Jacquelin*, (1974), 417 U.S. 156, 177-178, 94 S. Ct. 2140, 2152-2153. Defendant actually filed an appeal of this order on August 3, 2007. The Ninth Circuit Court of Appeals has accepted the appeal and assigned it Case Number 07-16418. Since the order is now the subject of an appeal, the appeal has divested the trial court of any jurisdiction to modify, clarify, or interpret its order while it is on appeal.

**2. There are no provisions in either the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for an ex parte telephone conference to interpret an order of the court.**

Local Rule 7-10 limits an ex parte motions to motions that are authorized by statute, Federal Rule, local rule, or Standing Order. There is no statute, Federal rule, local rule, or Standing Order authorizing a party to seek ex parte advice from a judge to interpret the clear and plain meaning of an order or to clarify or correct the language of an order.

The Standing Order issued by Judge Jenkins states that all ex parte applications are considered on the papers and may not be set for a hearing. The Standing Order goes no to state that "Counsel are advised that this Court allows ex parte applications solely for extraordinary relief and that sanctions may be imposed for misuse of ex parte applications.

The letter of counsel for Plaintiff does not satisfy any of the requirements for an ex parte proceeding, and should not be considered as an ex parte proceeding.

**3. The pending appeal requires that all matters concerning the order be made as noticed motions so a complete record will be available for the Court of Appeals to review.**

Since this matter is on appeal, any proceeding needs to be initiated as a noticed motion and recorded by a Court Reporter so any action by this Court can be reviewed by the Court of Appeal.

2

**4. There is no reason for urgency.**

An order expediting the appeal of the Court's ruling on the legality of an interest charge has been entered. Briefing will be completed by October 24, 2007, and the matter will immediately thereafter be analyzed and set for oral argument.

The appeal of the Court's ruling requiring Defendant to pay for the costs of mailing the class action notice has been accepted by the 9th Circuit and Appellant's Opening Brief is due on November 19, 2007.

Therefore, there is no urgent reason for an ex parte rush to consider any matter in connection with the Court's August 1, 2007 order.

**5. Conclusion.**

Any relief sought by Plaintiff must be by form of a noticed motion, and must address the issue of whether this Court has jurisdiction to modify, clarify, or interpret an order that is currently the subject of an appeal to the 9th Circuit.

Thank you for your consideration of my views.

Very truly yours,

LAW OFFICES OF CLARK GAREN

BY

CLARK GAREN

3