Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

(Additional plaintiffs' counsel on last page)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>   Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF MOTION TO STAY PAYMENT OF NOTICE COSTS PENDING RULING FROM APPEAL OF ORDER REQUIRING DEFENDANT TO ADVANCE NOTICE COSTS PRIOR TO ENTRY OF JUDGMENT** |

**I. INTRODUCTION**

On March 21, 2007, the Court granted plaintiffs' Motion for Class Certification.  On August 1, 2007, this Court entered an order approving the class notice

Civ. No. 05-4993:  PLAINTIFF'S MEMO. IN OPP. TO EX PARTE APPL. FOR RECONSIDERATION, ETC.: Page 1

plan that plaintiffs proposed.  As part of that class notice plan, defendant was ordered to advance notice costs,  Defendant Imperial Merchant Services, Inc.(IMS) is now seeking to avoid paying these notice costs, which are currently approximately $7,500.00.[1]  IMS' Ex Parte Application for Permission to File a Motion for Reconsideration should be denied, because it is fundamentally flawed in several ways.  First, there is no statute, rule or order permitting IMS to proceed on an ex parte basis, as required by N.D. Local Rule 7-10.  Second, IMS did not previously move to stay enforcement of the any order that it pay class notice costs, so there is nothing to reconsider.  Finally, addressing the substance of IMS' motion, defendant should not be allowed to avoid paying the costs arising from its conduct.  Balancing the equities, given IMS' claims about its dwindling business, it is more likely plaintiffs will have problems enforcing a judgment that is affirmed on appeal, that it is that IMS will prevail on appeal and have to recover class notice costs.  Even if the Court exercised its discretion to stay enforcement of the order that IMS advance notice costs, IMS must be required to post a sufficient supersedeas bond.

## II.  PROCEDURAL BACKGROUND

On March 21, 2007, the Court granted plaintiffs' Motion for Class Certification.  On August 1, 2007, this Court entered an order approving the class notice plan that plaintiffs proposed.  As part of that class notice plan, defendant was ordered to advance notice costs, which were then estimated to be approximately $22,000.00.  After some difficulties with the class information provided by defendant, it turned out that the class was approximately one-third the size originally estimated by defendant, and current class notification costs are approximately only $7,500.00.  Defendant however,

---

1. *See* Declaration of Paul Arons, dated 1/7/07, filed herewith.

refused to pay this amount, and claimed that it was not required to *advance* notice costs; it was only required to *reimburse* plaintiffs after plaintiffs advanced notice costs. Rather than allow defendant to block class notice by its refusal to follow the Court's August 1, 2007 Order, plaintiffs paid for class notice and demanded reimbursement from defendant. This motion followed.

### III. IMS' EX PARTE APPLICATION SHOULD BE DENIED BECAUSE IT IS NOT AUTHORIZED BY LOCAL RULE

Northern District Local Rule 7-10 provides:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

IMS has not included a "citation to the statute, rule or order which permits the use of an ex parte motion," nor are plaintiffs aware of any applicable basis for proceeding ex parte. Without any particular justification, IMS has chosen to bypass normal motion procedures. This is a sufficient basis to deny IMS' ex parte application.

### IV. THERE IS NO PRIOR MOTION TO "RECONSIDER"

Claiming that it is uncertain how to proceed, IMS has characterized its motion as an application for permission to file a motion for reconsideration. The only prior motion to stay that plaintiffs have been able to locate is a Motion to Dismiss, Transfer or Stay the entire action, on the basis that this Court did not have jurisdiction. On March 29, 2006, the Court denied that motion. (Dkt. No. 22). The essence of the motion was that this Court should defer to an adversary proceeding that IMS had initiated in the Brandy Hunt bankruptcy. The motion had nothing to do with class

issues, or notice costs.  IMS' present motion to avoid paying notice costs, is a new motion, seeking different relief, on entirely different grounds.  There is nothing to reconsider.

## V.  IMS SHOULD NOT BE GRANTED A STAY

The only authority for granting a stay that IMS cites is *Levya v. Certified Grocers of California, Ltd.*, 593 F.3d 857 (9th Cir. 1979).  Following the holding in that case, a court may stay a case pending resolution of "*independent* proceedings which bear upon the case."  Id. at 863.  Defendant's appeal is not an independent proceeding.  It is an appeal of an interlocutory order for payment of money, and if any stay is available, it is governed by Fed.R.Civ.P. 62.  Even taking equitable principles into account, it is plaintiffs, not defendant, who is most likely to risk non-payment if a stay is granted.  Defendants' position is that it should not have to pay any judgment or costs until the Ninth Circuit rules on the multitude of appeals which it has filed and may continue to file.  IMS Opposition to Plaintiffs' Motion to Approve Class Notice Plan, p. 3:18-21.  (Dkt. No. 62).  However, at the same time IMS seeks to avoid the day of reckoning, it is claiming poverty, and threatening to go out of business.  *Id.*, pp. 2:8-3:13.  The fairness and efficiency that are cited in *Levya* as factors to consider in granting a stay, militate against delaying any obligation IMS has to satisfy any interlocutory or final money judgment.

## VI.  IMS SHOULD BE REQUIRED TO POST A BOND IF A STAY IS GRANTED

The most appropriate authority governing a stay pending appeal is Fed.R.Civ.P. 62(d), which provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves

Civ. No. 05-4993:  PLAINTIFF'S MEMO. IN OPP. TO EX PARTE APPL. FOR RECONSIDERATION, ETC.: Page 4

the bond.[2]

A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment. *See Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). This is particularly true here, where defendant is already pleading poverty. Although this rule may not expressly apply to an interlocutory order for the payment of money, the same principals apply. Just as a defendant may stay enforcement of a final judgment for payment of money by posting a supersedeas bond, *N.L.R.B. v. Westphal,* 859 F.2d 818, 819 (9th Cir. 1988), unless defendant posts a sufficient bond, this Court should not grant a stay of the order that defendant pay notices costs, pending a decision of its appeal of the August 1, 2007 Order. Taking into account the costs that plaintiffs have already incurred for class notice, the future costs that will be incurred in handling returned mail and forwarding mail to new addresses, and interest that will accrue during the pendancy of the appeal, plaintiffs believe that a bond of $12,500.00 will be sufficient to assure that they will be able to recover notice costs from defendant.[3] Unless defendant first states its willingness to post a supersedeas bond, a stay should not be considered.

## VII. CONCLUSION

WHEREFORE, plaintiffs Brandy Hunt and Brian Castillo respectfully request that defendant's ex-parte application be denied in its entirety.

Dated: January 7, 2008               LAW OFFICE OF PAUL ARONS

                                     By s/Paul Arons
                                        Paul Arons
                                        Attorneys for Plaintiffs

---

2. See also, Fed.R.App.P. 7, allowing the district court to require an appellant to file a bond to ensure payment of costs on appeal; Fed.R.App.P. 8(a)(2)(E), allowing the appellate court to condition a stay on the filing of a bond or other appropriate security.

3. *See* Declaration of Paul Arons, dated 1/7/07, filed herewith.

1 **Additional Plaintiffs' Counsel**

2 Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
3 433 Town Center, No. 493
Corte Madera, California 94925
4 (415) 924-0742
(415) 891-8208 (Fax)
5

O. Randolph Bragg, Ill. Bar #06221983
6 HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
7 Chicago, IL 60602
(312) 372-8822
8

28  Civ. No. 05-4993:  PLAINTIFF'S MEMO. IN OPP. TO EX PARTE APPL. FOR RECONSIDERATION, ETC.: Page 6