1  **Paul Arons, State Bar #84970**
2  **685 Spring Street, #104**
   **Friday Harbor, WA 98250**
3  **Tel:  (360) 378-6496**
   **Fax: (360) 378-6498**
4  **lopa@rockisland.com**

5
   **Ronald Wilcox, State Bar #176601**
6  **LAW OFFICE OF RONALD WILCOX**
   **2160 The Alameda, 1st Flr., Suite F**
7  **San Jose, CA 95126**
   **(408) 296-0400**
8

9  **(Additional Counsel on Signature Page)**

10 **Attorneys for Plaintiffs**

11

12              **UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14 **BRANDY HUNT and BRIAN** **CASTILLO,  on behalf of themselves** 15 **and others similarly situated,** **Plaintiffs,** 16 17 **vs.** 18 **IMPERIAL MERCHANT SERVICES,** **d/b/a CHECK RECOVERY SYSTEMS,** 19 20 **Defendants.** 21 22 | **Case No. 05-04993 MJJ** **Case No. 06-02037 MJJ** **CLASS ACTION** **PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT** **Date:  April 8, 2008** **Time: 9:30 a.m.** **Courtroom 11** |

23         Plaintiffs Brandy Hunt and Brian Castillo hereby apply for an Order to

24  Show Cause re: Contempt to be issued against Imperial Merchant Services, Inc., d/b/a/

25  Check Recovery Systems ("IMS"), as to why it should not be adjudged in contempt of

26  court, sanctioned as appropriate to compel its compliance with the Court's  August 1,

27

28         Case Nos. 05-04993, 06-2037-APPLICATION FOR OSC RE: CONTEMPT: Page 1

2007, Order Modifying Class Certification and Granting Plaintiffs' Motion for Approval of

Class Notice Plan. Docket #112, including, but not limited to having to pay $1000.00 for

each day it fails to deliver payment for the costs of class notice, and ordered to pay the

reasonable attorneys' fees and costs incurred in connection with enforcing the August 1,

2007 Order.

This application is supported by the memorandum of points and

authorities and on the supporting declarations and exhibits, filed herewith.

DATED: March 4, 2008                    LAW OFFICES OF PAUL ARONS


By  s/ Paul Arons
      Paul Arons
      Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs are moving for an order to show cause requiring defendant

Check Recovery to appear and show cause why it should not be held in contempt for

failing to comply with this Court's Order Modifying Class Certification and Granting

Plaintiffs' Motion for Approval of Class Notice Plan. Docket #112, August 1, 2007.

## II.  DEFENDANT ENGAGED IN AN ACT OF CONTEMPT BY FAILING TO COMPLY WITH THIS COURT'S EARLIER ORDER THAT IT PAY THE COSTS OF CLASS NOTICE

Civil contempt in this context consists of a party's disobedience to a

specific and definite court order by failure to take all reasonable steps within the party's

power to comply.  The contempt "need not be willful," and there is no good faith

exception to the requirement of obedience to a court order.  *In re Dual Deck Video*, 10

F.3d 693, 695 (9th Cir. 1995).  Beyond finding contempt, the district court may impose a sanction for the contempt if it finds that the party requesting the sanction has proven contempt by clear and convincing evidence. *Vertex Distrib. v. Falcon Foam Plastics,* 689 F.2d 885, 889 (9th Cir. 1982).

Plaintiffs in this action may obtain an order to show cause by making application to the Court, citing the provisions of the order to be enforced and providing the Court a sufficient basis for issuing an order to alleged contemnors to appear and show cause why they should not be held in contempt and sanctioned in order to compel their future compliance with the injunction.  *In re Grand Jury Proceedings*, 142 F.3d 1416, 1424 (11th Cir. 1998).  A contempt proceeding may be initiated by *ex parte* application for an order to show cause.  *See e.g.*, *Ricotta v. State of California*, 4 F. Supp.2d 961, 985 (S.D. Cal. 1998);  *Creative Labs v. Cyrix Corp.*, 42 U.S.P.Q.2D (BNA) 1872 (N.D. Cal. 1997).  Where the facts underlying the contempt are uncontroverted, no hearing is necessary, and the court may make a finding of contempt without a full blown evidentiary hearing.  *Peterson v. Highland Music, Inc., supra*, 140 F.3d at p. 1324.

In the present case plaintiffs do not know what, if any, facts defendants will attempt to controvert, since the evidence of contempt consists of the Order Modifying Class Certification and Granting Plaintiffs' Motion for Approval of Class Notice Plan and Defendant's failure to make payment for the costs of class notice.  Plaintiffs request the Court to issue an order to show cause based on the exhibits and declarations filed herewith which show good cause to conclude that the Defendant has failed to make payment for class notice costs.  In the order to show cause plaintiffs request that the Court should set a date for a hearing, but remain mindful that it may be possible to decide this matter on the pleadings, affidavits and exhibits filed by the parties.

## III.  FACTUAL BACKGROUND

On August 1, 2007, this Honorable court entered its Order Modifying Class Certification and Granting Plaintiffs' Motion for Approval of Class Notice Plan. Docket #112.[1]  The court ordered Defendant to pay the cost of producing and sending notices to the class members. (Docket #112, 11:2-3).  Defendants have refused to do so. Plaintiff has made repeated requests to Defendant to comply with the court's order. Plaintiffs have exhausted their efforts in attempting to garner the cooperation of Defendant.

On January 2, 2008 defendant filed an Ex Parte Application for Leave to File a Motion for Reconsideration of Motion to Stay Payment of Notice Costs Pending Ruling from Appeal of Check Recovery Systems, Inc. Order Requiring Defendant to Advance Notice Costs Prior to Entry of Judgment. (Docket No. 121).  Plaintiffs opposed this ex parte application on the grounds that: (1) there was no basis for proceeding ex parte. (2) there was no prior Motion to Stay Payment of Notice Costs to reconsider; (2) any request for a stay should be denied; and, (4) no stay should be granted unless defendant posted a sufficient supersedeas bond.  (Docket No. 122).

The Court did not grant the ex parte application, and the August 1, 2007 Order remains outstanding.

## IV.  DEFENDANT SHOULD BE ORDERED TO COMPLY WITH THIS COURT'S AUGUST 1, 2007 ORDER AND PAY FOR THE COST OF PRODUCING AND MALING CLASS NOTICE

This Court already considered the arguments of the parties and determined it was appropriate for Defendant to pay the costs of producing and mailing class notice. (Docket #112, 11:2-3).  Defendant has not complies with the order.

---

1. For the Court's convenience, plaintiffs are attaching a copy of the August 1, 2007 Order as Exhibit 1 to the Declaration of Paul Arons in Support of Application for OSC re: Contempt.

Therefore plaintiffs request the Court to issue an Order to Show Cause why defendant should not be adjudged in contempt, ordered to comply with this Court's August 1, 2008 order, to pay the costs of producing and sending class notice, assessed a significant monetary penalty, in the amount of $1,000.00 per day, for each day that it delays in obeying the August 1, 2008 Order after being adjudged in contempt, and pay the reasonable attorneys' fees and costs incurred by plaintiffs in this contempt proceeding.

## V.  CONCLUSION

WHEREFORE, for the reasons stated herein, plaintiffs respectfully request that their application for an order to show cause be granted.

DATED:  March 4, 2008                              LAW OFFICES OF PAUL ARONS


By s/ Paul Arons
   PAUL ARONS
   Attorneys for Plaintiffs

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822