LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
TELEPHONE:      (760) 323-4901
Fax:            (760) 288-4080
clarkgaren@msn.com

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California
corporation, doing business as
CHECK RECOVERY SYSTEMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> -vs- <br><br> CHECK RECOVERY SYSTEMS, INC., et. al., <br><br> Defendants. | Case No. C 05-4993 MJJ <br> Case No. C 05 2037 MJJ <br><br> DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT <br><br><br> Date: APRIL 8, 2008 <br> Time: 9:30 A.M. <br> Place: Courtroom 11 |

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE:
DEFENDANT IN CONTEMPT C 05-4993 MJJ

- i -

**TABLE OF CONTENTS**

| CHAPTER | TOPIC | PAGE |
|---|---|---|
| I | STATEMENT OF RELEVANT FACTS | 1 |
| II | SUMMARY OF ARGUMENTS | 2 |
| III | THIS COURT HAS NO JURISDICTION TO USE INJUNCTIVE RELIEF TO ENFORCE A JUDGMENT UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT | 5 |
| IV | REFUSING TO RULE ON DEFENDANTS APPLICATION FOR A STAY ORDER WHILE INSTITUTING CONTEMPT PROCEEDINGS IS A FUNDAMENTAL VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS | 6 |
| V | CONTEMPT PROCEEDINGS ARE PREMATURE BECAUSE THE AMOUNT EXPENDED FOR COSTS HAS NOT YET BEEN PROVEN OR DETERMINED BY THIS COURT | 7 |
| VI | THE COURT SHOULD NOW STAY ALL PROCEEDINGS IN THIS ACTION UNTIL THE NINTH CIRCUIT ENTERS A DECISION ON LIABILITY IN NINTH CIRCUIT CASE NO.: 07-15976 | 8 |
| VII | CONTEMPT PROCEEDINGS CANNOT BE UTILIZED TO COMPEL THE PAYMENT OF A CIVIL DEBT | 9 |
| VIII | PLAINTIFF DOES NOT SPECIFY WHETHER SHE IS SEEKING A CIVIL CONTEMPT OR A CRIMINAL CONTEMPT | 12 |
| IX | IN A CIVIL CONTEMPT, PLAINTIFF CANNOT RECEIVE ANYTHING BUT ACTUAL DAMAGES. IN A CRIMINAL CONTEMPT, ANY FINES MUST BE PAYABLE TO THE COURT. PLAINTIFF'S FAILURE TO SPECIFY WHICH SHE IS SEEKING RENDERS HER APPLICATION VOID AS A VIOLATION OF DEFENDANT'S DUE PROCESS | 14 |
| X | A CONTEMPT ORDER IS A FINAL JUDGMENT THAT CAN BE IMMEDIATELY APPEALED | 15 |
| XI | CONCLUSION | 16 |

# TABLE OF AUTHORITIES

**CONSTITUTIONAL AUTHORITIES**                                  **PAGE**

United States Constitution, Amendment 6                 4

California State Constitution, Article 1, Section 10    4


**FEDERAL AUTHORITIES:**

*Dunlop vs. Fisher*, (1976), 406 F. Supp 760            11

*Eisen vs. Carlisle & Jacquelin*, (1974),
417 U.S. 156, 177-178, 94 S. Ct. 2140, 2152-2153        5

*Falstaff Brewing Corporation vs. Miller Brewing
Company*, (9th Cir., 1983), 702 F. 2d 770, 778          12, 13

*First National Ban of Cape Girareau vs.
Lufcy*, 34 F. 2d 417, 419 (1929)                        10

*In Re Crystal Palace Gambling Hall, Inc.*
(9th Cir., 1987) 817 F. 2d 1361, 1363                   15

*Palmer vs. Stassinos,* 233 F.R.D. 546, (2006)          5, 6

*Spain v. Mountanos*, (1982), 690 F. 2d 742, 744        10,


**FEDERAL RULES:**

F.R.A.P. Rule 8                                         1, 6

F.R.C.P. Rule 37                                        9

F.R.C.P. Rule 70                                        9, 10


**CALIFORNIA AUTHORITIES:**

*Ex Parte Trombley*, (1948), 31 Cal. 2d 891,
193 P. 2d 734, 736-737                                  11, 12

---

# I
# STATEMENT OF RELEVANT FACTS

On August 1, 2007, this Court ordered Plaintiff to pay the cost of sending class notices; to provide defendant with an accounting of the cost of sending the class notices; and for defendant to reimburse the plaintiff for the cost of sending the class notices.

