**Paul Arons, State Bar #84970**
**685 Spring Street, #104**
**Friday Harbor, WA 98250**
**Tel:  (360) 378-6496**
**Fax: (360) 378-6498**
**lopa@rockisland.com**

**Attorneys for Plaintiffs**

**(Additional plaintiffs' counsel on last page)**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF ON RULE 62(d) AND SUPERSEDEAS BOND |

## I. INTRODUCTION

In their January 7, 2008 opposition to defendants' Ex Parte Motion to Reconsider, Etc., plaintiffs opposed any stay, but argued that if a stay was granted, it should be conditioned on posting of a supersedeas bond. Plaintiffs' Opposition to Defendant's Ex Parte Application, Etc. (Docket No. 122), pp. 4:21-5:17. At that time plaintiffs estimated that, in light of current and future notice costs, and costs on appeal, $12,500 would be a sufficient bond. This amount did not include anticipated appellate attorneys' fees. Defendant did not formally respond, and did not contact plaintiffs to request any further detail concerning class notice costs.

Now, defendant states that it has no objection to posting a supesedeas bond, but it has contrived a new excuse, that plaintiffs have not provided an adequate accounting. Defendant also

contends that it should not have to post any more than the actual costs of the initial mailing of notice. However, defendant should have to post a bond covering all estimated class notice costs and appellate costs.

> Generally, the amount of the bond should be sufficient to pay the judgment plus interest, costs and other monetary relief (e.g. attorney fees), that the appellate court may award. . . . [A] bond of 1.25 to 1.5 times the judgment is typically required. Golez and Watts, *Ninth Circuit Appellate Practice*, § 1:168.

The class notice, to which defendant agreed, and which the Court approved, included both a toll-free phone number and a web site for class members to contact if they had questions about exercise their right to opt-out of the class. Therefore, this is part of class notice costs. Plaintiffs mailed 5,800 notices at $1.00 per notice, including postage, for a total of $5,800.00. Plaintiffs have incurred costs for a web site and toll free phone service of $1,500.00. Additionally, since notice was mailed, plaintiffs have incurred an additional $1,494.40 in costs for keying undeliverable mail, updating addresses and 10.6 hours for answering phones.[1] The total costs incurred to date are $8,794.40. Additionally, plaintiffs are entitled to have the bond cover their anticipated costs of appeal. This should include the statutory attorneys' fees to which they will be entitled if they prevail. 15 U.S.C. § 1692k; *American Ass'n. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir 2000), *Montserrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 24 (9th Cir. 1983). A very conservative estimate is that appellate fees will total $15,000.00.[2] In sum, current class notice costs, plus estimated costs on appeal, total $23,794.40.

This Court has discretion to determine the appropriate amount of a supersedeas bond. Plaintiffs request that in making this determination, the Court consider both all the notice costs to date, and the anticipated costs on appeal.

---

1. Plaintiffs are attaching as Exhibit 1 an invoice which itemizes the costs that have been incurred in addition to the initial mailing of 5,800 notices.
2. Although defendant only appealed the discrete issue of shifting class notice costs, defendant devotes most of its 58 page appellate brief to arguing that the class should not have been certified. Responding to these arguments will require time.

Dated: March 14, 2008                           LAW OFFICE OF PAUL ARONS

                                                          By s/Paul Arons
                                                             Paul Arons
                                                             Attorneys for Plaintiffs

**Additional Plaintiffs' Counsel**

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

**Class Action Support Services**

256 Saddle Road
Friday Harbor, Wa 98250

# Invoice

| DATE | INVOICE # |
|---|---|
| 3/11/2008 | 3 |

| BILL TO |
|---|
| Imperial Class Action<br>c/o Law Offices of Paul Arons<br>685 Spring Street #104<br>Friday Harbor, WA 98250 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| Phone calls | Phones answered and calls returned | 10.6 | 50.00 | 530.00 |
| Claims Entry | Key undeliverable mail | 992 | 0.60 | 595.20 |
| Web Site Design | Web Site design, web server, updates of related court documents. Toll free number established. | 1 | 1,500.00 | 1,500.00 |
| Phone lines | Monthly costs per phone line usage Jan. 18 - March 18 | 2 | 100.00 | 200.00 |
| Post Office | Post office address updates on forwarded mail | 94 | 0.90 | 84.60 |
| Mail Entry | Enter updates into database | 94 | 0.90 | 84.60 |
| | | | **Total** | **$2,994.40** |

**EXHIBIT 1**