United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNT, | No. C05-04993 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STAY** |
| v. | |
| CHECK RECOVERY SYSTEMS, INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Imperial Merchant Service, d/b/a Check Recovery Systems' ("Defendant") Ex Parte Application For Leave to File Motion for Reconsideration of Motion to Stay Payment of Notice Costs Pending Ruling From Appeal of Order Requiring Defendant to Advance Notice Costs Prior to Entry of Judgment ("Motion"). (Docket No. 121.) Plaintiffs Brandy Hunt and Brian Castillo ("Plaintiffs") oppose the motion.

For the following reasons, the Court **GRANTS** Defendant's Motion and **ORDERS** Defendant to post a supersedeas bond of $9,000.

## FACTUAL BACKGROUND

Plaintiffs filed a complaint against Defendant on December 5, 2005. (Docket No. 1.) Plaintiffs allege that Defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiffs seek declaratory judgment, damages, and costs.

On March 21, 2007, the Court granted Plaintiffs' motion for class certification. (Docket No. 93.) On the same day, the Court issued an order denying Defendant's motion for summary judgment and granting in part Plaintiffs' motion for summary judgment ("Summary Judgment Order"). (Docket No. 92.) On June 19, 2007, Plaintiffs filed a Motion for Approval of Class Notice Plan ("Motion for Approval"). (Docket No. 94.) In the Motion for Approval, Plaintiffs requested that Defendant pay all reasonable costs incurred in the mailing of notice to class members. (Motion for Approval at 2.)

On August 1, 2007, the Court issued an order which, inter alia, granted Plaintiffs' Motion for Approval ("Notice Order"). (Docket No. 112.) In the Notice Order, the Court ordered Plaintiffs to send notice, by first-class mail, to all class members and account for the actual cost of producing and sending the notices. (Notice Order at 11.) The Court further ordered Defendant to pay the cost of producing and sending the notices. (*Id*.) Shortly thereafter, Defendant appealed the portion of the Court's Notice Order requiring that Defendant reimburse Plaintiffs for the notice costs. (Docket No. 113.) Defendant now seeks an order staying this portion of the Court's Notice Order while the appeal is pending.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 62(d) ("Rule 62(d)") allows for a stay of the execution of a final judgment pending appeal when the moving party posts a supersedeas bond. Rule 62(d) states, in relevant part:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). Pursuant to this Rule, "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Id.*

**ANALYSIS**

Defendant's Motion is styled as an *ex parte* application for leave to file a motion for reconsideration. Defendant, however, essentially requests that the Court stay the Notice Order while

2

the Notice Order is on appeal. Plaintiffs oppose the Motion both as to the form and the merits. Specifically, Plaintiffs contend that the Court should not grant Defendant the relief it seeks because there is no statute, rule or order permitting Defendant to proceed on an *ex parte* basis, as required by Civil Local Rule 7-10. Plaintiffs further argue that the motion is inappropriately framed as a motion for reconsideration, given that Defendant has not previously requested the relief sought here. On the merits of Defendant's request, Plaintiffs argue that it is appropriately viewed as a request pursuant to Rule 62(d) and, if granted, the Court should require Defendant to post a supersedeas bond. *See* Fed. R. Civ. P. 62(d).

The Court notes that while Defendant's Motion is titled "*ex parte*," it was filed on ECF, Plaintiffs presumably had notice of the Motion and Plaintiffs timely opposed the motion. Thus, Plaintiffs' arguments regarding the *ex parte* nature of this Motion are unavailing. In addition, Defendant has not previously presented this request to the Court, therefore the Court does not consider the Motion as a motion for reconsideration.[1] Furthermore, the Court ordered supplemental briefing on Rule 62(d) and the proper amount for a supersedeas bond in this matter. Defendant's supplemental brief notes that it has no objection to an order that requires it to post a supersedeas bond under Rule 62(d), although the parties disagree about the appropriate bond amount. Therefore, for the foregoing reasons, and pursuant to the Court's discretion under Rule 62(d), the Court grants the Motion to stay pending appeal and orders Defendant to post a supersedeas bond.

