```
 1  LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
 2  P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
 3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:     (760) 323-4901
 4  Fax:           (760) 288-4080
    clarkgaren@msn.com
 5
    ATTORNEYS FOR PLAINTIFFS
 6  IMPERIAL MERCHANT SERVICES, a California
    corporation, doing business as
 7  CHECK RECOVERY SYSTEMS
```

(caption block above is counsel info)

                    UNITED STATES DISTRICT COURT

         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of herself and others similarly situated, <br><br>         Plaintiff, <br><br> -vs- <br><br> CHECK RECOVERY SYSTEMS, INC., et. al., <br><br>         Defendants. <br> _____ | Case No. C 05-4993 SBA <br> Case No. C 05 2037 SBA <br><br> SUPPLEMENTAL CASE MANAGEMENT STATEMENT AND PROPOSED ORDER <br><br><br><br><br><br><br><br> Date: April 30, 2008 <br> Time: 3:30 P.M. <br> Place: Courtroom 3 <br>        Third Floor |

     Pursuant to Civil Local Rule 16-14(d), the parties to the
above-entitled action certify that they met and conferred at
least 10 days prior to the subsequent case management conference
scheduled in this case and jointly submit this Supplemental Case
Management Statement and Proposed Order and request the Court to
adopt it as a Supplemental Case Management Order in this case.

1  The parties fundamentally disagree on further proceedings in
2  this case.

### DESCRIPTION OF THE CASE AND
### SUMMARY OF PROCEDURAL HISTORY

5  Imperial Merchant Services, d/b/a Check Recovery Systems
6  (CRS) is a debt collector that collects on dishonored checks for
7  retailers. Plaintiffs Brian Costello and Brandy Hunt are two
8  individuals, each of whom wrote a check to Safeway that was
9  dishonored; never paid; and eventually listed on a Chapter 7
10 Bankruptcy Petition. C.R.S. sent each Plaintiff a collection
11 letter demanding payment of: (1) the face amount of the check;
12 (2) statutory service charge, as permitted by California Civil
13 Code Section 1719; and (3) Interest as permitted by California
14 Civil Code Section 3287. Plaintiffs contend that California law
15 does not permit defendant to collect both a service charge under
16 California Civil Code Section 1719 and interest under California
17 Civil Code Section 3287. Each Plaintiff filed a class action
18 lawsuit alleging that C.R.S. had violated the Federal Fair Debt
19 Collection Practices Act, 15 United States Code Section 1692 et.
20 seq. (FDCPA) by attempting to collect charges that are not
21 permitted by law. The two separate class actions w3ere
22 subsequently consolidated (Order Granting Stipulation to
23 Consolidate, 8/25/2006), Docket No. 46).
24 Prior to filing the FDCPA class action, Plaintiff BRANDY
25 HUNT had filed a bankruptcy petition, seeking to discharge, inter
26 alia, the debt from her dishonored $137.15 check to Safeway.
27 After she filed the FDCPA action, CRS initiated an adversary
28 proceeding in the United States Bankruptcy Court in

---

which it sought both a service charge and interest. During discovery, CRS discovered that Plaintiff BRANDY HUNT wrote 47 consecutive checks over a 2 and one-half month period without making a single deposit. On October 31, 2006, Dennis Montali, Bankruptcy Judge, ruled that Hunt's check was not dischargeable, but that C.R.S. could not collect both the returned check charge under California Civil Code Section 1719 and interest under California Civil Code Section 3287. The bankrutpcy judgment was originally appealed to the Bankruptcy Appellate Panel, but it was transferred by Plaintiffs to the District Court and then to Judge Jenkins. The bankruptcy court ruling affirmed by District Court Judge Jenkins. (Judgment on 28 U.S.C. Section 158 appeal from final judgment of the bankruptcy court, 5/17/2007, Docket No. 16 in Civ. No. 3L06-7795. CRS appealed the district Court affirmance. On April 17, 2008, the 9th Circuit held oral arguments, after which the case was submitted. Defendant contends that the 9th Circuit panel indicated it was going to certify the question of whether a creditor may collect both interest under California Civil Code 3287 and a returned check charge under California Civil Code 1719 to the California Supreme Court.

    Plaintiff Castillo also had a pending bankruptcy action at the time he filed his FDCPA complaint, and CRS brought an adversary proceeding in the United States Bankruptcy Court identical to the HUNT adversary proceeding. The Castillo proceeding has been subject to a series of stays in the bankruptcy court, and no date has been set for trial.

