1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:      (760) 323-4901
4  Fax:            (760) 288-4080

5  ATTORNEYS FOR PLAINTIFFS
   IMPERIAL MERCHANT SERVICES, a California
6  corporation, doing business as
   CHECK RECOVERY SYSTEMS

7

8              UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
   BRANDY HUNT, on behalf of herself )   Case No. C 05 4993 SBA
11 and others similarly situated,     )   Case No. C 06 2037 SBA
                                      )
12                                    )   REQUEST FOR JUDICIAL
                                      )   NOTICE #7 IN SUPPORT OF
13                                    )   DEFENDANTS MOTION FOR
              Plaintiff,              )   STAY OF ALL PROCEEDINGS
14                                    )   PENDING APPEAL
   -vs-                      )
15                                    )
   CHECK RECOVERY SYSTEMS, INC., )
16 et. al.,                     )
                                      )
17          Defendants.        )   Date: June 17, 2008
                                      )   Time: 1:00 P.M.
18                                    )   APPEARANCE BY PHONE
   _____)   APPROVED BY COURT
19
        TO PLAINTIFF BRANDY HUNT, on behalf of herself and others
20
   similarly situated, and to IRVING L. BERG; THE BERG LAW GROUP; O.
21
   RANDOLPH BRAGG; HORWITZ, HORWITZ & ASSOCIATES; PAUL ARONS; and
22
   THE LAW OFFICES OF PAUL ARONS, her attorneys of record and to
23
   BRIAN C CASTILLO, on behalf of himself and others similarly
24
   situated and to RONALD WILCOX; O. RANDOLPH BRAGG; AND HORWITZ,
25
   HORWITZ & ASSOCIATES, his attorneys of record:
26

27
_____
28 Request for Judicial Notice #7 - Case Number C 05 4993 MJJ

                              1

1    PLEASE TAKE NOTICE THAT on June 17, 2008 at the hour of 100

2 P.M. before Judge Armstrong, Defendant will move the Court to

3 take Judicial Notice of the Order issued by the Ninth Circuit

4 Court of Appeals on May 12, 2008 in Ninth Circuit Case Number 07–

5 15976 (Northern District Case Number: CV–06–07795–MJJ), which was

6 related by order of Judge Jenkins to this case on January 9, 2007

7 (Docket Number 86) certifying the question to the California

8 Supreme Court and ordering a stay of all proceedings in the Ninth

9 Circuit and in the District Court in the related case. A copy of

10 the order is attached as Exhibit 1.

11

12    Dated: May 13, 2008

13

14                          LAW OFFICES OF CLARK GAREN

15                          BY

16                          /s/ CLARK GAREN
                            CLARK GAREN,
17                          ATTORNEY FOR DEFENDANT

18

19

20

21

22

23

24

25

26

27

28 Request for Judicial Notice #7 – Case Number C 05 4993 MJJ

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT "1"

26

27

28

Request for Judicial Notice #7 – Case Number C 05 4993 MJJ

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMPERIAL MERCHANT SERVICES, INC., a California corporation doing business as Check Recovery Systems, <br><br> *Plaintiff-Appellant,* <br><br> v. <br><br> BRADY G. HUNT, <br> *Defendant-Appellee.* | No. 07-15976 <br><br> D.C. No. <br> CV-06-07795-MJJ <br> Northern District <br> of California, <br> San Francisco <br><br> ORDER |

Filed May 12, 2008

Before: Stephen S. Trott and Sidney R. Thomas,
Circuit Judges, and Michael R. Hogan,* District Judge.

---

**ORDER**

We respectfully certify the following question to the Supreme Court of California as set forth in the attached request:

1.  May a debt collector recovering on a dishonored check impose both a service charge under section 1719 of the California Civil Code and prejudgment interest under section 3287 of the California Civil Code?

We stay all further proceedings in this case in this Court and the district court pending receipt of the answer to the cer-

---

*The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

tified question. If the Supreme Court of California declines certification, we will resolve the issue according to our perception of California law.

The Clerk of the Court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, an original and ten copies of this Request with a certificate of service on the parties pursuant to California Rules of Court 8.548(d). Furthermore, pursuant to California Rules of Court 8.548(c), the parties and amici are directed to file with the Supreme Court of California copies of all briefs and excerpts of record submitted to this Court. This case is withdrawn from submission until further order of this Court.

### REQUEST FOR CERTIFICATION DIRECTED TO THE SUPREME COURT OF CALIFORNIA

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, hereby certifies to the Supreme Court of California the previously identified question of law. The California courts provide no controlling precedent on this question. The answer to the certified question will be determinative of this appeal. We respectfully request that the Supreme Court of California answer the certified question presented below. Our phrasing of the issue should not restrict the Court's consideration of the issue.

I.  *Caption of the Case*

The caption of the case is:

IMPERIAL MERCHANT
SERVICES, INC., a California
corporation doing business as
Check Recovery Systems,

        Plaintiff-Appellant,

v.

BRADY G. HUNT,

        Defendant-Appellee.

No. 07-15976

D.C. No.
CV-06-07795-MJJ
Northern District
of California,
San Francisco

ORDER

Counsel for the parties are as follows:

Clark Garen, Law Offices of Clark Garen, Palm Springs, California, for the plaintiff-appellant.

O. Randolph Bragg, Horwitz, Hortwitz & Assoc., Chicago, Illinois; Paul Arons, Friday Harbor, Washington; for the defendant-appellee.

II.  *Question of Law to be Answered*

    1.   May a debt collector recovering on a dishonored check impose both a service charge under section 1719 of the California Civil Code and prejudgment interest under section 3287 of the California Civil Code?

III.  *Statement of Facts*

Plaintiff/Appellant Imperial Merchant Services, d.b.a. Check Recovery Systems ("CRS"), appeals the district court's affirmance of a bankruptcy court's partial grant of summary judgment against Defendant/Appellee Brandy Hunt. Hunt

wrote a $137.15 check to Pak n' Save, which was returned unpaid due to insufficient funds. Safeway, Inc., which operates Pak n' Save, referred Hunt's check to CRS for collection. CRS then sent Hunt a letter demanding payment of the check, along with a $35 service charge, and $7.26 in interest. Subsequently, Hunt filed a Voluntary Petition for Bankruptcy, and CRS initiated an adversary proceeding in the action, challenging the dischargeablity of Hunt's check. The Bankruptcy Court granted a judgment of non-dischargeability to CRS on the dishonored check and held that CRS was entitled to a judgment for the check amount, a $35 service charge pursuant to section 1719 of the California Civil Code, and costs. The bankruptcy court found that CRS was not additionally entitled to pre-judgment interest. CRS filed an appeal in the district court of the Northern District of California, challenging the portion of the district court's decision that denied prejudgment interest. The district court affirmed. *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157, 1159 (N.D. Cal. 2007). CRS then filed an appeal with this Court.

IV.   *The Need for Certification*

All parties agree that the instant litigation is of the utmost importance to California creditors, California consumers, and the California economy. The only issue for resolution is one of state law. Federal courts are bound by the pronouncements of the state's highest court on applicable state law. *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 524 (9th Cir. 1989). However, the decisions of California appellate courts provide no controlling precedent on this issue of state law; thus, this case satisfies the criteria for certification. *See* Cal. Rules of Court 8.548(a). Resolution of the state law issue involved in this litigation will have a substantial effect on California law and the citizens of California, not only on the question presented by this case, but in future debt collection actions. Therefore, principles of comity suggest that decisions about California state law be made by California courts.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.