Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

(Additional plaintiffs' counsel on last page)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　　Defendants. | Case No. 05-04993 MJJ<br>Case No. 06-02037 MJJ<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL OF LIABILITY ISSUES IN 9th CIRCUIT CASE NUMBER: 07-15676 AND CLASS ACTION CERTIFICATION ISSUES IN 9th CIRCUIT CASE NUMBER: 07-16418<br><br>Date: June 17, 2008<br>Time: 1:00 p.m.<br>Courtroom 11 |

## I. INTRODUCTION

On December 5, 2005, plaintiffs Brandy Hunt filed a straightforward class action against Check Recovery Systems, because it had attempted to collect unlawful fees, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.*

(FDCPA). The only liability issue in this case was whether a debt collector seeking to collect on a dishonored check could charge both a statutory service charge, plus interest. At the time Ms. Hunt filed this lawsuit, two United States District Courts in the Northern District of California had already ruled against debt collectors on this very issue.[1] That was the beginning of a wild litigation ride which continues two and one-half years later, in which defendant remains undeterred by its virtually consistent losses on all major issues.

The one thing that defendant has accomplished, other than requiring the parties' counsel and the courts to spend an inordinate amount of time on a one-issue class action, is to successfully delay entry of a final judgment. This motion is one more attempt to avoid a judgment. Plaintiffs oppose any further delay, because they would like to obtain a judgment which they can attempt to enforce. If defendant want a stay pending appeal, which could drag on for two or more years, it should be required to post a bond. If it is unwilling to do so, plaintiffs should be permitted to conclude this case by establishing the amount of damages, which is the only unresolved issue in this action, and obtain a final judgment.

**II.  PROCEDURAL HISTORY**

Plaintiffs Brian Castillo and Brandy Hunt are pursuing consolidated class action claims alleging that defendant Imperial Merchant Services, Inc., d/b/a/ Check Recovery Systems, [Imperial] violated the FDCPA, by attempting to collect unlawful interest charges on dishonored checks. As a litigation tactic, in response to both the *Castillo* and *Hunt* FDCPA lawsuits, defendant filed adversary proceedings in the bankruptcy court, contesting the dischargability of the Castillo and Hunt debts and seeking a judgment for the check amounts, service charges, and interest. This tactic was an effort to delay the FDCPA actions, to avoid a class action, and to obtain a ruling from the bankruptcy court that might be in defendant's favor. The tactic failed to accomplish

---

1.  P*almer v. Stassinos*, 348 F.Supp.2d 1070, 1083 (N.D.Cal. 2004); *Irwin v. Mascott*, 112 F.Supp.2d  937, 947 (N.D. Cal. 2000).

any goal other than to multiply the proceedings unreasonably, and delay an ultimate resolution on the merits. On March 21, 2007, the District Court granted Plaintiff's Motion for Partial Summary Judgment finding that California law did not permit a debt collector to attempt to collection both a service charge and interest on a dishonored check, and that IMS was therefore liable for violating of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"). <u>Hunt v. Check Recovery Sys.</u>, 478 F.Supp.2d 1157 (N.D.Cal. 2007). At the same time, the District Court granted Plaintiff's Motion for Class Certification. <u>Hunt v. Check Recovery Sys.</u>, 241 F.R.D. 505 (N.D.Cal. 2007). Since then, plaintiffs have completed sending a Rule 23(b) opt-out notice to the class, and plaintiffs have been attempting to complete the small amount of discovery necessary to obtain a damages judgment, either by stipulation, summary judgment or trial.[2] Plaintiffs believe that actual damages will be between $100,000 and $125,000. Statutory damages will be much less. There is no reason that all damages issues could not be resolved, and a final judgment entered, in a few months, without a great deal of litigation effort.

However, defendant has gone to great lengths to avoid entry of a final judgment in this class action. Plaintiff Hunt, who had also recently filed for bankruptcy, filed this action on December 5, 2008. Docket No. 1. On December 16, 2008, defendant filed an adversary proceeding in the bankruptcy action, contesting the dischargability of Hunt's dishonored check to Safeway for groceries. On February 22 2006, defendant filed a motion in this Court to dismiss for lack of jurisdiction, to transfer the FDCPA class action to the bankruptcy court, and to stay all proceeding in this Court, pending the resolution of the bankruptcy adversary proceeding. Docket No. 10. ON March 29, 2006, Judge Jenkins denied that motion in its entirety. Meanwhile, plaintiff Brian Castillo filed

---

2. Plaintiffs are entitled to actual and statutory damages. 15 U.S.C. § 1692k. Statutory damages are a maximum of 1% of the defendant's net worth. Actual damages, in this case, will be the amount of unlawful interest charges collected, which is capable of mechanical determination, based on defendant's computerized collection records, which defendant has already produced.

