1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:      (760) 323-4901
4  Fax:            (760) 288-4080
   E-Mail: clarkgaren@msn.com
5
   ATTORNEYS FOR PLAINTIFFS
6  IMPERIAL MERCHANT SERVICES, a California
   corporation, doing business as
7  CHECK RECOVERY SYSTEMS

8                  UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10
   BRANDY HUNT, and BRIAN CASTILLO,    )  Case No. C 05 4993 SBA
11 et. al., on behalf of themselves     )  Case No. C 06 2037 SBA
   and others similarly situated.       )
12                                       )  DEFENDANTS REPLY TO
                  Plaintiff,            )  OPPOSITION TO ITS MOTION
13                                       )  TO STAY ALL PROCEEDINGS
                                         )  PENDING APPEAL OF
14 -vs-                                  )  LIABILITY ISSUES IN
                                         )  9TH CIRCUIT CASE NUMBER:
15 CHECK RECOVERY SYSTEMS, INC.,        )  07-15676 AND CLASS
   et. al.,                             )  ACTION CERTIFICATION
16                                       )  ISSUES IN 9TH CIRCUIT
                  Defendants.           )  CASE NUMBER: 07-16418
17 _____)

                                          Date:      JUNE 17, 2008
18                                        Time:      1:00 P.M.
                                          APPEARANCE BY PHONE
19                                        APPROVED BY COURT

20                                        HONORABLE SAUNDRA B.
                                          ARMSTRONG
21

22

23

24

25

26

27

28
   _____
   DEFENDANTS REPLY TO OPPOSITION TO MOTION TO STAY ALL PROCEEDINGS PENDING
   APPEAL OF LIABILITY ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-15676 AND CLASS
   ACTION CERTIFICATION ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-16418 Case No. C 05
   4993 SBA & C 06 2037 SBA
                              -i-

1

# I
## INTRODUCTION

2

3       Plaintiff and defendant adopted different strategies to

4   litigate this case. Plaintiff wanted to obtain a class action

5   judgment and receive a very large attorney fee award at the trial

6   court level. Defendant sought to create binding precedent at the

7   appellate level to establish whether the writer of a returned

8   check was liable for both interest and the returned check charge.

9   The extensive litigation Plaintiff refers to resulted from the

10  Plaintiff's efforts to avoid appellate review.

11      Furthermore, the procedural history has no bearing on the

12  pending stay motion. Defendant has **never** before sought a stay in

13  this action **based on a pending interlocutory appeal**. Therefore,

14  the only issues **now** before this Court are: (1) whether the stay

15  applicant has made a strong showing that he is likely to succeed

16  on the merits;  (2) whether the applicant will be irreparably

17  injured absent a stay; (3) whether issuance of the stay will

18  substantially injure the other parties interested in the

19  proceeding; and (4) where the public interest lies." (*Hilton vs.*

20  *Braunskill*, 481 U.S. 770, 778, 107 S. Ct. 2113, 2120 (1987).

21      The published opinion by the Ninth Circuit in the bankruptcy

22  case stated, "We stay all further proceedings in this case in

23  this Court and the district court pending receipt of the answer

24  to the certified question." (Judicial Notice Number 7, pages

25  5243-5244). Obviously, the Ninth Circuit panel issued a the stay

26  because it believed that Defendant was likely to succeed on the

27  merits.

28

DEFENDANTS REPLY TO OPPOSITION TO MOTION TO STAY ALL PROCEEDINGS PENDING
APPEAL OF LIABILITY ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-15676 AND CLASS
ACTION CERTIFICATION ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-16418 Case No. C 05
4993 SBA & C 06 2037 SBA

1

## II
## LIKELIHOOD OF SUCCESS AT APPELLATE LEVEL IN BANKRUPTCY APPEAL

2

3

The issue of whether the recipient of a dishonored check can

4

receive both interest under *California Civil Code* 3287 and a

5

returned check charge under *California Civil Code* 1719 **is an**

6

**issue of first impression with no binding precedent**. Under the

rationale of *Pearce v. E. F. Hutton Group, Inc.*, 828 F. 2d 826,

7

829, the movant **always** makes a strong showing he is likely to

8

succeed on appeal **on an issue of first impression.**

9

While three Northern District Court Judges accepted

10

Plaintiff's theory of liability, the three justices on the Ninth

11

Circuit Court of Appeals did **not**. They found this was an issue of

12

first impression without precedent.

13

The referral of this issue by the Ninth Circuit to the

14

California Supreme Court **satisfies** the requirement that movant

15

make a strong showing he is likely to succeed on appeal.

