Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>　　　　Defendants. | Case No. 05-04993 SBA<br>Case No. 06-02037 SBA<br><br>CLASS ACTION<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL OF LIABILITY ISSUES IN 9th CIRCUIT CASE NUMBER: 07-15676 AND CLASS ACTION CERTIFICATION ISSUES IN 9th CIRCUIT CASE NUMBER: 07-16418 (proposed)<br>Date: June 17, 2008<br>Time: 1:00 p.m.<br>Courtroom 11 |

I. BACKGROUND

　A. History of the Litigation

　　　Plaintiffs Brian Castillo and Brandy Hunt are pursuing consolidated class action claims alleging that defendant Imperial Merchant Services, Inc., d/b/a/ Check Recovery Systems, [IMS] violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

ORDER DENYING DEFENDANT'S  MOTION FOR STAY: Page 1

1692, *et seq.*, (FDCPA), by attempting to collect unlawful interest charges on dishonored checks.

Plaintiff Hunt, who had also recently filed for bankruptcy, filed this action on December 5, 2008.  Docket No. 1.  On December 16, 2008, defendant filed an adversary proceeding in the bankruptcy action, contesting the dischargability of Hunt's dishonored check to Safeway for groceries.  On February 22 2006, defendant filed a motion in this Court to dismiss for lack of jurisdiction, to transfer the FDCPA class action to the bankruptcy court, and to stay all proceeding in this Court, pending the resolution of the bankruptcy adversary proceeding.  Docket No. 10.  ON March 29, 2006, Judge Jenkins denied that motion in its entirety.  Meanwhile, plaintiff Brian Castillo filed an identical FDCPA class action against IMS, which was related to this action on May 9, 2006.  The parties then filed cross-motions for summary judgment, and plaintiffs filed a motion for class certification.  While these motions were pending, the bankruptcy court issued an order which allowed IMS to recover a statutory service charge on Hunt's dishonored check, but not interest.  IMS immediately appealed, and on November 14, 2006, in this Court, IMS filed a motion for reconsideration of its motion to stay, arguing that the Hunt bankruptcy appeal should take precedence.  On November 17, 2006, Judge Jenkins denied IMS' motion.

On March 21, 2007, the District Court granted Plaintiff's Motion for Partial Summary Judgment finding that California law did not permit a debt collector to attempt to collection both a service charge and interest on a dishonored check, and that IMS was therefore liable for violating of the FDCPA.  *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157 (N.D.Cal. 2007).  At the same time, the District Court granted Plaintiff's Motion for Class Certification.  *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505 (N.D.Cal. 2007).  On August 1, 2007, as part of approving plaintiffs' class notice plan, the Court ordered IMS to pay for class notice, since all liability issues had been determined in plaintiffs' favor.  Docket No. 112.  IMS immediately appealed, purporting to include in its appeal an appeal

**ORDER DENYING DEFENDANT'S MOTION FOR STAY: Page 2**

of the March 21, 2007 order certifying the class. In this appeal, IMS did not attempt to follow the procedures for an interlocutory appeal of a class certification order set forth in Fed.R.Civ.P. 23(f).

Initially, IMS did not abide by the order that it pay class notice costs. Plaintiffs sent the Rule 23(b) opt-out notice to the class, and then threatened IMS with a motion for contempt for not paying the costs of this notice. On January 3, 2008, IMS filed a motion for a stay of the order that it pay class notice costs. Judge Jenkins granted the motion on the condition that IMS post a $9,000.00 bond, which it did. Docket Nos. 133-134.

Plaintiffs state that they have been attempting to complete the small amount of discovery necessary to obtain a damages judgment, either by stipulation, summary judgment or trial.[1] Plaintiffs believe that actual damages will be between $100,000 and $125,000, and that statutory damages will be less.

**B. Defendant's Motion for a Stay**

In this motion, IMS is seeking to stay this action pending a ruling on an appeal of the August 1, 2008 interlocutory order that it pay the costs of class notice, (9th Circuit Case No. 07-16418), and an appeal of the summary judgment ruling in the adversary proceeding that it initiated against plaintiff Brandy Hunt in the United States Bankruptcy Court, (9th Circuit Case No. 07-15676).

The bankruptcy action only involves plaintiff Hunt. The liability question in the appeal has now been certified to the California Supreme Court, which has the power to accept or reject the referral. The California Supreme Court has not yet decided

---

1. Plaintiffs are entitled to actual and statutory damages. 15 U.S.C. § 1692k. Statutory damages are a maximum of 1% of the defendant's net worth. Actual damages, in this case, will be the amount of unlawful interest charges collected, which is capable of mechanical determination, based on defendant's computerized collection records, which defendant has already produced.

