UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT, on behalf of herself and others similarly situated, | Case No. C 05 4993 SBA<br>Case No. C 06 2037 SBA |
| Plaintiff, | ORDER |
| -vs- | |
| CHECK RECOVERY SYSTEMS, INC., et. al., | |
| Defendants. | |

**REQUEST BEFORE THE COURT**

Before the Court is defendant CHECK RECOVERY SYSTEMS'S Motion to Stay Proceedings Pending Appeal (the "Motion"). Defendant CHECK RECOVERY SYSTEMS (C.R.S.), seeks to stay these proceedings until the Ninth Circuit Court of Appeals disposes of C.R.S.'s appeal of whether the victim of a dishonored check writer may impose a charge for both interest under *California Civil Code Section* 3287 and the returned check charge permitted by *California Civil Code Section* 3287 and the appeal of class action cost issues and class action certification issues. The Court finds this matter appropriate for resolution without a hearing under Federal Rule of Civil

Procedure 78(b). For the following reasons, the Court follows the general practice in the California district courts, and GRANTS the Motion.

**BACKGROUND**

Plaintiffs, individually and on behalf of all others similarly situated, sued Defendant IMPERIAL MERCHANT SERVICES, INC., d/b/a CHECK RECOVERY SERVICES for violation of the Federal Fair Debt Collection Practices Act. Plaintiffs claimed Defendant violated the act by imposing a charge on the maker of a dishonored check of either $25.00 or $35.00 under *California Civil Code Section* 1719 and interest under *California Civil Code Section* 3287.

Prior to filing the FDCPA class action, Plaintiff BRANDY HUNT had filed a bankruptcy petition, seeking to discharge, inter alia, the debt from her dishonored $137.15 check to Safeway. After she filed the FDCPA action, Defendant initiated an adversary proceeding in the United States Bankruptcy Court in which it sought both a service charge and interest. Defendant discovered that Plaintiff BRANDY HUNT wrote 47 consecutive checks over a 2 and one-half month period without making a single deposit.

On October 31, 2006, Dennis Montali, Bankruptcy Judge, ruled that Hunt's check was not dischargeable, but that Defendant could not collect both the returned check charge under

California Civil Code Section 1719 and interest under California Civil Code Section 3287. The bankruptcy judgment was originally appealed to the Bankruptcy Appellate Panel, but it was transferred by Plaintiffs to the District Court, found to be related to the two pending F.D.C.P.A. cases, and then assigned to Judge Jenkins. The bankruptcy court ruling was affirmed by District Court Judge Jenkins. (Judgment on 28 U.S.C. Section 158 appeal from final judgment of the bankruptcy court, 5/17/2007, Docket No. 16 in Civ. No. 06-7795. Defendant appealed the district Court affirmance, and this appeal is now pending before the Ninth Circuit Court of Appeals as Case Number 07-15676.

On April 17, 2008, the 9th Circuit held oral arguments, after which the case was submitted. During oral argument, the 9th Circuit panel indicated it was going to certify the question of whether a creditor may collect both interest under California Civil Code 3287 and a returned check charge under California Civil Code 1719 to the California Supreme Court to obtain comity because all parties before the Court indicated that this was an important question (Judicial Notice #6, 7:5 - 8:2; 12:15 - 13:5; 17:22 - 20:15). The decision in this case will establish binding precedent on the principal issue of liability.

Plaintiff Castillo also had a pending bankruptcy action at the time he filed his FDCPA complaint, and Defendant brought an adversary proceeding in the United States Bankruptcy Court

identical to the HUNT adversary proceeding. The Castillo proceeding has been subject to a series of stays in the bankruptcy court, and no date has been set for trial.

In the pending case, on March 21, 2007, Judge Jenkins granted Plaintiff's Motion for Summary Judgment on all liability issues and certified a class consisting of check writers living in California from whom Defendant demanded both a service charge and interest. (Hunt v. Check Recovery Sys., 478 F. Supp. 2d 1157, (N.D. Cal., 2007)(Order Granting Partial Summary Judgment for Plaintiff, Hunt v. Check Recovery Sys., 241 F.R.D. 505 (N.D. Cal., 2007) (Order Certifying Class). There are approximately 7,000 of these class members.

