Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

(Additional Counsel on Signature Page)

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>Defendants. | Case No. 05-04993 SBA<br>Case No. 06-02037 SBA<br><br>CLASS ACTION<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF JUNE 17, 2008 ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEALS |

Pursuant to Local Rule 7-9, plaintiffs Brandy Hunt and Brian Castillo hereby move for leave to file a Motion for Reconsideration of this Court's June 17, 2008 Order Granting Defendant's Motion to Stay Proceedings Pending Appeal.  The ground for this motion is that there was a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court, as follows:

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 1

(1) the Court failed to consider plaintiffs' request that defendant be required to post a bond as a condition of having this action stayed;

(2) the Court did not consider evidence that plaintiffs will suffer a substantial injury if a stay is granted;

(3) the Court concluded that defendant will suffer irreparable injury unless a stay is granted, although there is no evidence supporting that conclusion.

This motion is supported by the memorandum of points and authorities set forth hereunder, and on the supporting declaration of Paul Arons, filed herewith, and any further evidence that may be submitted.

DATED: June 30, 2008                LAW OFFICES OF PAUL ARONS


By  s/ Paul Arons
    Paul Arons
    Attorneys for Plaintiffs


**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiffs are seeking reconsideration of the Order granting defendant Imperial Merchant System, Inc.'s request for a stay pending the decision on appeals in this and another action, Docket No. 144, filed 6/17/2008, because the stay leaves plaintiffs and 5,000 class members effectively without a remedy, even if they ultimately prevail. As plaintiffs sought to make clear in their opposition to a stay, one of their primary concerns, is that by the time all appeals have been decided, it is unlikely that there will be a solvent defendant able to satisfy a judgment.

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 2

In granting a stay, the Court adopted, *in toto*, the proposed order submitted by defendant, which did not address the issue of posting a bond or other security.[1] Since plaintiffs' request for a bond is not mentioned, plaintiffs do not know whether the Court considered that request, or why the Court failed to order defendant to post a bond which would protect the class if defendant's appeals are unsuccessful. In determining that plaintiffs would not be harmed by a stay, the Court failed to consider evidence of substantial injury to the class as a whole, and instead adopted defendant's proposed order which stated, contrary to defendant's own evidence, that damages would be small and speculative. In determining harm, the Court must base its conclusions on harm to the class as a whole. The undisputed evidence submitted to the Courts shows that if the class prevails, defendant will owe at least $100,000.00 as the amount of unlawful charges that defendant collected, plus prejudgment interest, reasonable attorneys' fees and costs. The only way to protect plaintiffs and the class from this harm is by imposing a bond requirement.

Moreover, in granting the stay, the Court adopted defendant's proposed order, which included the conclusion that defendant would be irreparably harmed because it would incur litigation costs in continuing to defend itself in the district court. The Court's conclusions must be based on evidence. *In re Petition of Hill*, 775 F.2d 1037, 1039 (9th Cir. Cal. 1985). Here, proceedings at the trial court level are all but concluded. Plaintiffs have succeeded in having a class certified and have prevailed on

---

1. Defendant prepared the proposed order, which this Court adopted, by lifting, verbatim, substantial portions of this Court's decision in *Steiner v. Apple Computer, Inc.*, Civ. No. 07-4486 SBA. Thus, the proposed order included references and citations that have no bearing on defendant's Motion to Stay. The issue in *Steiner* was whether the action should be stayed pending the appeal of this Court's denial of defendant's motion to transfer the case to arbitration. Unlike the present case, a denial of a motion to transfer to arbitration meets the "substantial question" and "irreparable harm" factors weighed in favor of granting a stay. *Jones v. Deutsche Bank AG*, 2007 U.S. Dist. LEXIS 39094, 7-9 (N.D. Cal. 2007).

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 3

all liability issues. The only work left is to calculate damages, which will largely be a mechanical determination made from defendant's existing computer records. Coupled with the fact that is it unclear whether defendant's counsel is even charging for his services, defendant's failed to provide evidence supporting the conclusion that it will be irreparably harmed by having to incur further litigation expenses in the district court proceedings.

Plaintiffs have filed this request for leave to file a motion for reconsideration, so that the Court may consider the evidence, determine whether it properly balanced the rights of the parties, and determine whether, if a stay is granted at all, defendant should be required to post an adequate bond as a condition of staying this action.

## II. A MOTION FOR RECONSIDERATION SHOULD BE PERMITTED TO ALLOW THE COURT TO CONSIDER MATERIAL FACTS AND DISPOSITIVE LEGAL ARGUMENTS

Pursuant to the Northern District Local Rules, a party must seek leave of court to file a motion to have an interlocutory ruling reconsidered. Local Rule 7-9(a). Local Rule 7-9(b) provides:

> **(b) Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
>
> **(3)** A manifest failure by the Court to consider material facts or dispositive

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 4

legal arguments which were presented to the Court before such interlocutory order.

Here, as explained below, the Court did not consider material facts or dispositive legal arguments in granting an indefinite stay without requiring defendant to post a bond.

