**Paul Arons, State Bar #84970**
**685 Spring Street, #104**
**Friday Harbor, WA 98250**
**Tel:  (360) 378-6496**
**Fax: (360) 378-6498**
**lopa@rockisland.com**

**Ronald Wilcox, State Bar #176601**
**LAW OFFICE OF RONALD WILCOX**
**2160 The Alameda, 1st Flr., Suite F**
**San Jose, CA 95126**
**(408) 296-0400**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDY HUNT and BRIAN CASTILLO, et al, on behalf of themselves and others similarly situated,** <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> **IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,** <br><br> **Defendants.** | **Case No. 05-04993 SBA** <br> **Case No. 06-02037 SBA** <br><br> **CLASS ACTION** <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF JUNE 17, 2008 ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEALS** <br><br> **(proposed)** |

## I. BACKGROUND

### A.  History of the Litigation

Plaintiffs Brian Castillo and Brandy Hunt are pursuing consolidated class action claims alleging that defendant Imperial Merchant Services, Inc., d/b/a/ Check Recovery Systems, [IMS] violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, (FDCPA), by attempting to collect unlawful interest charges on dishonored checks.

1

2           Plaintiff Hunt, who had also recently filed for bankruptcy, filed this action on

3    December 5, 2008.  Docket No. 1.  On December 16, 2008, defendant filed an adversary

4    proceeding in the bankruptcy action, contesting the dischargability of Hunt's dishonored

5    check to Safeway for groceries.  On February 22 2006, defendant filed a motion in this

6    Court to dismiss for lack of jurisdiction, to transfer the FDCPA class action to the

7    bankruptcy court, and to stay all proceeding in this Court, pending the resolution of the

8    bankruptcy adversary proceeding.  Docket No. 10.  On March 29, 2006, Judge Jenkins

9    denied that motion in its entirety.  Meanwhile, plaintiff Brian Castillo filed an identical

10   FDCPA class action against IMS, which was related to this action on May 9, 2006.  The

11   parties then filed cross-motions for summary judgment, and plaintiffs filed a motion for

12   class certification.  While these motions were pending, the bankruptcy court issued an

13   order which allowed IMS to recover a statutory service charge on Hunt's dishonored

14   check, but not interest.  IMS immediately appealed, and on November 14, 2006, in this

15   Court, IMS filed a motion for reconsideration of its motion to stay, arguing that the Hunt

16   bankruptcy appeal should take precedence.  On November 17, 2006, Judge Jenkins

17   denied IMS' motion.

18           On March 21, 2007, the District Court granted Plaintiff's Motion for Partial

19   Summary Judgment finding that California law did not permit a debt collector to attempt

20   to collection both a service charge and interest on a dishonored check, and that IMS was

21   therefore liable for violating of the FDCPA.  *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d

22   1157 (N.D.Cal. 2007).  At the same time, the District Court granted Plaintiff's Motion for

23   Class Certification.  *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505 (N.D.Cal. 2007).  On

24   August 1, 2007, as part of approving plaintiffs' class notice plan, the Court ordered IMS to

25   pay for class notice, since all liability issues had been determined in plaintiffs' favor.

26   Docket No. 112.  IMS immediately appealed, purporting to include in its appeal an appeal

27   of the March 21, 2007 order certifying the class.  In this appeal, IMS did not attempt to

28

follow the procedures for an interlocutory appeal of a class certification order set forth in Fed.R.Civ.P. 23(f).

Initially, IMS did not abide by the order that it pay class notice costs. Plaintiffs sent the Rule 23(b) opt-out notice to the class, and then threatened IMS with a motion for contempt for not paying the costs of this notice. On January 3, 2008, IMS filed a motion for a stay of the order that it pay class notice costs. Judge Jenkins granted the motion on the condition that IMS post a $9,000.00 bond, which it did. Docket Nos. 133-134.

