Paul Arons, State Bar #84970
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
(408) 296-0400

Attorneys for Plaintiffs Brandy Hunt
and Brian Castillo and the Class

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of hem and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>        Defendant. | Case No. 05-04993 SBA<br>Case No. 06-02037 SBA<br><br>CLASS ACTION<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT PURSUANT TO FED.R.CIV.P. 23(e)**<br><br>Date:<br>Time:<br>Courtroom |

Plaintiffs Brandy Hunt and Brian Castillo have filed with this Court and served on all parties of record in this action a Joint Motion and Motion for Entry of Order Preliminarily

Civ. No. 05-4993 SBA/06-2037 SBA: ORDER RE: JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT: Page 1

Approval of Settlement Pursuant to Fed.R.Civ.P. 23(e), which includes, or incorporates: (1) Notice of Proposed Class Action Settlement ["Class Notice"], a copy of which is attached as Exhibit A.; (2) a Stipulation of Settlement ["Stipulation"]; (3) a Plan of Distribution; (4) a (Proposed) Order Granting Motion for Preliminary Approval of Settlement Pursuant to Fed.R.Civ.P. 23(e); and, (5) a proposed Final Judgment.  These documents are available for inspection.

This Court has considered the arguments of counsel, the documents described above, including the Stipulation of Settlement filed by the parties, and all of the other pleadings, papers and files in this action.

Good cause appearing therefore, IT IS ORDERED,

1. Plaintiffs' Counsel shall continue to act on behalf of the members of the Class, including the class representative, and is authorized to perform with respect to all acts or consents required by or which may be given by them pursuant to the Stipulation of Settlement ["Stipulation"], or such other acts which are reasonably necessary to consummate the Settlement.  All acts or consents required by or which may be given by Plaintiffs' Counsel shall be effective only if done or given in writing by Plaintiffs' Counsel.

2. The definitions set forth in the Stipulation of Settlement and Plan of Distribution are incorporated into this order by this reference as though set forth in full.

3. The Court preliminarily approves the Stipulation as being fair, adequate and reasonable to the Class, subject to the right of any Damages Class Member to challenge the adequacy of any of the terms of the Stipulation, and to show cause, if any exists, why a judgment dismissing the Action against Imperial Merchant Services, Inc., doing business as Check Recovery Systems ["IMS"], based on the Stipulation should not be entered at the

Settlement Hearing ordered in this notice, after due and adequate notice to Damages Class Members has been given in conformity with this order.

4. This Court orders that any funds deposited into the Trust Account pursuant to the Stipulation of Settlement and Plan of Distribution shall be deemed to be in the custody of the District Court until such time as such funds, or any portion of such funds, shall be disbursed in accordance with the Stipulation.

5. This Court approves the Class Notice that is attached as Exhibit A to this order as fairly summarizing the Stipulation of Settlement and Plan of Distribution and authorizes Plaintiffs' Counsel to establish a website providing Class Members with more detailed information concerning the litigation and proposed settlement.

6. The Plan of Distribution filed in conjunction with the Stipulation provides the method which shall be used in compiling the names and addresses of members of the Damages Class.

7. Within 30 days after entry of this Order, Plaintiffs' Counsel or their agents shall mail the Class Notice, substantially in the form of Exhibit A to this Order, to each Damages Class member identified by IMS' data, previously produced to Plaintiffs' Counsel by IMS.

8. Plaintiff's' Counsel shall take or cause to be taken such steps as are reasonable to identify current addresses for Damages Class members, including without limitation use of the National Change of Address ["NCOA"] system.

9. Plaintiffs' Counsel, or their agent, shall furnish, upon request of any potential Damages Class Member, copies of the Settlement Notice and shall respond to all reasonable inquiries from Damages Class Members, and shall pay from the Settlement Fund the reasonable costs and expenses of notifying Damages Class Members of the proposed

settlement.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds and concludes that by following the procedure set forth in this Order and the Plan of Distribution filed in conjunction with the Stipulation, the parties will have made reasonable efforts in attempting to identify the names and addresses of individual Damages Class Members.  This Court further finds that the form and manner of giving notice by mail required by this order is the best notice to all members of the Damages Class who can be identified through reasonable effort.  The notice procedure provides due and sufficient notice of these proceedings and of the matters described in the Class Notice, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice.  The notice procedure fully satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of due process.