On August 3, 2007, defendant timely filed an appeal of this order to the Ninth Circuit.

On January 2, 2008, defendant filed an ex parte application for leave to seek a stay of this order pending resolution of this issue on appeal. To date, the Court has never ruled upon this motion. It has not been granted and it has not been denied. Pursuant to Federal Rule of Appellate Procedure Rule 8, defendant cannot apply to the Ninth Circuit for a stay unless an application has first been made to this Court and then denied by this Court.

Once defendant pays the costs in the manner ordered by this Court, it will be unable to recover those costs if any appeal in this case is ultimately successful.

On August 10, 2007, the Ninth Circuit granted Defendants request for an expedited hearing on its appeal of the ruling of this Court in the related Bankruptcy case that will determine whether or not this court was correct in imposing liability on Defendant.

On February 6, 2008, the Ninth Circuit scheduled oral arguments for April 17, 2008 in the related Bankruptcy case that will determine whether or not this court was correct in imposing liability on Defendant.

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 1 -

On February 22, 2008, the Ninth Circuit sent notice of oral argument to all parties. On March 4, 3008, **11 days after the notice of oral argument was sent**, Plaintiff filed this Application for an Order to Show Cause Re: Defendant in Contempt.

## II
## SUMMARY OF ARGUMENTS

1. This action is based solely on a violation of the Federal Fair Debt Collection Practices Act by an individual claimant. No injunctive or equitable relief is available under the Federal Fair Debt Collection Practices Act for an individual claimant; the only remedy that is available is the entry of a **money** judgment. Plaintiff is now seeking equitable and injunctive relief in the form of a contempt proceeding to compel the Defendant to pay what is a money judgment. However, this Court has no jurisdiction under the Federal Fair Debt Collection Practices Act to award Plaintiff any form of equitable relief, including an injunction or a contempt proceeding to order the payment of a money judgment. The only thing this Court has jurisdiction to do in a Federal Fair Debt Collection Practice Action is to enter a **money** judgment.

2. A fundamental issue of fairness and due process is the right of defendant to seek a stay of the order requiring it to pay class notice costs. Defendant timely applied for such an order from this Court on an ex parte basis, and the Court's failure to either grant or deny that application has deprived defendant of its due process right to seek a stay of the order pending a resolution of the issue on appeal.

1        3. Plaintiff has not provided any legally admissible
2    evidence either to Defendant or to this Court showing that she
3    has in fact sent any class notices or incurred any mailing costs.
4    The declaration of Plaintiff's counsel, without any supporting
5    evidence such as bills or invoices, to support its claim to
6    mailing and costs is not sufficient to comply with the Court's
7    order that Plaintiff **account** to Defendant for the **actual** cost of
8    printing and mailing the notices **only!**
9        4. Plaintiff also seeks compensation for creating and
10   maintaining a web site and toll-free phone number for class
11   members to opt-out or request further information. There is
12   nothing in the order of the Court that required Defendant to pay
13   these expenses. The order of this court was limited to the cost
14   of printing and mailing the notices.
15       5. The Ninth Circuit granted Defendants Motion for Expedited
16   Processing of its Appeal and scheduled oral argument for April
17   17, 2008, which is only 11 months after the Notice of Appeal was
18   filed. Plaintiff now wants to attempt to force payment of the
19   cost judgment she was awarded before the Ninth Circuit has a
20   chance to rule on the appeal of the related bankruptcy case.
21   Plaintiff obviously fears that the Ninth Circuit will rule
22   against the Plaintiff, which would result in this Court having to
23   vacate the August 1, 2007 cost order on which Plaintiff now seeks
24   a contempt order because defendant would have become the
25   prevailing party.
26       6. Contempt proceedings to force the payment of a debt
27   violate the Sixth Amendment of the United States Constitution and
28   Article 1, Section 10 of the California State Constitution which

_____
DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE:
DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 3 -

1  prohibit debtors prison. While Plaintiff attempts to
2  mischaracterize the cost order as an order enforceable by
3  contempt, the order of the court is nothing more than an
4  interlocutory **money** judgment for court costs. The cost of mailing
5  the notices is primarily the obligation of the Plaintiff. While
6  Plaintiff may be able to enforce the order by a writ of execution
7  once the Court sets the amount of money that Defendant owes for
8  costs, Plaintiff cannot enforce a money judgment for costs by
9  bringing contempt of court proceedings.
10     7. Plaintiff has not specified whether she is seeking a
11 criminal contempt or a civil contempt. Plaintiff's moving papers
12 do not clarify whether the $1,000.00 per day fine Plaintiff seeks
13 is to be payable to the Court or to the Plaintiff or her counsel,
14 but the proposed order requires that the $1,000 per day fine be
15 paid to Plaintiff. If the Plaintiff is seeking a civil contempt,
16 the fine must be based on the actual damages sustained by the
17 Plaintiff from the failure to comply with the order of this
18 Court. Plaintiff cannot establish that she will sustain damages
19 of $1,000.00 per day. If Plaintiff is seeking a criminal
20 contempt, it must be established that the Defendant is capable of
21 complying with the order, and Plaintiff has offered no such
22 evidence.
23     8. An order finding a party in contempt is a final judgment
24 that can **immediately** be appealed. Obviously, defendant would
25 appeal any contempt order and seek a stay thereof. Since this
26 case **already** has two separate appeals **now** pending before the
27 Ninth Circuit, it would be a significant waste of time and
28 resources for the Court to enter an order that will result in a

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE:
DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 4 -

**third** separate appeal. Before this Court enters an order that launches another case before the Ninth Circuit to determine whether the cost order should be stayed, it should first rule on the pending motion of Defendant for a stay order.

### III
### THIS COURT HAS NO JURISDICTION TO USE INJUNCTIVE RELIEF TO ENFORCE A JUDGMENT UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

The United States Supreme Court held that, in a true adversary proceeding, F.R.C.P. Rule 23 requires that the **costs of notice be paid by Plaintiff** (*Eisen vs. Carlisle & Jacquelin*, (1974), 417 U.S. 156, 177-178, 94 S. Ct. 2140, 2152-2153).

On August 1, 2007, this Court entered an interlocutory order requiring this portion of Plaintiff's costs to be paid by Defendant. Now, Plaintiff seeks to enforce this order by the use of equitable relief.

In *Palmer vs. Stassinos,* 233 F.R.D. 546, (2006), Judge Whyte explained why no injunctive or equitable relief was available under the F.D.C.P.A.:

> "B. Nature of plaintiffs' remaining claims
>
> [2] Congress explicitly provided private plaintiffs with monetary relief, both actual and statutory, in the FDCPA. See 15 *U.S.C.* § 1692k. No mention is made of injunctive relief for private plaintiffs, and the Third, Seventh, and Eleventh Circuits have found that **equitable relief is not available to an individual.** *Weiss v. Regal Collections*, 385 F.3d 337, 341 (3d Cir.2004); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir.2000); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir.1982); and see *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 399 (E.D. N.Y. 1998). The court is aware that injunctive relief has been granted in other suits involving the FDCPA, such as *Irwin v. Mascott*, 370 F.3d 924 (9th Cir.2004), but the availability of injunctive relief under the FDCPA was not challenged in *Irwin*. Based upon the language of the FDCPA and rulings

---

1         outside this circuit, the court concludes that
2         **plaintiffs cannot request injunctive or declaratory relief under the FDCPA.**

3         *Palmer vs. Stassinos,* 233 F.R.D. 546, 548 (2006)

4     Plaintiff is seeking the power of contempt, which is an
5 equitable form of relief a Plaintiff cannot request under the
6 Federal Fair Debt Collection Practices Act. The only relief
7 Plaintiff can obtain under the Federal Fair Debt Collection
8 Practices Act is a money judgment. Therefore, the application for
9 contempt must be denied because of a lack of jurisdiction.

**IV**
**FAILING TO RULE ON DEFENDANTS APPLICATION FOR A STAY ORDER WHILE INSTITUTING CONTEMPT PROCEEDINGS IS A FUNDAMENTAL VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS**

13     Defendant resisted the order of this Court that it be
14 required to pay the class notice costs to Plaintiff prior to the
15 entry of judgment. At the time of those proceedings, Defendant
16 notified the Plaintiff and this Court that any order requiring
17 Defendant to pay notice costs in advance of the entry of a final
18 judgment was an order that could be immediately appealed, and
19 that Defendant intended to appeal any such order.

20     When this Court entered an order requiring Defendant to pay
21 the class notice costs in advance of the entry of a final
22 judgment, Defendant timely appealed.

23     On January 2, 2008, Defendant filed a timely ex parte
24 application seeking a stay of the order requiring defendant to
25 pay the class notice costs. Under Rule 8 of the Federal Rules of
26 Appellate Procedure, Defendant may not seek a stay from the
27 appellate court unless and until an application for a stay has
28 been made to this court and denied. To date, this Court has

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 6 -

1  failed to rule on the stay application.
2      Payment of the class notice costs will render defendants
3  cost appeal moot. It will also leave defendant with no remedy to
4  recover the class notice costs in the event either pending appeal
5  is successful.
6      Therefore, using the power of this court to subject the
7  defendant to contempt proceedings to enforce the class notice
8  order while, at the same time, using the rules of procedure to
9  prevent defendant from seeking a stay of the class notice order
10 and thereby also depriving defendant of the right to prosecute
11 its appeal of the class notice order of this court constitutes a
12 serious violation of both procedural and substantive due process
13 that is unacceptable in our system of jurisprudence. Therefore,
14 the contempt application must be denied.

**V
CONTEMPT PROCEEDINGS ARE PREMATURE BECAUSE
THE AMOUNT EXPENDED FOR COSTS HAS NOT YET BEEN PROVEN
OR DETERMINED BY THIS COURT**

Plaintiff was ordered to:

> "account for the actual cost of producing and sending the notices, and the Court ORDERS Defendant to pay the cost of producing and sending the notices."

Plaintiff has not provided an accounting of the actual cost of producing and sending the notices; Plaintiff has sent a letter claiming to have spent $5,800.00 for mailing costs and $1,500.00 for creating and maintaining a web site and toll-free number for class members to opt-out or request further information, and executed a declaration stating these facts.

This is legally insufficient to constitute an accounting and does not comply with the order of this Court.

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE:
DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 7 -

1    First, the order of the court was specific, Defendant was
2 only ordered to pay Plaintiff the actual cost of producing and
3 sending the notices. Defendant was **not** ordered to pay the costs
4 for creating and maintaining a web site and toll-free number for
5 class members to opt-out or request further information.

6    Second, the declaration states the "notice costs to date are
7 $5,800.00 for the mailing to the class members. The declaration
8 does not state what the **actual costs were** for producing and
9 sending the notices, and does not explain how those costs were
10 calculated.

11    The minimum accounting requirements imposed on the Plaintiff
12 pursuant to the August 1, 2007 order of this Court is for
13 Plaintiff to produce to defendant its actual receipts and
14 canceled checks showing that it actually paid the costs it is
15 claiming to produce and mail the class notices.

16    Until Plaintiff complies with the order of this Court
17 entered August 1, 2007, Defendant has no obligation to pay any
18 costs to Defendant. Therefore, this application for contempt must
19 be denied because it is premature.

## VI
## THE COURT SHOULD NOW STAY ALL PROCEEDINGS IN THIS ACTION UNTIL THE NINTH CIRCUIT ENTERS A DECISION ON LIABILITY IN NINTH CIRCUIT CASE NO.: 07-15976

There is currently no binding precedent to determine liability in this case, but binding precedent will be established by the Ninth Circuit in the related bankruptcy case now on appeal as Case Number 07-15976.

The appeal of the final judgment of this court in the related bankruptcy case was filed on June 4, 2007; an order

1  expediting the appeal was entered by the Ninth Circuit on August
2  10, 2007; and the case is now scheduled for oral argument on
3  April 17, 2008, which is only 9 days after the hearing on this
4  application for contempt proceedings is now scheduled for
5  hearing.
6      While this Court has previously been unwilling to grant a
7  stay to wait for a Ninth Circuit ruling, the Court always assumed
8  that a Ninth Circuit resolution would be years away. Since the
9  Ninth Circuit has ordered the appeal to be expedited and
10 scheduled oral argument on April 17, 2008, it is a very
11 inefficient use of judicial resources to allow this case to
12 proceed when binding precedent is only a few months, and possibly
13 even a few weeks, away.
14     At a minimum, this Court should continue this matter until
15 the middle of May, 2008 and direct the Defendant to obtain and
16 file with this Court a certified copy of the transcript of the
17 oral arguments before the Ninth Circuit for this Court to
18 evaluate before entertaining any further proceedings in this
19 case.

## VII
## CONTEMPT PROCEEDINGS CANNOT BE UTILIZED TO COMPEL THE PAYMENT OF A CIVIL DEBT

22     The power to use contempt to enforce an order of the Court
23 is derived from F.R.C.P. Rule 37 (for discovery violations) and
24 from F.R.C.P. Rule 70 (to enforce a judgment). Since Plaintiff
25 does not allege a discovery violation, the authority for the
26 relief requested must be authorized under F.R.C.P. Rule 70, which
27 reads as follows:
28     "(a) If a judgment requires a party to convey land, to
           Deliver a deed or other document, or to perform

___

1          Any other specific act and the party fails to
           comply within the time specified, the court may
2          order act to be done — at the disobedient
           party's expense — by another person appointed
3          by the court. When done, the act has the same
           effect as if done by the party.
4
           (e) The Court may also hold the disobedient
5          party in contempt."

6      F.R.C.P. Rule 70

7          "Ordinarily, the equitable rules provided under Rule 70
           are not appropriate for enforcing a monetary judgment.
8
       *Spain v. Mountanos*, (1982), 690 F. 2d 742, 744
9
   In the case of *First National Ban of Cape Girareau vs.*
10
*Lufcy*, 34 F. 2d 417, 419 (1929), a bankruptcy trustee mistakenly
11
released $1,500.00 to the debtor. The Court ordered the money
12
returned to the debtor, and sought to hold the trustee in
13
contempt. The Court of Appeals for the Eighth Circuit held:
14
           "The order discharging appellee was based on sound and
15         just principles. To imprison appellee for contempt
           under the facts in this case, in our opinion, would be
16         imprisonment for a debt, happily long abolished. The
           improvident and oppressive use of the power to commit
17         for contempt was vigorously discussed and roundly
           denounced by this court in *Boyd v. Gluicklich*, 116 F.
18         131."

19     *First National Bank of Cape Girareau vs.*
       *Lufcy*, 34 F. 2d 417, 419  (1929)
20
   In another case, a United States District Court in Colorado
21
held:
22
           "We first address ourselves to the prayer of the
23         petition that the Court adjudge the defendant in civil
           contempt for failure to pay the balance of the money
24         judgment of $1900 and the interest thereon.

25         If the Court adjudges the defendant to be guilty of
           civil contempt for failure to pay the money judgment
26         and interest thereon, then the Court, pursuant to 18
           U.S.C. Sec. 401, would appear to have the power to
27         punish the defendant by fine or imprisonment. The Court
           holds that the money judgment is nothing more nor less
28         than a debt owed by the defendant to the plaintiff.

---
DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE:
DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 10 -

1     28 U.S.C. § 2007 provides in pertinent part:

2         '(a) A person shall not be imprisoned for debt on
          a writ of execution or other process issued from a
3         court of the United States in any State wherein
          imprisonment for debt has been abolished. All
4         modifications, conditions, and restrictions upon
          such imprisonment provided by State law shall
5         apply to any writ of execution or process issued
          from a court of the United States in accordance
6         with the procedure applicable in such State.'

7     Article II, Sec. 12 of the Colorado Constitution
      expressly prohibits imprisonment for debt:
8
          'No person shall be imprisoned for debt, unless
9         upon refusal to deliver up his estate for the
          benefit of his creditors in such manner as shall
10        be prescribed by law, or in cases of tort or where
          there is a strong presumption of fraud.'
11
      The Court concludes that by virtue of 28 U.S.C. § 2007
12    and Article II, Sec. 12 of the Colorado Constitution,
      that it has no authority to adjudicate the defendant in
13    contempt of court for failure to pay the money
      judgment, and further concludes that if the Court has
14    discretionary authority to utilize such procedure, that
      it should not do so in the absence of compelling
15    reasons, but plaintiff should be required to use his
      legal remedies such as discovery, execution,
16    garnishment, etc. to enforce the money judgment.

17    The Court deems that adjudication of civil contempt for
      failure to pay a money judgment carries an implied
18    threat of possible imprisonment and is therefore
      coercive in nature and effect and should not be
19    utilized by the Court for the enforcement of the
      payment of a money judgment except in the most
20    compelling circumstances. The Court finds no compelling
      circumstances in the allegations of the petition or in
21    the brief filed by plaintiff in support of his
      petition.
22
      *Dunlop vs. Fisher*, (1976), 406 F. Supp. 760
23
   In 1948, the California Supreme Court held:
24
          "Section 15 of Article I of the California
25        Constitution provides that "No person shall
          be imprisoned for debt in any civil action,
26        on mesne or final process, unless in cases
          of fraud, nor in civil actions for torts,
27        except in cases of wilful injury to person or
          property * * *." Although by its terms the
28        prohibition is directed to imprisonment in civil
          actions, it has been held to apply in a criminal

_____
DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE:
DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 11 -

1
2
3
4
5
6
7

      proceeding where it appears that the legislation under which the accused is charged constitutes an attempt to make the mere act of failing to pay a debt a crime. (Citations omitted) the courts will not permit the purposes of the constitutional provision forbidding imprisonment for debts to be circumvented by mere form, and, accordingly, statutes declaring the nonpayment of an obligation to be a crime are examined in the light of this provision, and their validity is dependent upon whether the legislative objective is consistent with the constitutional guaranty.

8

      *Ex Parte Trombley*, (1948), 31 Cal. 2d 891, 193 P. 2d 734, 736 - 737

9
10
11
12
13
14
15

    Plaintiff has cited no case that authorizes the use of the power of contempt to compel payment of a civil judgment because no such case exists. Unlike other areas of the law, all of the cases denying the ability to enforce a civil judgment through contempt are very old, indicating how well settled this area of the law is.

16
17
18
19

    Therefore, contempt proceedings cannot be used to enforce the order of August 1, 2007 that Defendant reimburse Plaintiff for their class notice costs, and the application of the Plaintiff must be denied.

20

**VIII**
**PLAINTIFF DOES NOT SPECIFY WHETHER SHE IS SEEKING A CIVIL CONTEMPT OR A CRIMINAL CONTEMPT**

21
22
23
24
25
26
27

    "1. Determining the Nature of Contempt
To distinguish civil from criminal contempt, the focus of the inquiry is often "not [upon] the fact of punishment but rather its character and purpose. *Shillitani v. United States*, 384 U.S. 364, 369, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)). The test, as formulated by the *Shillitani* Court, is "what does the court primarily seek to accomplish by imposing [the sanction]?" 384 U.S. at 370, 86 S.Ct. at 1535.

28

    The primary purpose of criminal contempt is to punish past defiance of a court's judicial authority, thereby vindicating the court. See *Shillitani*, 384 U.S. at 369,

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT C 05-4993 MJJ

86 S.Ct. at 1534; *Gompers*, 221 U.S. at 441, 31 S.Ct. at 498; Accord *United States v. Powers*, 629 F.2d 619, 627 (9th Cir.1980). The principal beneficiaries of such an order are the courts and the public interest. *Ager v. Jane C. Stormont Hospital & Training School for Nurses*, 622 F.2d 496, 500 (10th Cir.1980).

Civil contempt is characterized by the court's desire to compel obedience to a court order, *Shillitani*, 384 U.S. at 370, 86 S.Ct. at 1535, or to compensate the contemnor's adversary for the injuries which result from the noncompliance. *Gompers*, 221 U.S. 418, 448-449, 31 S.Ct. 492, 500-501, 55 L.Ed. 797. Thus, there are two forms of civil contempt: compensatory and coercive. *United States v. Asay*, 614 F.2d 655, 659 (9th Cir.1980). A contempt adjudication is plainly civil in nature when the sanction imposed is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. *McCrone v. United States*, 307 U.S. 61, 64, 59 S.Ct. 685, 686, 83 L.Ed. 1108 (1939). A court's power to impose coercive civil contempt depends upon the ability of the contemnor to comply with the court's coercive order. See *Shillitani v. United States*, 384 U.S. at 371, 86 S.Ct. at 1536 (citing *Maggio v. Zeitz*, 333 U.S. 56, 76, 68 S.Ct. 401, 411, 92 L.Ed. 476 (1948).

While civil contempt may have an incidental effect of vindicating the court's authority and criminal contempt may permit an adversary to derive incidental benefit from the fact that the sanction tends to prevent a repetition of the disobedience, such incidental effects do not change the primary purpose of either type of contempt. *Gompers*, 221 U.S. at 443, 31 S.Ct. at 498. Where, however, a judgment of contempt contains an admixture of criminal and civil elements, "the criminal aspect of the order fixes its character for purposes of procedure on review." *Penfield Co. of California v. Securities & Exchange Commission*, 330 U.S. 585, 591, 67 S.Ct. 918, 921, 91 L.Ed. 1117 (1947).

*Falstaff Brewing Corporation vs. Miller Brewing Company*, (9th Cir., 1983), 702 F. 2d 770, 778

"In *United States vs. Powers*, (9th Cir., 1980), 629 F. 2d 619, 626, this Court wanred that a contempt sanction could be invalidated if the district court's confusion as to the nature of the contempt proceeding resulted in prejudice to the contemnor."

*Falstaff Brewing Corporation vs. Miller Brewing Company*, (9th Cir., 1983), 702 F. 2d 770, 778, Ftnote 1

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT C 05-4993 MJJ

1   The Ninth Circuit went on to direct:

2   "We also recommended that an early determination be made as to the nature of contempt so that the
3   proceedings could be conducted in accordance with appropriate rules, statutes, and due process
4   requirements. Id. at 626. Standards of proof are affected: in civil, the contempt must be proven by
5   clear and convincing evidence; in criminal, the proof of contempt must be beyond a reasonable doubt. Id. at
6   n. 6. We also noted that *Fed.R.Crim.P.* 42(b) may require a trial by jury. A jury trial is required only
7   if it is a "serious offense." *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d
8   912 (1974); *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974)."

9   *Falstaff Brewing Corporation vs. Miller Brewing
10   Company*, (9th Cir., 1983), 702 F. 2d 770, 778, Ftnote 1

11   Plaintiff seeks to impose a fine of $1,000.00 per day under
12  a civil contempt proceeding to be paid to Plaintiff. Since a fine
13  of $1,000.00 per day does not reflect the actual damages
14  sustained for the failure to be paid $5,800.00 in costs, the fine
15  Plaintiff is seeking indicates Plaintiff is seeking a criminal
16  contempt because a punitive fine can only be imposed in a
17  criminal contempt proceeding. This is confusing and does not
18  enable Defendant to ascertain from the Application whether
19  Plaintiff seeks to impose civil or criminal contempt. This is a
20  fatal, due process flaw to the application. Therefore, this Court
21  is without jurisdiction to proceed on the application as filed,
22  and it therefore must be denied.

23  **IX
    IN A CIVIL CONTEMPT, PLAINTIFF CANNOT RECEIVE ANYTHING BUT
24      ACTUAL DAMAGES. IN A CRIMINAL CONTEMPT,
        ANY FINES MUST BE PAYABLE TO THE COURT.
25      PLAINTIFF'S FAILURE TO SPECIFY WHICH SHE
        IS SEEKING RENDERS HER APPLICATION VOID
26      AS A VIOLATION OF DEFENDANT'S DUE PROCESS**

27  Plaintiff seeks sanctions of $1,000.00 per day. While the
28  moving papers do not specify who is to receive the actual payment

---

of the sanctions, the proposed order provides that the sanctions are to be paid to Plaintiff.

> "As we have stated previously a sanction for civil contempt is characterized by the court's desire... to compensate the contemnor's adversary for the injuries which resulted from the non-compliance. (Citation omitted.) However, an award to an opposing party is limited by that party's actual loss. (Citations omitted.)
>
> *In Re Crystal Palace Gambling Hall, Inc.*
> (9th Cir., 1987) 817 F. 2d 1361, 1367

Plaintiff cannot receive any award other than her injuries for Defendant's non-compliance unless this is a criminal contempt. Since Plaintiff is seeking an award that is in excess of her injuries, defendant is unable to determine whether she is seeking a criminal contempt or a civil contempt. Therefore, the application itself is defective and violates Defendants right to due process of law, and it must be denied.

## X
## A CONTEMPT ORDER IS A FINAL JUDGMENT THAT CAN BE IMMEDIATELY APPEALED

> "Where the contempt proceeding is the sole proceeding before the district court, an order of civil contempt finding a party in contempt of a prior final judgment and imposing sanctions is a final decision under Section 1291. (Citations omitted) The order is final for the purposes of section 1291 "even though the size of the sanction imposed by the order depends upon the duration of contumacious Behavior occurring after entry of the contempt order."
>
> *In Re Crystal Palace Gambling Hall, Inc.*
> (9th Cir., 1987) 817 F. 2d 1361, 1363

The litigation between these parties has already produced two appeals now pending before the Ninth Circuit Court of Appeals. There is no reason to increase this number to three.

1  Defendant has made it clear to the Plaintiff that it will
2 appeal any finding of contempt by this Court to the Ninth
3 Circuit.
4  If the Court wishes to further pursue this contempt
5 application by Plaintiff, defendant urges this Court to first
6 deny the application for a stay of the cost payment order now
7 pending before this Court and continue the hearing on this
8 contempt application until Defendant has had an opportunity to
9 seek a stay from the Ninth Circuit.

## XI
## CONCLUSION

The application for contempt proceedings must be denied.

Dated: March 12, 2008     LAW OFFICES OF CLARK GAREN

                          BY

                          /s/ Clark Garen
                          CLARK GAREN,
                          ATTORNEY FOR DEFENDANT

```
                    PROOF OF SERVICE BY MAIL
                       (1013a, 2015.5 C.C.P.)
```

STATE OF CALIFORNIA          )
COUNTY OF RIVERSIDE          )  S.S.

    I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA  92258

    On MARCH 13, 2008, I served the within DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

PAUL ARONS,
LAW OFFICES OF PAUL ARONS,
685 SPRINGS STREET,
#104,
FRIDAY HARBOR, WASHINGTON 98250

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
SUITE 900
CHICAGO, ILLINOIS 60602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

    EXECUTED ON MARCH 13, 2008 AT PALM SPRINGS, CALIFORNIA

                                  /s/ Clark Garen
                                  CLARK GAREN, DECLARANT

---

DEFENDANTS OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT IN CONTEMPT C 05-4993 MJJ

- 17 -