**I.    Rule 62(d) Governs this Motion.**

As a preliminary matter, in the initial briefing on this matter there was some disagreement as to the standards governing Defendant's request. Defendant, in its Motion, relies on *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979), to argue that "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Plaintiffs assert that because Defendant requests a stay pending appeal of an interlocutory order for payment of money in advance of judgment, and not resolution of an

---

[1] While Defendant refers to "previous stay motions" in its Motion, the only motion to stay considered by the Court was one brought by Defendant in February 2006, in which Defendant requested the Court to stay proceedings pending resolution of a related matter in Bankruptcy Court. The Court denied Defendant's motion to stay. The current Motion is not, however, related to Defendant's prior motion to stay.

3

1  independent proceeding, Rule 62(d) governs the request. The Court agrees. As Plaintiffs correctly
2  point out, Defendant has not requested a stay of the Notice Order while an independent proceeding
3  that affects the instant case is pending. Rather, Defendant has requested a stay pending appeal of an
4  interlocutory order for payment of money - namely, the Court's Notice Order requiring it to pay
5  notice costs in advance of judgment. Therefore, the Court will analyze Defendant's request for stay
6  under Rule 62(d), not under the *Leyva* balancing test.

## II.     Defendants Must Post a Supersedeas Bond to Obtain a Stay.

Defendant asserts that unless the Court grants a stay, it will not obtain meaningful appellate review of the Notice Order because it will be unable to retrieve notice costs from Plaintiff if it prevails on appeal. Defendant further contends that "[s]ince the Plaintiffs have already paid for the cost of notifying the members of the class, granting this stay pending appeal will not delay the conclusion of this case." (Motion at 10.) Plaintiffs do not substantively oppose a stay under Rule 62(d). Instead, in their Opposition, Plaintiffs contend that the Court should only grant a stay if Defendant is required to post a supersedeas bond for $12,500, which includes $7,800 for notice costs Plaintiffs already paid, plus future costs and interest that will accrue during Defendant's appeal. In their supplemental brief, Plaintiffs request a supersedeas bond of $23,794.40, which includes the above costs plus Plaintiffs' anticipated costs of appeal, including statutory attorney's fees. (*See* Plfs.' Supp. Br. at 2.) Defendant, in its supplemental brief, argued that it should only have to post a bond to cover the actual costs which the court ordered Defendant to pay for. (*See* Defs.' Supp. Br. at 2.)

As noted above, Defendant, the appellant, may secure a stay by posting a bond. *See* Fed. R. Civ. P. 62(d). In addition, the Court has discretionary authority to set a supersedeas bond. *Rachel*, 831 F.3d at 1505 n.1. The Court also, however, has discretion to stay execution of a judgment without security or with an alternate form of security. *See Federal Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980) (holding that Rule 62(d) does not limit the district court's exercise of its sound discretion to issue unsecured stays); *Telemeter v. Hamlin Int'l Co.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (explaining that the court has discretion to allow forms of security other than a supersedeas bond).

4

Here, the Court views a stay as appropriate given that Defendant appealed the Notice Order and Plaintiffs have not suggested that they will be harmed if a stay is granted. In addition, the Court perceives no reason to stay execution without security or with an alternate form of security. As Plaintiffs point out, Defendant has thus far failed to comply with the Court's order requiring it to reimburse Plaintiffs for notice costs. The Court therefore finds that Defendant must post a bond to stay this matter. Furthermore, the Court finds that a supersedeas bond of $9,000 is appropriate. This amount covers the reasonable costs of notifying the class members to date, as required by the Court and as detailed in Plaintiff's briefs. Plaintiffs' request that the bond be set at an amount that also includes the costs of appeal is not appropriate given the posture of this matter and the rationale behind Rule 62(d). *See Rachel*, 831 F.2d at 1505 n.1 ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution").

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for a stay of the Court's order requiring Defendant to pay class notice costs. The Court further **ORDERS** Defendant to post a supersedeas bond for $9,000 within two weeks of entry of this Order. The stay will become effective upon posting of the bond.

Plaintiffs' March 4, 2008 Application for an Order to Show Cause Re: Defendant in Contempt ("Plaintiff's Application") is therefore **DENIED** as moot and the April 8, 2008 hearing date in that matter is **VACATED**. (Docket No. 125.) If, however, Defendants do not post a bond in the requisite time period, the Court **ORDERS** Plaintiffs to file, within three weeks of the entry of this Order, a reply, if any, to Plaintiffs' Application and Defendant's opposition in the matter. The Court will, at that point, schedule oral argument in the matter if necessary.

**IT IS SO ORDERED.**

Dated: March 21, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

5