    On March 21, 2007, the District Court granted Plaintiff's Motion for Summary Judgment on all liability issues and certified

---

a class consisting of check writers living in California from CRS demanded both a service charge and interest. (Hunt v. Check Recoveryt Sys., 478 F. Supp. 2d 1157, (N.D. Cal., 2007)(Order Granting Partial Summary Judgment for Plaitniff, Hunt v. Check Recovery Sys., 241 F.R.D. 505 (N.D. Cal., 2007) (Order Certifying Class). There are approximately 7,000 class members, On August 1, 2008, the district court granted plaintiff's motion regarding class notice procedures, including an odrer that defendant pay the cost of class ntoice Hunt v. Check Recovery Sys., 2007 WI, 2220972, U.S. Dist LEXIS 58000 (N. DE. Cal., Aug 1, 2007), (Docket No. 112). CRS has appealed the part of the August 1, 2008 order requiring it to pay class notice costs. CRS has included all issues of class certification in this appeal. Although Plaintiff moved to limit the scope of the appeal, the motion was denied without prejudice. Briefing was completed on April 17, 2008, and no hearing date has yet been set. On March 21, 2008, the District Court granted a stay application of the order requiring CRS to reimburse Plaintiff for the class notice costs conditioned on CRS filing a $9,000 supersedeas bond. (Order, Docket No. 132). CRS has posted the bond.

**DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS**

**The following progress or changes have occurred since the last case management statement filed by the parties:**

At this point, a class has been certified and summary judgment on all liability issues has been granted in Plaintiff's favor.

Plaintiff contents that all that remains is the almost ministerial task of calculating actual damages, based on

defendant's computerized collection records, and the determination of statutory damages, based on the egregiousness of defendant's FDCPA violations and its net worth. Plaintiffs would like to proceed with establishing damages and obtaining a final judgment.

Plaintiff has mailed an out-out notice to class members. The opt-out period has expired except for a small number of class members whose mail was returned and subsequently re-mailed to a more current address. Plaintiffs will file a declaration from the class administrator concerning the mailing. To date, there have been fewer than six opt-outs.

Defendant concedes that the appropriate statutory damages are the maximum award of one percent (1) of the Defendant's net worth, and that the egregiousness of the F.D.C.P.A. violations have no relevance in view of this concession.

Defendant also believes that this action should be stayed pending resolution of the two appeals now pending because of the following events in this litigation:

    a. The primary issue in this case is whether the holder of a dishonored check may impose **both** the returned check charge of either $25.00 or $35.00 provided for by *California Civil Code Section* 1719 **and** pre-judgment interest as provided for by *California Civil Code Section* 3287.

    b. These parties have been litigating this issue in two forums. The first forum was in the above-entitled cases. The second forum was in a Complaint to deny

1    discharge to each named Plaintiff.

3    c. The Complaint to deny discharge in the case of Plaintiff Castillo is still pending in the bankruptcy court.

7    d. The Complaint to deny discharge in the case of Plaintiff HUNT resulted in a bankruptcy court judgment denying HUNT discharge, but refusing to award interest. The bankruptcy court found that Plaintiff HUNT wrote 47 consecutive returned checks over a two and one-half month period without making one single deposit to her account. Defendant C.R.S. appealed the denial of interest to the Bankruptcy Appellate Panel, and Plaintiff HUNT had the appeal referred back to the District Court for the Northern District. It was assigned Case Number C-06-07795 MJJ and was eventually related to Case Numbers C 05-4993 SBA and Case No. C 05 2037 SBA and assigned to Judge Jenkins. Judge Jenkins upheld the decision of the bankruptcy court. Defendant C.R.S. appealed the decision of Judge Jenkins to the Ninth Circuit. This appeal is now pending as Ninth Circuit Case Number 07-15976 and will create binding precedent on the only liability issue in this case, i.e. whether the holder of a dishonored check may impose **both** the returned check charge of either $25.00 or $35.00 provided for by *California Civil Code Section 1719* **and** pre-judgment interest as provided for by

*California Civil Code Section* 3287.

e. This appeal was ordered expedited by the Ninth Circuit. Oral arguments on this appeal were heard on April 17, 2008 at 9:00 A.M. During oral argument, the Ninth Circuit panel indicated that it felt this was an important issue and that it was going to certify this question to the Supreme Court of California for an opinion. Defendant C.R.S. will order a certified transcript of the argument and ask this Court to take Judicial Notice of it. If the California Supreme Court accepts the certification of this question from the Ninth Circuit, it is required by its own rules to publish its opinion so it will create binding precedent on the liability issue. Under the rules, the Ninth Circuit, as well as all federal courts, will be obligated to adopt the opinion issued by the California Supreme Court.

f. Defendant C.R.S. filed an ex parte application for a stay of the cost reimbursement order on January 2, 2008. Initially, Judge Jenkins neither granted or denied the stay.

g. In March, Plaintiff HUNT filed an Application for an Order to Show Cause In re: Contempt regarding the failure of Defendant C.R.S. to reimburse them for the class notice costs. Judge Jenkins then requested

1    additional briefing on the issue of a supersedeas bond
2    for the stay. After the receipt of the additional
3    briefing, Judge Jenkins granted the stay on condition
4    that Defendant C.R.S. post a $9,000.00 supersedeas
5    bond. On April 4, 2008, Judge Jenkins approved the
6    bond, and the Court Clerk deposited a $9,000.00 cash
7    bond posted by Defendant C.R.S.

9    h. Defendant C.R.S. contends that the pending appeal of
10   the class notice order and class notice certification,
11   combined with the stay issued by Judge Jenkins,
12   operates as a stay of all further proceedings until the
13   appeal now pending before the Ninth Circuit Court of
14   Appeals as Case Number 07-16418 until the Ninth Circuit
15   issues a remittur to this Court.

17   i. Defendant C.R.S. contends that this case is stayed
18   until the Ninth Circuit issues a remittur to this Court
19   in case Number 07-16418.

21   j. A discovery cut-off date was never set by Judge
22   Jenkins. However, Defendant C.R.S. maintains that the
23   entry of the partial summary judgment resolves all
24   outstanding issues and operates as a discovery cut-off
25   date.

27        Defendant C.R.S. contends that this Court should further
28   stay all proceedings until the Ninth Circuit issues a remittur

to this Court in case Number 07-15976 (the bankruptcy appeal). Since the Ninth Circuit has deemed this to be an important issue of concern to all residents of California and is invoking the rather unusual procedure of certifying the question to the California Supreme Court, this Court should now stay all proceedings until an opinion is issued by the California Supreme Court. Obviously, the Ninth Circuit believes this is an unclear area of the law or it would not have indicated it was taking the very unusual step of certifying the question to the California Supreme Court.

    Plaintiffs contend that the above litany of the history of this case demonstrates the lengths to which defendant has gone to complicate and delay resolution of what is essentially a one-issue class action, based on a single monetary demand in a form collection letter. Plaintiffs would like to expeditiously conclude the district court proceedings, and obtain a judgment, which defendants can either pay or, as is more likely, appeal. To stay enforcement, however, defendant will have to post a bond which will at least provide security to the class that they may be compensated when the litigation is finally completed.

## MATTERS REMAINING TO BE RESOLVED

**1. The effect of the Appeal of the Order Requiring Defendant to pay Class Notice Costs.**

    CRS contends that the pending appeal of the class notice order and class notice certification, combined with the stay issued by Judge Jenkins,, operates as a stay of all further proceedings until the appeal now pending before the Ninth Circuit Court of Appeals as Case Number 07-16418 (the class notice

appeal) is decided and the Ninth Circuit issues a remittur to this Court. CRS bases this contention on the inclusion of all class certification issues in this appeal.

Plaintiff disputes this. The only stay resulting from Plaintiffs' appeal was a stay of the district court's authority to modify the order being appealed from. Neither party is asking the district court to modify the order shifting class notice costs.

**2. Effect of the Pending Appeal of the ability to charge both interest and a returned check charge in the bankruptcy appeal.**

CRS contends that this Court should now stay all further proceedings until the Ninth Circuit issues a remittur to this Court in Case Number 07-15976 (the bankruptcy appeal). Defendant contends that the Ninth Circuit has recognized the issue on which liability is based as a very important issue that requires conformity and on which the current law is unclear, and has therefore indicated it intends to certify the question of liability for both the returned check charge under California Civil Code Section 1719 and interest under California Civil Code Section 3287 to the California Supreme Court. Since liability was sufficiently uncertain that the Ninth Circuit felt it appropriate to certify the question to the California Supreme Court, it is now inappropriate for this Court to allow further litigation between the same parties to the bankruptcy appeal on the same issue presented in the bankruptcy appeal without waiting for a definitive ruling on what the law actually is.

1    Plaintiffs oppose any stay prior to entry of a final
2 judgment. Given defendant's lack of success on the merits to
3 date, it seems premature to predict what the Ninth Circuit will
4 do. Even if the appellate court certifies the question to the
5 California Supreme Court, that court may not accept the
6 certification. Wherever the substantive issue in this case is
7 ultimately decided, there is no reason to indefinitely delay
8 district court proceedings.
9    Defendant's evident plan is to delay a judgment as long as
10 possible and, if it ultimately loses, to avoid paying the
11 judgment. Defendant has unsuccessfully sought to stay or dismiss
12 this action on at least three prior occasions. At this point, the
13 only issue remaining is calculation of actual and statutory
14 damages. The discovery concerning these issues is almost
15 complete. Actual damages for the class will be determined based
16 on defendants' computerized collection records. Defendant has
17 produced these records, and the parties should be able to
18 stipulate to actual damages.
19    CRS disputes these statements. CRS has errors and omissions
20 insurance that will cover any judgment that is eventually entered
21 against it, with the exception of the portion of that judgment
22 that imposes liability to return any charges or fees that it
23 actually collected illegally. Therefore, CRS has no benefit from
24 delaying judgment because most of the money that is at stake in
25 this action will not have to be paid by CRS.
26    From the outset, CRS has disputed, in good faith, the theory
27 of liability suggested by Plaintiff. From the outset, CRS has
28 maintained that there is no law that will enable Plaintiff BRANDY

HUNT to write 47 returned checks to 47 merchants and then receive interest free loans as Plaintiff maintains. From the outset, CRS has sought to obtain binding precedent to either stop these claims by the attorneys for Plaintiffs or to notify all credit grantors what the true state of the law is. The nefarious purpose ascribed to CRS by Plaintiff is non-existent.

### 3. Additional Discovery Issues

Defendant CRS maintains that the entry of the partial summary judgment resolves all outstanding issues and operates as a discovery cut-off date.

Plaintiffs dispute this. The summary judgment order resolved liability issues, not damage issues. As outlined above, damages issues will need to be resolved. Pursuant to 15 U.S.C. 1692k, statutory damages will be determined based primarily on a determination of the defendant's net worth, and the egregiousness of its conduct. Plaintiffs are in the process of completing discovery related to net worth. Plaintiffs may need to file a motion to compel discovery, because there is a dispute concerning the scope of this discovery.

CRS disputes these statements. CRS concedes that the maximum statutory damages of 1% of its net worth under 15 U.S.C. 1692k must be awarded to the class members. Furthermore, CRS concedes that the net worth can be established on the date the Complaint was initially filed, which is December, 2005. As part of its discovery, CRS provided Plaintiffs with its financial statements for 2004, 2005, and 2006. Therefore, CRS contends no additional discovery is permitted or warranted, and certainly not until after the pending appeals have been resolved.

**PROPOSED CASE MANAGEMENT ORDER**

**PLAINTIFFS PROPOSED ORDERS**

There is currently an unresolved dispute regarding the scope of discovery. Heretofore, no magistrate judge was assigned to resolve discovery issues. Plaintiffs request the court to determine whether this Court or a magistrate judge will resolve discovery disputes.

Plaintiffs will file a motion to compel discovery within thirty days of that determination, and will complete discovery within sixty days from the date of a ruling on the discovery motion. Damage issues may be resolved by summary judgment, or by court trial sixty days thereafter. Plaintiffs estimate that a court trial on damage issues will take one day or less.

**DEFENDANTS PROPOSED ORDERS**

This case is ordered **stayed** until the Ninth Circuit issues a remittur to this Court in case Number 07-16418.

In addition, all proceedings are ordered **stayed** until the Ninth Circuit issues a remittur to this Court in case Number 07-15976.

In addition, it is further ordered that the partial summary judgment operates as a discovery cut-off.

In the event this Court permits further discovery, there is currently an unresolved dispute regarding the scope of discovery. Heretofore, no magistrate judge was assigned to resolve discovery issues. CRS requests the court to determine whether this Court or a magistrate judge will resolve discovery disputes.

Defendant will file a motion for a protective order within thirty days from the conclusion of the meet and confer process on

discovery issues. Damage issues may be resolved by summary judgment, or by court trial sixty days thereafter. Plaintiffs estimate that a court trial on damage issues will take one day or less.

```
                                        LAW OFFICES OF CLARK GAREN
                                        BY
Dated:    April 21, 2008       /s/_____
                                        CLARK GAREN,
                                        ATTORNEY FOR DEFENDANT



                                        LAW OFFICES OF PAUL ARONS
                                        BY
Dated:    April 21, 2008       /s/_____
                                        PAUL ARONS,
                                        ATTORNEY FOR PLAINTIFFS
                                        HUNT AND CASTILLO
```

## SUPPLEMENTAL CASE MANAGEMENT ORDER

The Supplemental Case Management Statement and Proposed Order is hereby adopted by the Court as a Supplemental Case Management Order for the case and the parties are ordered to comply with this order.

```
Dated:                                  _____
                                        SAUNDRA BROWN ARMSTRONG,
                                        UNITED STATES DISTRICT JUDGE
```