an identical FDCPA class action against IMS, which was related to this action on May 9, 2006. The parties then filed cross-motions for summary judgment, and plaintiffs filed a motion for class certification. While these motions were pending, the bankruptcy court issued an order which allowed IMS to recover a statutory service charge on Hunt's dishonored check, but not interest. IMS immediately appealed, and on November 14, 2006, in this Court IMS filed a motion for reconsideration of its motion to stay, arguing that the Hunt bankruptcy appeal should take precedence. On November 17, 2006, Judge Jenkins denied IMS' motion. On March 21, 2007, the Court granted plaintiffs' motion for summary judgment and for class certification. On August 1, 2007, as part of approving plaintiffs' class notice plan, the Court ordered IMS to pay for class notice, since all liability issues had been determined in plaintiffs' favor. Docket No. 112. Despite the fact that this will ultimately total under $10,000, IMS immediately appealed.

Finally, after refusing to abide by the order that it pay class notice costs and being threatened with a motion for contempt, on January 3, 2008, IMS filed a motion for a stay of the order that it pay class notice costs. As his last act in this case, Judge Jenkins granted the motion on the condition that IMS post a $9,000.00 bond, which it did. Docket Nos. 133-134.

### III. THE TWO APPEALS

#### A. The Appeal of the Bankruptcy Judgment

The bankruptcy action only involves plaintiff Hunt. Although it may be factually linked to the FDCPA class action, there is no legal relationship between the two proceedings. The liability question in the appeal has now been certified to the California Supreme Court, which has the power to accept or reject the referral. In any case, it is likely that there will ultimately be a ruling from either the California Supreme Court, or the Ninth Circuit on the liability issue in this case.

### B. The Appeal of the Order Shifting Class Notice Costs

This is an appeal of an interlocutory order, which may be dismissed by the Ninth Circuit without a determination on the merits. With the posting of a $9,000.00 bond, the issue is essentially moot. A final judgment may also render the issue moot, since there is no question that as part of the final judgment, IMS will be ordered to pay class notice costs. To the extent that IMS has attempted to bootstrap an appeal of an order involving class notice costs to an appeal of the underlying class certification order, it has evaded the mandatory requirement of Fed.R.Civ.P. 23(f), that it obtain permission for an interlocutory appeal of a class certification order. *Asher v. Baxter Int'l, Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190, n. 1 (10th Cir. 2006), *Coco v. Inc. Vill. of Belle Terre*, 448 F.3d 490, 491 (2nd Cir. 2006).

## IV. DEFENDANT HAS NOT DEMONSTRATED ITS ENTITLEMENT TO A STAY PENDING APPEAL

### A. Standard for Granting a Temporary Stay

IMS is seeking stay pending the two appeals it has filed. In *Stormans Inc. v. Selecky*, 2008 U.S. App. LEXIS 9406, 8-9 (9th Cir. May 1, 2008) the Ninth Circuit summarized longstanding legal principle to be considered in deciding whether to grant or deny a stay. The court may consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and
>
> (4) where the public interest lies.
>
> *Golden Gate Restaurant v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). To satisfy steps (1) and (2), the court may accept proof either that the applicant has shown "a strong likelihood of success on the merits [and] . . . a possibility of irreparable injury to the [applicant]," or "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* at 1115-16. These

alternative formulations as "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Id.* at 1115 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).

Here, the factors militate against a stay because the strong probability is that by the time that the appeals are finally decided, IMS will have gone out of business and be judgment proof.

### B. It is Likely that IMS will Lose on the Merits

**The Bankruptcy Appeal:** Federal district court Judges Martin J. Jenkins and Ronald M. Whyte, Magistrate Judge James Larson, and Bankruptcy Judge Dennis Montali, have all considered this issue and ruled that on a dishonored check, a debt collector may not collect both a statutory service charge, and interest. No federal or state judge has ruled to the contrary. The fact that IMS' argument is not frivolous does not mean that it is likely to succeed on appeal.

**The Class Notice Appeal**: Given the fact that paying for class notice is a small facet of this lawsuit, which has been mooted by posting of a bond, it is not clear why the rest of the action needs to be stayed while this appeal is decided. The attempt to appeal the underlying class certification order will, in all likelihood, be dismissed. Even it is not, there is little likelihood that it will succeed on the merits, because the class certification order was based on well-established laws.

#### 1. The Plaintiffs have Standing to Represent a Class[3]

IMS argues that plaintiff Brandy Hunt does not have standing to represent a class because IMS does not threaten to subject her to continued debt collection violations. The lawsuit concern's appellant's past violations of the FDCPA. There is no claim for injunctive relief. IMS' future conduct towards the plaintiffs is irrelevant to standing.

---

3. Throughout its brief, IMS neglects to mention that there are two class representatives, Brandy Hunt and Brian Castillo.

Appellant also argues that Hunt does not have standing to represent an actual damages class, because she did not incur actual damages.  Under the FDCPA, a plaintiff is entitled to both actual and statutory damages, 15 U.S.C § 1692k.  It is settled law that in an FDCPA class action, a plaintiff who suffered only statutory damages may represent a class that includes those who may be entitled to actual damages.   The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages.  *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) ("Statutory damages are available without proof of actual damages" under the FDCPA.). In other words, the Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.  So long as class representatives and the class members' injuries arose out of the same violative conduct, a representative plaintiff who may only be entitled to statutory damages has standing to represent a class that include class members entitled to actual damages.  *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998*). See e.g., Connor v. Automated Accounts, Inc.*, 2001 U.S. Dist. LEXIS 1045, *7 (E.D. WA 2001); *Talbott v. GC Servs., Ltd. Pshp.*, 191 F.R.D. 99, 104 (W.D VA 2000).

**2.  The Claims of the Plaintiff Align with the Class**

Based on the same facts relied upon by IMS in its failed standing argument, IMS argues that Hunt's interest do not align with the class because IMS is no longer threatening to collect from.  IMS does not cite any authority for the proposition that the representative plaintiff in an FDCPA class action must currently be threatened by the debt collector.   Appellant's "alignment" argument relates to typicality. The district court, citing Keele, held that: "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." Keele, 149 F.3d at 595, and that since the plaintiffs' claims arose from the same conduct and relied on the same legal theory as the class, the typicality requirement was met.  The finding that the claims of plaintiffs who

received a form letter containing an illegal demand are typical of a class consisting of those who received the same form letter is not an error of law.

### 3. The District Court Did Not Abuse its Discretion by Certifying a Class under Rule 23(b)(2)

The district court granted class certification for declaratory relief and statutory damages pursuant to Fed.R.Civ.P. 23(b)(2), stating:

> [T]he statutory damages flow from the declaratory judgment, the readiness with which the statutory damages can be calculated, and the de minimus amount of statutory damages that each class member would potentially receive, the Court concludes that Plaintiffs' request for non-monetary relief predominates over the request for statutory damages. Accordingly, certification under Rule 23(b)(2) on the issues of liability, declaratory relief, and statutory damages under the FDCPA is appropriate.

IMS does not cite any authority supporting its argument that declaratory relief is not available in FDCPA actions.  Numerous courts, including courts in this Circuit, have granted declaratory relief in FDCPA actions. *See, e.g., Tyrell v. Robert Kaye & Assocs., P.A.,* 223 F.R.D. 686, 690 (S.D. FL 2004), *Piper v. Portnoff Law Assocs.,* 215 F.R.D. 495 (E.D. Pa. 2003), *Parks v. Portnoff Law Assocs.,* 210 F.R.D. 146 (E.D. Pa 2002), *Oslan v. Collection Bureau of Hudson Valley,* 206 F.R.D. 109 (E.D. Pa. 2002), Woodard ex rel. Woodard v. Online Info. Servs., 191 F.R.D. 502 (E.D. N.C. 2000), *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 669 (M.D. Fla. 1999), *Borcherdine-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 565-66 (W.D. Wis. 1999), *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231, 235 (N.D. IL 1998), *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 319-322 (N.D. IL 1995), *Bracamonte v. Eskanos & Adler*, 2004 U.S. Dist. LEXIS 8520, *17 (N.D. Cal. 2004), *Price v. Surety Acceptance Corp.,* 1999 U.S. Dist. LEXIS 22418, (D.Az. 1999).  The district court did not abuse its discretion in granting Rule 23(b)(2) certification.

### 4. Absent Class Members are Entitled to Actual Damages in a Class and FDCPA Class Action

In one of its most frivolous argument, IMS asserts that the FDCPA limits class members to statutory damages, and actual damages are not permitted. The FDCPA expressly provides for actual damages for absent class members. 15 U.S.C. § 1692k(a)(1). IMS did not cite any case holding that FDCPA class members are not entitled to actual damages. Plaintiffs have not been able to find a case where a defendant has ever made that argument. Numerous courts have ruled that a defendant in a class action is liable for actual damages. *See, e.g., Ballard v. Equifax Check Servs.*, 186 F.R.D. 589, 601(E.D. Cal. 2000); *Irwin v. Mascott*, 96 F.Supp.2d 968, 978 (N.D. Cal. 1999).

### 5. Appellant's Conflict of Interest Theory is Unsupported By Law, or By the Record in this Case

Raising an argument not raised below, IMS asserts that there is a conflict of interest between the statutory damages class, and the actual damages class, because the actual damages will reduce the net worth of the IMS, upon which a statutory damage award is based. 15 U.S.C. § 1692k(2)(B). Aside from the fact that there is no admissible evidence in the record supporting the net worth figures, IMS fails to cite any authority for the proposition that net worth would not be calculated until after, not before, the actual damages award is deducted.

### 6. The Theoretical Possibility that Absent Class Members Would Initiate Other Lawsuits is Not a Sufficient Basis on Which to Deny Class Certification

Preferring to defend a theoretical lawsuit that no one has filed, rather than a lawsuit that is actively being pursued, IMS argues that the district court should not have certified a class, because absent class members could pursue an independent lawsuit. The district court considered and rejected these arguments, finding that a class action was superior to individual claims. In reaching this conclusion, the district court considered, inter alia, that the possibility of individual consumers bringing individual

actions was "remote", that a class action was a more efficient means of vindicating the rights of class members who had small individual claims. ER 13-14.

### 7. The Court has Jurisdiction to Certify a Class

Building on a series of flawed conclusions, arguments that were not raised in the trial court, and facts that are not in the record, IMS argues that the cost o class notice will exceed $180,000, and therefore the district court did not have jurisdiction to certify a class. IMS does not cite any authority supporting the proposition that jurisdiction is tied to the potential cost of class notice.

In sum, even assuming that IMS had properly petitioned for review pursuant to Rule 23(f), it has not shown that the class certification order was manifestly erroneous, that it involved an "unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally", or that the order was a "death knell" for IMS, independent of the merits. *Chamberlan*, at 959. Therefore, any petition for permission for an interlocutory appellate review of the class certification order should be denied.

### C. IMS Will Not Be Irreparably Injured Absent a Stay

IMS' argument regarding irreparable injury is that is has little money, so it should be allowed to delay the litigation while is pursues endless appeals, at the end of which it will not be able to satisfy any judgment. It includes in its argument delusional fantasies about the alleged million dollars in fees that plaintiffs' counsel has extorted from debt collectors who collect interest. Defendant does not even pretend to have any evidence to support these scurrilous claims.

The goal of the two class representatives and their counsel has been to obtain a class action judgment, and to prevent IMS from being able to sidetrack a very straightforward class action. In its opposition defendant refers to complicated class action issues, but the issues involved in an FDCPA class action based on standardized demands in form letters are the opposite of complex. Were it not for IMS' game-playing,

this case could have proceeded to judgment, IMS could have posted a supersedeas bond and appealed, and the appeal would probably be pending at this moment. Instead, IMS states that it has not money, and it would like the Court to delay moving toward a judgment for two or three more years, while it forces class members to wait for compensation that it hints it is never going to pay anyway.

### D. The Issuance of a Stay will Substantially Injure Plaintiffs

IMS claim that it has little money now. It seems likely that it will no longer exist by the time that appeals are concluded. If plaintiffs have any chance of enforcing a judgment it is now, not in 2010. To avoid prevailing on appeal, but ending up with a judgment against a debt collector that has disappeared, plaintiffs must be permitted to obtain a judgment now. At that point, if IMS wants a stay of enforcement of the judgment, all it has to do is post a supersedeas bond.

### E. The Public Interest Lies in Promoting the Orderly Administration of Justice

The bankruptcy appeal involves one of two class representatives. It does not involve Brian Castillo or any of the approximately 5,000 class members. There is no reason why their case should be stalled while IMS pursues this individual appeal against one check writer. The class notice cost appeal is peripheral to the merits of either the FDCPA claim or to class certification, and should not be allowed to become the tail that wags the dog.

The issue is not whether the public has an interest in resolving the appeals. It is whether defendant should be able to use the existence of the appeals to stop a case in its tracks, when it is just short of the finish line.

## V. CONCLUSION

From the very beginning of this litigation, defendant has repeatedly gamed the system to engender delay and unnecessary work. At the same time it has been

incurring hundreds of hours in attorney time, forcing plaintiffs to do the same, and delaying any obligation to compensate class members.  Meanwhile, it admits that claims that it has no money, and will never be able to pay a judgment.  These are not the circumstances under which a lengthy discretionary stay should be granted.  If IMS wants a stay prior to entry of final judgment, it should be required to post a bond sufficient to cover its potential obligations should its appeals be denied.

DATED: May 27, 2008                                         LAW OFFICES OF PAUL ARONS

                                                 By  s/ Paul Arons
                                                    Paul Arons
                                                    Attorney for Plaintiffs and the Class

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822