16

While the Bankruptcy Appeal only involves Plaintiff HUNT,

17

**Plaintiff concedes its ultimate ruling will create binding**

18

**precedent resolving the only issue on which each individual and**

19

**class action Plaintiff asserts Defendant has liability to them.**

20

## III
## LIKELIHOOD OF SUCCESS AT APPELLATE LEVEL
## MOOTNESS OF CLASS ACTION APPEAL

21

22

Plaintiff **mistakenly** believes that the entry of a judgment

23

by this Court renders the pending class action appeal moot.

24

Judge Jenkins entered an order that Defendant reimburse

25

Plaintiff for the class notice costs. This reimbursement order is

26

an interlocutory order that stands separate and apart from

27

28

1   ultimate liability in this case and is not conditioned upon the

2   ultimate outcome of the case. A determination by an appellate

3   Court that Defendant had no liability to Plaintiff would **not**

4   **change** the order now under Appeal requiring defendant to

5   reimburse Plaintiff for class notice costs **because** it is a

6   separate order imposing a **separate** liability on the Defendant

7   separate and apart from the final judgment. This is why the

8   United States Supreme Court has classified this order as an

9   appealable order.

10      The issue of payment of the class action notice costs now

11  under appeal **divests** this Court of jurisdiction to enter a

12  judgment that includes the class notice costs **because** the cost

13  issue is **now** on appeal (*Davis v. U.S.,* 667 F.2d 822, 9th cir.,

14  1982; *Taylor v. Wood*, 458 F.2d 15, 16 (9th Cir. 1972); *Sumida v.*

15  *Yumen*, 409 F.2d 654, 656 (9th Cir. 1969), cert. denied, 405 U.S.

16  964, 92 S. Ct. 1168, 31 L. Ed.2d 240 (1972)).  Therefore, this

17  court is divested of jurisdiction to enter a class action

18  judgment that includes the class notice costs.

19                                   **IV**
                 **LIKELIHOOD OF SUCCESS AT APPELLATE LEVEL**
20                        **CLASS ACTION APPEAL**

21      Plaintiff has conceded that most of the class action issues

22  now on appeal are issues of first impression, which establishes

23  the strong showing of likely success on appeal.

24      Furthermore, Northern District Judge Whyte has also

25  questioned the standing of a bankrupt to represent a class (the

26  primary issue now on appeal in this case. In *Palmer vs.*

27  *Stassinos,* 233 F.R.D. 546 (2006), Judge Whyte held that the **same**

28
_____

1    **documentation submitted by the Plaintiff HUNT in this case to**

2    **Judge Jenkins was *insufficient to satisfy the burden of***

3    ***typicality*.** Judge Whyte said:

4        "The typicality requirement serves to "assure that the
         interest of the named representative aligns with the
5        interests of the class." *Hanon v. Dataproducts Corp.*,
         976 F.2d 497, 508 (9th Cir.1992). "Typicality refers to
6        the nature of the claim or defense of the class
         representative, and not to the specific facts from
7        which it arose or the relief sought." Id. The Ninth
         Circuit has noted that "the commonality and typicality
8        requirements of Rule 23(a) tend to merge." *Staton v.
         Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003). The
9        hurdle imposed by the typicality requirement is not
         great. See *Hanlon*, 150 F.3d at 1020 (finding typicality
10       in proposed class with many named representatives
         because "the broad composition of the representative
11       parties vitiates any challenge founded on
         atypicality").

12
         The plaintiffs' motions, however, give scant
13       consideration to the typicality requirement. [FN3]
         Each motion contains the conclusory statement that
14       "defendant(s) sent plaintiff(s) the same form letters
         that contain the same allegedly unlawful demands and
15       representation that are contained in the form letters
         that defendants sent to the class as a whole." This
16       indicates that Palmer (and Hammer) have issues in
         common with the class members, but does not show that
17       Palmer (and Hammer) are typical members of the class.

18       Rule 23(a)(3) must mean something other than a court is
         to consider the issue of commonality twice, as
19       plaintiffs appear to suggest. Plaintiffs have done
         nothing to address how the named plaintiffs compare to
20       the other members of the proposed classes, and there is
         no indication whether the named plaintiffs are average
21       members of the class for purposes of this litigation.
         Several questions spring to mind: How does the number
22       of bad checks the named plaintiffs wrote compare to the
         number written by the members of the proposed class?
23       How do the amounts of the checks compare? How many
         notices did the members of the proposed class receive
24       from the defendants, and how many did the named
         plaintiffs receive?

25
         The court would not be surprised to learn that Palmer
26       and Hammer are not atypical members of the proposed
         classes. [FN4] To certify the class without some
27       indication that this is true, however, would be to

28
─────────────────────────────────────────────

1    violate the command of *Falcon* to conduct a "rigorous
     analysis" and ensure "that the prerequisites of Rule
2    23(a) have been satisfied." See 457 U.S. at 161, 102 S.
     Ct. 2364. The burden of proving class certification is
3    appropriate rests upon the plaintiffs. *Doninger*, 564
     F.2d at 1308. "Mere repetition of the language of [Rule
4    23] is inadequate." *Gillibeau*, 417 F.2d at 432.
     Plaintiffs have not met the burden of showing they
5    satisfy the typicality requirement in either case.

6        *Palmer vs. Stassinos,* 233 F.R.D. 546, 549 – 550 (2006)

7        The opinion of Judge Whyte of the Northern District

8    expressing strong reservations about whether a bankrupt returned

9    check writer could represent a class establishes a strong

10   likelihood Defendant will succeed in its appeal of these issues.

11                                 **V**
           **CLASS ACTION APPEAL DIVESTS THIS COURT OF**
12       **JURISDICTION TO ENTER CLASS ACTION JUDGMENT**

13       Plaintiff has devoted 5 pages of her 12 page brief to

14   explaining why Defendant will not succeed on her class action

15   appeal. While Plaintiff maintains that the issues Defendant

16   placed before the Ninth Circuit are frivolous, Defendant has

17   nevertheless conceded in her opposition that **each** of these issues

18   is **now** before the Ninth Circuit in the pending class action

19   appeal. This admission operates as a concession that the pending

20   appeal has divested this Court of jurisdiction to address these

21   particular matters, and a stay is not even required.

22       Plaintiff's primary argument before this Court is that these

23   issues are not properly before the Ninth Circuit.    Plaintiff

24   presents the same argument to this Court that she **already**

25   presented **unsuccessfully** to the Ninth Circuit. She argues the

26   class action appeal can not include any class action

27   certification issues unless they were presented under a Petition

28   _____

1  for Review under F.R.C.P. Rule 23(f). While Defendant **could** have

2  elected to seek interlocutory review under F.R.C.P. Rule 23(f),

3  it did not do so.

4      As Defendant explained to the Ninth Circuit. By obtaining an

5  order from the District Court requiring Defendant to pay the

6  notice costs, Plaintiff **created** a right of appeal for Defendant

7  that did not **previously** exist. The right to appeal under *Eisen*

8  *vs. Carlisle & Jacquelin*, (1974), 417 U.S. 156, 177-178, 94 S.

9  Ct. 2140, 2152-2153, exists in **addition to, *and not instead of*,**

10  the permissive appeal provided for by F.R.C.P. Rule 23(f). The

11  permissive appeal provided for in F.R.C.P. Rule 23(f) is

12  available in **every** case; the appeal as a matter of right is only

13  available in cases where the District Court has ordered the

14  Defendant to pay the notice costs in advance of a final judgment.

15  Since this issue is now before the Ninth Circuit, this Court is

16  now divested of jurisdiction to resolve it.

17      Plaintiff's opposition concedes that each of the **other**

18  issues listed in the opposition are now pending before the Ninth

19  Circuit in the class action appeal. Therefore, the pending appeal

20  has divested this court of jurisdiction over those matters **too.**

21  (*Davis v. U.S.,* 667 F.2d 822, 9th cir., 1982; *Taylor v. Wood*, 458

22  F.2d 15, 16 (9th Cir. 1972); *Sumida v. Yumen*, 409 F.2d 654, 656

23  (9th Cir. 1969), cert. denied, 405 U.S. 964, 92 S. Ct. 1168, 31

24  L. Ed.2d 240 (1972)). It does not matter whether or not Defendant

25  is likely to succeed on those issues **because** those issues are now

26  before the Ninth Circuit Court of Appeals in an interlocutory

27  appeal of a ruling issued **in this case.**

28

1      The entry of a judgment as requested by Plaintiff would
2   necessarily require this Court to rule upon the issues now on
3   appeal. Therefore, this Court has no jurisdiction to enter a
4   class action judgment prior to the resolution of the pending
5   interlocutory appeal on class action issues.

6                                    **VI**
                **DEFENDANT WILL BE IRREPARABLE INJURED ABSENT A STAY**
7
8      Plaintiff argues that she needs a judgment now because
9   Defendant has no money to pay any judgment entered against it.
10  Plaintiff argues that she should instead be allowed to obtain a
    judgment, levy a writ, and put Defendant out of business herself
11  before an appellate court can determine if Defendant owes
12  Plaintiff **anything!**

13     Continued litigation costs incurred during an interlocutory
14  appeal **always** constitute irreparable harm. (*Alascom, Inc. v. ITT*
15  *N. Elec. Co.,* 727 F. 2d 1419, 1422 (9th Cir., 1984; *Bradford-*
16  *Scott Data corp. V. Physician Computer Network*, 128 F. 3d 504,
17  505–506 (7th Cir., 1997), *Lumus Co. V. Commonw Oil Ref. Co.*, 273
18  f. 2d 613,–614 (1st Cir., 1959). The *Hilton* case only requires
19  that movant show irreparable harm; movant is **not** required to show
20  that the irreparable harm is **substantial** (*Steiner v. Apple*
21  *Computer, Inc,*. U.S.D.C., N.D. Cal, 2008, Case No. C 07–04486
22  SBA).

23     Furthermore, defendant has insurance to cover every part of
24  Plaintiff's claim with the exception of the claims to interest
25  reimbursement of less than $10.00 per person made by the
26  individual class members. Defendant will suffer irreparable harm
27
28

1  if it is forced out of business because of a liability that is

2  later found not to exist.

3      Under the existing law, Defendant has established, as a

4  matter of law, that it will suffer irreparable harm if this stay

5  is not granted.

6                              **VII**

7      **PLAINTIFFS WILL SUFFER NO INJURY IF A STAY IS GRANTED**

8      Each named Plaintiff wrote a returned check, obtained

merchandise, and then had their claim discharged in bankruptcy,

9
having never paid the principal, the interest, or the service

10
charge. Each class action Plaintiff has an individual claim of

11
less than $10.00, and most have an individual claim of less than

12
ten cents. Plaintiffs will have no injury if the stay is granted.

13
In addition, all of Plaintiff's claims are covered by

14
insurance with the exception of the claims of the individual

15
class members, and each of those individual claims is less than

16
$10.00.

17

18                             **VIII**
                         **PUBLIC INTEREST**

19      Plaintiffs opposition shows the difference of opinion

20  between the parties regarding the public interest.

21      Defendant believes the public interest is to establish

22  binding precedent to determine whether the writer of a dishonored

23  check can be charged both interest under *California Civil Code*

24  *Section* 3287 and a returned check charge under *California Civil*

25  *Code Section* 1719. Defendant believes it is in the public

26  interest that all debtors and creditors know what the law is on

27  this subject, a belief that is shared by the Ninth Circuit Court

28

1  of Appeals.

2       Plaintiff believes the public interest is to force

3  businesses to pay large class action damages and attorney fee

4  awards to consumers who wrote returned checks based on their

5  **newly** conceived theory of liability that is an issue of first

6  impression on which there is no binding precedent.

7       Plaintiff also believes the public interest is to allow the

8  **only** two named Plaintiffs who are **both** dishonored check writers

9  to represent class action members who did not discharge their

10  debts in bankruptcy and who actually repaid their creditors.

11      Defendant believes that it is in the public interest to

12  establish that a person who writes a dishonored check for

13  merchandise and then discharges the debt in bankruptcy cannot

14  represent consumers who actually paid their bills and did not

15  seek bankruptcy protection in a class action.

16                          **IX**
                     **SUPERSEDEAS BOND**
17

18      Since each individual claim is less than $10.00; all other

19  claims are covered by insurance; and liability is seriously in

   question, a supersedas bond is not appropriate.
20

                            **X**
21                     **CONCLUSION**

22      Defendant satisfies each of the four factors established by

23  the United States Supreme Court in the *Hilton* case for the

24  issuance of a stay of a civil proceeding pending the outcome of

25  an interlocutory appeal.

26      **In addition, virtually ever California District Court has**

27  **granted a stay of proceedings when an interlocutory appeal is**

28
_____
DEFENDANTS REPLY TO OPPOSITION TO MOTION TO STAY ALL PROCEEDINGS PENDING
APPEAL OF LIABILITY ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-15676 AND CLASS
ACTION CERTIFICATION ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-16418 Case No. C 05
4993 SBA & C 06 2037 SBA
                            9

1 **pending.**

2     Therefore, the stay of this action requested by Defendant

3 CHECK RECOVERY SYSTEMS must be granted.

4

5

6

7     Dated: MAY 29, 2008

8

9                          LAW OFFICES OF CLARK GAREN

10                         BY

11                         /s/ CLARK GAREN
                           CLARK GAREN,
12                         ATTORNEY FOR DEFENDANT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANTS REPLY TO OPPOSITION TO MOTION TO STAY ALL PROCEEDINGS PENDING
APPEAL OF LIABILITY ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-15676 AND CLASS
ACTION CERTIFICATION ISSUES IN 9TH CIRCUIT CASE NUMBER: 07-16418 Case No. C 05
4993 SBA & C 06 2037 SBA