**ORDER DENYING DEFENDANT'S MOTION FOR STAY: Page 3**

whether to accept this referral. Wherever this issue is decided, it is likely that it will be many months before a decision is made.

The appeal of the order shifting class notice costs is an appeal of an interlocutory order, which may be dismissed by the Ninth Circuit without a determination on the merits. With the posting of a $9,000.00 bond, the issue is essentially moot. A final judgment may also render the issue moot, since as part of the final judgment, IMS will be ordered to pay class notice costs.

## II. LEGAL STANDARD FOR GRANTING A STAY

IMS is seeking a stay pending resolution of the two appeals it has filed. In *Stormans Inc. v. Selecky*, 2008 U.S. App. LEXIS 9406, 8-9 (9th Cir. May 1, 2008) the Ninth Circuit summarized longstanding legal principles to be considered in deciding whether to grant or deny a stay. The court may consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and
>
> (4) where the public interest lies.
>
> *Golden Gate Restaurant v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). To satisfy steps (1) and (2), the court may accept proof either that the applicant has shown "a strong likelihood of success on the merits [and] . . . a possibility of irreparable injury to the [applicant]," or "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* at 1115-16. These alternative formulations as "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Id.* at 1115 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).

## III. ANALYSIS

The above factors militate against a stay. IMS has not shown that it has as "strong showing" that it will succeed on either appeal, and the class will be prejudiced by a lengthy delay of the resolution of this action.

### A. IMS has Not Made a Strong Showing that It is Likely to Prevail on the Merits

**The Bankruptcy Appeal:** Federal district court Judges Martin J. Jenkins and Ronald M. Whyte, Magistrate Judge James Larson, and Bankruptcy Judge Dennis Montali, have all considered this issue and ruled that on a dishonored check, a debt collector may not collect both a statutory service charge, and interest. No federal or state judge has ruled to the contrary. IMS' theoretical possibility of prevailing in its appeal, is not the strong showing that it is likely to prevail which is required to justify a stay of this action.

**The Class Notice Appeal**: IMS has not shown that it is likely to prevail on the appeal of the order that it pay class notice costs, and this issue may be moot by the time the appeal is heard. IMS' appeal of the underlying class certification order appears to evade the mandatory requirement of Fed.R.Civ.P. 23(f), that it obtain permission for an interlocutory appeal of a class certification order. *Asher v. Baxter Int'l, Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190, n. 1 (10th Cir. 2006), *Coco v. Inc. Vill. of Belle Terre*, 448 F.3d 490, 491 (2nd Cir. 2006), and is therefore unlikely to succeed. Moreover, for the reasons stated in plaintiffs' opposition, IMS has failed to establish that it is likely to succeed in showing that the District Court abused its discretion in certifying a class.

### B. IMS Will Not Be Irreparably Injured Absent a Stay

IMS' argument that the action should be stayed because it does not have money to continue to litigate does not constitute irreparable injury, and is belied by its conduct in multiplying the proceedings. Further, IMS and its counsel are admonished

that its verbal attacks on plaintiff Hunt and the motives of her counsel are irrelevant to this Court's determination of the merits. As put by one court, "Lawyers are officers of the court, and when one willfully, maliciously, and without probable cause, defames another at the bar of the court, and invokes its process in furtherance of his purpose to injure, it is a wrong against the dignity and honor of the court itself." *State v. Bomer*, 162 S.W. 2d 515, 521 (Tenn. 1942).

### C. The Issuance of a Stay will Substantially Injure Plaintiffs

This is an action for monetary damages. IMS claims that it has little money now. There is no reason to believe that it will have more in the future. If the action is stayed without defendant posting a bond, and should the plaintiffs prevail, it seems likely that they will be unable to enforce the judgment. Thus, they will be substantially injured by any stay.

### D. The Public Interest Lies in Promoting the Orderly Administration of Justice

There is a strong public interest in resolving, not delaying, the ultimate resolution of lawsuits. This is especially true in class actions involving questions that impact a large number of people. The bankruptcy appeal involves one of two class representatives. It does not involve Brian Castillo or any of the approximately 5,000 class members. The class notice cost appeal is peripheral to the merits of either the FDCPA claim or to class certification. The private interest of defendant in avoiding having to face a monetary judgment will be served by a stay. The public interest will not be served.

## IV. CONCLUSION

Based on the foregoing, defendant's motion is denied. The parties are directed to meet and confer to explore the possibility of stipulating to an amount of damages upon which a judgment may be entered. Once a judgment is entered, IMS may

appeal, and will be entitled to a stay of enforcement of the judgment upon posting of an adequate supersedeas bond.

DATED: _____

HON. SAUNDRA BROWN ARMSTRONG
Judge, United States District Court