On August 1, 2007, the district court granted plaintiff's motion regarding class notice procedures, including an order that defendant pay the cost of class notice Hunt v. Check Recovery Sys., 2007 WI, 2220972, U.S. Dist LEXIS 58000 (N. DE. Cal., Aug 1, 2007), (Docket No. 112). Defendant has appealed the part of the August 1, 2007 order requiring it to pay class notice costs. Defendant has included all issues of class certification in this appeal. Plaintiff moved to limit the scope of the appeal and the motion was denied. Briefing was completed on April 17, 2008, and no hearing date has yet been set.

Even though the appeal on class notice costs was already pending, in late December, 2007, Plaintiff threatened to

institute contempt proceedings against Defendant unless it obtained a stay of the order that it pay the class notice costs.

On January 2, Defendant filed an ex parte application for a stay order. In March, 2008, Plaintiff filed an order to show cause to hold Defendant in Contempt. On March 21, 2008, in response to that motion, the District Court granted a stay application of the order requiring Defendant to reimburse Plaintiff for the class notice costs conditioned on Defendant filing a $9,000 supersedeas bond. (Order, Docket No. 132). Defendant has posted the bond.

On May 8, 2008, Defendant filed the motion seeking to stay these proceedings, pending the Ninth Circuit's disposition of both of its pending, interlocutory appeals.

## LEGAL STANDARD

An appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal. *See Britton v. Co-Op Banking Group*, 916 F. 2d 1405, 1412 (9th Cir., 1990). This allows the District court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal.

The factors regulating the issuance of a stay pending appeal are:

>(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits;
>
>(2) whether the applicant will be irreparably injured absent a stay;
>
>(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
>(4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770,776 (1987)

## ANALYSIS

For the following reasons, the Court finds a stay is warranted.

**1. DEFENDANT has made a strong showing it is likely to succeed on the merits.**

Most of the foregoing issues are questions of first impression on which no binding precedent exists. Under the holding of *Pearce v. E. F. Hutton Group, Inc.*, 828 F. 2d 826, 829, this fact alone satisfies the requirement that movant is likely to succeed on the merits.

Judge McCrae, in the *C.B.S.* opinion, held that the movant has satisfied the obligation to show a reasonable likelihood of success by presenting a "serious legal question", regardless whether he has shown a mathematical probability of success. The transcripts of oral argument at the Ninth Circuit Court of Appeal establish beyond any reasonable question that the bankruptcy appeal presents a "serious legal question". In addition, each of

the class action issues also presents a serious legal question.

In addition, each of the issues now on appeal are an important issue of widespread consumer concern that should be resolved at the appellate level sooner rather than later.

Defendant has therefore established a strong likelihood of success on the merits on each of these appeals, or, failing that, has demonstrated that it has a substantial case on the merits and that the "harms" factors mitigate in its favor on each of these appeals.

Under these facts, Movant has satisfied the criteria required to show a strong likelihood of success on the merits, or that it has a substantial case on the merits and that the "harms" factors mitigate in its favor.

**II. Defendant would suffer substantial irreparable harm absent a stay.**

Turning to the second *Hilton* factor, Defendant argued if this matter were to go forward, it would incur the cost of certain discovery processes. Further, if this matter were to proceeded to trial and judgment, and then the Ninth Circuit reversed either of the prior Orders, then Defendant will have lost substantial time and money.

The costs of litigation will generally constitute irreparable harm without nullifying *Britton's* discretionary grant to the district courts. In doing so, a court should distinguish

between this *Hilton* factor, and the *Hilton* test as a whole. Just because this factor will generally be satisfied in the special context of the denied motions does not mean the entire *Hilton* test will generally be satisfied. All this means is that appellants who make a *strong showing they are likely to succeed on the merits,* will generally prevail on this second *Hilton* factor. In contrast, appellants who merely have *substantial questions* on appeal, will have to show this factor *strongly* favors them, which will turn on the facts and circumstances of each case.

Turning to this issue, the Court notes, as just discussed, Hilton only requires a showing of irreparable harm, not *substantial* irreparable harm. Clearly, Defendant has met this burden, as it will suffer lost time and money, were the Ninth Circuit to reverse.

In addition, the Court finds that California district courts frequently issue stays in an action when a there is a matter pending interlocutory appeal.  In addition to *Wing, Sasik, Stern, Laster, Cervantes* and *Ford,* stays were issued in *Mundi v. Union Security Life Insurance Co.,* No. CV-F- 06-l493 OWW TAG, 2007 WL 2385069, *6, 2007 U.S. Dist. LEXIS 64012, *1&*17 (ED. Cal. Aug. 15 or 17, 2007) 14 and *Jones v.Deutsche BankAG,* No. C 04-05357 JW, 2007 WL  1456041. *1,2007 U.S. Dist. LEXIS 39094, *1 (ND. Cal. May 17, 2007).15  The only case the Court found denying

_____

a stay, besides *Bnadberrv,* was *Dunham* V. *EnvironmentalChemical Corp.,* No. C06-03389 JSW, 2007 WL 39317, *1,2007 U.S. Dist. LEXIS 3092, *3 (ND. Cal. Jan. 04, 2007), though the opinion provided little analysis as to how the court reached its conclusion. Thus, considering the parties' arguments, the applicable law, and the practice in the California districts, the Court finds DEFENDANT has made a strong showing it would suffer irreparable harm absent a stay.

**III. A stay would not substantially injure other parties.**

Turning to the third *Hilton* factor, Defendant argued the Plaintiffs' possible damages were about $1,000.00, but that these damages would be offset by the Bankruptcy Fraud Judgment, and that Plaintiff therefore has no financial interest in this litigation. It also argued any harm to any potential class members would also be individually small and less than $10.00 and mostly less than $1.00, speculative to consider, and could be ultimately addressed were the Plaintiffs to prevail on the merits. The Court thus finds this factor strongly favors granting a stay.

**IV. The public interest strongly favors a stay.**

Turning to the fourth *Hilton* factor, Defendant argued there was a strong public policy favoring a stay.

These pending appeals present numerous issues of great

public interest.

The Bankruptcy Appeal will determine and create binding precedent to determine whether the victim of a dishonored check writer is entitled to receive both interest under *California Civil Code Section* 3287 and the returned check charge under *California Civil Code Section* 1719.

The class action appeal will determine whether a Plaintiff in an F.D.C.P.A. action can avoid the class notice requirements by having the class action certified as seeking equitable relief under F.R.C.P. Rule 23(b)(2) when equitable relief is not permitted as a remedy to an individual Plaintiff under the F.D.C.P.A.

The class action appeal will also determine whether a class action can be certified with the class notice costs are many times greater than the potential recovery of each class member.

Finally, the class action appeal will determine whether a class action defendant can be ordered to pay the class notice costs prior to the entry of a judgment.

Each of these issues is of great public interest, as evidenced by the great number of organizations that have filed an amicus curiae brief in support of the Plaintiff's position before the Ninth Circuit. There is currently no binding precedent on any of these issues. Therefore, it is in the public interest that a stay be granted to insure that the parties pursue the appellate process and obtain binding precedent on each of these issues.

Granting a stay would avoid the parties and the Court

1  wasting taxpayer resources on a litigation which might be mooted
2  on appeal. *Id.* at 8:10-16 (citing *C.B.S.,* 716 F.Supp. at 310 (a
3  court should not waste its resources on matters which did not
4  belong before it in the first place)).

5  On the reasons presented by Defendant, the Court finds this
6  factor strongly favors granting a stay.

## CONCLUSION

Accordingly, the Court GRANTS the motion of Defendant IMPERIAL MERCHANT SERVICES, INC., d/b/a CHECK RECOVERY SYSTEMS for a stay pending the resolution by the Ninth Circuit of the Appeal now pending as Case Number 07-15676 and the Appeal now pending as Case Number 07-16418. All matters calendared in this action are VACATED.

Plaintiff and Defendant shall notify the Court in writing, within ten days of any disposition of either appeal by the Ninth Circuit.

IT IS SO ORDERED.

Dated: 6/17/08

_____
Saundra Brown Armstrong
United States District Judge