### III. THE EVIDENCE IS UNDISPUTED THAT PLAINTIFFS AND THE CLASS WILL BE SUBSTANTIALLY INJURED IF DEFENDANT IS PERMITTED TO STAY THIS ACTION WITHOUT POSTING A BOND

#### A. The Court Did Not Address Plaintiffs' Request that Defendant Be Required to Post a Bond as a Condition of Granting a Stay

A district court has discretion to grant or deny a stay pending appeal, after weighing the proper factors. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 325 (9th Cir. 1995). A stay that is indefinite and potentially lengthy creates a "danger of denying justice by delay." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. Cal. 2007), *citing, Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.,* 743 F.2d 1519, 1524 (11th Cir. 1984). In a decision to grant a stay, to allow meaningful appellate review, the district court should articulate its reasoning. *Blue Cross & Blue Shield*, p. 724.

Here, it is undisputed that based on the Court's orders certifying a class and finding defendant liable, class members will be entitled to a judgment in excess of $100,000.00.[2] At the same time defendant, through its counsel's hearsay declaration, claims that its gross income is less than $5,000 per month, that it is operating at a loss, that it has no insurance, and that it will be unable to pay a judgment.[3] Whatever

---

2. Plaintiffs estimated that defendant collected approximately $100,000 in unlawful charges from class members. Defendant estimated that the total amount of charges was $260,000. Declaration of Paul Arons in Opposition to Motion to Stay Pending Appeals, ¶ 3, filed 5/28/2008, Docket No. 141; Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶ 23, filed 138-2, filed 5/8/2008, Docket No. 138-2.

3. Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶¶ 28-30, filed 138-2, filed 5/8/2008, Docket No. 138-2

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 5

possibility the class may have of enforcing a judgment now will be severely diminished by the year or two delay involved in concluding the appeals that defendants have filed. This is precisely the "danger of denying justice by delay," about which the Ninth Circuit warned in *Blue Cross & Blue Shield of Ala. Ibid.* Plaintiffs should be permitted to file a motion for reconsideration to allow this Court to determine whether defendant should post a bond sufficient to cover a $100,000 judgment, plus interest, costs and attorneys' fees, or, if not, to explain the basis for the decision.

### B. The Evidence is Undisputed that Plaintiffs and the Class Will be Substantially Injured If the Action is Stayed Without a Bond Securing Payment of the Potential Judgment

In opposing defendant's motion for a stay, plaintiffs argued that the inability of the defendant to satisfy a judgment if an action is stayed constitutes a substantial injury to the plaintiffs and absent class members. *See, e.g., Linc Acquisition One, LLC v. Valentine,* 2006 U.S. Dist. LEXIS 63931, *5-*6 (S.D. Ohio Sept. 7, 2006). The Court did not address this argument, instead adopting defendant's proposed order, which stated that:

> Defendant argued the Plaintiffs' possible damages were about $1,000.00, but that these damages would be offset by the Bankruptcy Fraud Judgment, and that Plaintiff therefore has no financial interest in this litigation. It also argued any harm to any potential class members would also be individually small and less than $10.00 and mostly less than $1.00, speculative to consider, and could be ultimately addressed were the Plaintiffs to prevail on the merits. The Court thus finds this factor strongly favors granting a stay. Order, p. 9:10-22.

These conclusions are not supported by the evidence. Indeed, in its wholesale lifting of the order's language from *Steiner v. Apple Computer, Inc.,* defendant had the Court adopt an order that did not accurately reflect defendant's arguments and the evidence presented to the Court.

Consistent with its pattern in this litigation, defendant ignored the fact that there are two plaintiffs. There is no fraud judgment against Brian Castillo, and he is entitled to up to $1000 in statutory damages. Even subtracting defendant's bankruptcy court judgment against Brandy Hunt, from her potential individual recovery from defendant, leaves Ms. Hunt with a net gain. Most importantly, if plaintiffs' prevail, defendants will owe an aggregate of at least $100,000 plus interest, to 5,000 class members.

In failing to consider the aggregate loss to the class in deciding whether the plaintiffs would be substantially injured by a stay, the Court undermined the important law enforcement role played by class actions brought under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.* (FDCPA). Congress views the FDCPA as primarily self-enforcing, through lawsuits brought by the consumers who have been subjected to collection abuses. *See Senate Report No. 95-382*, 95th Cong., 1st. Sess., p. 5, *reprinted* in 1977 U.S.C.C.A.N., 1695, 1699. Congress has expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class actions. Consumer class actions such as this one, may be the only viable means for claimants with small recoveries to have access to the courts. *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 338, n.9, 100 S.Ct. 1166 (1980). *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir. 1998). Class actions to enforce compliance with consumer protection laws are "desirable and should be encouraged." *See Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607 (1982), *citing Watkins v. Simmons and Clark, Inc.*, 618 F.2d 398, 404 (6th Cir. 1980). Without the class action procedure there would be little incentive for defendants to conform their conduct to the law. Assessing the harm to the plaintiffs individually rather than as a class, undermines

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 7

the salutary purpose of the class action device, by ignoring the importance that any aggregate recovery plays in accomplishing the goals of the FDCPA. Thus, in assessing potential harm to the class, the significant dollar loss is the more than $100,000 aggregate loss to the class, not each individual's $10.00 loss.

### C. There is No Evidence that Damages are Speculative to Consider

Without any evidentiary support, the Court adopted an order stating that damages are "speculative to consider." The actual damages to the class are the amount of unlawful interest charges collected, which are set forth in defendant's computer records, already in plaintiffs' counsels' possession. Determining actual damages involves nothing more than calculating figures on a spreadsheet. Additional statutory damages to the named plaintiffs and the class subjectively determined by the Court, but will probably total less than $10,000.00.

To summarize, there was no evidence supporting the conclusion that the plaintiffs and the class will not be substantially injured by the stay that has been granted.

## IV. DEFENDANT DID NOT PROVIDE EVIDENCE THAT IT WOULD BE IRREPARABLY HARMED IF A STAY IS NOT GRANTED

The Court held that defendant had shown it would be irreparably harmed if a stay was not granted because it would incur litigation costs, and that California courts frequently issues stays when there is an interlocutory appeal pending. Order, pp. 7:18-9:9. Defendant, however, had not presented evidence that it will incur any significant litigation costs at the trial level. Further, the reference to what other courts do is inapposite, since the cited decisions concerned stays pending a decision on an appeal of an order denying motions to compel arbitration, which take place at the very

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 8

beginning of the litigation, not stays that are imposed shortly before the litigation is completed.

It is undisputed that district court proceedings are nearing conclusion. The Court certified a class, *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505 (N.D.Cal. 2007), and granted summary judgment for plaintiffs on all liability issues. *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157 (N.D.Cal. 2007). All that remains is the calculation of damages. The major component of damages are actual damages, based on the amount of the unlawful charges that defendant collected from each class member. This information is contained in computer records that defendant has already provided to plaintiffs' counsel.[4] The Court will have to also determine the amount of statutory damages for the two individual plaintiffs and the class. Maximum individual statutory damages are $1,000 per plaintiff. 15 U.S.C. § 1692k(a)(2)(A). Statutory damages for the class are a maximum of 1% of the defendant's net worth,[5] which defendant claims will be $4,561.51.[6] There is no evidence that any of these damage calculations will require a substantial litigation effort, or that litigation costs will be significant.

Moreover, to the extent that defendant has been wounded by litigation costs, that wound was entirely self-inflicted. Defendant has not presented any evidence

---

4. Declaration of Paul Arons in Opposition to Motion to Stay Pending Appeals, ¶ 3, filed 5/28/2008, Docket No. 141.

5. In addition to actual damages, the FDCPA provides for statutory damages which, in a class action, include up to $1,000 for each named plaintiff, and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." In determining the amount of statutory damages, the court may consider:

"the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C.§§ 1692k(a)(2)(B), (b)(2).

6. Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶ 34, filed 138-2, filed 5/8/2008, Docket No. 138-2.

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 9

that it has any obligation to pay its own attorney's fees, and under the unusual circumstances of this case, defendant's attorney may be working without charge. Although defendant was insured, defendant and his counsel persuaded the insurance carrier *not* to pay the costs of defense, so that defendant and his counsel could pursue essentially a test case to the Ninth Circuit.[7] Defendant obtained permission from its insurer to be represented by Mr. Garen, in return for which the insurer was relieved of any obligation to pay the costs of defense.[8] Defendant's claims that its business is floundering, if true, would preclude it from pursuing the expensive litigation strategy it has chosen.[9] Either defendant's counsel has agreed to work without charging defendant, or defendant is being disingenuous about its financial resources. To the extent that it is incurring litigation costs, this is the result of its own choice to voluntarily forego insurance coverage. In short, the Court's ruling that defendant it will be irreparably harmed if a stay is not granted is not supported by evidence.

## V. CONCLUSION

WHEREFORE, for the reasons stated above, plaintiffs' request that they be granted leave to file a motion for reconsideration.

DATED: June 30, 2008                LAW OFFICES OF PAUL ARONS

By s/ Paul Arons

PAUL ARONS
Attorneys for Plaintiffs and the Class

---

[7] Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶ 5, filed 138-2, filed 5/8/2008, Docket No. 138-2.

[8]. *See* April 24, 2006 letter from Geoffrey Mandly to Clark Garen, attached as Exhibit 1 to the Declaration of Paul Arons in Support of Motion for Reconsideration.

[9]. Plaintiffs' counsel has spent more than 700 hours in this litigation. PA Dec, ¶ 5. Defendant's counsel's hours are likely of a similar magnitude. In addition to simply defending itself in the FDCPA class action, defendant initiated two bankruptcy adversary actions, pursued an appeal of one of them, and appealed an order that it pay less than $10,000 in class notice costs.

**Additional Plaintiffs' Counsel**

Irving L. Berg (CA Bar No. 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, Ill. Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

Case Nos. 05-04993, 06-2037-MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 11