On May 8, 2008, defendant moved to stay this action pending a ruling on an appeal of the August 1, 2008 interlocutory order that it pay the costs of class notice, (9th Circuit Case No. 07-16418), and an appeal of the summary judgment ruling in the adversary proceeding that it initiated against plaintiff Brandy Hunt in the United States Bankruptcy Court, (9th Circuit Case No. 07-15676). Plaintiffs opposed the motion, and also requested that if a stay was granted, that defendant be required to post a bond. Plaintiffs' Opposition to Defendants' Motion for a Stay Pending Appeals, pp. 11:9-12:7. Docket No. 140. On June 17, 2008, this Court granted defendant's motion and stayed this lawsuit, pending the resolution of both appeals. The Court did not discuss plaintiffs' request for a bond, or require defendant to post a bond securing the potential judgment.

**B. June 17, 2008 Order Granting Defendant's Motion for a Stay**

In granting defendant's motion, the Court addressed four factors that it considered in ruling on the motion:

(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

1

2
*Hilton v. Braunskill*, 481 U.S. 770,776 (1987).  The Court ruled that the defendant had

3
made a strong showing on the merits, that it would be irreparably harmed by having to

4
incur litigation costs if the action was not stayed, that there would be no substantial injury

5
to the plaintiffs arising from the stay, and that the public interest would be served by

6
having the appeals decided.

7
Pursuant to the Northern District Local Rules, a party must seek leave of

8
court to file a motion to have an interlocutory ruling reconsidered.  As relevant here, Local

9
Rule 7-9(a).  Local Rule 7-9(b) provides:

10
> **(b) Form and Content of Motion for Leave.** A motion for leave to file a
> motion for reconsideration must be made in accordance with the

11
> requirements of Civil L.R. 7-9. The moving party must specifically show:

12

13
> **(3)** A manifest failure by the Court to consider material facts or dispositive
> legal arguments which were presented to the Court before such
> interlocutory order.

14

15
Here, plaintiffs have moved for leave to file a motion for reconsideration

16
because the Court failed to consider material facts or dispositive legal arguments that

17
plaintiffs had presented.  Upon reviewing the record, the Court agrees.

18
**II. EVIDENCE THAT PLAINTIFFS AND THE CLASS WILL BE SUBSTANTIALLY
INJURED IF DEFENDANT IS PERMITTED TO STAY THIS ACTION WITHOUT
POSTING A BOND WAS NOT CONSIDERED**

19

20
**A. The Court Did Not Address Plaintiffs' Request that Defendant Be Required
to Post a Bond as a Condition of Granting a Stay**

21

22
A district court has discretion to grant or deny a stay pending appeal, after

23
weighing the proper factors.  *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 325 (9th

24
Cir. 1995).  A stay that is indefinite and potentially lengthy creates a "danger of denying

25
justice by delay." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,

26
490 F.3d 718, 724 (9th Cir. Cal. 2007), *citing, Am. Mfrs. Mut. Ins. Co. v. Edward D.*

27
*Stone, Jr. & Assocs.,* 743 F.2d 1519, 1524 (11th Cir. 1984).  In a decision to grant a stay,

28

to allow meaningful appellate review, the district court should articulate its reasoning. *Blue Cross & Blue Shield*, p. 724.

Based on the Court's orders certifying a class and finding defendant liable, class members will be entitled to a judgment in excess of $100,000.00.[1]  At the same time defendant, through its counsel's hearsay declaration, claims that its gross income is less than $5,000 per month, that it is operating at a loss, that it has no insurance, and that it will be unable to pay a judgment.[2]  Whatever possibility the class may have of enforcing a judgment now will be severely diminished by the year or two delay involved in concluding the appeals that defendants have filed.  The Court will consider whether defendant should post a bond sufficient to cover the possible judgment in this action and provide an explanation for its decision.

**B. Plaintiffs and the Class Will be Substantially Injured If the Action is Stayed Without a Bond Securing Payment of the Potential Judgment**

In opposing defendant's motion for a stay, plaintiffs argued that the inability of the defendant to satisfy a judgment if an action is stayed constitutes a substantial injury to the plaintiffs and absent class members.  *See, e.g., Linc Acquisition One, LLC v. Valentine,* 2006 U.S. Dist. LEXIS 63931, *5-*6 (S.D. Ohio Sept. 7, 2006).

In addition to the individual recoveries to which plaintiffs Brian Castillo and Brandy Hunt may be entitled, if plaintiffs' prevail, defendants will owe an aggregate of at least $100,000 plus interest, to 5,000 class members, plus reasonable attorneys' fees and cost.  In determining whether the plaintiffs will be substantially injured by a stay, the Court must consider the aggregate loss to the class, to support the important law

---

1. Plaintiffs estimated that defendant collected approximately $100,000 in unlawful charges from class members.  Defendant estimated that the total amount of charges was $260,000. Declaration of Paul Arons in Opposition to Motion to Stay Pending Appeals, ¶ 3, filed 5/28/2008, Docket No. 141; Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶ 23, filed 138-2, filed 5/8/2008, Docket No. 138-2.

2. Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶¶ 28-30, filed 138-2, filed 5/8/2008, Docket No. 138-2

enforcement role played by class actions brought under the Fair Debt Collections

Practices Act, 15 U.S.C. §§ 1692, *et seq.* (FDCPA).  Congress views the FDCPA as

primarily self-enforcing, through lawsuits brought by the consumers who have been

subjected to collection abuses.  *See Senate Report No. 95-382*, 95th Cong., 1st. Sess.,

p. 5, *reprinted* in 1977 U.S.C.C.A.N., 1695, 1699.  Congress has expressly recognized

the propriety of a class action under the FDCPA by providing special damage provisions

and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class actions.  Consumer class

actions such as this one, may be the only viable means for claimants with small

recoveries to have access to the courts.  *Deposit Guaranty National Bank v. Roper*, 445

U.S. 326, 338, n.9, 100 S.Ct. 1166 (1980).  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011,

1023 (9th Cir. 1998).  Class actions to enforce compliance with consumer protection laws

are "desirable and should be encouraged."  *See Duran v. Credit Bureau of Yuma, Inc.*, 93

F.R.D. 607 (1982), *citing Watkins v. Simmons and Clark, Inc.*, 618 F.2d 398, 404 (6th Cir.

1980).  Without the class action procedure there would be little incentive for defendants

to conform their conduct to the law.  Therefore, to support the salutary purpose of the

class action device to accomplish the goals of the FDCPA, the significant dollar loss to

consider in determining whether there will be a "substantial injury" is the more than

$100,000 aggregate loss to the class, not each individual's $10.00 loss.  In the absence

of an adequate bond, it is likely that the plaintiffs will suffer substantial injury because the

judgment they ultimately obtain is likely to be unenforceable because the defendant will

be insolvent.

### C.  There is No Evidence that Damages are Speculative to Consider

The actual damages to the class are the amount of unlawful interest

charges collected, which are set forth in defendant's computer records, already in

plaintiffs' counsels' possession.  Determining actual damages involves nothing more than

calculating figures on a spreadsheet.  Additional statutory damages to the named

plaintiffs and the class subjectively determined by the Court, but will probably total less than $10,000.00.

## III.  DEFENDANT DID NOT PROVIDE EVIDENCE THAT IT WOULD BE IRREPARABLY HARMED IF A STAY IS NOT GRANTED

In deciding that defendant had shown it would be irreparably harmed if a stay was not granted because it would incur litigation costs, the Court did not consider the late stage of the proceedings at which the stay was sought, nor the unusual circumstances of this lawsuit, in which there is a significant question as to whether defendant is incurring more than nominal litigation costs.

It is undisputed that district court proceedings are nearing conclusion.  The Court certified a class, *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505 (N.D.Cal. 2007), and granted summary judgment for plaintiffs on all liability issues.  *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157 (N.D.Cal. 2007).  All that remains is the calculation of damages.  The major component of damages are actual damages, based on the amount of the unlawful charges that defendant collected from each class member.  This information is contained in computer records that defendant has already provided to plaintiffs' counsel.[3]  The Court will have to also determine the amount of statutory damages for the two individual plaintiffs and the class.  Maximum individual statutory damages are $1,000 per plaintiff.  15 U.S.C. § 1692k(a)(2)(A).  Statutory damages for the class are a maximum of 1% of the defendant's net worth,[4] which defendant claims will be

---

3. Declaration of Paul Arons in Opposition to Motion to Stay Pending Appeals, ¶ 3, filed 5/28/2008, Docket No. 141.

4. In addition to actual damages, the  FDCPA provides for statutory damages which, in a class action, include up to $1,000 for each named plaintiff, and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector."  In determining the amount of statutory damages, the court may consider:

"the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."  15 U.S.C.§§ 1692k(a)(2)(B), (b)(2).

$4,561.51.[5]  There is no evidence that any of these damage calculations will require a substantial litigation effort, or that litigation costs will be significant.

Moreover, defendant has not presented any evidence that it has any obligation to pay its own attorney's fees, and under the unusual circumstances of this case, defendant's attorney may be working without charge.  Although defendant was insured, defendant and his counsel persuaded the insurance carrier *not* to pay the costs of defense, so that defendant and his counsel could pursue essentially a test case to the Ninth Circuit.[6]  Defendant's claims that its business is floundering, if true, would preclude it from pursuing the expensive litigation strategy it has chosen.[7]  Either defendant's counsel has agreed to work without charging defendant, or defendant is being disingenuous about its financial resources.  To the extent that it is incurring litigation costs, this is the result of its own choice to voluntarily forego insurance coverage.  In short, the Court's ruling that defendant it will be irreparably harmed if a stay is not granted was not supported by evidence.

## IV.  CONCLUSION

Based on the foregoing, plaintiffs are entitled to move for reconsideration, because the Court did not consider plaintiffs' request for a bond, and it is questionable whether there was sufficient evidence to support the conclusions that in the absence of a stay, defendant will be irreparably harmed, and that plaintiffs will not be substantially injured if a stay is granted.

---

5.  Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶ 34, filed 138-2, filed 5/8/2008, Docket No. 138-2.

6  Declaration of Clark Garen in Support of Motion to Stay Pending Appeals, ¶ 5, filed 138-2, filed 5/8/2008, Docket No. 138-2.

7.  Plaintiffs' counsel has spent more than 700 hours in this litigation.  PA Dec, ¶ 5. Defendant's counsel's hours are likely of a similar magnitude.  In addition to simply defending itself in the FDCPA class action, defendant initiated two bankruptcy adversary actions, pursued an appeal of one of them, and appealed an order that it pay less than $10,000 in class notice costs.

Case Nos. 05-04993, 06-2037-ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY: Page 8

1

2          IT IS ORDERED that plaintiffs' motion for leave to file a motion for

3   reconsideration is granted.  The June 17, 2008 Order is hereby vacated.  Plaintiffs have

4   already sufficiently explained the basis for their request, and their Motion for Leave to File

5   a Motion for Reconsideration of this Court's June 17, 2008 Order Granting Defendant's

6   Motion to Stay Proceedings Pending Appeal, is submitted as their Motion for

7   Reconsideration.  Defendant shall have fourteen days in which to file its opposition.  In its

8   opposition defendant should address:

9          (1)  The time and expense that will be incurred in determining damages and

10  entering a final judgment, including a description of defendant's fee arrangement with its

11  counsel sufficient to estimate the attorney's fees it will incur;

12         (2)  Why defendant should not be required to post a bond sufficient to

13  satisfy the judgment for which it will be liable if its appeals are not successful, similar to a

14  supersedeas bond;

15         (3)  The amount of the bond or other security sufficient to satisfy the

16  judgment for which it will be liable if its appeals are not successful;

17         (4)  Any other matters directly related to whether it will be irreparably injured

18  if a stay is not granted, and whether plaintiffs will be substantially injured if a stay is

19  granted.

20         Plaintiffs shall have seven days in which to file any reply.  The matter will be

21  submitted on these filings, unless the Court determines that a hearing is necessary.

22

23

24  DATED:                                        _____

25                                                 HON. SAUNDRA BROWN ARMSTRONG
                                                   Judge, United States District Court
26

27

28