11. Any Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense.  Any Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

12. A Class Member who has properly and timely filed a request for exclusion will be excluded from the Damages Class by the Court and will be free to pursue any rights he or she may have to monetary relief, but will not participate in the proposed Settlement.  Any Class Member who has not properly or timely filed a request for exclusion is included in the Class and upon any approval of the Stipulation will be bound by it and any judgment rendered on it.

13. On **September 21, 2010 at 1:00 p.m.**, in Courtroom 1 of the United States District Courthouse, located at at 1301 Clay Street, Oakland, California, a hearing will be

held before the Honorable Saundra B. Armstrong to determine whether this Court should finally approve the fairness, reasonableness and adequacy of the terms and conditions of the Settlement set forth in the Stipulation, and enter judgment thereon.  The Court will also determine whether the Settlement was entered into in good faith under applicable law.

14. Any Class Member may appear personally or by counsel at the Fairness Hearing and may object or express the Class Member's views regarding the Settlement set forth in the Stipulation.  To be heard at the hearing a Class Member must file a statement of intention to appear at least ten (10) days prior to the hearing.  Any Class Member may also present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by this Court.  To be considered by the District Court, any such papers must be filed with the Clerk of the Court, United States District Court, Northern District of California, 1301 Clay Street, Oakland, California, at least twenty (20) days before the date set for the hearing.  The Class Member must also mail a copy of any written opposition or statement of his or her intention to appear to each of the following:

| PAUL ARONS<br>LAW OFFICES OF PAUL ARONS<br>685 Spring Street, #104<br>Friday Harbor, WA  98250 | Stephen A. Scott<br>Hayes, Scott, Bonino, Ellingson & McLay, LLP<br>203 Redwood Shores Parkway Suite 480<br>Redwood City, CA 94065 |

15. On or before the date fixed by this Court for the hearing, Plaintiffs' Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Class Notice shall have been prepared and made, showing that such mailing has been made in accordance with this Order.

16. Upon the Effective Date and full performance of all monetary obligations by IMS set forth in the Stipulation, plaintiffs Brandy Hunt and Brian Castillo, and Class Members shall be deemed to have given IMS full and final releases of all claims asserted or that could have been asserted in this Action, whether known or unknown, arising out of the facts and circumstances surrounding IMS' actions in seeking to collect on the checks at issue, as set forth in the Stipulation of Settlement.

17. The Fairness Hearing from time to time without further notice to the Class may be continued or adjourned by order of this Court, without further notice to the Class, except notice shall be provided to any class member who has filed a timely objection.

18. Without affecting the finality of the judgment to be entered, this Court shall retain jurisdiction over: (a) implementation and enforcement of the Settlement; (b) disposition of the Settlement Fund to Damages Class Members; (c) hearing and determining Plaintiffs' Counsel's application for attorneys' fees, costs, interest and expenses; (d) the Action until the final judgment contemplated in this order has become effective and each and every act agreed to be performed by the parties shall have been performed pursuant to the Stipulation.

19. Any exhibits attached to this order are incorporated by this reference as though set forth in full.

20. This Order is entered only for the purposes of settlement. If for any reason the Stipulation is terminated, this Order and the Stipulation shall be terminated pursuant to the terms of the Stipulation, and the parties shall be deemed to have reverted to their respective status and positions in the Action as of December 19, 2009, as set forth in Section 10.2 of the Stipulation of Settlement. Any judgment rendered in connection with the Stipulation of

Settlement shall be vacated nunc pro tunc.

**IT IS SO ORDERED.**

DATED: 6/21/10

_____
Hon. Saundra B. Armstrong
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA